## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUDRA McCOWAN *and* JENNIFER ALLEN, | : Civil Action No. 19-cv-3326 |
| Plaintiffs, | : **PROPOSED ORDER** : **GRANTING PLAINTIFFS'** : **MOTION FOR TEMPORARY** |
| v. | : **RESTRAINING ORDER** *and* : **PRELIMINARY INJUNCTION** |
| CITY OF PHILADELPHIA, COMMISSIONER RICHARD ROSS JR., DEPUTY COMMISSIONER CHRISTINE COULTER, CHIEF INSPECTOR DANIEL MacDONALD, INSPECTOR MICHAEL McCARRICK, LIEUTENANT TIMOTHY McHUGH, SERGEANT BRENT CONWAY, SERGEANT ERIC WILLIFORD, SERGEANT KEVIN O'BRIEN, SERGEANT TAMIKA ALLEN, SERGEANT HERBERT GIBBONS *and* OFFICER CURTIS YOUNGER, | : : : : : : : : : : : |
| Defendants. | : |

This matter comes before the Court pursuant to Fed. R. Civ. P. 65 for a Temporary

Restraining Order and Preliminary Injunction. Having reviewed the papers filed in support of

and in opposition to this motion (if any), and being fully advised, the Court finds that Plaintiffs

have demonstrated (1) a strong likelihood of success on the merits, (2) the possibility that they

face immediate irreparable injury from Defendants' conduct, (3) the balance of equities and

hardships weighs in Plaintiffs' favor, and (4) the relief is in the public interest. Accordingly,

Plaintiffs are entitled to provisional injunctive relief, and the Court **GRANTS** Plaintiffs' motion

as follows:

1. Upon finding that Plaintiffs have met their burden, this Preliminary Injunction is granted pursuant to Federal Rule of Civil Procedure 65 and the inherent equitable powers of the Court.

2. The Court hereby preliminarily **RESTRAINS AND ENJOINS** Defendants, their agents, servants, employees, attorneys, and all others in active concert or participation with Defendants, from changing Plaintiffs' job assignments, schedules or hours of work, or otherwise retaliating against Plaintiffs for filing this lawsuit.

3. The Court hereby preliminarily **ENJOINS** Defendants, their agents, servants, employees, attorneys, and all others in active concert or participation with Defendants, to recall or otherwise replace any changes to Plaintiffs' job assignments, schedules or hours of work made after Plaintiffs filed this lawsuit on July 29, 2019.

4. This Preliminary Injunction shall take effect immediately and shall remain in effect pending trial in this action or further order of this Court.

5. Plaintiffs are directed to file proof of bond, in the amount of $_____, within three days of this Order. The bond shall serve as security for all claims with respect to this Preliminary Injunction, and any additional injunctive relief ordered by the Court in this action.

By:

_____

Joel H. Slomsky, J.

**DEREK SMITH LAW GROUP, PLLC**
IAN M. BRYSON, ESQUIRE
Attorney ID No. 321359
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
ian@dereksmithlaw.com
*Attorneys for Plaintiffs,*
*Audra McCowan and Jennifer Allen*

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUDRA McCOWAN *and* JENNIFER ALLEN, | : Civil Action No. 19-cv-3326 |
| | : |
| | : CIVIL ACTION FOR |
| Plaintiffs, | : DECLARATORY JUDGMENT, |
| | : INJUNCTIVE RELIEF, *and* |
| v. | : DAMAGES |
| | : |
| CITY OF PHILADELPHIA, | : JURY TRIAL DEMANDED |
| COMMISSIONER RICHARD ROSS JR., | : |
| DEPUTY COMMISSIONER CHRISTINE COULTER, | : **PLAINTIFFS' MOTION FOR** |
| CHIEF INSPECTOR DANIEL MacDONALD, | : **TEMPORARY RESTRAINING** |
| INSPECTOR MICHAEL McCARRICK, | : **ORDER *and* PRELIMINARY** |
| LIEUTENANT TIMOTHY McHUGH, | : **INJUNCTION** |
| SERGEANT BRENT CONWAY, | : |
| SERGEANT ERIC WILLIFORD, | : |
| SERGEANT KEVIN O'BRIEN, | : |
| SERGEANT TAMIKA ALLEN, | : |
| SERGEANT HERBERT GIBBONS *and* | : |
| OFFICER CURTIS YOUNGER, | : |
| | : |
| Defendants. | : |

