**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **AUDRA McCOWAN, et al.**, | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.** | : | |
| Defendant. | : | |

**O R D E R**

  **AND NOW**, this _____ day of _____, 2020, upon consideration of Defendants the City of Philadelphia, Christine Coulter, Daniel MacDonald, Michael McCarrick, Timothy McHugh, Brent Conway, Eric Williford, Kevin O'Brien, Tamika Allen, and Herbert Gibbons' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, it is **HEREBY ORDERED** that all of Plaintiff McCowan's claims against Defendants Coulter and Gibbons are dismissed with prejudice and all of Plaintiff Allen's claims against Defendant Coulter are dismissed with prejudice. It is **FURTHER ORDERED** that Plaintiffs' intentional infliction of emotional distress claims in Count XV are dismissed, with prejudice, as to Defendants the City of Philadelphia, Christine Coulter, Daniel MacDonald, Michael McCarrick, Timothy McHugh, Brent Conway, Eric Williford, Kevin O'Brien, Tamika Allen, and Herbert Gibbons. It is **FURTHER ORDERED** that Plaintiffs' Pennsylvania Whistleblower Law claims in Count XIV are dismissed with prejudice. It is **FURTHER ORDERED** that Plaintiff Allen's Fair Labor Standards Act wage and hour provision claim in Count IV is dismissed with prejudice. It is **FURTHER ORDERED** that Plaintiffs' Section 1983 claims against the City of Philadelphia, Christine Coulter, Daniel MacDonald, Michael McCarrick, Timothy McHugh, Brent Conway, Eric Williford, Kevin

O'Brien, Tamika Allen, and Herbert Gibbons in Counts XI, XII, and XIII are dismissed with prejudice.

**BY THE COURT:**

_____

                                  Marston, J.

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants the City of Philadelphia, Christine Coulter, Daniel MacDonald, Michael McCarrick, Timothy McHugh, Brent Conway, Eric Williford, Kevin O'Brien, Tamika Allen, and Herbert Gibbons (collectively the "City Defendants") file this partial Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, respectfully requesting that this Court dismiss certain claims raised by Plaintiffs Audra McCowan and Jennifer Allen in their Second Amended Complaint, namely: claims by Plaintiff McCowan against Defendant Gibbons and Defendant Coulter that lack supporting allegations and claims by Plaintiff Allen against Defendant Coulter that lack supporting allegations; intentional infliction of emotional distress claims that, in the case of the individually-named Defendants, lack supporting factual averments and, in the case of the City, are defeated by the City's immunity from suit for intentional torts; claims under the Pennsylvania Whistleblower Act for which a prima facie case has not been pled; Plaintiff Allen's wage and hour claims under the Fair Labor Standards Act, in which Plaintiff Allen does not allege that she worked and was not paid; and Plaintiffs' Section 1983 claims, wherein Plaintiffs fail to satisfy the basic pleading

requirement of specifically identifying a policy or custom that caused them constitutional harm and fail to plead individual involvement in such a violation by any individually-named Defendant.

Respectfully submitted,

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

/s/ Daniel R. Unterburger
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
Dated: June 4, 2020            daniel.unterburger@phila.gov

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.** | : | |
| Defendant. | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH
<u>RELIEF CAN BE GRANTED</u>**

Defendants the City of Philadelphia, Christine Coulter, Daniel MacDonald, Michael McCarrick, Timothy McHugh, Brent Conway, Eric Williford, Kevin O'Brien, Tamika Allen, and Herbert Gibbons (collectively the "City Defendants") submit this Memorandum of Law in support of their partial Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted under Federal Rule of Civil Procedure 12(b)(6), respectfully requesting that this Court dismiss certain claims raised by Plaintiffs Audra McCowan and Jennifer Allen in their Second Amended Complaint.

