IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AUDRA McCowan** *and* <br> **JENNIFER ALLEN,** <br>                **Plaintiffs,** <br>            v. <br> **CITY OF PHILADELPHIA, et al.** <br>                **Defendants.** | **CIVIL ACTION** <br><br> **NO. 19-CV-3326-KSM** |

**BRIEF IN SUPPORT OF DEFENDANT RICHARD ROSS JR.'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant Richard Ross Jr. ("Ross" or "Defendant Ross"), acting by and through his counsel, Archer & Greiner, P.C., and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files this Brief in support of his Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC").

**I.    INTRODUCTION**

Plaintiffs Audra McCowan ("McCowan") and Jennifer Allen ("Allen") filed this action to seek relief from alleged violations of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"); Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("Section 1983"); the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FMLA"); the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"); the Pennsylvania Whistleblower Law, 43 Pa.C.S. §§ 1421-1428 ("PWL"); the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 ("PHRA"); and the Philadelphia Fair Practices Ordinance, Philadelphia Code §§ 9-1101 et seq. ("PFPO").

Plaintiffs' Five Hundred and Twenty-Five paragraph SAC fails to confirm to Fed. R. Civ. P. 8(a).  The SAC is the antithesis of a "short and plain statement."  Despite the 111 page pleading, both Plaintiffs fail to set forth any facts which give rise to a claim of race-based discrimination under 42 U.S.C. §§ 1981, 1983 or First Amendment retaliation.  Moreover, all state law claims asserted against Defendant Ross must be dismissed because Defendant Ross is afforded immunity under the Political Subdivision Tort Claims Act.[1]  For the above reasons, and those that follow, Defendant Ross requests this Court to dismiss all claims with prejudice.

## II.    FACTUAL BACKGROUND[2]

### A. Introduction and Background of Plaintiffs'

Plaintiff McCowan is a 36 year-old black female who has been employed as a member of the Department for over fifteen years.  SAC, ¶¶ 36, 37.  She entered into the Police Academy in March 2004 and upon graduating, the City assigned her to Philadelphia's 12th District in southwest Philadelphia.  McCowan's current rank is Corporal.  Id., at ¶ 37.

Plaintiff Allen is a 38 year-old black Hispanic female.  Id., at ¶ 39.  She is a mother of three children.  Id.  Allen has been employed as a police officer in Philadelphia for over fifteen years.  Id. Similarly to McCowan, Allen entered into the Police Academy in March 2004 and upon graduating, the City assigned her to Philadelphia's 12th District in southwest Philadelphia.  Id.  Allen's current rank is officer.  Id.

Both Plaintiffs allege that over the course of their employment with the City, they suffered continuous and ongoing sexual harassment and discrimination, a hostile work

---

[1] The Political Subdivision Tort Claims Act does not bar claims under the PHRA. Risser v. Steelton-Highspire Sch. Dist., No. 1:17-CV-357, 2017 WL 5625766, at *7 (M.D. Pa. Nov. 22, 2017); Boone v. Pa. Office of Vocational Rehab., 373 F. Supp. 2d 484, 496 (M.D. Pa. 2005) (citing City of Phila. v. Pa. Human Relations Comm'n, 684 A.2d 204, 208 (Pa. Commw. Ct. 1996).  The PHRA claims should be dismissed on other grounds as will be more fully set forth below.

[2] These facts are taken from Plaintiffs' Complaint, which must be taken as true for the purposes of this motion. Schuylkill Energy Res., Inc. v. Pa. Power & Light Co., 113 F.3d 405, 417 (3d Cir. 1997) (citing Fuentes v. S. Hills Cardiology, 946 F.2d 196, 201 (3d Cir.1991)).

environment, and retaliation by both coworkers and supervisors.  As a result, Plaintiffs filed suit against the City of Philadelphia and a number of its employees.

### B. Plaintiffs' Allegations Against Defendant Ross

#### i. Plaintiff Allen

Nowhere in Plaintiffs' SAC does Allen assert factual allegations that pertain to Defendant Ross nor does she claim to have had any interaction with Ross while working at the Department. See SAC.  Despite no factual allegations against Defendant Ross, Allen still asserts sixteen (16) Counts against him.  Id.  Allen's claims asserted against Defendant Ross should be dismissed with prejudice.

