IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUDRA MCCOWAN, et al.,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| Defendants. | : | |

# ORDER

**AND NOW**, this _____ day of _____, 2020, upon consideration of Defendants' motion for a protective order to preclude the deposition of non-party Mayor James F. Kenney, it is hereby **ORDERED** that the Motion is **GRANTED**.

                                                 **BY THE COURT:**

                                                 _____
                                               **KAREN S. MARSTON, J.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUDRA MCCOWAN, et al.,** | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| Defendants. | : | |

## DEFENDANTS' MOTION FOR A PROTECTIVE ORDER PRECLUDING THE DEPOSITION OF MAYOR JAMES F. KENNEY

Defendants the City of Philadelphia, Christine Coulter, Daniel MacDonald, Michael McCarrick, Timothy McHugh, Brent Conway, Eric Williford, Kevin O'Brien, Tamika Allen, and Herbert Gibbons file this motion for a protective order precluding the deposition of Mayor James F. Kenney. Defendants respectfully request that this Court grant their motion on the grounds more fully described in the supporting memorandum of law.

Respectfully Submitted,

**CITY OF PHILADELPHIA
LAW DEPARTMENT**

Date: June 12, 2020          BY:  s/ Daniel R. Unterburger
                                  Daniel R. Unterburger
                                  Assistant City Solicitor

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUDRA MCCOWAN, et al.,** | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| Defendants. | : | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIRMOTION FOR A PROTECTIVE ORDER PRECLUDING THE DEPOSITION OF NON-PARTY MAYOR JAMES F. KENNEY

Defendants the City of Philadelphia, Christine Coulter, Daniel MacDonald, Michael McCarrick, Timothy McHugh, Brent Conway, Eric Williford, Kevin O'Brien, Tamika Allen, and Herbert Gibbons submit this Memorandum of Law in support of their motion for a protective order precluding the deposition of non-party Mayor James F. Kenney.

Defendants respectfully request that this Court grant their motion because the pleadings and Rule 26(f) disclosures clearly show: (1) Mayor Kenney was not involved in any decisions allegedly impacting Plaintiffs; (2) Mayor Kenney has no personal knowledge of any material fact relevant to adjudicating Plaintiffs' sexual harassment and discrimination claims; and (3) Mayor Kenney took no action and made no statements regarding the Plaintiffs in this matter. Because Mayor Kenney is a "[h]igh ranking government official; . . . generally entitled to limited immunity from being deposed concerning matters about which they have no unique personal knowledge [,]" this Court should grant Defendant's motion. See Tomaszewski v. City of Philadelphia, No. 17-4675, 2018 WL 6590826, at *3 (E.D.Pa. Dec. 13, 2018) (DuBois, S.J.) (granting City's motion for protective order precluding Mayor Kenney's deposition).

2

I.      **RELEVANT FACTUAL SUMMARY**

At all times relevant to this matter, Plaintiffs were employed by the Philadelphia Police Department, one as a Police Officer and one as a Corporal. 2nd Am. Compl. ¶¶ 36-40. During that time period, Plaintiffs claim they were sexually harassed by a City employee holding the non-supervisory rank of Police Officer. See 2d Am. Compl., ¶¶ 61-69. Plaintiffs also claim that retaliation, along with gender and race discrimination, motivated routine employment transactions authorized and conducted by rank-and-file Civil Service members of the Police Department and the Deputy Commissioner overseeing departmental operations. See generally 2d Am. Compl. One Plaintiff, Ms. Allen, also alleges wage and hour violations of the Fair Labor Standards Act. 2d Am. Compl., ¶¶ 362-68.

In the 305 numbered factual allegations in Plaintiffs' Second Amended Complaint, Plaintiffs do not allege that Mayor Kenney has any unique, independent, or personal knowledge of any fact material to Plaintiffs' claims. See generally 2d Am. Compl. (no allegation to Mayor Kenney).

Plaintiffs have noticed the depositions of the following City employees:

(1) Police Officer Curtis Younger;

(2) Police Sergeant Tamika Allen;

(3) Police Sergeant Herbert Gibbons;

(4) Police Sergeant Kevin O'Brien;

(5) Police Sergeant Eric Williford;

(6) Police Sergeant Brent Conway;

(7) Police Lieutenant Timothy McHugh;

(8) Police Inspector Michael McCarrick;

(9) Police Chief Inspector Daniel MacDonald;

(10) Deputy Police Commissioner Christine Coulter;

(11) Former Police Commissioner Richard Ross, Jr.;

(13) Police Human Resources Director Heather McCaffrey;

(14) Police Safety Officer Molly O'Neal;

(15) Controller Rebecca Rhynhart; and

(16) Mayor James F. Kenney.

