**DEREK SMITH LAW GROUP, PLLC**
IAN M. BRYSON, ESQUIRE
Attorney ID No. 321359
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
ian@dereksmithlaw.com
*Attorneys for Plaintiffs Audra McCowan and Jennifer Allen*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUDRA McCOWAN *and* JENNIFER ALLEN,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF PHILADELPHIA, *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 19-cv-3326-KSM<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' RESPONSE IN OPPOSITION TO CITY DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |

　　　　Plaintiffs submit this memorandum in opposition to the Motion to Dismiss for Failure to State a Claim filed by Defendants City of Philadelphia, Coulter, MacDonald, McCarrick, McHugh, Conway, Williford, O'Brien, Allen, and Gibbons ("City Defendants"). The City Defendants' Motion to Dismiss should be denied because Plaintiffs have pleaded enough facts to show their claims against Defendants have substantive plausibility under Twombly and Iqbal. Having informed Defendants of the factual basis for their complaint, Plaintiffs are required to do no more to stave off threshold dismissal for want of an adequate statement of their claims. See Fed. R. Civ. P. 8(a)(2) and (3), (d)(1), and (e).

1

## PRELIMINARY STATEMENT

Plaintiffs' Verified Second Amended Complaint demonstrates a "well-settled custom of sexual harassment within the Philadelphia Police Department," Vandegrift v. City of Philadelphia, 228 F.Supp.3d 464, 494 (E.D. Pa. 2017), which Mayor Kenney later blamed on the Police Department's failure to "take the necessary actions to address the underlying cultural issues that too often negatively impact women—especially women of color."



## FACTUAL BACKGROUND

The factual basis for Plaintiffs' statutory and common law claims is set forth in chronological detail in paragraphs 36 through 298 of their Verified Second Amended Complaint. See ECF Document 49 at ¶¶ 36-298). The allegations specific to Defendant Ross can be located at ¶¶ 8, 19, 119-128, 213, 220, 291.

## LEGAL DISCUSSION

**I.    LEGAL STANDARD APPLICABLE TO MOTION TO DISMISS**

The Supreme Court's decisions in <u>Bell Atlantic Corp. v. Twombly</u> and <u>Ashcroft v. Iqbal</u> instruct that a plaintiff must plead enough facts to show that her claim has substantive plausibility. <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). A complaint "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 662.

Federal pleading rules merely call for "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2); "they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." <u>Johnson v. City of Shelby, Miss.</u>, 574 U.S. 10, 11 (2014); <u>Jutrowski v. Township of Riverdale</u>, 904 F.3d 280, 293 (3d Cir. 2018). Indeed, the Federal Rules of Civil Procedure are designed to discourage battles over mere form of statement. <u>Id</u>; 5 C. Wright & A. Miller, Federal Practice and Procedure § 1215, p. 172 (3d ed. 2004) (Rule 8(a)(2) "indicates that a basic objective of the rules is to avoid civil cases turning on technicalities."). In particular, no heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state a claim. <u>Johnson</u>, 574 U.S. at 11; <u>see</u> also <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 164 (1993) (a federal court may not apply a standard "more stringent than the usual pleading requirements of Rule 8(a)" in "civil rights cases alleging municipal liability"); <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506,

512, (imposing a "heightened pleading standard in employment discrimination cases conflicts with Federal Rule of Civil Procedure 8(a)(2)").

Plaintiffs have pleaded enough facts to show their claims have substantive plausibility under Twombly and Iqbal: Plaintiffs' Verified Second Amended Complaint states simply, concisely, and directly events that, Plaintiffs allege, entitle them to damages from Defendants. Having informed Defendants of the factual basis for their complaint, Plaintiffs are required to do no more to stave off threshold dismissal for want of an adequate statement of their claim. See Fed. R. Civ. P. 8(a)(2) and (3), (d)(1), and (e); see also 5 Wright & Miller, Federal Practice and Procedure § 1219, p. 277–278 ("The federal rules effectively abolish the restrictive theory of the pleadings doctrine, making it clear that it is unnecessary to set out a legal theory for the plaintiff claim for relief."); Ware v. Hospital of the University of Pennsylvania, No. 2:14-CV-00014, 2015 WL 5729243, *3 (E.D. Pa. Sept. 30, 2015) ("[O]nce a plaintiff has pleaded facts sufficient to show that her claim has substantive plausibility, she is "required to do no more to stave off threshold dismissal for want of an adequate statement of [her] claim.").

