**DEREK SMITH LAW GROUP, PLLC**
IAN M. BRYSON, ESQUIRE
Attorney ID No. 321359
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
ian@dereksmithlaw.com
*Attorneys for Plaintiffs Audra McCowan and Jennifer Allen*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUDRA McCOWAN *and* <br> JENNIFER ALLEN, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PHILADELPHIA, *et al.*, <br><br> Defendants. | Civil Action No. 19-cv-3326-KSM <br><br> **PLAINTIFFS' MOTION TO COMPEL DEPOSITION TESTIMONY AND SANCTIONS** |

Plaintiffs move for an Order compelling the deposition testimony of Brent Conway, Molly O'Neil and Heather McCaffrey. Additionally, Plaintiffs request an Order requiring Defendants pay Plaintiffs the reasonable expenses, including attorney's fees, incurred in preparing and filing this motion.

Plaintiffs shall rely on the accompanying Certification of Counsel and Supporting Exhibits in support of their motion. A proposed form of order is attached.

                                              **DEREK SMITH LAW GROUP, PLLC**

                                              */s/ Ian M. Bryson, Esquire*___
                                              IAN M. BRYSON, ESQUIRE
Dated: <u>July 27, 2020</u>                          *Attorneys for Plaintiffs*

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUDRA McCOWAN *and* <br> JENNIFER ALLEN, <br><br>                 Plaintiffs, <br><br>     v. <br><br> CITY OF PHILADELPHIA, *et al.*, <br><br>                 Defendants. | Civil Action No. 19-cv-3326-KSM <br><br> **PROPOSED ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DEPOSITION TESTIMONY AND SANCTIONS** |

     **NOW**, this _____ day of _____, 2020, upon consideration of Plaintiffs' Motion to Compel Deposition Testimony and Sanctions, and any opposition thereto, it is hereby ORDERED that Plaintiffs' Motion is **GRANTED**. Within ten (10) days of this Order, Defendants shall produce Brent Conway, Molly O'Neil and Heather McCaffrey for depositions. It is further ordered that Defendants shall pay Plaintiffs reasonable attorney's fees and costs incurred in making the motion. It is so ordered.

                                                       BY THE COURT:

                                                       _____
                                                                       J.

**DEREK SMITH LAW GROUP, PLLC**
IAN M. BRYSON, ESQUIRE
Attorney ID No. 321359
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
ian@dereksmithlaw.com
*Attorneys for Plaintiffs Audra McCowan and Jennifer Allen*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUDRA McCOWAN *and* <br> JENNIFER ALLEN, <br><br>                 Plaintiffs, <br><br> v. <br><br> CITY OF PHILADELPHIA, *et al.*, <br><br>                 Defendants. | Civil Action No. 19-cv-3326-KSM <br><br> **CERTIFICATION OF COUNSEL IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEPOSITION TESTIMONY** |

I, Ian M. Bryson, Esquire, being of full age, hereby certify as follows:

1. I am an attorney of the law firm Derek Smith Law Group, PLLC, attorneys for Plaintiffs Audra McCowan and Jennifer Allen in the above titled action. I am managing this case. I make this Certification in support of Plaintiffs' Motion to compel Defendants City of Philadelphia ("the City"), Deputy Commissioner Christine Coulter, Chief Inspector Daniel MacDonald, Inspector Michael McCarrick, Lieutenant Timothy McHugh, Sergeant Brent Conway, Sergeant Eric Williford, Sergeant Kevin O'Brien, Sergeant Tamika Allen, and Sergeant Herbert Gibbons (collectively "Defendants") produce witnesses Brent Conway, Molly O'Neil and Heather McCaffrey for depositions pursuant to Fed. R. Civ. P. 37. I have personal knowledge of the facts set forth herein.

3

2. Plaintiffs filed their Verified Complaint on July 29, 2019. <u>See</u> Document 1.

3. On July 30, 2019, Plaintiffs filed a motion for a temporary restraining order and preliminary injunction. <u>See</u> Document 2. The Court conducted a series of oral arguments and ordered the parties to conduct discovery, including depositions, regarding Plaintiffs' motion. <u>See</u> Documents 3, 4, 6, 8, 9, and 10.