Plaintiffs, Audra McCowan and Jennifer Allen, move before the Honorable Joel H. Slomsky pursuant to Fed. R. Civ. P. 65 for a Temporary Restraining Order and Preliminary Injunction preserving the status quo that existed at the time Plaintiffs' Verified Complaint was filed on July 29, 2019 and enjoining Defendants and their agents from changing Plaintiffs' job assignments, schedules or hours of work, or otherwise retaliating against Plaintiffs for filing this lawsuit. In support of their motion, Plaintiffs rely on the attached memorandum of law.

3

**DEREK SMITH LAW GROUP, PLLC**
IAN M. BRYSON, ESQUIRE
Attorney ID No. 321359
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
ian@dereksmithlaw.com
*Attorneys for Plaintiffs,*
*Audra McCowan and Jennifer Allen*

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUDRA McCOWAN *and* JENNIFER ALLEN, | : Civil Action No. 19-cv-3326 : |
| Plaintiffs, | : CIVIL ACTION FOR : DECLARATORY JUDGMENT, : INJUNCTIVE RELIEF, *and* |
| v. | : DAMAGES : |
| CITY OF PHILADELPHIA, COMMISSIONER RICHARD ROSS JR., DEPUTY COMMISSIONER CHRISTINE COULTER, CHIEF INSPECTOR DANIEL MacDONALD, INSPECTOR MICHAEL McCARRICK, LIEUTENANT TIMOTHY McHUGH, SERGEANT BRENT CONWAY, SERGEANT ERIC WILLIFORD, SERGEANT KEVIN O'BRIEN, SERGEANT TAMIKA ALLEN, SERGEANT HERBERT GIBBONS *and* OFFICER CURTIS YOUNGER, | : JURY TRIAL DEMANDED : : : : : : : : : : |
| Defendants. | : |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER *and* PRELIMINARY INJUNCTION

Plaintiffs, Audra McCowan and Jennifer Allen ("Plaintiffs"), respectfully submit this memorandum of law in support of their Motion for a Temporary Restraining Order and Preliminary Injunction preserving the status quo that existed at the time Plaintiffs' Complaint was filed on July 29, 2019, and enjoining Defendants, the City of Philadelphia, Commissioner Richard Ross Jr., Deputy Commissioner Christine Coulter, Chief Inspector Daniel MacDonald, Inspector Michael McCarrick, Lieutenant Timothy McHugh, Sergeant Brent Conway, Sergeant Eric Williford, Sergeant Kevin O'Brien, Sergeant Tamika Allen, Sergeant Herbert Gibbons, and Officer Curtis Younger ("Defendants"), and their agents, from changing Plaintiffs' job assignments, schedules or hours of work, or otherwise retaliating against Plaintiffs for filing this lawsuit.

## STATEMENT OF FACTS

## I.     BRIEF DESCRIPTION OF THE UNDERLYING SUIT

Plaintiffs are members of the Philadelphia Police Department ("PPD") and bring this civil rights action against Defendants pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"); Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"); Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("Section 1983"); the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq. ("FMLA"); the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"); the Pennsylvania Whistleblower Law, 43 Pa.C.S. §§ 1421-1428 ("PWL"); and Pennsylvania common law for Intentional Infliction of Emotional Distress ("IIED"). See Document 1.

On January 31, 2019, Plaintiffs filed internal complaints with the PPD alleging sex discrimination, sexual harassment and a hostile work environment within their special unit. Immediately after filing their complaints, Plaintiffs suffered a cascade of retaliatory adverse

employment actions, including having their work assignments, schedules and hours of work changed without notice. A brief timeline of Defendants' retaliatory employment actions against Plaintiffs is as follows:

- In Fall 2018, Plaintiffs, both black females, were denied career-advancing training and job assignments in their special unit because of their status as black females;

- In December 2018, Plaintiffs complained to their supervisor, Defendant Williford, about denial of equal employment opportunities in their special unit motivated by their status as black females;

- From Fall 2018 through January 2019, Plaintiffs were subjected to sexually explicit verbally and physically harassing conduct by Defendant Younger;