First, Plaintiffs bring numerous claims against individual defendants without alleging any facts in support: these claims should be dismissed. Second, Plaintiffs' intentional infliction of emotional distress claims fail as a matter of law, whether alleged against the City itself or the individual defendants. Third, Plaintiffs fail to allege a prima facie case under the Pennsylvania Whistleblower Law. Fourth, Plaintiff Allen's claims of wage and hour violations of the Fair Labor Standards Act are not cognizable under the statute and the statute does not entitle to her to recover on the facts alleged. Fifth, Plaintiffs' Section 1981 claims against the City should be dismissed because such claims must be brought under Section 1983, and Plaintiffs' 1983 claims fail because

Plaintiffs fail to identify a policy or custom that caused a constitutional injury and also fail to allege personal involvement in any such violation by any of the individually-named City Defendants.

## I.   FACTUAL SUMMARY[1]

At all relevant times, Plaintiffs McCowan and Allen worked for the City of Philadelphia's Police Department. 2d Am. Compl. at ¶¶ 37, 39. Plaintiffs have jointly sued the City of Philadelphia and eleven individually-named defendants, all of whom were employed by the City of Philadelphia's Police Department at all relevant times. See 2d Am. Compl., ¶¶ 8-18. Plaintiffs allege, jointly and against "all defendants," a laundry list of discrimination, retaliation, and hostile work environment claims arising under Title VII, Section 1981, Section 1983, the Pennsylvania Human Relations Act ("PHRA"), the Philadelphia Fair Practices Ordinance ("PFPO"), the Family and Medical Leave Act ("FMLA") and Pennsylvania's Whistleblower law. See generally 2d Am. Compl. at Counts I-XV, XVII-XXIV. Plaintiffs further jointly allege claims of intentional infliction of emotional distress against "all defendants" and assault and battery against Police Officer Curtis Younger alone. Id. at Counts XV and XVI. Plaintiff Allen additionally alleges violations of the Fair Labor Standards Act's ("FLSA") protections for nursing mothers and FLSA retaliation against "all defendants." Id. at Counts IV and V.

The following table charts which plaintiff(s) make which claims against which defendant(s):

---

[1] The facts as pled in Plaintiffs' Second Amended Complaint are accepted as true for the purposes of this motion only.

| COUNT | PLAINTIFF(S) | DEFENDANT(S) | ALLEGATION |
|---|---|---|---|
| I, II, III | Allen McCowan | City of Phila. | Title VII claims |
| IV | Allen | All Defendants | Violations of FLSA Protections For Nursing Mothers, 29 U.S.C. § 207(r) |
| V | Allen | All Defendants | FLSA Retaliation, 29 U.S.C. § 215 |
| VIII | Allen McCowan | All Defendants | Section 1981 Disparate Treatment, 42 U.S.C. § 1981 |
| IX | Allen McCowan | All Defendants | Section 1981 Hostile Work Environment, 42 U.S.C. § 1981 |
| X | Allen McCowan | All Defendants | Section 1981 Retaliation, 42 U.S.C. § 1981 |
| XI | Allen McCowan | All Defendants | Disparate Treatment in Violation of the Equal Protection Clause – 42 U.S.C. §1983 |
| XII | Allen McCowan | All Defendants | Hostile Work Environment in Violation of Equal Protection Clause – 42 U.S.C. § 1983 |
| XIII | Allen McCowan | All Defendants | Retaliation in Violation of Petition Clause – 42 U.S.C. § 1983 |
| XIV | Allen McCowan | All Defendants | Pennsylvania Whistleblower Retaliation – 43 P.S. §1423 |
| XV | Allen McCowan | All Defendants | Intentional Infliction of Emotional Distress |
| XVI | Allen McCowan | Younger | Assault and  Battery |
| XVII | Allen McCowan | City of Phila. | PHRA Discrimination |
| XVIII | Allen McCowan | All Defendants | PHRA Retaliation |
| XIX | Allen McCowan | All Defendants | PHRA Aiding and Abetting |
| XX | Allen McCowan | City of Phila. | PFPO Discrimination |
| XXI | Allen McCowan | All Defendants | PFPO Retaliation |
| XXII | Allen McCowan | All Defendants | PFPO Aiding and Abetting |
| XXIII | Allen McCowan | All Defendants | Declaratory Relief Allegations |
| XXIV | Allen McCowan | All Defendants | Injunctive Relief Allegations |