#### ii. Plaintiff McCowan

McCowan alleges that in early to mid-February 2019, McCowan texted and called Ross on his personal cell phone to inform him that she had been experiencing sexual harassment and a hostile work environment in the Delaware Valley Intelligence Center ("DVIC"), and that she had been punished for reporting same.  SAC, ¶ 126.  During these conversations, she alleges that Ross stated he was going to "school" McCowan on sexual harassment and indicated that he continues to be upset with her and was getting in the way of redressing her complaints in retribution for her breaking off their two-year affair, which lasted from 2009 to 2011.  Id., ¶ 128. McCowan then alleges that on May 14, 2019, McCowan received a call from John McGrody at FOP stating, "Deputy Coulter said that there was a meeting on Friday, May 10, 2019, with Ross, 1st Deputy Patterson, and Deputy Coulter, and they all decided to disprove your hardship memo."  Id., ¶ 213.  McCowan, then states, without any factual underpinnings that she was denied a shift change because Ross was mad that he thought that McCowan was "making all this up."  Id., ¶220.  McCowan does not allege any facts which show that Defendant Ross engaged any in race-based discrimination, or sexually harassed her, the crux of her 111 page Complaint.

For the reasons stated below, these facts do not support any claim against Defendant Ross and all claims asserted against him should be dismissed with prejudice.

## II. MOTION TO DISMISS STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party, in responding to a pleading, may file a Motion to raise the defense of "failure to state a claim upon which relief can be granted." Specifically,

> [u]nder Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' . . . [T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal citations omitted). Thus, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570); see also Mack v. Bear Stearns Residential Mortgage Corp., 755 F. Supp. 2d 651, 655 (E.D. Pa. 2010) (quoting Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir.2007)) ("To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . .'"); Perez ex rel. Estate of Perez v. City of Philadelphia, 701 F. Supp. 2d 658, 662 (E.D. Pa. 2010) (quoting Victaulic, 499 F.3d at 234)(DuBois, J.).

In considering a Rule 12(b)(6) Motion, the court "must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co., 113 F.3d 405, 417 (3d Cir. 1997) (citing Fuentes v. S. Hills Cardiology, 946 F.2d 196, 201 (3d Cir. 1991)). While accepting

4

"as true all well-pled allegations, [a court] need not credit the non-movant's conclusions of law or unreasonable factual inferences." Curay-Cramer v. Ursuline Acad. of Wilmington Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (internal citations omitted). Nor is the court "compelled to accept . . . 'a legal conclusion couched as a factual allegation.'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)), cert. denied, 128 S. Ct. 612 (2007).

Under Iqbal, the Supreme Court formalized a "two-pronged approach" that underlies a decision on a motion to dismiss. Perez, 701 F. Supp. 2d at 662 (citing Iqbal, 556 U.S. at 679). First, while a court must accept as true all allegations in a complaint, this principle is inapplicable to legal conclusions. "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citations omitted). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679 (citations omitted). Determining whether a complaint states a plausible claim for relief is a "context-specific task," which "requires the reviewing court to draw on its judicial experience and common sense." Id. at 679 (citations omitted).

The Supreme Court further instructed that, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679; see also Bear Stearns, 755 F. Supp. 2d at 655 (E.D. Pa. 2010). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 6790. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id.

5

Thus, in evaluating the sufficiency of a claim, the court must first outline the elements the plaintiff must plead in order to state a claim for relief. See Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012). The court should then separate the factual and legal elements of the claim and disregard any legal conclusions. See id. Finally, the court must "look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly give rise to an entitlement to relief.'" Id. (quoting Iqbal, 556 U.S. at 679). If at the conclusion of this analysis, the court can only infer "the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief" and the complaint should be dismissed. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) (internal quotations omitted).

In light of this governing standard, Plaintiffs' Complaint must be dismissed because the Plaintiffs fail to articulate sufficient facts to support the asserted claims and only recites the bare legal elements of its individual claims. For the reasons that follow, dismissal is appropriate.

### III.     ARGUMENT

#### A.     Counts IV and V Must be Dismissed Because Plaintiff Allen Failed to Allege Sufficient Facts Showing that Richard Ross Jr. Can be Held Individually Liable for the Alleged Violations under the FLSA.