Plaintiffs have also served, and Defendants have answered, requests for the production of documents. In thousands of pages of responsive documents, nothing produced demonstrated any unique, independent, or personal knowledge of any fact material to Plaintiffs' claims held by Mayor Kenney. At no point during discovery have Plaintiffs identified any unique, independent, or personal knowledge of their claims allegedly held by Mayor Kenney. It is very unlikely that the deposition testimony of the fifteen current and former City employees noticed by Plaintiffs will identify any unique, independent, or personal knowledge held by the Mayor of Philadelphia relevant to Plaintiffs' claims.

## II.   ARGUMENT

"High ranking government officials are generally entitled to limited immunity from being deposed concerning matters about which they have no unique personal knowledge." Tomaszewski, at *3 (citing to Buono v. City of Newark, 249 F.R.D. 469, 472 (D.N.J. 2008) and Hankins v. City of Philadelphia, No. 95-1449, 1996 WL 524334, at *1 (E.D.Pa. Sept. 12, 1996)). "The logic behind the limited immunity . . . is that high ranking government officials have greater duties and time constraints than other witnesses and that, without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation." Id. (quotations omitted). The Mayor

of the City of Philadelphia qualifies as a high-ranking government official. Id.

"To protect these interests, the party requesting the deposition of a high ranking government official must show that the proposed deposition is: (1) likely to lead to the discovery of admissible evidence; (2) is essential to that party's case; and (3) that this evidence is not available through any alternative source or less burdensome means." Id.

> **a. Mayor Kenney Does Not Have Independent Personal Knowledge of Any Facts at Issue in This Matter.**

"The first requirement – that 'testimony is likely to lead to the discovery of admissible evidence' – requires something greater than the normal Rule 26 relevancy standard." Tomaszewski, at *3 (citing to Robinson v. City of Philadelphia, No. 04-3948, 2006 WL 1147250, at *2 (E.D.Pa. April 26, 2006)). "Mere knowledge or awareness of information that may be helpful if discovered is insufficient." Id. (citing to Furey v. Wolfe, No. 10-1820, 2011 WL 597038, at *5 (E.D.Pa. Feb. 18, 2011)). "In order to depose a mayor, the party seeking the deposition must make an actual showing that the mayor 'possesses personal knowledge relevant to the litigation.'" Id. (citing to Robinson, 2006 WL 1147250, at *2).

In Brennan v. City of Philadelphia, Judge DuBois denied Charles Brennan's motion to compel the deposition of Mayor Kenney in a discrimination suit brought by the former Chief Information Officer – a member of the Mayor's own staff. 388 F. Supp. 3d 516, XXX [insert pin cite] (E.D. Pa. 2019). Even though Mayor Kenney was advised of, agreed to, and publicly announced, through his spokesperson, Brennan's termination from City employment, the court still found the Mayor entitled to limited immunity from being deposed. Id. at 519.

In Tomaszewski, the white male plaintiff brought suit after being passed over for a mayoral appointment to commissioner of the Department of Prisons in favor of an African-American female candidate. Tomaszewski, at *2. Tomaszewski sought to depose Mayor Kenney, and the

City sought a protective order precluding the Mayor's deposition. Id. In granting the City a protective order precluding the Mayor's deposition, Judge DuBois found that even a decision made with the Mayor's imprimatur did not overcome the Mayor's limited immunity when: (1) the Mayor had no unique personal knowledge relevant to plaintiff's claims; (2) the Mayor had no unique personal knowledge essential to plaintiff's claims; and (3) any information sought was available through alternative, less burdensome means. Id. at *3-5.

In Hankins, the plaintiffs sought to depose then-Mayor Edward G. Rendell regarding his approval, as part of the City's Administrative Board, of certain changes in City job eligibility requirements. Hankins, 1996 WL 524334, at *2. The Hankins Court held that a pro forma approval did not demonstrate that the mayor was involved or had sufficient personal knowledge of the deliberations underlying the changes in question to allow Mayor Rendell's deposition. Id.