Courts should grant leave to amend before dismissing a curable pleading in civil rights actions. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

## II.    DEFENDANTS' MOTION

Below, Plaintiffs address Defendants' arguments in the order presented in their memorandum of law.

### A.    Plaintiffs have pleaded enough facts sufficient to show their claims against Defendant Coulter have substantive plausibility

Plaintiffs' Verified Second Amended Complaint shows Defendant Coulter, then-Deputy Police Commissioner, (1) directed the discrimination, harassment and retaliation occur; (2)

authorized the violations; (3) agreed to subordinates' decisions to engage in the violations; (4) provided inadequate training; (5) provided inadequate supervision; and (6) failed to adopt needed policies to prevent the violations. See Plaintiff's Verified Second Amended Complaint, ¶¶ 9, 19, 174, 196, 209.

> **B.  Plaintiffs' IIED claims must not be dismissed because Plaintiffs have pled sufficient facts to show Defendants' conduct was extreme and outrageous.**

To state a claim for IIED, the following elements must be alleged: (1) the conduct must be extreme and outrageous; (2) it must be intentional or reckless; (3) it must cause emotional distress; and (4) that distress must be severe. Hooten v. Penna. College of Optometry, 601 F.Supp. 1155 (E.D.Pa.1984); Hoy v. Angelone, 691 A.2d 476, 482 (Pa.Super. 1997); Restatement (Second) of Torts § 46. Apparently conceding Plaintiffs have established the other 3 elements of their IIED claims, Defendants argue only that Plaintiffs "fail to allege outrageous conduct."

"Courts applying Pennsylvania law have found conduct outrageous in the employment context where an employer engaged in both sexual harassment and other retaliatory behavior against an employee." Cox v. Keystone Carbon Co., 861 F.2d 390, 395-96 (3d Cir. 1988); see also Shaffer v. National Can Corp., 565 F.Supp. 909 (E.D.Pa. 1983) (finding allegations sufficient to state a cause of action for IIED where plaintiff suffered sexual harassment and after she complained her supervisor made threats concerning her employment status and made her job difficult to perform); Fawcett v. I.D.S. Financial Services, 41 Fair Empl. Prac.Cas. 589 (W.D.Pa.1986) (finding plaintiff stated IIED claim where she alleged her manager made physical advances on two occasions and conditioned plaintiff's promotion on her submission to sexual relations); Bowersox v. P.H. Glatfelter Co., 677 F.Supp. 307, 311 (M.D.Pa.1988) (finding plaintiff stated IIED claim where she alleged her employer not only sexually harassed her, but

also withheld information from her which she needed to perform her job, forbade her from talking to anyone in her office, prohibited her from answering the phone, refused to talk to her and followed her throughout the plant).

Here, Plaintiffs have alleged sexual harassment and retaliation by all Defendants far worse than the behavior held to constitute extreme and outrageous conduct involved in Shaffer, Fawcett, and Bowersox. After Plaintiffs complained about being sexually assaulted at work, Defendants verbally, mentally and physically abused Plaintiffs in a manner that no reasonable person could be expected to endure. Immediately after filing their complaints, Plaintiffs suffered a cascade of retaliatory adverse employment actions, including having their work assignments, schedules and hours of work changed without notice. Defendants' actions were clearly done deter Plaintiffs from pursuing their claims.

The severe impacts that such retaliatory changes in Plaintiffs' working conditions have had on Plaintiffs' physical and mental health are documented in their Verified Second Amended Complaint. Plaintiffs have been forced to take prescription antidepressant and antianxiety medication including Venlafaxine, Lorazepam, and Prozac as a result. Prior to events complained of in this case, Plaintiffs had no history of inpatient mental health intervention, psychotropic treatment or any other history of outpatient counseling.

Moreover, the General Assembly has waived immunity for where an employee's actions "constituted a crime, actual fraud, actual malice or willful misconduct." 42. Pa.C.S. § 8550. In DiSalvio v. Lower Merion High School Dist., 158 F. Supp. 2d 553 (E.D. Pa. 2001), a high school football coach's alleged sex-based discrimination and harassment of a female student manager amounted to willful misconduct for which the coach was not entitled to official immunity under the Political Subdivisions Tort Claims Act ("PSTCA"). **The school officials' alleged failure to**

6

**take appropriate action after becoming aware of the high school football coach's sexual harassment of the female student manager also were denied immunity under the PSTCA.** Id.