4. Defendants deposed Plaintiffs on August 14, 2019.

5. Plaintiffs filed their Verified Amended Complaint on August 19, 2020. <u>See</u> Document 11.

6. On August 20, 2019, the Court entered an order providing for the relief requested in Plaintiffs' motion for a temporary restraining order and preliminary injunction. <u>See</u> Document 13.

7. On October 21, 2019, Defendants filed a frivolous "Motion for a More Definite Statement"[1] in a clear attempt to delay discovery.

8. On March 4, 2020, the Court issued a scheduling order arranging a pretrial conference pursuant to Fed. R. Civ. P. 16(a) for April 16, 2020. <u>See</u> Document 27. The Court's order further provided that:

- Lead counsel shall participate in the joint conference conducted pursuant to Fed. R. Civ. P. 26(f) and attend the pretrial conference in person. The Court shall deem the attorney who participates in the Rule 26(f) conference and who takes the lead at the pretrial conference as lead counsel for all matters going forward in the case.
- At least three (3) days prior to the pretrial conference, counsel for the Parties shall submit via email, in the form attached hereto, a joint report of the conference that they conduct pursuant to Fed. R. Civ. P. 26(f).1

---

[1] Defendants did not refile their frivolous "Motion for a More Definite Statement" in response to Plaintiffs' Verified Second Amended Complaint.

4

- The Parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) at least one (1) business day in advance of the Rule 16 conference.

Id.

9. Regarding the Rule 26(f) meeting, the Court's policies and procedures provide:

> The Court relies on counsel's good faith compliance in all respects with Rule 26(f). The Rule 26(f) meeting shall take place as soon as possible, and **should be viewed not as perfunctory, but rather as a meaningful and substantive discussion among professionals to formulate the discovery plan required by the Rule**. Counsel taking part in any pretrial conference must be prepared to speak on every subject, including settlement, and have authority from their clients to do so. Counsel shall be prepared to discuss all claims and defenses in detail, as well as all topics listed in Local Rule of Civil Procedure 16.1(b) and Fed. R. Civ. P. 16(b)-(c) and 26(a), and shall have a thorough understanding of the facts of the case. The Court will issue a Rule 16 Scheduling Order following the conference.

Judge Marston's Policies and Procedures at p. 5 (emphasis added).

10. On April 15, 2020, the parties submitted their Joint Rule 26(f) Report. Exhibit A: Joint Rule 26(f) Report.

11. In the 26(f) Report, Defendants falsely asserted that they "plan to serve Interrogatories and Requests for Production of Documents before April 20, 2020." Defendants requested to serve only five (5) additional interrogatories past the presumptive limit of 25, and stated that aside from the 5 additional interrogatories they requested to serve, Defendants "do not anticipate exceeding the presumptive limits in the Federal Rules of Civil Procedure for discovery." Id.

12. Contrary to Defendants' representations in the Rule 26(f) Report that they would serve discovery demands by April 20, 2020, and that they "do not anticipate exceeding the presumptive limits in the Federal Rules of Civil Procedure for discovery" (with the exception of serving 5 additional interrogatories), on June 4, 2020 (nearly two months

after the date specified in the Rule 26(f) Report) Defendants served Plaintiffs with twenty (20) separate sets of written discovery requests, including 182 discreet interrogatories in violation of the interrogatory limit. Exhibit B: Defendants' Discovery Demands.

13. Defendants also falsely asserted that they "have served Plaintiffs with Initial Disclosures." Exhibit A. Contrary to Defendants' representations in the April 15, 2020 Rule 26(f) Report that they "have served Plaintiffs with Initial Disclosures," Defendants failed to serve Plaintiffs with their Initial Disclosures until after the Rule 16 conference on April 16, 2020.