- On January 29, 2019, Plaintiffs complained again to Defendant Williford and Defendant Allen, who tried to stop them from personally reporting Defendant Younger's conduct to Defendant MacDonald;

- On January 31, 2019, Plaintiffs emailed their sexual harassment complaints directly to Defendant MacDonald and texted a summary of their complaints to Defendant Ross;

- Immediately after filing their complaints, Defendants moved Plaintiffs to significantly different job assignments, and significantly changed Plaintiffs' work schedules, and subjected them to various other adverse employment actions;

- As a result of Defendants' actions, Plaintiffs were both forced to seek extensive medical treatment, including prescription antianxiety and antidepressant medication, as well as ongoing mental health counseling for psychological and emotional damage;

- Plaintiff Allen's family doctor took her out of work for four weeks from February through March 2019. When she returned to work, during a fitness for duty exam, the City's own doctor placed Ms. Allen on Restricted Duty due to psychological damage resulting from Defendants' ongoing conduct;

- On March 27, 2019, the same day Plaintiff Allen returned to work from sick leave, Defendants subjected her to additional retaliatory punishment including instituting a progressive discipline plan and significantly changing her work assignment from her Restricted Duty assignment;

- In June 2019, Plaintiff McCowan's physicians took her out of work indefinitely as a result of psychological damage from Defendants' ongoing retaliatory conduct.

- As detailed in Plaintiff's Verified Complaint, Defendants have significantly changed Plaintiffs' job assignments and hours of work multiple times over the past seven months in increasing retaliation for Plaintiffs' participation in various protected activities. Plaintiffs vehemently opposed each change in their working conditions, and the FOP filed a grievance as a result, since the changes were in violation of PPD policy and Plaintiffs' collective bargaining agreement, which requires at least 30-days' notice for such changes.

The above are just some examples of the discrimination and retaliation that Defendants subjected Plaintiffs.

## II.    FACTS GIVING RISE TO THE NEED FOR PRELIMINARY RELIEF

### A.    *STATUS QUO ON JULY 29, 2019*

On July 29, 2019, at approximately 4:00 pm, Plaintiffs filed their Verified Complaint in the U.S. District Court for the Eastern District of Pennsylvania seeking injunctive and declaratory relief, actual damages, compensatory damages, punitive damages, liquidated damages, reinstatement, pre- and post-judgment interest, reasonable attorneys' fees and costs of suit as remedies for Defendants' violations of their rights. See Document 1.

On the day Plaintiffs filed this lawsuit, Plaintiff McCowan was assigned to the PPD's Police Radio unit but was out of work on sick leave, indefinitely, by order of her physicians to treat ongoing anxiety and depression resulting from the negative work events described in pages 7 through 60 of Plaintiffs' Verified Complaint.

Plaintiff Allen was assigned to the PPD's Neighborhood Services Unit ("NSU") in a plainclothes administrative position. Her work schedule was 8:30 am to 4:30 pm, Monday through Friday, with weekends off. Ms. Allen was on "Restricted Duty" by order of her physicians as a result of the negative work events described in pages 7 through 60 of Plaintiffs' Verified Complaint.

At 4:42 pm on July 29th, Plaintiffs' Counsel sent a copy of their Verified Complaint to Nicole Morris, Esq., Chief Deputy City Solicitor at the City of Philadelphia Law Department to notify Defendants of the lawsuit and to request Defendants' consent to waive service of process. Exhibit A: Correspondence Between Counsel. Attorney Morris confirmed receipt of the email and agreed to accept service for all but one Defendant. Id.

Immediately upon being notified of this lawsuit, Defendants took additional retaliatory actions against Plaintiffs detailed below.

**B.      *CHANGE IN STATUS QUO ON JULY 30, 2019***

On July 30, 2019, ***the morning after Defendants became aware of this lawsuit***, Defendants again changed Plaintiff Allen's job assignment, schedule and hours of work in retaliation for participating in this case. At approximately 12:15 pm, Ms. Allen was notified by her supervisor, Lieutenant Joseph Waters, that "effective immediately" Ms. Allen was reassigned to the PPD's "Police Tow Squad" and her hours of work were being changed from:

1.  Ms. Allen's current schedule of steady Monday-Friday daytime work (8:30 am to 4:30pm) with weekends-off to

2.  A completely different schedule rotating between daytime and nighttime shifts (7:00 am to 3:00 pm, 3:00 pm to 11:00 pm) with rotating days off.