## II.    LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotations marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

As the Court in Iqbal explained, while a court must accept as true all factual allegations in a complaint, a court need not accept as true any legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Iqbal, 556 U.S. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556 n.3) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she will provide not only 'fair notice,' but also the 'grounds' on which the claim rests."). To survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

## III.    ARGUMENT

### A.  PLAINTIFFS BRING NUMEROUS CLAIMS AGAINST DEFENDANTS GIBBONS AND COULTER WITHOUT FACTUAL ALLEGATIONS TO SUPPORT THOSE CLAIMS

#### 1.  Plaintiff McCowan Brings Fourteen Causes of Action Against Defendant Gibbons Without Pleading a Single Fact Pertaining to Defendant Gibbons.

Plaintiff McCowan does not allege a solitary fact connecting her to Defendant Herbert Gibbons. Yet, the fact that she has apparently never encountered Defendant Gibbons does not stop

Plaintiff McCowan from alleging that Mr. Gibbons violated her constitutional rights, retaliated against her, intentionally inflicted emotional distress upon her, and more. Plaintiff McCowan brings fourteen causes of action against Defendant Gibbons while pleading zero facts connecting her to Defendant Gibbons.

Defendant Gibbons respectfully requests that Plaintiff McCowan's claims against him be dismissed with prejudice.

**2. Plaintiff Allen Alleges No Facts Pertaining to Defendant Coulter Yet Brings Sixteen Distinct Claims Against Defendant Coulter.**

As with Plaintiff McCowan and Defendant Gibbons, Plaintiff Allen alleges no facts pertaining to Defendant Coulter yet brings claims against Defendant Coulter under sixteen distinct causes of action, alleging without a single supporting factual allegations that Defendant Coulter violated her constitutional rights, retaliated against her, and violated wage and hour provisions of the Fair Labor Standards Act, among others. Defendant Coulter respectfully requests that Plaintiff Allen's claims against her be dismissed with prejudice.

**3. Plaintiff McCowan Makes No Substantive Allegations Pertaining to Defendant Coulter Yet Brings Sixteen Distinct Claims Against Defendant Coulter.**

Likewise, Plaintiff McCowan attributes no actions to Defendant Coulter, instead making circumspect references to "Deputy Coulter's office." 2d Am. Compl., ¶¶ 196, 209, 215. The only remaining mention of Deputy Coulter is thirdhand information passed along to McCowan by an elected union official who is not employed by the City of Philadelphia. 2d Am. Compl., ¶ 213. Even if Plaintiff had made a direct allegation, the substance of the accusation – that Deputy Coulter participated in a discussion of operational needs with fellow executive personnel and decided not to allow Plaintiff McCowan to work an atypical shift – does not give rise to liability under any of the theories asserted by Plaintiffs.

It is axiomatic: "[P]ersonal involvement of each defendant is a prerequisite to liability in § 1983 cases." Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 291 (3d Cir. 2018). Plaintiff McCowan alleges no personal involvement on the part of Defendant Coulter. Accordingly, her claims fail.

Plaintiff McCowan's claims against Deputy Commissioner Christine Coulter should be dismissed, with prejudice.

## B. PLAINTIFFS' INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS FAIL AS A MATTER OF LAW

### 1. Plaintiffs' Intentional Infliction of Emotional Distress Claims Against Individual Defendants Fail Because Plaintiffs Have Not Alleged Outrageous Conduct by the Individual Defendants.