An officer of a company may only be subject to FLSA liability "when he or she exercises 'supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation' while acting in the employer's interest." Haybarger v. Lawrence Cty. Adult Probation & Parole, 667 F.3d 408, 417 (3d Cir. 2012) (citations and quotations omitted). More specifically, the officer must "independently exercise[] control over the work situation" to be individually liable. Id.

Here, Plaintiff Allen alleges in Count VI that Ross violated her rights under the Break Time for Nursing Mothers Law, when she was not provided reasonable break time to express milk for her nursing child and when she was not provided with a proper place to express milk. In

6

Count V, Plaintiff Allen alleges that Ross violated the FLSA's anti-retaliation provision when alleged adverse employment actions were taken against her for asserting her rights under the Break Time for Nursing Mothers law.  Both of these Counts fail to for the following reasons: (1) Allen pleads no factual support that Ross had any involvement in failing to provide reasonable break time to her in order to express breast milk for her child or that he had any involvement in failing to provide Allen with a proper place to express break milk; and (2) Allen provides no factual support that Ross exercised control over the alleged adverse employment actions against Allen for asserting her rights under the Break Time for Nursing Mothers law.  Therefore, Counts VI and V of Plaintiffs' SAC should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the SAC fails to allege sufficient facts showing that Defendant Ross was responsible in whole or part for the alleged FLSA violations.

> **B.  Plaintiffs' 1981 Claims (Counts VIII, IX, And X) Should Be Analyzed Under 42 U.S.C. § 1983.**

"Section 1981 prohibits intentional race discrimination in the making and enforcement of public and private contracts, including employment contracts."  Patterson v. UPMC South Hills Health System Home Health, L.P., No. 03-89, 2003 WL 26074479 (W.D.Pa. 2003).  Claims brought against state actors under § 1981 are analyzed under 42 U.S.C. § 1983. Oaks v. City of Philadelphia, 59 F. App'x 502, 503 (3d Cir. 2003) (citing Jett v. Dallas Independent School Dist., 491 U.S. 701, 735–36 (1989); Daniels v. Sch. Dist. of Philadelphia, 982 F. Supp. 2d 462, 478 (E.D. Pa. 2013), aff'd, 776 F.3d 181 (3d Cir. 2015)(§ 1981–based claims of race discrimination and race-related retaliation against the School District were reviewed under the same rubric as that used for § 1983); Miles v. City of Philadelphia, No. CIV. A. 98-5837, 1999 WL 274979, at *5 (E.D. Pa. May 5, 1999).  Thus, Plaintiffs must satisfy all the elements of § 1983 to prevail on

their claims of raced-based discrimination against Defendant Ross.  Likewise, Defendant Ross is entitled to raise all defenses under § 1983, including qualified immunity.

> **C.    Plaintiffs' SAC Fails To Set Forth Sufficient Facts That Give Rise To A Plausible Claim That Defendant Ross Personally Engaged In Race-Based Discrimination.**

The familiar McDonnell Douglas–Burdine framework is applicable to Plaintiffs' allegations of racial discrimination under 42 U.S.C. §§ 1981 and 1983; Stewart v. Rutgers, The State Univ., 120 F.3d 426, 432 (3d Cir. 1997).  Claims brought under § 1981 must alleged specific facts which give rise to a plausible claim of race-based discrimination.  Collins v. Kimberly-Clark Pennsylvania, LLC, 247 F. Supp. 3d 571, 588 (E.D. Pa.), aff'd, 708 F. App'x 48 (3d Cir. 2017).  Under McDonnell Douglas, each Plaintiff must alleged facts which give rise to a plausible claim that Defendant Ross personally engaged in raced-based race-based discrimination.

The test for intentional discrimination in suits under § 1981 and § 1983 is the same as the formulation used in Title VII discriminatory treatment cases. See Patterson v. McLean Credit Union, 491 U.S. 164, 186, (1989); Douglas–Stewart v. Rutgers, The State Univ., 120 F.3d 426, 432 (3d Cir. 1997).  In order for Plaintiffs' § 1981 and § 1983 raced-based discrimination claims to survive,  the pleading must set forth plausible facts that Defendant Ross' had personal involvement in, and engaged in, raced-based discrimination. Oaks, 59 F. App'x at 504, n. 2 ("To demonstrate discrimination on the basis of race, a complainant must present evidence that persons who did not belong to the same racial minority were treated differently."); Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir.2007) (internal citations omitted).  Parkell v. Morgan, 47 F. Supp. 3d 217, 223 (D. Del. 2014), aff'd, 682 F. App'x 155 (3d Cir. 2017).