Here, Mayor Kenney does not have even the limited personal knowledge he had in Tomaszewski or Mayor Rendell had in Hankins, nor was the Mayor involved in the underlying transactions on which Plaintiffs' claims rely, as in Brennan.

Accordingly, this Court should grant Defendants' motion for a protective order precluding the Mayor's deposition.

### b. Mayor Kenney's Deposition Is Immaterial to Plaintiffs' Overall Success on Their Claims.

"In addition to showing that the proposed deposition would likely lead to admissible evidence, the party requesting the deposition of a high ranking government official must show that the proposed deposition is essential to that party's case." Tomaszewski, at *4.

Here, Plaintiffs' success or failure on their claims does not depend on any information possessed by Mayor Kenney. Plaintiffs have alleged twenty-four causes of action against a panoply of police personnel, most under Title VII and its state and local analogs. 2d Am. Compl., ¶¶ 306-

525. Plaintiffs also allege violations of the Pennsylvania Whistleblower Law, the Fair Labor Standards Act, constitutional claims analogous to their Title VII claims, and several state-law torts. Id. Plaintiffs have lumped eleven individual defendants in with the City of Philadelphia. Id. The City and individually-named City employee defendants have moved to dismiss a number of Plaintiffs' claims. See Defs.' Motion to Dismiss (ECF No. 54) (moving to dismiss claims unsupported by factual allegations, legally deficient claims, and inadequately pled claims).

Plaintiffs did not include Mayor Kenney in their laundry list of defendants for good reason – the Mayor has no unique, independent, or personal knowledge of Plaintiffs' allegations. The Mayor was entirely unaware of Plaintiffs' complaints and was not personally involved in any decisions allegedly impacting Plaintiffs.

The Mayor's deposition is wholly unnecessary to determine the merits of Plaintiffs' claims, and Defendants request that the Court grant their motion for a protective order precluding the Mayor's deposition.

### c. Any Evidence Plaintiffs Seek Is Available Through Less Burdensome Means Such as Interrogatories or Requests for Admission.

"Finally, a plaintiff seeking to depose a high ranking government official must show that the evidence sought is not available through any alternative source or less burdensome means." Tomaszewski, at *5.

If, for some reason, Plaintiffs believe they need the Mayor's testimony for anything beyond show and an attempt to improve their negotiations, they may serve the Mayor with either specific interrogatories or specific requests for admission, either of which would serve the same purpose as a brief deposition in clarifying what the Mayor, at best an ancillary player in this drama, knew about Plaintiffs' allegations.

Accordingly, because Plaintiffs may develop whatever information they believe they need

from Mayor Kenney through less restrictive means such as specific interrogatories or requests for admission, this Court should grant Defendants' motion for a protective order precluding the Mayor's deposition.

## VI.     **CONCLUSION**

Defendants the City of Philadelphia, Christine Coulter, Daniel MacDonald, Michael McCarrick, Timothy McHugh, Brent Conway, Eric Williford, Kevin O'Brien, Tamika Allen, and Herbert Gibbons respectfully request that this Honorable Court grant Defendants' motion for a protective order precluding the deposition of Mayor Kenney. Mayor Kenney has no unique personal knowledge of any of Plaintiffs' allegations, and Plaintiffs cannot show that deposing Mayor Kenney (1) is likely to lead to the discovery of admissible evidence; (2) is essential to that party's case; and (3) reveals evidence that is unavailable through any alternative source or less burdensome means.

        Respectfully submitted,

        **CITY OF PHILADELPHIA**
        **LAW DEPARTMENT**

        /s/ Daniel R. Unterburger
        Daniel R. Unterburger
        Assistant City Solicitor
        1515 Arch Street, 16th Floor
        Philadelphia, PA  19102
        215.683.5080
Dated:  June 12, 2020        daniel.unterburger@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUDRA MCCOWAN, et al.,** | : | |
| Plaintiffs, | : : : | |
| v. | : : | Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.,** | : : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Motion for a Protective Order Precluding the Deposition of Mayor James F. Kenney and accompanying Memorandum of Law was filed electronically and is available for viewing and downloading.

Respectfully Submitted,

**CITY OF PHILADELPHIA
LAW DEPARTMENT**

Date: June 12, 2020          BY:  s/ Daniel R. Unterburger
                                  Daniel R. Unterburger
                                  Assistant City Solicitor