Furthermore, federal district courts applying Pennsylvania law have found conduct outrageous in the employment context where an employer engaged in sexual harassment and other retaliatory behavior against an employee. Cox v. Keystone Carbon Co., 861 F.2d 390, 395-96 (3d Cir. 1988); see also Shaffer v. National Can Corp., 565 F.Supp. 909 (E.D.Pa. 1983) (finding allegations sufficient to state a cause of action for IIED where plaintiff suffered sexual harassment and after she complained her supervisor made threats concerning her employment status and made her job difficult to perform); Fawcett v. I.D.S. Financial Services, 41 Fair Empl. Prac.Cas. 589 (W.D.Pa.1986) (finding plaintiff stated IIED claim where she alleged her manager made physical advances on two occasions and conditioned plaintiff's promotion on her submission to sexual relations); Bowersox v. P.H. Glatfelter Co., 677 F.Supp. 307, 311 (M.D.Pa.1988) (finding plaintiff stated IIED claim where she alleged her employer not only sexually harassed her, but also withheld information from her which she needed to perform her job, forbade her from talking to anyone in her office, prohibited her from answering the phone, refused to talk to her and followed her throughout the plant).

Accordingly, Plaintiffs IIED claims must not be dismissed.

**C.      Plaintiffs have pleaded enough facts to state a claim under the PWL.**

The Pennsylvania Whistleblower Law ("PWL") provides "No employer may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report,

7

verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste by a public body or an instance of waste by any other employer as defined in this act." 43 P.S. § 1423(a). Wrongdoing under the PWL includes not only violations of statutes or regulations that are of the type that the employer is charged to enforce, but violations of any federal or state statute or regulation." Golaschevsky v. Dep't of Envtl. Protection, 554 Pa. 157, 162 (1998) citing 43 P.S. § 1422.

In order to make out a retaliation case under the PWL, a plaintiff must plead: (1) wrongdoing and (2) a causal connection between the report of wrongdoing and adverse employment action. McAndrew v. Bucks County Bd. Of Com'rs, 982 F. Supp. 2d 491, 503 (E.D. Pa. 2013). In analyzing whether the motive for an adverse employment action is retaliatory, courts have looked at two factors: "(1) the temporal proximity between the protected activity and the alleged discrimination and (2) the existence of a pattern of antagonism in the intervening period." Hussein v. UPMC Mercy Hosp., 466 Fed.Appx. 108, 112 (3d Cir. 2012).

Here, Plaintiffs' complaint demonstrates they reasonably believed the discrimination, harassment, retaliation, assault and battery they suffered were in violation of the law; that they "blew the whistle" when they objected to the conduct and reported it directly to their superiors both verbally and in writing; that Defendants retaliated against Plaintiffs; and that there was a causal link between Plaintiffs' protected activity and Defendants' actions taken against them, such as the unusually-suggestive proximity in time between events, as well as Defendants' antagonism and change in demeanor toward Plaintiffs after Defendants became aware of their protected activity.

As a result, Plaintiffs PWL claims must not be dismissed.

**D.     Plaintiff Allen's FLSA claims must not be dismissed because Plaintiff has alleged sufficient facts to state a claim under §§ 207(r) and 215; Plaintiff is entitled to damages under § 216(b); and Plaintiff is entitled to declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202, Rules 57 and 65 of the Federal Rules of Civil Procedure, and the general legal and equitable powers of this Court.**

Section 4207 of the Patient Protection and Affordable Care Act ("ACA"), which amended Section 7 of the FLSA, requires employers to provide "reasonable break time for an employee to express breast milk for her nursing child for 1 year after the child's birth each time such employee has need to express the milk." 29 U.S.C. § 207(r)(1)(A). The law further requires employers to provide "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk." 29 U.S.C. § 207(r)(1)(B). The FLSA also prohibits retaliation by employers against employees for asserting their rights under the Act. 29 U.S.C. § 215(a)(3).

The FLSA's "Break Time for Nursing Mothers" provision covers all public agency employees of a State, a political subdivision of a State, or an interstate government agency (like the City). 29 U.S.C. § 203(s)(1)(C). The FLSA also provides for individual liability for violations because it defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee, including individual supervisors and management officials." 29 U.S.C. § 203(d).