14. While Defendants failed to serve their discovery demands and initial disclosures in a timely fashion pursuant to the Rule 26(f) report, Plaintiffs adhered to the deadlines set forth in the Rule 26(f) report and served their discovery demands and initial disclosures on April 16, 2020. The same day, Plaintiffs produced 634 pages of records with their initial disclosures. Exhibit C: April 16, 2020 Letter to Defendants Enclosing Plaintiffs' Initial Disclosures. Plaintiffs also served their expert reports early. Exhibit D: May 6, 2020 Letter to Defendants Enclosing Plaintiffs' Expert Reports.

15. On April 16, 2020, the parties attended a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 to discuss all topics listed in Local Rule of Civil Procedure 16.1(b) and Fed. R. Civ. P. 16(b)-(c) and 26(a), including the scheduling of depositions. See Document 29.

16. On April 16, 2020, the Court issued a Scheduling order requiring, in pertinent part, that "[t]he parties shall submit a letter to the Court identifying the dates that they have set aside for depositions no later than May 1, 2020." See Document 28. The scheduling order also provided for a discovery deadline of September 18, 2020. Id.

17. Pursuant to the Court's order, Plaintiffs sent a letter to Defendants on April 30, 2020 requesting Defendants provide their "availability for depositions of the following witnesses, which are to occur in-person, in the following order, in July 2020: (1) Curtis Younger; (2) Herbert Gibbons; (3) Tamika Allen; (4) Kevin O'Brien; (5) Eric Williford; (6) Timothy McHugh; (7) Michael McCarrick; (8) Daniel MacDonald; (9) Christine Coulter; (10) Richard Ross Jr.; (11) Brent Conway; (12) Margaret O'Neill; (13) Heather McCaffrey; (14) Rebecca Rhynhart; (15) James Francis Kenney." Exhibit E: April 30, 2020 Letter to Defendants Requesting Availability for Depositions.

18. On May 1, 2020, the parties conferred pursuant to the Court's scheduling order and Plaintiffs' April 30, 2020 letter and agreed to the following deposition schedule:

    - July 1, 2020 Officer Curtis Younger
    - July 2, 2020 Sergeant Herbert Gibbons
    - July 6, 2020 Sergeant Tamika Allen
    - July 7, 2020 Sergeant Kevin O'Brien
    - July 8, 2020 Sergeant Eric Williford
    - July 9, 2020 Lieutenant Timothy McHugh
    - July 10, 2020 Inspector Michael McCarrick
    - July 13, 2020 Inspector Daniel MacDonald
    - July 14, 2020 Deputy Commissioner Christine Coulter
    - July 15, 2020 Commissioner Richard Ross, Jr.
    - **July 16, 2020 Sergeant Brent Conway**
    - **July 17, 2020 Molly O'Neil (human resources)**
    - **July 20, 2020 Heather McCaffrey (human resources)**
    - July 21, 2020 City Controller Rebecca Rhynhart
    - July 22, 2020 Mayor James Kenney

19. The same day, the parties submitted a joint email to the Court identifying the dates that they had set aside for these depositions. Exhibit F: Joint Email Scheduling Depositions.

20. Defendants did not request any dates be set aside for Plaintiffs' depositions. See id.

21. On May 13, 2020, Plaintiffs served deposition notices for the above-referenced witnesses upon all counsel in accordance with Fed. R. Civ. P. 30. Exhibit G: May 13, 2020 Letter

7

Enclosing Deposition Notices. Plaintiffs included a cover letter stating, "Enclosed find Deposition Notices directed to all parties referenced in Plaintiffs' April 30, 2020 Letter (attached as Exhibit "A") and the parties' May 1, 2020 joint correspondence to Judge Marston submitted pursuant to our telephone calls on May 1, 2020 and the Court's Scheduling Order (attached as Exhibit "B"). Id.