Lieutenant Waters instructed Ms. Allen to report to Tow Squad, which is in a different geographic location than NSU, "at 6:30 am tomorrow (July 31, 2019)." He handed her a yellow sticky note with the details of her new assignment:



Lieutenant Waters told Ms. Allen that her reassignment "came from the Safety Office." Ms. Allen called the PPD's Safety Office and spoke with Molly O'Neil, a civilian supervisor, who told Ms. Allen that the order to change her assignment and hours of work "came from the Deputy Commissioner's office." It is unheard of for a Deputy Commissioner to call the Safety Office in reference to manpower. Upon learning of Defendants' most recent retaliatory adverse employment action against her, Ms. Allen was forced to take 4 hours of sick leave and went home for the day.

The severe impacts that such retaliatory changes in Plaintiffs' working conditions have had on Plaintiffs' physical and mental health over the past seven months are heavily documented in their medical records from their family doctors, therapists and psychologists. They have been forced to take prescription antidepressant and antianxiety medication including *Venlafaxine* and *Lorazepam* as a result. Prior to events complained of in this case, Plaintiffs had no history of inpatient mental health intervention, psychotropic treatment or any other history of outpatient counseling.

The unusually-suggestive proximity in time between events after Defendants became aware of this lawsuit demonstrates a causal link between the filing of Plaintiffs' Verified

Complaint on July 29, 2019 and the materially adverse changes to the terms and conditions of Plaintiff Allen's employment on July 30, 2019.

Therefore, Plaintiffs respectfully request a Temporary Restraining Order preserving the status quo that existed at the time Plaintiffs' Complaint was filed on July 29, 2019, and enjoining Defendants from changing Plaintiffs' job assignments, schedules or hours of work, or otherwise retaliating against Plaintiffs for filing this lawsuit.

## LEGAL ARGUMENT

### I. STANDARD FOR PRELIMINARY RELIEF

Fed. R. Civ. P. 65 governs Injunctions and Restraining Orders. Rule 65(a) states that the "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a). On July 30, 2019, Plaintiffs provided notice to Defendants by serving a copy of their motion on Defendants' attorney, Nicole Morris, via email.

Rule 65(b) provides, "the court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if (A) specific facts in a . . . verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). Plaintiffs' Counsel's Certification is attached hereto.

The Third Circuit has suggested that the preservation of the status quo is the "purpose" of preliminary relief, which enables the trial court "to attempt to minimize the probable harm to legally protected interests between the time that the motion for a preliminary injunction is filed and the time of the final hearing." Ortho Pharm. Corp. v. Amgen, Inc., 882 F.2d 806, 814 (3d Cir. 1989).

Courts in the Third Circuit consider the following factors in determining whether to grant preliminary relief: "(1) whether the movant has a reasonable probability of success on the merits; (2) whether irreparable harm would result if the relief sought is not granted; (3) whether the relief would result in greater harm to the non-moving party; and (4) whether the relief is in the public interest." Swartzwelder v. McNeilly, 297 F.3d 228, 234 (3d Cir. 2002); P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC, 428 F.3d 504, 508 (3d Cir. 2005). As detailed below, Plaintiffs satisfy all of these factors.

## II.     PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS OF THEIR CLAIMS

Plaintiffs assert 15 causes of action in this matter: (1) Title VII disparate treatment; (2) Title VII hostile work environment; (3) Title VII retaliation; (4) violations of FLSA protections for nursing mothers; (5) FLSA retaliation; (6) FMLA interference; (7) FMLA retaliation; (8) Section 1981 disparate treatment; (9) Section 1981 hostile work environment; (10) Section 1981 retaliation; (11) Section 1983 disparate treatment in violation of the Equal Protection Clause; (12) Section 1983 hostile work environment in violation of the Equal Protection Clause; (13) Section 1983 retaliation in violation of the Petition Clause; (14) PWL whistleblower retaliation; and (15) IIED. See Document 1 pp. 60-93.