Plaintiffs have not alleged conduct by the individually-named City Defendants sufficiently outrageous to permit recovery under an intentional infliction of emotional distress theory. Accordingly, Plaintiffs' IIED claims against Defendants Coulter, MacDonald, McCarrick, McHugh, Conway, Williford, O'Brien, Tamika Allen, and Gibbons in Count XV should be dismissed.

"The gravamen of the tort of intentional infliction of emotional distress is outrageous conduct on the part of the tortfeasor." Corbett v. Morgenstern, 934 F. Supp. 680, 684 (E.D. Pa. 1996) (quoting Abadie v. Riddle Memorial Hosp., 589 A.2d 1143, 1145–46 (Pa. Super. Ct. 1991)). The act must be "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. (quoting Johnson v. Caparelli, 625 A.2d 668, 672 (Pa. 1993)). "Pennsylvania courts have found extreme and outrageous conduct only in the most egregious of situations, such as mishandling of a corpse, reckless diagnosis of a fatal disease, and having sexual contact with young children." Cheney v. Daily News L.P., 654 Fed. Appx. 578, 583-84 (3d Cir. 2016). "[I]t is for the court to determine in the first instance whether the defendant's conduct may reasonably be

regarded as so extreme and outrageous [as] to permit recovery." <u>Lawson v. Pennsylvania SPCA</u>, 142 F.Supp. 3d 394, 409 (E.D. Pa. 2015) (internal quotations omitted).

As this Court recently observed, "it is extremely rare to find conduct in the employment context that will give rise to the level of outrageousness necessary to provide a basis for recovery of [IIED]." <u>Schaffhouser v. Transedge Truck Centers</u>, No. CV 19-5811-KSM, 2020 WL 2847935, at *5-6 (E.D. Pa. June 2, 2020) (alteration in original) (internal quotation marks removed) (collecting cases where inappropriate workplace behavior was found insufficiently outrageous to make out IIED claim) (Marston, J.). Only where a supervisor engages in sexual harassment and then makes the harassed employee's job impossible to perform have plaintiffs been permitted to proceed on employment-related IIED claims. <u>Id.</u> (discussing <u>Bowersox v. P.H. Glatfelter Co.</u>, 677 F. Supp. 307, 308 (M.D. Pa. 1988)). <u>See also</u> <u>Shaffer v. National Can Corp.</u>, 565 F.Supp. 909 (E.D.Pa. 1983); <u>Fawcett v. I.D.S. Financial Services</u>, 41 Fair Empl. Prac.Cas. 589 (W.D.Pa. 1986).

Here, taking their allegations as true for the limited purposes of this motion, Plaintiffs were sexually harassed by a non-supervisory employee. They then accuse the individually-named City Defendants – all supervisors – of a plethora of innocuous, anodyne, and routine workplace behavior that would not be considered "outrageous" by even the most sensitive among us. Plaintiffs do not allege that supervisory-level Defendants Coulter, MacDonald, McCarrick, McHugh, Conway, Williford, O'Brien, Tamika Allen, or Gibbons sexually harassed them. Further, no act allegedly undertaken by Defendants Coulter, MacDonald, McCarrick, McHugh, Conway, Williford, O'Brien, Tamika Allen, and Gibbons remotely approaches the high threshold of "outrageous." Taken together, Plaintiffs have not alleged facts sufficient to make out an IIED claim against any of the individually-named City Defendants.

The individually-named City Defendants respectfully request that Plaintiffs' intentional infliction of emotional distress claims against them be dismissed, with prejudice.

    **2.** **Plaintiffs' Intentional Infliction of Emotional Distress Claims Against the City of Philadelphia Fail as a Matter of Law Because the Political Subdivision Tort Claims Act Provides the City Immunity From Intentional Tort Claims.**

The Political Subdivision Tort Claims Act provides immunity for the City of Philadelphia from intentional torts, including intentional infliction of emotional distress. <u>Panas v. City of Philadelphia</u>, 871 F. Supp. 2d 370, 376 (E.D. Pa. May 14, 2012) (citing <u>DeBellis v. Kulp</u>, 166 F. Supp. 2d 255, 277-78 (E.D. Pa. Sept. 10, 2001)); <u>Passalacqua v. City of Philadelphia</u>, No. 14-5618, 2016 WL 7049051, at *14 (E.D. Pa. Dec. 2, 2016) ("[T]he City of Philadelphia is immune from suit for intentional infliction of emotional distress").