Plaintiff Allen fails to set forth any facts which support a claim that Defendant Ross personally engaged in race-based discrimination against her. The same holds true for McCowan.

McCowan fails to set forth any facts which show that Defendant Ross engaged in race-based discrimination. Both Allen and McCowan fail set forth a plausible claim that Defendant Ross personally engaged in raced-based discrimination, thus failing to meet the first element of the McDonnell Douglas–Burdine framework. See also Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 318-19 (3d Cir. 2000); Pivirotto v. Innovative Sys., Inc., 191 F.3d 344, 356 (3d Cir. 1999). Further, both Allen or McCowan fail plead any facts which support a claim that Defendant Ross personally treated non-members of the protected class more favorably. See Jackson v. U.S. Steel Corp., 624 F.2d 436, 440-441 (3d Cir. 1980) (Plaintiffs must plead facts showing that they were treated differently than similarly situated employees of different racial groups). And, because the SAC fails to give rise to a claim that that Defendant Ross violated a clearly established constitutional right, by engaging in raced-based discrimination, Defendant Ross is entitled to judgment under the doctrine of qualified immunity. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.") As to Defendant Ross, Counts VIII, IX, And X must be dismissed with prejudice.

### D. Plaintiffs' 1983 Claims Brought Against Defendant Ross Under The Equal Protection Clause Must Also Be Dismissed (Counts XI And XII).

Counts XI and XII are causes of action under the Equal Protection Clause of the Fourteenth Amendment. Count XI purports to set forth a claim for disparate treatment. Count XII purports to set forth a claim for hostile work environment. Both of these claims fail.

"To assert an equal protection claim based upon membership in a protected class, the plaintiff must demonstrate (1) that he or she is a member of a protected class and (2) that the government treated similarly situated individuals outside of the protected class differently."

9

Terrell v. City of Harrisburg Police Dep't, 549 F. Supp. 2d 671, 687 (M.D. Pa. 2008); Oliveira v. Twp. of Irvington, 41 Fed.App.x 555, 559 (3d Cir.2005); Keenan v. City of Phila., 983 F.2d 459, 465 (3d Cir.1992) (requiring plaintiffs to demonstrate differential treatment on the basis of membership in a protected class). Plaintiffs are pursuing their equal protection claims under protected class-theory. Plaintiffs allege "[i]n early-December 2018, Ms. Allen and Ms. McCowan told Chief Inspector MacDonald's aide, Officer Dawson, that they had been denied work opportunities that were given to their male and white female counterparts. Officer Dawson said that the reason for the difference in treatment was 'race-related and also us being women.'" SAC, ¶¶ 58-59. Plaintiffs SAC further alleges that "male and white female counterparts would have received training and job assignments by now…"

There are no allegations contained in the SAC that Defendant Ross personally engaged in any conduct that could give rise to claim that he denied each Plaintiff training opportunities because of their race. For example, Plaintiff McCowan only claims that Ross took action against her because of their personal affair--that ended sometime in 2011. SAC, ¶ 128, ¶ 220 ("Between you and me, this is all coming from Commissioner Ross, who he said he was mad because he thinks you're making all this up.").

There are no facts which allege a plausible claim that Defendant Ross treated McCowan differently because of her race. Likewise, Plaintiff Allen fails to allege a plausible claim that Defendant Ross treated her differently because of her race. And, because the SAC fails to give rise to a claim that that Defendant Ross violated a clearly established constitutional right, by engaging in race-based discrimination, Defendant Ross is entitled to judgment under the doctrine of qualified immunity. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as

their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."). As to Defendant Ross, in his individual capacity, Counts XI and XII must be dismissed with prejudice.

### E. Plaintiffs' 1983 Claims Brought Against Defendant Ross For Retaliation In Violation Of Petition Clause Must Also Be Dismissed (Count XIII).