Section § 216(b) explicitly provides a private right of action and damages to employees affected by violations of the FLSA's "Break Time for Nursing Mothers" provision:

> Any employer who violates the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement,

9

> promotion, and the payment of wages lost and an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"Although it does not appear that the Third Circuit has addressed the issue, at least six other circuit courts of appeals have affirmed cases where, in addition to an equal amount in liquidated damages, a plaintiff sought to recover non-economic damages, such as emotional distress damages." Green v. Ventnor Beauty Supply, Inc., 2019 WL 2099821 at n.1 (D.N.J. May 14, 2019) (citing Pineda v. JTCH Apartments, L.L.C., 843 F.3d 1062, 1065 (5th Cir. 2016) (citing the First, Sixth, Seventh, Eighth, and Ninth Circuits and noting "the uniform view of our sister circuits that damages for emotional distress are available" under the FLSA)). A plaintiff is also entitled to "a reasonable attorney's fee to be paid by the defendant, and costs of the action." Id.

While there is a dearth of cases that discuss the appropriateness of a claim for declaratory and injunctive relief in an FLSA case, the Supreme Court found in Public Affairs Associates v. Rickover, 369 U.S. 111 (1962) that the Declaratory Judgment Act authorizes federal courts to make declarations of rights as to impending conduct on a discretionary basis. 369 U.S. at 112; see also Salazar-Martinez v. Fowler Brothers, Inc., 2011 WL 915675 (W.D.N.Y. Mar. 15, 20l1) (denying motion to dismiss declaratory relief count in an FLSA case). Plaintiff's allegations supporting her claims for declaratory and injunctive relief are set forth in Plaintiff's Verified Second Amended Complaint.

Defendants violated Ms. Allen's rights under the FLSA by (1) failing to provide reasonable break time for Ms. Allen to "express breast milk for her nursing child for 1 year after the child's birth each time she had a need to express the milk"; and (2) failing to provide Ms. Allen "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used to express breast milk." Additionally, Defendants violated the FLSA's anti-relation provision when they took materially adverse employment actions against Ms. Allen for asserting her rights under the Break Time for Nursing Mothers law.

As a result, Ms. Allen was forced to take extended leave to avoid having to express breast milk in locations without appropriate nursing rooms, and to seek mental health counseling. Ms. Allen suffered a low milk supply and her infant child lost weight as a result.

Therefore, Ms. Allen's FLSA claims must not be dismissed.

### E.  Plaintiffs' Section 1983 claims must not be dismissed because Plaintiffs has alleged sufficient facts to state claims for discrimination, harassment and retaliation under Section 1983.

Here, Plaintiffs Verified Second Amended Complaint clearly shows this case unquestionably involves official policy: the City, the PPD, and their policymaking officials (1) directed that the violations occur; (2) authorized the violations; (3) agreed to subordinates' decisions to engage in the violations; (4) provided inadequate training; (5) provided inadequate supervision; and (6) failed to adopt needed policies to prevent the violations. See ECF Document 49 at ¶¶ 36-298. The City, the PPD and their policymaking officials knew about the "well-settled" custom of sexual harassment and retaliation plaguing the department and Defendants' inaction constituted deliberate indifference with respect to those issues.

"When a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996) (citing Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690 (1978)).

In the context of a their sex- and race-based discrimination, harassment and retaliation claims, Plaintiffs have pleaded facts sufficient to show the mistreatment Plaintiffs suffered reflects a "practice" or "course of conduct" among municipal officials which is "so permanent and well settled as to virtually constitute law." Vandegrift, 228 F. Supp. 3d at 493.

Plaintiffs complaint also shows the custom "was the proximate cause of the injuries suffered." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). "As long as the causal link is not too tenuous, the question whether the municipal policy or custom proximately caused the constitutional infringement should be left to the jury." Id.

Plaintiffs complaint also shows a policymaker is responsible for the custom by acquiescence—namely Defendants Ross and Coulter. Vandegrift, 228 F. Supp. 3d at 493. A custom which is "so permanent and well settled as to have the force of law [is] ascribable to municipal decisionmakers." Bielevicz, 915 F.2d at 850. In this case, the relevant policymakers are the Police Commissioner (Defendant Ross) and Deputy Commissioner (Defendant Coulter).

In the Vandegrift case—a case very similar to this one—this Court held the plaintiff, a female Philadelphia police officer, had provided sufficient factual basis for her Section 1983 sexual harassment claims under Monell. See Vandegrift, 228 F. Supp. 3d at

12

493-94 ("Ms. Vandegrift provides sufficient evidence of a well-settled custom of sexual harassment within the Philadelphia Police Department.") Like Plaintiffs in this case, the plaintiff in Vandegrift demonstrated coworkers and supervisors directed sex-based conduct toward her and other female employees throughout her employment. Id. at 494.The conduct consisted of sexual advances, comments about women's appearances, remarks about the male employee's desire to have sex with a female employee, rumors of sexual relationships, exposure of genitals, and sexual assault. Id.