22. On May 13, 2020, in response to Plaintiffs' correspondence enclosing the aforementioned deposition notices, counsel for Defendants emailed Plaintiffs' counsel stating they would "notice [Plaintiffs'] depositions first thing tomorrow" (even though Plaintiffs had already been deposed, the parties did not discuss deposing Plaintiffs again, nor were Plaintiffs' depositions mentioned in the email to the Court on May 1, 2020 submitted pursuant to the scheduling order).

23. Despite stating on May 13, 2020 that Defendants would "notice Plaintiffs' depositions first thing tomorrow (May 14, 2020)," Defendants failed to send Plaintiffs deposition notices until June 4, 2020. Exhibit H: June 4, 2020 Notices of Deposition to Plaintiffs. Defendants noticed Plaintiff Allen's deposition for July 3, 2020 and Plaintiff McCowan's deposition was scheduled for July 23, 2020. Id. Defendants later re-scheduled Plaintiff Allen's deposition for July 29, 2020 without explanation. Exhibit I: June 29, 2020 Notice of Deposition to Plaintiff Allen.

24. On June 29, 2020, even though Defendants' discovery responses had been due since May 18, 2020, Defendants finally provided Plaintiffs with documentation of the Police Department's internal investigation into Plaintiffs' sexual harassment complaints against Defendant Younger, whose deposition was scheduled to occur in less than 48 hours.

25. On July 13, 2020, in violation of Fed. R. Civ. P. 30(d)(1) ("Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours"), Defendants attempted to cut short the deposition of Defendant MacDonald several hours early, stating Defendant needed to leave by 2:00 p.m.:

```
16            MR. BRYSON:  Brian, I want to take
17      a 30-minute break.  Your "finish" has to
18      be by 3:00?
19            MR. RHODES:  By 2:00.
```

26. At around 3:00 p.m. on July 13, 2020, I received a voicemail from counsel for Defendants stating: "Ian, it's Brian Rhodes with the City. I need to talk to you about [Defendant] Coulter's deposition tomorrow. If you would, please give me a call back. Need to talk as soon as possible. It's about Deputy Commissioner Coulter's deposition tomorrow. Alright, thanks."

27. I called Mr. Rhodes back and he informed me Defendant Coulter was "on vacation" and would be unable to appear for her deposition scheduled for the following day (July 14, 2020 at 10:00 a.m.) even though Defendant Coulter had been served with her deposition notice more than 30 days prior (May 13, 2020). See Exhibit G. Mr. Rhodes provided Plaintiffs with the "option" to either (A) proceed with the deposition as scheduled but with Defendant Coulter appearing over her iPhone with little cell reception; or (B) reschedule the deposition for an unspecified later date.

28. On several previous occasions, Plaintiffs had expressed to Defendants and the Court Plaintiffs' intent to strictly adhere to the previously agreed-upon discovery deadlines and

deposition schedule. See Exhibit J: May 14, 2020 Letter to Judge Marston. Therefore, Plaintiffs elected to proceed with the deposition as scheduled:

> From: **Ian Bryson** ian@dereksmithlaw.com
> Subject: Coulter Dep
> Date: July 13, 2020 at 2:56 PM
> To: Brian Rhodes Brian.Rhodes@phila.gov
>
> We're confirmed for tomorrow thanks
>
> **IAN M. BRYSON, ESQUIRE**
> DEREK SMITH LAW GROUP, PLLC
> 1835 Market Street, Suite 2950
> Philadelphia, PA 19103
> Phone: 215.391.4790
> Fax: 215.893.5288
>
> Sent from my iPhone

29. Defendant Coulter appeared for her deposition via her iPhone which resulted in significant disruptions.

30. At her deposition, Defendant Coulter testified she had planned to ignore Plaintiffs' May 13, 2020 deposition notice:

```
        Q    Are you on vacation?
        A    I am.
        Q    Where are you?
        A    I'm down the shore.  Wildwood.
        Q    When did you find out you were
   going on vacation?
        A    I was originally going on vacation
   the first week of July, but then the First
   Amendment protest canceled that.  So we moved it
```

10

> to the second week of July. It was the only week
> we could then get a second set of accommodations.
>     Q   When did you move your vacation to
> the second week of July?
>     A   Probably the last week of June,
> when we realized that the 4th of July was not
> going to be a cancellation anymore, that there
> were going to be protests.
>     Q   Scroll down. You received this
> notice on May 13th. Sounds like you switched
> your vacation after that, correct?
>     A   That's correct.