In order to satisfy the first factor necessary for preliminary relief, Plaintiffs need not prove a flawless case; rather they only need to make a *prima facie* showing of a reasonable probability of success on the merits of any one of their causes of action. See Oburn v. Shapp, 521 F.2d 142, 148 (3d Cir. 1975). As demonstrated in Plaintiff's Verified Complaint, pages 60-93, Plaintiffs have a significant likelihood of success on the merits of every single one of their claims. Moreover, Defendants retaliatory conduct between the filing of this lawsuit on July 29,

11

2019 and July 30, 2019 clearly demonstrates Plaintiffs' likelihood of success on the merits of their retaliation claims alone.

## III.    PLAINTIFFS HAVE SUFFERED AND WILL CONTINUE TO SUFFER IRREPARABLE HARM

As a result of Defendants' conduct, Plaintiffs have suffered and will continue to suffer permanent psychological injury, ongoing First and Fourteenth Amendment violations, and ongoing retaliation for asserting their rights to equal employment opportunity.

To satisfy the second prong of the Third Circuit's test for granting preliminary relief, a plaintiff must demonstrate that, in the absence of an injunction, the plaintiff will suffer harm that is both (1) irreparable, and (2) immediate. Campbell Soup Co. v. ConAgra, Inc., 977 F2d 86, 91 (3d Cir. 1992) ("A [plaintiff] has suffered irreparable injury when the harm cannot be remedied by damages."); Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994) ("Economic loss does not constitute irreparable harm."); ECRI v. McGraw- Hill, Inc., 809 F.2d 223, 226 (3d Cir.1987) (A "plaintiff must make a clear showing that irreparable harm will occur immediately.").

It has repeatedly been recognized by the federal courts at all levels that violation of constitutional rights constitutes irreparable harm as a matter of law. Elrod v. Burns, 427 U.S. 347, 373-74 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); Abu-Jamal v. Price, 154 F.3d 128, 136 (3d Cir. 1998) (holding loss of First and Fourteenth Amendment freedoms unquestionably constitutes irreparable injury under preliminary injunction analysis); Miller v. Mitchell, 598 F.3d 139, 155 (3d Cir. 2010) (holding defendant's retaliation for plaintiff's exercise of First and Fourteenth Amendment rights satisfies required showing of immediate irreparable harm); Chamber of Commerce for Greater Philadelphia v. City of Philadelphia, 319 F.Supp.3d 773, 806 (E.D.Pa.

2018); American Freedom Defense Initiative v. Southeastern Pennsylvania Transp. Auth., 92 F.Supp.3d 314, 329 (E.D.Pa. 2015).

Additionally, a plaintiff can also show irreparable harm by demonstrating "that there exists some cognizable danger of recurrent violation of" their legal rights. United States v. W.T. Grant Co., 345 U.S. 629, 633 (1953); City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983); Anderson v. Davila, 125 F.3d 148, 164 (3d Cir. 1997) ("To show irreparable harm, the party seeking injunctive relief must at least demonstrate 'that there exists some cognizable danger of recurrent violation' of its legal rights.").

Additionally, courts "do not question that the deprivation of the ability of a . . . plaintiff to prove his or her case can constitute irreparable injury." Marxe v. Jackson, 833 F.2d 1121, 1125 (3d Cir. 1987). The anti-retaliation provisions of Title VII, the FLSA and the FMLA, for example, are intended to allow employees to seek vindication of their statutory rights without fear of reprisal, and retaliatory employment actions carry with them the risk that other similarly situated employees will be deterred from protecting their own rights. See Holt v. Continental Group, Inc., 708 F.2d 87, 91 (2d Cir. 1983) (stating retaliatory adverse employment action carries risk of deterring employees from protecting statutory rights).

Moreover, in Oshiver v. Court of Common Pleas, Court Administration, the U.S. District Court for the Eastern District of Pennsylvania held that the "nervous and emotional problems" that the plaintiff suffered and would continue to suffer as a result of the defendant's adverse employment actions against her "cannot be cured by retrospective relief; and the plaintiff requires a preliminary injunction to halt this continuing injury." Oshiver, 469 F.Supp. 645, 653 (E.D.Pa. 1979).

13

The <u>Oshiver</u> court further held that sex discrimination practiced by a governmental entity constitutes irreparable harm:

> A further indication that plaintiff is suffering the irreparable injury required before a preliminary injunction may issue is that she has shown a substantial likelihood that she has been the victim of sex and/or age discrimination practiced by a governmental entity in violation of statutory command.