Accordingly, Plaintiffs' IIED claims against the City of Philadelphia should be dismissed.

**C.** **PLAINTIFFS HAVE NOT PLED FACTS SUFFICIENT TO MAKE OUT A PRIMA FACIE CASE UNDER THE PENNSYLVANIA WHISTLEBLOWER LAW**

Plaintiffs bring a claim for relief under Pennsylvania's Whistleblower Law, 43 Pa. Stat. Ann. § 1421 et seq., which provides in relevant part:

> No employer may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste.

43 Pa. Stat. Ann. § 1423(a).

To plead a PWL claim, Plaintiffs must allege: (1) that they reported an instance of wrongdoing or waste to an appropriate authority; and (2) there is a causal connection between the report and the alleged retaliation. <u>Id.</u> § 1424(b). If such a showing is made, the burden shifts to the defendant to show that the action it took occurred for legitimate reasons, before shifting back to

the plaintiff show that the employer's reason is pretextual. <u>Frazier v. City of Philadelphia</u>, No. CV 17-5421, 2020 WL 897698, at *11 (E.D. Pa. Feb. 26, 2020) (Beetlestone, J.).

Here, Plaintiffs have not pled that they reported an instance of wrongdoing to an appropriate authority. Plaintiffs have also not pled the more permissive avenue to alleging a whistleblower claim: that they were "about to report" wrongdoing. Rather, Plaintiffs simply allege that they observed what they considered to be wrongdoing. 2d Am. Compl., ¶¶ 88-91. Simply observing wrongdoing, or what you consider to be wrongdoing, does not give rise to a Pennsylvania Whistleblower Law retaliation claim. Rather, the statute requires a plaintiff to *report* wrongdoing – to actually put the whistle to their lips. Nothing in Plaintiffs' allegations supports the prima facie elements of a Pennsylvania Whistleblower Law retaliation claim.

The City Defendants respectfully request that Plaintiffs' Pennsylvania Whistleblower Law claim be dismissed as to all City Defendants, with prejudice.

### D.   PLAINTIFF ALLEN HAS NOT PLED FACTS SUFFICIENT TO STATE A CLAIM UNDER SECTION 207(r) OF THE FLSA AND HAS NO REMEDY UNDER THE STATUTE

Plaintiff Allen's claim under section 207(r) of the FLSA (Count IV) fails as a matter of law because, at all times relevant to her Second Amended Complaint, Plaintiff was accommodated within the requirements of the law. At all times, the City provided Plaintiff with "a place, other than a bathroom, that [was] shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk" and provided reasonable break time during which to express breast milk. That Plaintiff chose not to avail herself of the provided facilities does not create liability and, even if it did, Plaintiff has not alleged wage and hour violations that would allow her to recover damages.

The Fair Labor Standards Act requires covered employers to provide:

1. a reasonable break time for an employee to express breast milk for her nursing child for 1 year after the child's birth each time such employee has need to express the milk; and

2. a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk.

29 U.S.C.A. 207(r)(1).

Nowhere does Plaintiff allege that she was told, ordered, instructed, or otherwise directed to pump in a bathroom. Nowhere does Plaintiff credibly allege that she was told, ordered, instructed, or otherwise directed to pump in a space open to public view. Notably, the FLSA does not require an employer to have a single, specifically-designated lactation space, even though such accommodations were provided for Plaintiff at all relevant times. Plaintiff's allegations do not rise to an FLSA violation.