To state a First Amendment retaliation claim, a plaintiff must allege two things: (1) that the activity in question is protected by the First Amendment, and (2) that the protected activity was a substantial factor in the alleged retaliatory action. Hill v. Borough of Kutztown, 455 F.3d 225, 241 (3d Cir. 2006); Phyllis Hill v. City of Scranton, 411 F.3d 118, 125 (3d Cir.2005). The first factor is a question of law; the second factor is a question of fact. Curinga v. City of Clairton, 357 F.3d 305, 310 (3d Cir. 2004). A Plaintiff must also allege that her protected speech was a "substantial or motivating factor" in the employer's decision to engage in the alleged retaliatory action. Smith v. Cent. Dauphin Sch. Dist., 419 F. Supp. 2d 639, 648 (M.D. Pa. 2005).

In this case, Plaintiff Allen fails to set forth any facts that she reported a matter of public concern to Defendant Ross that gives rise to a claim of First Amendment retaliation.

McCowan's allegations fail to link her reports of alleged protected speech to Ross to her adverse employment action. McCowan alleges that she reported alleged sexual harassment to Ross in 2019. SAC, ¶¶ 126-27. Plaintiff McCowan provides no factual allegations that Defendant Ross took any adverse employment action against her. To the contrary, Plaintiff McCowan links Defendant Ross' alleged retaliatory conduct to their alleged affair, which ended in 2019. SAC, ¶ 127. Because Plaintiff McCowan's SAC fails to plead that her protected speech was a "substantial or motivating factor" in Ross' decision to engage in the alleged retaliatory action, McCowan has failed to state a cause of action against Ross.

11

And, because the SAC fails to give rise to a claim that that Defendant Ross violated a clearly established constitutional right under the First Amendment, Defendant Ross is entitled to judgment under the doctrine of qualified immunity. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.") As to Defendant Ross, in his individual capacity, Count XIII should be dismissed.

      **F.**      **Plaintiffs' State Law Claims for Intentional Infliction of Emotional Distress (Count XV), PFPO Retaliation (Count XXI), PFPO Aiding and Abetting (Count XXI) Are Barred By The Political Subdivisions Tort Claims Act.**

The State law claims which are barred by the Political Subdivisions Tort Claims Act are: Count XV (Intentional Infliction of Emotional Distress), Count XXI (PFPO Retaliation), and Count XXII (PFPO Aiding and Abetting).

The Pennsylvania Political Subdivisions Tort Claims Act ("PSTCA") provides blanket immunity to local agencies and their employees. 42 Pa.C.S. §§ 8541, 8545. This immunity is abrogated only where (i) the damages sought are recoverable under common law or statute, (ii) the injury was caused by the negligent acts of the agency or employee, and (iii) the injury occurs as a result the eight (8) exceptions listed in 42 Pa.C.S. § 8542(b), local agencies and their employees are immune from suit. 42 Pa.C.S. § 8542(a)–(b). The eight categories are: (1) the operation of motor vehicles, (2) the care, custody or control of personal property, (3) the care, custody or control of real property, (4) trees, traffic controls, and street lighting, (5) utility service facilities, (6) streets, (7) sidewalks, and (8) the care, custody or control of animals. 42 Pa.C.S. § 8542(b). Because Plaintiffs' state law claims are not grounded in negligence and do not fit under any one of the eight exceptions to immunity, all state law claims must be dismissed.

The General Assembly, however, has <u>waived</u> immunity for where an employee's actions "constituted a crime, actual fraud, actual malice or willful misconduct." 42. Pa.C.S. § 8550. Under Pennsylvania law, "willful misconduct" can only be found where a defendant subjectively intended to do something she knew was wrongful. See <u>Renk v. City of Pittsburgh</u>, 537 Pa. 98, 641 A.2d 289, 293–94 (1994). "As the Pennsylvania Supreme Court has recognized, willful misconduct is a demanding level of fault." <u>Sanford v. Stiles</u>, 456 F.3d 298, 315 (3d Cir. 2006). In order to establish liability, a plaintiff must show that an agency employee took action he or she knew or should have known was improper at the time. See <u>Kuzel v. Krause</u>, 658 A.2d 856, 860 (Pa. Cmwlth. 1995) (finding an employee entitled to immunity under the PSTCA where there was no evidence he knew his actions were improper or against public policy).