Also, like Plaintiffs in this case, Ms. Vandegrift faced harassment in all of the divisions she worked in at the Philadelphia Police Department up to her transfer to the Southwest Division, and it persisted throughout her employment. Id. Even Captain Derbyshire, a high ranking official, testified he heard male members of the Police Department talk about having sex with women and about women's appearances or body parts. Id. Chief Inspector Holmes testified female police officers hear comments about sex while working in the Police Department. Id.

Defendants also erroneously suggest Plaintiffs' § 1981 claims should be dismissed for failing to explicitly invoke § 1983. Johnson, 574 U.S. at 10 (reversing the circuit court's requirement that civil rights complaint expressly invoke § 1983). Moreover, Defendants' argument is moot because Plaintiffs expressly invoke § 1983 throughout their complaint. See, e.g., Verified Second Amended Complaint at ¶¶ 1, 22, 32-33, 424-428, 439-443, 456-469.

In Tracey L. Johnson v. City of Shelby, the Supreme Court issued a landmark decision on pleading standards in reference to Section 1983 claims. In Johnson, the plaintiffs—police officers who worked for the city of Shelby, Mississippi—alleged they were fired for

whistleblowing activities in violation of their due process rights. Johnson, 572 U.S. at 10. The plaintiffs' complaint was dismissed by the District Court. Id. The Supreme Court reversed the Fifth Circuit's ruling that the case was properly dismissed because the plaintiffs failed to invoke 42 U.S.C. § 1983 in their complaint. Id at 11. The Fifth Circuit defendant its requirement that complaints expressly invoke § 1983 as "not a mere pleading formality." Id.

In reversing the Fifth Circuit's decision, the Supreme Court noted that, though federal pleading rules call for a "short and plain statement of the claim showing that the pleader is entitled to relief," they do not countenance dismissal of a complaint for an imperfect statement of legal theory supporting the claim asserted. Id. The Court further noted that no heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state claim. Id. Therefore, the Court concluded that the plaintiff police officers, asserting that the city defendants terminated them in violation of due process for blowing the whistle, pled facts sufficient to show that their claim had substantive plausibility because the plaintiffs stated simply, concisely, and directly events that, they alleged, entitled them to damages from the city defendants. Id. at 11-12.

Unlike the plaintiffs in Johnson whose complaint was sufficient to state a claims for the defendants' deprivations of their constitutional rights without citing to § 1983, Plaintiffs' Verified Second Amended Complaint contains multiple citations to § 1983. See, e.g., Verified Second Amended Complaint at ¶¶ 1, 22, 32-33, 424-428, 439-443, 456-469.  Therefore, the Court cannot dismiss Plaintiffs' § 1981 claims for this reason.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request Defendant's motion be denied.

        Respectfully submitted,

        **DEREK SMITH LAW GROUP, PLLC**

        By:<u>*/s/ Ian M. Bryson, Esquire*</u>
           IAN M. BRYSON, ESQUIRE
           Attorney ID No. 321359
           1835 Market Street, Suite 2950
           Philadelphia, PA 19103
           (215) 391-4790
           ian@dereksmithlaw.com
           *Attorneys for Plaintiffs*

Dated: <u>June 18, 2020</u>

**DEREK SMITH LAW GROUP, PLLC**
IAN M. BRYSON, ESQUIRE
Attorney ID No. 321359
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
ian@dereksmithlaw.com
*Attorneys for Plaintiffs Audra McCowan and Jennifer Allen*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUDRA McCOWAN *and* JENNIFER ALLEN,<br><br>                    Plaintiffs,<br><br>     v.<br><br>CITY OF PHILADELPHIA, *et al.*,<br><br>                    Defendants. | Civil Action No. 19-cv-3326-KSM<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on June 18, 2020 I electronically filed the foregoing paper with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record.

|  |  |
|---|---|
|  | */s/Ian M. Bryson, Esquire*<br>Ian M. Bryson, Esquire<br>Derek Smith Law Group, PLLC<br>1835 Market Street, Suite 2950<br>Philadelphia, PA 19103<br>(215) 391-4790 |
| Dated: <u>June 18, 2020</u> | ian@dereksmithlaw.com |

16