31. In addition to having tried to cancel her deposition with less than 24 hours' notice to Plaintiffs' counsel, Defendant Coulter, like Defendant MacDonald, tried to cut short her deposition in violation of Fed. R. Civ. P. 30(d)(1) ("Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours"):

> MS. MORRIS: Ian, Deputy
> Commissioner Coulter has to stop at 1:00.
> If you can go through until 1:00, that
> would be great. If you need more time,
> we can go from there.

32. After improperly attempting to deprive Plaintiffs of their litigants' rights to take the previously scheduled depositions, on July 15, 2020, Defendants outright cancelled the remaining depositions blaming Plaintiffs for supposedly failing to respond to their discovery demands.

11

33. Plaintiffs' deadline to respond to Defendants' discovery demands was extended by Defense counsel from June 6, 2020 to July 15, 2020.

34. As promised, despite the obscene number of interrogatories Defendants served upon Plaintiffs (182 discreet interrogatories despite having agreed to send only 30), Plaintiffs produced full and complete discovery responses, without objections, by the July 15, 2020 deadline. See ECF Document Number 70.

35. Nevertheless, on July 15, 2020, despite having given Plaintiffs an extension to respond to discovery demands until July 15, 2020, counsel for Defendants emailed Plaintiffs' counsel stating:

> **From:** Daniel Unterburger
> **Sent:** Wednesday, July 15, 2020 4:45 PM
> **To:** Nicole Morris; Brian Rhodes; Ian Bryson; jkolansky@archerlaw.com; jscott@archerlaw.com; McGravey, Daniel J.; Freeman, Lloyd; Lachowicz, Amy C.
> **Subject:** Discovery Deficiencies
>
> Ian-
>
> In light of your continued delinquency in responding to discovery, Defendants refuse to produce the remaining witnesses for their scheduled depositions.
>
> Once we have received your responses and deficiencies have been resolved, we will consider rescheduling the remaining depositions.
>
> We are happy to discuss tomorrow morning at 10 a.m.
>
> Best,
>
> **Daniel R. Unterburger**
> Assistant City Solicitor
> Labor & Employment Unit

36. The same day, Defendants also filed a motion to compel discovery without having conferred with Plaintiffs' counsel as required by the federal rules. See Documents 69.

37. On July 16, 2020, Plaintiffs filed a cross motion to compel the depositions of Brent Conway, Molly O'Neil and Heather McCaffrey, which had been properly noticed by Plaintiffs and improperly cancelled by Defendants. <u>See</u> Document 71.

38. The same day, the Court issued an order requiring "that counsel for the parties shall meet and confer today (July 16, 2020) by 10:00 AM to discuss the aforementioned motions, including whether Defendants' motion to compel discovery responses (Doc. No. 69) is rendered moot by Plaintiffs' discovery responses outlined in Plaintiffs' response to Defendants' motion (Doc. No. 70)." <u>See</u> Document 73. The Court's order further required that "following the meet and confer, and no later than noon today (July 16, 2020), the parties shall email Chambers providing a joint status update regarding the meet and confer, and any outstanding disputes related to the aforementioned motions.

39. Having conferred with Defense counsel pursuant to the Court's order, Plaintiffs' counsel provided a draft letter requesting their comments before submitting it to the Court, but did not receive a response by the noon deadline. <u>See</u> Document 75. Therefore, Plaintiffs timely submitted a letter to the Court on their own behalf. <u>Id</u>. Plaintiffs provided July 20, July 24, July 27 and July 28 as available dates to reschedule the depositions of Defendant Conway, witness Molly O'Neill, and witness Heather McCaffrey. <u>Id</u>.