<u>Id</u>.

Here, Plaintiffs have suffered and will continue to suffer immediate irreparable harm absent a preliminary injunction. Defendants' ongoing retaliation will continue to violate Plaintiffs' First and Fourteenth Amendment rights, as well as their statutory rights to equal employment opportunity under Title VII. Under the Supreme Court's decision in <u>Elrod,</u> deprivation of constitutional rights, "for even minimal periods of time, unquestionably constitutes irreparable injury."

Moreover, Defendants' ongoing retaliation has been an attempt to intimidate Plaintiffs into dropping their claims and dissuade others from asserting their rights under the law. Under the <u>Marxe</u> case, such a "deprivation of the ability of a plaintiff to prove his or her case can constitute irreparable injury."

Additionally, Defendants' ongoing retaliation and sex discrimination has caused and will continue to cause Plaintiffs to suffer severe psychological injuries. Plaintiffs have been forced to seek ongoing medical care, including mental health counseling, treatment with therapists, and prescription antidepressant and antianxiety medication as a result of Defendants' conduct. Plaintiffs' psychological injuries have steadily increased with each act of retaliation described in their Verified Complaint. Under <u>Oshiver,</u> the "emotional problems" Plaintiffs suffered and will continue to suffer "cannot be cured by

14

retrospective relief; and the plaintiffs require a preliminary injunction to halt this continuing injury."

Finally, the prospective harm will be immediate because it will literally occur tomorrow. Defendants became aware that Plaintiffs filed their Verified Complaint on July 29, 2019, Defendants notified Plaintiff Allen that her assignment and hours of work were changed on July 30, 2019, and the changes to Plaintiff's schedule are going to take effect on July 31, 2019.

Therefore, absent a preliminary injunctive from the Court, Plaintiffs will continue to suffer immediate irreparable harm.

## IV. THE BALANCE OF EQUITIES AND HARDSHIPS WEIGHS DECIDEDLY IN PLAINTIFFS' FAVOR

The balance of equities and hardships weighs heavily in Plaintiffs' favor. As set forth above, without the requested preliminary relief, Plaintiffs will continue to suffer irreparable harm. By contrast, the entry of a temporary restraining order or preliminary injunction will result in no harm to Defendants.

Plaintiffs are only asking the Court to preserve the status quo as it existed when Plaintiffs filed their Verified Complaint on July 29, 2019 and to prevent Defendants from further retaliating against them. Defendants have no lawful interest in retaliating against employees for exercising their rights under the law. Moreover, even if the entry of a temporary restraining order or preliminary injunction were to cause some unanticipated harm to Defendants, any "injury a defendant might suffer if an injunction were imposed may be discounted by the fact that the defendant brought that injury upon itself." Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co., 290 F.3d 578, 596 (3d Cir. 2002); see also Pappan Enters., Inc. v. Hardee's Food Sys., Inc.,

143 F.3d 80 (3d Cir. 1998)("The self-inflicted nature of any harm suffered by [the party opposing the injunction] also weighs in favor of granting preliminary injunctive relief."); Opticians Ass'n v. Indep. Opticians, 920 F.2d 187, 197 (3d Cir. 1990) (stating same).

Here, the balance of equities and hardships weighs heavily in Plaintiffs' favor and therefore this Court can readily grant Plaintiffs' motion.

## V.    IT IS IN THE PUBLIC INTEREST TO ENJOIN DEFENDANTS' UNAUTHORIZED CONDUCT

Where, as here, a party demonstrates the likelihood of success on the merits and the existence of irreparable harm, "it almost always will be the case that the public interest will favor" the granting of a preliminary injunction. American Tel. & Tel. Co. Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 n.8 (3d Cir. 1994).

As to this case in particular, the public has an interest in allowing City workers to vindicate their rights without fear of improper retaliation by Defendants. The public interest lies in favor of enjoining Defendants' unlawful conduct, and, accordingly, the issuance of preliminary relief is warranted.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for a Temporary Restraining Order and Preliminary Injunction and issue an Order preserving the status quo and enjoining Defendants and their agents from changing Plaintiffs' job assignments, schedules or hours of work, or otherwise retaliating against Plaintiffs for filing this lawsuit.