As for reasonable break time, Plaintiff does not allege that she was ever restricted, in any way, in the amount of time she was permitted to use to express. Instead, Plaintiff claims she "had to take sick leave to pump at home." 2d Am. Compl., ¶ 168. Plaintiff's claim is the photo-negative of a cognizable FLSA claim: Plaintiff was paid for time she did not work, whereas a cognizable FLSA claim requires time worked that was not paid.

Plaintiff has not stated a claim that the City violated the wage and hour provisions of the FLSA under which she attempts to bring her claim.

Beyond her failure to state a claim under the FLSA, Plaintiff has not alleged any injury compensable under the FLSA. Despite failing to identify time worked for which she was not paid, Plaintiff seeks twelve varieties of relief under the auspices of the Fair Labor Standards Act:

(1) an adjudication and declaration that Defendants' conduct as set forth herein is in violation of the FLSA;

(2) equitable and injunctive relief;

(3) reinstatement of fringe benefits and seniority;

(4) promotion;

(5) compensatory damages;

(6) reasonable attorneys' fees;

(7) litigation costs;

(8) pre- and post-judgment interest;

(9) liquidated damages;

(10) punitive damages;

(11) employment in accordance with the FLSA; and

(12) all additional general and equitable relief to which Plaintiff is entitled.

2d Am. Compl., p. 79.

Of the relief sought, the several varieties of money damages deserve particular attention: compensatory damages, attorney's fees, litigation costs, interest, liquidated damages, and punitive damages. Id. In requesting this relief, Plaintiff misapprehends the purposes of the FLSA and the remedies available thereunder.

The FLSA exists to establish minimum wages and maximum hours for covered employees. 29 U.S.C.A. §§ 206, 207. Accordingly, damages under the FLSA are restricted to recovery of any unpaid minimum wages or unpaid overtime compensation. 29 U.S.C.A. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be[.]"). Liquidated damages are available "in an additional equal amount" to unpaid minimum wages and/or unpaid overtime compensation in certain circumstances. Id. Put simply, a plaintiff may only recover money damages under the FLSA for periods of time where they worked but were not paid.

Here, Plaintiff Allen alleges no unpaid minimum wages or unpaid overtime compensation. Through three iterations of her complaint, Plaintiff has not alleged that she worked and was not paid. Accordingly, this Court cannot, pursuant to the statute, award compensatory damages because Plaintiff has no damages compensable under the FLSA. Likewise, Plaintiff is not entitled to liquidated damages because she performed no unpaid work or uncompensated overtime under the FLSA. As to attorneys' fees, the statute again precludes recovery under these circumstances. Attorneys' fees are only available in the event of a judgment awarded to a plaintiff under the FLSA. Here, no such judgment can be awarded and, accordingly, no attorneys' fees can attach. Likewise, punitive damages are not available under the FLSA. See 29 U.S.C.A. § 216(b) (list of damages available under the statute does not include punitive damages).

Declaratory relief is also unavailable to Plaintiff. The FLSA protections for nursing mothers cover the period from a child's birth until that child reaches one year of age. 29 U.S.C.A. 207(r)(1). As Plaintiff's child reached one year of age at some point in 2019, the City has no ongoing obligation under the FLSA to accommodate Plaintiff's need to express. See 2d Am. Compl. ¶ 47. The United States Code provides declaratory relief only "[i]n a case of actual controversy." 28 U.S.C.A. § 2201(a). The City's obligations to Plaintiff under Section 207(r)(1) of the FLSA ceased in 2019. Now, in May 2020, there is no controversy upon which this Court "may declare the rights and other legal relations of any interested party." 28 U.S.C.A. § 2201(a).