As set forth in the preceding arguments, Plaintiff Allen's SAC fails to set forth any facts which alleged that Defendant Ross engaged in "willful misconduct" by subjectively intending to do something he knew was wrongful. See <u>Renk v. City of Pittsburgh</u>, 537 Pa. 98, 641 A.2d 289, 293–94 (1994). Likewise, Plaintiff McCowan's SAC fails to allege any facts which support a cause of action that Defendant Ross engaged in "willful misconduct" by subjectively intending to do something he knew was wrongful. There is no facts pled which give rise to a plausible claim that Defendant Ross discriminated against Plaintiffs due to their race, gender or alleged reporting of unlawful conduct. Thus, there are no facts to support any claim that Defendant Ross engaged in willful misconduct.

### G. **Plaintiffs' State Law Claims Brought under the PHRA (Counts XVIII and XIX) Must Also Be Dismissed.**

The PHRA claims are duplicative of the federal claims brought under §§ 1981 and 1983. The PHRA claims should be dismissed for the same reasons why the federal claims alleging race-based discrimination and retaliation fail to survive a motion to dismiss.

      **H.**      **Count XXIII and XXIV of Plaintiffs' SAC Must Be Dismissed for Failure to State a Claim Because Richard Ross Jr. is No Longer Commissioner of the Philadelphia Police Department Nor Was He the Police Commissioner When This Complaint Was Filed.**

In Counts XXIII and XXIV, respectively, Plaintiffs brings claims for declaratory and injunctive relief for violations of their rights under Title VII, Section 1981, Section 1983, the FMLA, the FLSA, the PHRA, the PFPO and the PWL. As this Court has held, "[i]f a claim does not present a live case or controversy, the claim is moot, and a federal court lacks jurisdiction to hear it." United States v. Virgin Islands, 363 F.3d 276, 284-85 (3d Cir. 2004). In this case, Defendant Ross is no longer the Commissioner of the Philadelphia Police Department, nor was he the Commissioner when this Complaint was filed. Therefore, there is no live controversy that exists and Plaintiffs are at no future risk of alleged discriminatory practices. Because there exists no basis for injunctive or declaratory relief, Counts XXIII and XXIV must be dismissed.

    **IV.**    **CONCLUSION**

Therefore, for the reasons set forth herein, Richard Ross Jr. hereby requests this Court dismiss all claims against Defendant Ross, in his individual capacity, with prejudice.

Dated: June 4, 2020

                                                       Respectfully submitted,

                                                       By:    */s/ Jeffrey M. Scott*
                                                       Jeffrey M. Scott, Esquire
                                                       jscott@archerlaw.com
                                                       Jeffrey M. Kolansky
                                                       jkolansky@archerlaw.com
                                                       Lloyd A. Freeman
                                                       lfreeman@archerlaw.com
                                                       Archer & Greiner, P.C.
                                                       1717 Arch Street, Suite 3500
                                                       Philadelphia, PA 19107
                                                       Telephone:    (215) 963-3300
                                                       Attorneys for Defendant Richard Ross, Jr.

## CERTIFICATE OF SERVICE

      I hereby certify that on June 4, 2010, I served Defendant Richard Ross Jr.'s Motion to Dismiss on the Court's ECF Website and is available for download and reviewing.

Daniel R. Unterburger
Erica Kane
Assistant City Solicitor
Labor & Employment Unit
City of Philadelphia Law Department
1515 Arch Street, 16th Floor
Philadelphia, PA  19102

Amy C. Lachowicz
Daniel J. McGravey
Lauri A. Kavulich
Clark Hill PLC
2001 Market Street
Two Commerce Square
Suite 2620
Philadelphia, PA 19103

Ian M. Bryson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street, Suite 2950
Philadelphia, PA 19103
ian@dereksmithlaw.com

Dated:  June 4, 2020

                                                  By:   */s/ Jeffrey M. Scott*
                                                  Jeffrey M. Scott, Esquire
                                                  Archer & Greiner, P.C.
                                                  1717 Arch Street, Suite 3500
                                                  Philadelphia, PA 19107
                                                  Telephone:    (215) 963-3300
                                                  Facsimile:     (215) 963-9999
                                                  Attorneys for Defendant Richard Ross, Jr.

218652421v2