40. In violation of the Court's order to provide a joint status update by noon, Defendants emailed a **late** submission to Chambers at 12:33 p.m. stating, "the parties agreed to reschedule the depositions of Defendant Brent Conway, Molly O'Neill and Heather McCaffrey, from July 16, 17 and 20, 2020, respectively, to dates between July 27 and August 7, 2020." <u>Exhibit K: July 16, 2020 Letter from Defendants Regarding Depositions</u>. Defendants also agreed that "because Plaintiffs have provided responses to

13

the City Defendants' written discovery requests, the City Defendants will withdraw their Motion to Compel, docket number 69." Plaintiffs' counsel was not copied on Defense counsel's correspondence to the Court.

41. Defendants' late submission to Chambers on July 16, 2020 also states, "while there was no agreement as to the deposition of the Plaintiffs, if they wish to reschedule their depositions, Defendants will not object." Id. At no time did Plaintiffs indicate they wished to reschedule their depositions, which were currently scheduled to occur on July 23, 2020 (Plaintiff McCowan) and July 29, 2020 (Plaintiff Allen).

42. On July 16, 2020, the Court, having considered the parties' status reports, entered an order denying Defendants' motion as moot because Plaintiffs "produced the discovery at issue." See Document 76. The Court also denied Plaintiffs' motion as moot because "the parties reached an agreement regarding the disputed depositions in Plaintiffs' motion." See id.

43. On July 20, 2020, having observed 4 days of radio silence from Defense counsel regarding the improperly cancelled depositions, I emailed Defense counsel asking whether they planned to proceed with Plaintiffs' depositions as scheduled, and Defense counsel responded stating they were unilaterally cancelling Plaintiffs' depositions as well.

44. On July 23, 2020, having still not received word from Defense counsel regarding the rescheduling of the depositions of Defendant Conway, Ms. O'Neill and Ms. McCaffrey, I sent them a follow up email proposing additional dates:

14

> **From:** Ian Bryson
> **Sent:** Thursday, July 23, 2020 4:03 PM
> **To:** Nicole Morris
> **Cc:** McGravey, Daniel J.; Daniel Unterburger; Brian Rhodes; Lachowicz, Amy C.; jkolansky@archerlaw.com; jscott@archerlaw.com; Freeman, Lloyd
> **Subject:** RE: Meet and Confer
>
> Nicole,
>
> I am following up since I never heard back from you. I would like to take Mr. Conway's deposition either July 27th or July 29th. I am available to depose both Ms. O'Neill and Ms. McCaffrey on July 31st.
>
> Please confirm your availability.
>
> Thanks,
>
> **IAN M. BRYSON, ESQUIRE**
> DEREK SMITH LAW GROUP, PLLC
> 1835 Market Street, Suite 2950
> Philadelphia, PA 19103
> Phone: 215.391.4790
> Fax: 215.893.5288

45. In response, Defense counsel (Attorney Nicole Morris, attorney for the City) deflected—arguing that Plaintiffs had failed to "respond to my July 20 email requesting to take Ms. McCowan's deposition on July 29. Please advise whether you will make her available on that date and agree to reschedule Ms. Allen's":

> **From:** Nicole Morris
> **Sent:** Thursday, July 23, 2020 5:28 PM
> **To:** Ian Bryson
> **Cc:** McGravey, Daniel J.; Daniel Unterburger; Brian Rhodes; Lachowicz, Amy C.; jkolansky@archerlaw.com; jscott@archerlaw.com; Freeman, Lloyd
> **Subject:** RE: Meet and Confer
>
> Ian,
>
> You did not respond to my July 20 email requesting to take Ms. McCowan's deposition on July 29. Please advise whether you will make her available on this date and agree to reschedule Ms. Allen's.

15

> I will check with co-counsel and our clients to determine whether our witnesses are available on the 27th and 31st and get back to you.
>
> Nicole S. Morris
> Chief Deputy City Solicitor

46. It must be noted that Defendants never properly noticed Ms. McCowan's deposition for July 29th after Defendants unilaterally cancelled all depositions, including Plaintiffs'. Also, rescheduling Plaintiffs' depositions was not subject of the Court's July 16, 2020 order. See Document 76.