Respectfully submitted,

DEREK SMITH LAW GROUP, PLLC

IAN M. BRYSON, ESQUIRE

Dated: 7/30/19

16

**DEREK SMITH LAW GROUP, PLLC**
IAN M. BRYSON, ESQUIRE
Attorney ID No. 321359
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
ian@dereksmithlaw.com
*Attorneys for Plaintiffs,*
*Audra McCowan and Jennifer Allen*

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUDRA McCOWAN *and* JENNIFER ALLEN, | : Civil Action No. 19-cv-3326 |
| Plaintiffs, | : CIVIL ACTION FOR : DECLARATORY JUDGMENT, : INJUNCTIVE RELIEF, *and* |
| v. | : DAMAGES |
| CITY OF PHILADELPHIA, et al., | : JURY TRIAL DEMANDED |
| Defendants. | : |

## CERTIFICATION OF COUNSEL PRUSUANT TO FRCP 65(b)

I certify pursuant to Fed. R. Civ. P. 65(b), on July 30, 2019, I gave notice to Defendants

of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction by emailing a

copy to Defendants' attorney, Nicole S. Morris, Chief Deputy City Solicitor, City of Philadelphia

Law Department, at Nicole.Morris@phila.gov.

Respectfully submitted,

IAN M. BRYSON, ESQUIRE

Dated: July 30, 2019

17

**DEREK SMITH LAW GROUP, PLLC**
IAN M. BRYSON, ESQUIRE
Attorney ID No. 321359
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
ian@dereksmithlaw.com
*Attorneys for Plaintiffs,*
*Audra McCowan and Jennifer Allen*

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUDRA McCOWAN *and* JENNIFER ALLEN, | : Civil Action No. 19-cv-3326 |
| | : |
| | : CIVIL ACTION FOR |
| Plaintiffs, | : DECLARATORY JUDGMENT, |
| | : INJUNCTIVE RELIEF, *and* |
| v. | : DAMAGES |
| | : |
| CITY OF PHILADELPHIA, et al., | : JURY TRIAL DEMANDED |
| | : |
| Defendants. | : |

## CERTIFICATION OF SERVICE

I certify that on July 30, 2019, I filed the foregoing with the Clerk of Court, which will

then send a notification of such filing (NEF) via the CM/ECF to all counsel of record, including,

Nicole S. Morris, Chief Deputy City Solicitor, City of Philadelphia Law Department, 1515 Arch

Street, 16th Floor, Philadelphia, PA 19102. I certify that I also emailed the document to the party

listed above at Nicole.Morris@phila.gov. I will also mail the document by U.S. mail to the party

listed above.

Respectfully submitted,

IAN M. BRYSON, ESQUIRE

Dated: July 30, 2019

18

<u>**Print**</u> | <u>**Close Window**</u>

**Subject:** RE: Audra McCowan and Jennifer Allen v. City of Philadelphia, Commissioner Richard Ross Jr., et al.
   **From:** Nicole Morris <Nicole.Morris@phila.gov>
    **Date:** Tue, Jul 30, 2019 12:05 pm
      **To:** "ian@dereksmithlaw.com" <ian@dereksmithlaw.com>

This is helpful. Thank you.

Nicole S. Morris
Chief Deputy City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 16th floor
Philadelphia, PA 19102
215-683-5075


**From:** ian@dereksmithlaw.com <ian@dereksmithlaw.com>
**Sent:** Tuesday, July 30, 2019 12:02 PM
**To:** Nicole Morris <Nicole.Morris@phila.gov>
**Subject:** RE: Audra McCowan and Jennifer Allen v. City of Philadelphia, Commissioner Richard Ross Jr., et al.

> **External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**

Nicole,

Defendant MacDonald's email address is <u>Daniel.MacDonald@phila.gov</u>. His work number is 685-3655-3954. His mobile number is 267-438-7161. I do not have his payroll number. Here are a few items I found on the internet regarding Defendant MacDonald:

- <u>https://twitter.com/ppddanmacdonald?lang=en</u>

  - His PPD twitter account

- <u>https://www.inquirer.com/news/philadelphia-police-department-misconduct-tainted-cops-corruption-homeland-security-center-20190322.html</u>

  - March 22, 2019 "Philadelphia Chief Inspector Daniel MacDonald, who oversees the DVIC, said a goal of the intelligence center is to build relationships between..."