Plaintiff cannot rely on the continuing violation doctrine to manufacture a live controversy, thereby salvaging her FLSA claim. Generally, the continuing violation doctrine makes untimely claims actionable when related conduct occurs within the limitations period. See, e.g., Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 111–14 (2002) (discussing the continuing violation doctrine in the context of Title VII). Here, Plaintiff attempts not to assert an untimely claim outside

the statutory limitations period, but to assert a claim that no longer exists because her child has attained one year of age. The continuing violation doctrine exists to enlarge the statute of limitations, not create claims where none exist. The City's obligations to Plaintiff under Section 207(r)(1) of the FLSA – along with any live controversy – ceased in 2019 when her child turned one year of age. Invocation of the "continuing violation doctrine" cannot change the indisputable fact that Plaintiff's child turned one in 2019, aging Plaintiff out of coverage under Section 207(r)(1) of the FLSA. The City cannot continue to violate a statute that offers Plaintiff no protections. Count IV of Plaintiffs' Second Amended Complaint should be dismissed, with prejudice, as to all requested relief.

### E.  PLAINTIFFS' SECTION 1983 CLAIMS AGAINST THE CITY OF PHILADELPHIA FAIL BECAUSE PLAINTIFFS HAVE NOT SPECIFICALLY IDENTIFIED A MUNICIPAL POLICY OR CUSTOM THAT CAUSED A CONSTITUTIONAL INJURY

Counts XI, XII, and XIII of Plaintiffs' Second Amended Complaint, alleging Section 1983 violations of the Equal Protection Clause of the Fourteenth Amendment, should be dismissed as to the City of Philadelphia because Plaintiffs fail to identify a municipal custom, policy, or practice that has caused injury. Counts XI, XII, and XIII also fail against the individually-named City Defendants because Plaintiffs fail to allege any personal involvement in a Section 1983-cognizable violation by any of the individually-named City Defendants.

Likewise, Plaintiffs' Section 1981 claims against the City in Counts VIII, IX, and X should be dismissed. It is well settled that a private cause of action cannot be asserted a municipal actor for a violation of Section 1981. Rippy v. Philadelphia Dep't of Pub. Health, No. CV 19-1839, 2019 WL 4849439, at *8 (E.D. Pa. Sept. 30, 2019). This is because Section 1983 created the "exclusive federal remedy for violation of the rights guaranteed in [section] 1981 by state government units." Id. (quoting McGovern v. City of Philadelphia, 554 F.3d 114, 121 (3d Cir. 2009)). Plaintiffs'

claims against the City of Philadelphia pursuant to Section 1981 (Counts VIII, IX, and X) should be dismissed with prejudice.

Plaintiff alleges Monell claims against the City under the theory that the City's policy, custom, or practice occasioned a violation of their constitutional rights. Under this theory of liability, a plaintiff must show that the municipality itself, through the implementation of a policy or custom caused the constitutional violation. Cintron v. City of Philadelphia, No. CV 19-4078, 2020 WL 2539196, at *5 (E.D. Pa. May 19, 2020) (citing to Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996)). Monell v. New York Department of Social Services stands for the proposition that municipalities and other bodies of local government may be liable under § 1983 only if they have caused a constitutional tort through "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." , 436 U.S. 658, 98 (1978). It is well established that a plaintiff cannot recover against the City of Philadelphia upon a respondeat superior theory. Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990). For Plaintiff to prevail against the City, she must prove that a constitutionally protected right has been violated, and that the alleged violation resulted from a municipal "custom" or "policy" of deliberate indifference to the rights of citizens. Id. (citing to Monell, 436 U.S. at 694-95).

Specifically, a plaintiff must allege that the execution of a governmental policy, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicted a constitutional injury. Watson v. Abington Twp., 478 F.3d 144, 155 (3d Cir. 2007). A municipal "custom" within the meaning of section 1983 consists of "a course of conduct engaged in by state officials that, although not specifically endorsed by policy, are so permanent and well-settled as to virtually constitute law." Id. at 155. In other words, a plaintiff may show existence of a custom by proving that an official who has the power to make policy has knowledge

of, and acquiesced to, a practice. Id. at 156 (citing to Bielevicz v. Dubinon, 915 F.2d 845, 849–50 (3d Cir. 1990)). To meet the pleading standard, a plaintiff "must identify a custom or policy, and specify what exactly that custom or policy was." McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009).