47. In response to Attorney Nicole Morris's email, Attorney Daniel McGravey (counsel for Defendant Younger) responded to all counsel stating:

> **From:** McGravey, Daniel J.
> **Sent:** Thursday, July 23, 2020 5:51 PM
> **To:** Nicole Morris
> **Cc:** Ian Bryson; Daniel Unterburger; Brian Rhodes; Lachowicz, Amy C.; jkolansky@archerlaw.com; jscott@archerlaw.com; Freeman, Lloyd
> **Subject:** Re: Meet and Confer
>
> I am not available on the 27th. I will get back to you about the 31st as I will need to move a few things around.
>
> Sent from my iPhone

48. In response to Attorney Daniel McGravey's email, Attorney Nicole Morris (counsel for the City), inadvertently "replied-all" in response to Mr. McGravey demonstrating Defendants' true intentions in cancelling the depositions and failing to reschedule them in a timely fashion pursuant to the Court's July 16, 2020 order—**delay**:

> **From:** Nicole Morris
> **Sent:** Thursday, July 23, 2020 5:51 PM
> **To:** McGravey, Daniel J.
> **Cc:** Ian Bryson; Daniel Unterburger; Brian Rhodes; Lachowicz, Amy C.; jkolansky@archerlaw.com; jscott@archerlaw.com; Freeman, Lloyd
> **Subject:** RE: Meet and Confer
>
> Yeah, I was just buying us more time to get our dates together.
>
> Nicole S. Morris
> Chief Deputy City Solicitor

49. In response, I again requested confirmation of the dates to reschedule the depositions of Defendant Conway, Ms. O'Neill and Ms. McCaffrey. I also notified Defendants that they continued to be in default of their discovery obligations and that if Plaintiffs did not receive a response by the following day (July 24, 2020) Plaintiffs would file an appropriate motion without further attempts to resolve the matter.

50. On July 24, 2020, Defense counsel failed to provide any response to my repeat attempts to reschedule depositions in accordance with the Court's July 16, 2020 order.

51. Having not received a response, I sent another follow up email at approximately 5:00 p.m. on July 24, 2020:

> **From:** Ian Bryson
> **Sent:** Friday, July 24, 2020 4:58 PM
> **To:** Nicole Morris
> **Cc:** McGravey, Daniel J.; Daniel Unterburger; Brian Rhodes; Lachowicz, Amy C.; jkolansky@archerlaw.com; jscott@archerlaw.com; Freeman, Lloyd
> **Subject:** Re: Meet and Confer
>
> Counsel,
>
> I am following up again in advance of filing a motion.
>
> Thanks,
>
> **IAN M. BRYSON, ESQUIRE**

17

52. The next day, July 25, 2020, Defense counsel finally responded to my multiple attempts to comply with the Court's July 16, 2020 order (in which the Court denied Plaintiffs' motion to compel as moot because "the parties reached an agreement regarding the disputed depositions in Plaintiffs' motion"), stating Defendants were refusing to produce the properly noticed witnesses for depositions:

> **From:** McGravey, Daniel J.
> **Sent:** Saturday, July 25, 2020 9:21 AM
> **To:** Ian Bryson
> **Cc:** Nicole Morris; Daniel Unterburger; Brian Rhodes; Lachowicz, Amy C.; jkolansky@archerlaw.com; jscott@archerlaw.com; Freeman, Lloyd
> **Subject:** RE: Meet and Confer
>
> Ian, on behalf of the Defendants, I propose that all counsel meet and confer collectively on Tuesday to finalize the remaining deposition schedule after the Court has ruled on the protective order related to Rebecca Rhynhart.  At that point, all counsel can agree on a master schedule for the remaining depositions which will include, at a minimum: Conway, O'Neill, McCaffery, your clients, and perhaps Rhynhart.  It is likely that the Defendants will want to depose the spouses of your clients and we can build those dates into the calendar too.  After Tuesday, there will be at least 50 days remaining before the Court's discovery deadline.  That leaves plenty of time to conclude the remaining depositions and to allow all parties sufficient time to conduct any follow-up investigation.  While I recognize that we are all busy, I sincerely hope that we can cooperate and mutually agree on a master remaining schedule for depositions without involving the Court in an administrative dispute among counsel.  With that said, I am sure you appreciate that based on the breadth of the allegations, counsel for the Defendants agreed to allow you more than the 10 depositions permitted by Rule 26(b)(2).  By my count, you noticed 15 depositions.  Before continuing with any depositions, Defense counsel want certain remaining documents and discovery responses from Plaintiffs that will be memorialized in a letter to you by counsel for the City.  Again, we can build time into the master deposition schedule to allow you time to provide the remaining responses that defense counsel believe are deficient.  Finally, regarding the remaining deposition schedule, it is the position of defense counsel that we be permitted to take the depositions of your clients before you proceed with the depositions of Conway, O'Neill and McCaffery.  Again, we have extended you the courtesy of allowing 15 depositions and you have already taken 10 depositions.  While I suspect you may object to that timing, I believe it is a dispute that we can resolve among ourselves without involving the Court.  Last, I ask that you reconsider allowing the Defendants more than 7 hours to take the deposition of each of your clients.  I understand your position that the Plaintiffs have already been deposed – however, that was almost 1 year ago and was for the limited issue of emergency relief.  Based on the breadth of the allegations, the number of defendants, and the number of defense counsel involved, I do not think that this request is unreasonable or burdensome.

53. As outlined above, prior to filing this motion to compel discovery pursuant to Fed. R. Civ. P. 37, Plaintiffs provided Defendants ample time to confirm which of the previously agreed upon dates Defendants would produce Defendant Conway, Ms. O'Neill and Ms. McCaffrey for depositions.

54. Plaintiffs are not in default of supply any discovery responses in this matter.

55. Rule 30 provides that a "party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1).

56. Rule 30(g) provides for sanctions if a noticed party fails to attend their deposition. Red. R. Civ. P. 30(g).

57. Rule 37 provides a party seeking discovery may move for an order compelling discovery when the non-moving party has failed to make discovery or has failed to comply with a court order regarding discovery. Fed. R. Civ. P. 37.

58. Defendants should not be afforded any additional opportunities for delay.

59. Plaintiffs respectfully request the Court enter an Order requiring Defendants to produce Brent Conway, Molly O'Neil and Heather McCaffrey within 10 days. Additionally, Plaintiffs request an Order requiring Defendants pay Plaintiffs the reasonable expenses, including attorney's fees, incurred in preparing and filing this motion.

60. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                          Respectfully submitted,

                          */s/Ian M. Bryson, Esquire*
                          Ian M. Bryson, Esquire
Dated: <u>July 27, 2020</u>             *Attorneys for Plaintiffs*

**DEREK SMITH LAW GROUP, PLLC**
IAN M. BRYSON, ESQUIRE
Attorney ID No. 321359
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
ian@dereksmithlaw.com
*Attorneys for Plaintiffs Audra McCowan and Jennifer Allen*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUDRA McCOWAN *and* JENNIFER ALLEN, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PHILADELPHIA, *et al.*, <br><br> Defendants. | Civil Action No. 19-cv-3326-KSM <br><br> **CERTIFICATE OF SERVICE** |

I hereby certify that on July 27, 2020 I electronically filed the foregoing paper with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record.

                                                         */s/Ian M. Bryson, Esquire*
                                                         Ian M. Bryson, Esquire
                                                         Derek Smith Law Group, PLLC
                                                         1835 Market Street, Suite 2950
                                                         Philadelphia, PA 19103
                                                         (215) 391-4790
Dated: <u>July 27, 2020</u>                          ian@dereksmithlaw.com