A quick google search returned many more results on the spelling of his name, confirmation of his employment with the PPD, his role overseeing the DVIC, etc.

Let me know if you need anything else, otherwise I will go ahead and send the complaint out for service of process on Defendant MacDonald.

Thanks,

**Ian M. Bryson, Esquire**
DEREK SMITH LAW GROUP, PLLC
1835 Market Street, Suite 2950, Philadelphia, PA 19103
Phone: 215-391-4790 ext. 110 | Fax: 215-501-5911
<u>www.discriminationandsexualharassmentlawyers.com</u>

Employment Lawyers Representing Employees Exclusively
New Jersey Office: 73 Forest Lake Drive, West Milford, NJ 07421 | 973-388-8625
New York Office: One Penn Plaza, Suite 4905, New York, NY 10119 | 212-587-0760
Miami Office: 701 Brickell Avenue, Suite 1310, Miami, FL 33131 | 305-946-1884



This message and any attachments may contain legally privileged information or confidential information, which is information intended for the individual or entity identified above, as the addressee or intended recipient(s), only. If you are not the addressee, or if this message has been addressed to you in error, you are not authorized to read, copy or distribute this message and any attachments hereto, and are asked that you please delete this e-mail message and any attachments (including all copies) and notify the sender by return e-mail or by phone at 610-844-1779. Delivery of this message and any attachments to any person other than the intended recipient(s) is not intended in any way to waive the confidentiality of the message or a privilege.

-------- Original Message --------
Subject: RE: Audra McCowan and Jennifer Allen v. City of Philadelphia, Commissioner Richard Ross Jr., et al.
From: Nicole Morris <Nicole.Morris@phila.gov>
Date: Tue, July 30, 2019 11:45 am
To: "ian@dereksmithlaw.com" <ian@dereksmithlaw.com>

Ian, I will accept service for all of the defendants with the exception of "Chief Inspector Daniel MacDonald." I don't know who that is.

Nicole S. Morris
Chief Deputy City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 16th floor
Philadelphia, PA 19102
215-683-5075

**From:** ian@dereksmithlaw.com <ian@dereksmithlaw.com>
**Sent:** Monday, July 29, 2019 4:42 PM
**To:** Nicole Morris <Nicole.Morris@phila.gov>
**Subject:** Audra McCowan and Jennifer Allen v. City of Philadelphia, Commissioner Richard Ross Jr., et al.

**External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**

Dear Ms. Morris,

This firm has the privilege of representing the interests of Ms. Audra McCowan and Ms. Jennifer Allen in a legal action against the City of Philadelphia, Commissioner Richard Ross Jr., Deputy Commissioner Christine Coulter, and others, filed this afternoon in the Eastern District of Pennsylvania.

Please let me know if Defendants will waive service of process.

Have a great night.

Thanks,

**Ian M. Bryson, Esquire**
DEREK SMITH LAW GROUP, PLLC
1835 Market Street, Suite 2950, Philadelphia, PA 19103
Phone: 215-391-4790 ext. 110 | Fax: 215-501-5911
www.discriminationandsexualharassmentlawyers.com

Employment Lawyers Representing Employees Exclusively
New Jersey Office: 73 Forest Lake Drive, West Milford, NJ 07421 | 973-388-8625
New York Office: One Penn Plaza, Suite 4905, New York, NY 10119 | 212-587-0760
Miami Office: 701 Brickell Avenue, Suite 1310, Miami, FL 33131 | 305-946-1884

This message and any attachments may contain legally privileged information or confidential information, which is information intended for the individual or entity identified above, as the addressee or intended recipient(s), only. If you are not the addressee, or if this message has been addressed

to you in error, you are not authorized to read, copy or distribute this message and any attachments hereto, and are asked that you please delete this e-mail message and any attachments (including all copies) and notify the sender by return e-mail or by phone at 610-844-1779. Delivery of this message and any attachments to any person other than the intended recipient(s) is not intended in any way to waive the confidentiality of the message or a privilege.

Copyright © 2003-2019. All rights reserved.