In addition to proving that an unlawful policy or custom existed, a plaintiff also bears the burden of proving that such a policy or custom was the proximate cause of the injuries suffered. Id. at 850. "If . . . the policy or custom does not facially violate federal law, causation can be established only by demonstrat[ing] that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences. A showing of simple or even heightened negligence will not suffice." Berg v. Cnty. of Allegheny, 219 F.3d 261, 276 (3d Cir. 2000).

Plaintiffs' Monell claims should be dismissed because their Second Amended Complaint fails to allege any facts from which a fact-finder could conclude that the City of Philadelphia has a custom or policy that caused Plaintiffs to suffer a constitutional injury. Beyond failing to identify a "policy statement, ordinance, regulation, or decision," Plaintiffs rely solely on conclusory allegations to support their claims. See, e.g., 2d Am. Compl. ¶ 6; p. 8. Nowhere do Plaintiffs "identify a custom or policy, and specify what exactly that custom or policy was." McTernan, 564 F.3d at 658. As McTernan makes clear, the plaintiff has the burden of specifying exactly what custom or policy allegedly caused them harm at the pleading stage. Id. Plaintiffs fail to conform to the mandate of McTernan. Accordingly, their claims should be dismissed.

15

Likewise, Plaintiff has pled no facts to show that the Police Department's policy maker, in this case the Police Commissioner,[2] had knowledge of and acquiesced to a practice that deprived them of a constitutional right. See Watson 478 F.3d at 155.

Because Plaintiffs point to no policy, municipal practice, or custom that would have the effect of discriminating against or otherwise violating their constitutional rights, Plaintiffs' Monell claims against the City of Philadelphia in Counts XI, XII, and XIII fail as a matter of law and should be dismissed.

As to the individually-named City Defendants: "[P]ersonal involvement of each defendant is a prerequisite to liability in § 1983 cases." Jutrowski, 904 F.3d at 291. Plaintiffs have not identified a policy or custom that caused a constitutional violation, let alone individual involvement in such a violation by the individually-named City Defendants. Accordingly, Plaintiffs' Section 1983 should be dismissed.

## IV.    CONCLUSION

The City Defendants respectfully request that this Court dismiss the claims identified above from Plaintiffs' Second Amended Complaint.

First, Plaintiffs bring numerous claims against individual defendants without alleging any facts in support: these claims should be dismissed. Second, Plaintiffs' intentional infliction of emotional distress claims fail as a matter of law, whether alleged against the City itself or the individual defendants. Third, Plaintiffs fail to allege a prima facie case under the Pennsylvania Whistleblower Law. Fourth, Plaintiff Allen's claims of wage and hour violations of the Fair

---

[2] In determining the appropriate "decision maker," a court must determine which official has final, unreviewable discretion to make a decision or take an action. Andrews, 895 F.2d at 1481. The Third Circuit has determined that in the context of the Philadelphia Police Department, the Police Commissioner is the policy maker. Id.

Labor Standards Act are not cognizable under the statute and the statute does not entitle to her to recover on the facts alleged. Fifth, Plaintiffs' Section 1981 claims against the City should be dismissed because such claims must be brought under Section 1983, and Plaintiffs' 1983 claims fail because Plaintiffs fail to identify a policy or custom that caused a constitutional injury.

Respectfully submitted,

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

/s/ Daniel R. Unterburger
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
Dated: June 4, 2020          daniel.unterburger@phila.gov

17

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.** | : | |
| Defendant. | : | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date listed below the foregoing Motion to Dismiss was filed electronically and made available for download and viewing.

Respectfully submitted,

**CITY OF PHILADELPHIA
LAW DEPARTMENT**

<u>/s/ Daniel R. Unterburger</u>
DANIEL R. UNTERBURGER
Assistant City Solicitor

Dated: June 4, 2020