

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

Daniel R. Unterburger
Assistant City Solicitor
Labor & Employment Unit, 16th Floor
215.683.5080
215.683.5099 (fax)
daniel.unterburger@phila.gov

June 4, 2020

**BY ELECTRONIC MAIL**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

**RE:   Audra McCowan and Jennifer Allen v. City of Philadelphia, et al.**
   **Civil Action No. 19-cv-3326-KSM**

Dear Attorney Bryson:

I have enclosed Sergeant Tamika Allen's First Set of Interrogatories and Requests for Production of Documents directed to Plaintiff Allen. Kindly respond within the time allotted by the Federal Rules of Civil Procedure.

Please do not hesitate to contact me should you wish to discuss this matter further.

Respectfully,

*/s/ Daniel R. Unterburger*
Daniel R. Unterburger
Assistant City Solicitor

<u>INTERROGATORIES</u>

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.** | : | |
| Defendant. | : | |

**DEFENDANT TAMIKA ALLEN'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS
<u>DIRECTED TO PLAINTIFF JENNIFER ALLEN</u>**

DEFENDANT, Sergeant Tamika Allen, has served his first set of Interrogatories and Requests for Production of Documents directed to Plaintiff Allen pursuant to Federal Rules of Civil Procedure. Please respond to these requests as follows:

1.      Your Answers, duly executed and sworn, must be returned within the amount of time dictated by the Federal Rules of Civil Procedure.

2.      These Interrogatories and Request for Production of Documents are continuing in nature and, therefore, will require supplemental responses as additional information is obtained by the Plaintiff(s) as mandated pursuant to the applicable Rules of Civil Procedure.

3.      Your responses shall be based upon information known to you or in the possession, custody or control of you, your attorney or other representative acting on your behalf, whether in preparation for litigation or otherwise.

4.      The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each interrogatory or request for documents as completely as possible. This means that you must provide an answer now based on the information

## INTERROGATORIES

you currently know or have in your possession, custody or control. You may not withhold such information until your investigation has concluded or discovery is complete.

5.      The omission of any name, fact, or other item of information from your responses shall be deemed a representation that such name, fact, or other item was not known to the Plaintiff, the Plaintiff's counsel, or other representatives at the time of service of your responses.

6.      All terms in these Interrogatories and Requests for Documents shall be given their ordinary meaning unless specifically defined otherwise.

7.      When an Interrogatory requests you to "Identify" a person or place, you are to provide that person's or place's name, address and telephone number.

8.      When an Interrogatory requests you to "Identify" a document, you are to provide the name, address and telephone number of the person who authored the document, the nature and content of the document identified, and the date and place where it was prepared or authored.

9.      For purposes of these Interrogatories, and as the facts of this civil action may require, the singular shall be plural and the plural shall be singular where applicable or appropriate.

10.      As the context of the Interrogatory may require, "you" or "your" shall mean the Plaintiff, or the Plaintiff's agent, representative or other person acting on the Plaintiff's behalf.

## **INTERROGATORIES**

1.   Has Defendant Allen treated you differently because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.   The date, time, and location of each such incident;

    b.   Which protected classification caused the different treatment;

    c.   A brief description of each such incident;

## INTERROGATORIES

     d.   The names and contact information of any witnesses to each such incident;

     e.   If an incident involved a disciplinary action, the nature of any disciplinary action taken by Defendant Allen;

     f.   If the incident involved non-disciplinary action, the nature of any non-disciplinary action taken by Defendant Allen;

     g.   The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

2.   Has Defendant Allen harassed you because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

     a.   The date, time, and location of each such incident;

     b.   Which protected classification caused the harassment;

     c.   A brief description of each such incident;

     d.   The names and contact information of any witnesses to each such incident;

     e.   Whether, in each instance, the manner in, and extent to which the harassment interfered with your work performance ;

     f.   The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

3.   Has Defendant Allen retaliated against you for filing or participating in a charge, complaint, or investigation concerning discrimination with any internal office or external agency? If so, please include:

     a.   The date(s) of your participation in each charge, complaint or investigation;

## INTERROGATORIES

     b.  The office or agency with which you filed or participated in a charge, complaint, or investigation;

     c.  A brief description of the basis for each such charge, complaint, or investigation;

     d.  The outcome of any charge, complaint, or investigation;

     e.  A detailed description of the manner in which you allege Defendant Allen retaliated against you.

4.  Has Defendant Allen retaliated against you for opposing a discriminatory practice? If so, please include:

     a.  The date, time, and location of each such practice you witnessed;

     b.  A full description of the practice you maintain you challenged;

     c.  A full description of the manner in which you opposed each such practice;

     d.  The manner in which you allege Defendant Allen retaliated against you.

5.  Are you aware of any witnesses, including yourself, to the incidents which form the basis of your Complaint as it pertains to Defendant Allen? If so, please include:

     a.  The name of the witness;

     b.  The address and telephone number of the witness;

     c.  Whether the witness gave a statement to anyone about the incident;

     d.  The identity of the individual or organization to which the witness gave a statement regarding the incident;

     e.  Your relationship to the witness.

6.  Are you claiming that, as a result of the incidents which form the basis for this Complaint, that you sustained physical or emotional injuries? If so, please include a detailed description of how Defendant Allen's conduct caused you injury.

## INTERROGATORIES

7.  Have you created – or do you or your agents possess – any letter, formal complaint, report, memorandum, statement, email, message, blog post, "Facebook" post or message, "Twitter" post or message, video recording, audio recording, photographs, or any other document relating to the incidents which form the basis for your allegations against Defendant Allen? If so, please include:

    a.  Date you or your agents created any such document;

    b.  Person to whom any such document was transmitted/sent;

    c.  Contents of any such document;

    d.  Current location of any such document.

8.  Please identify the fact witnesses you, or your attorney/agent, intend to call at trial to testify regarding Defendant Allen. For each witness, please include:

    a.  The witness' name;

    b.  The witness' address;

    c.  A summary of the witness' expected testimony.

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

/s/ Daniel R. Unterburger
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
Dated: June 4, 2020               daniel.unterburger@phila.gov

## REQUESTS FOR PRODUCTION OF DOCUMENTS

<u>Please provide the following</u>:

1. Any and all documents you intend to introduce at any trial or hearing in this matter as pertain to Defendant Allen, whether in support of your case-in-chief, or as impeachment or rebuttal evidence;

2. Any and all documents identified or referred to in Plaintiff's Answers to Interrogatories served in this matter;

3. All statements, memoranda, writings, formal or informal complaints, email, blog posts, "Facebook" posts or messages, "Twitter" posts or messages, or other documents of Plaintiff, agents or individuals acting on Plaintiff's behalf, Defendant Allen, or witnesses relating to the incident which forms the basis for Plaintiff's Complaint;

4. All medical, chiropractic, therapeutic, or psychological records, progress notes, diagnoses, prognoses, or other written or electronic documents, including prescriptions and pharmacy records concerning dispensation of medication, relating to treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant Allen;

5. All bills, invoices, insurance liens, or other documents showing the amounts owed for any treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant Allen;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

6. All receipts, confirmations, or other documentation of amounts paid by Plaintiff for treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant Allen;

7. Copies of any text messages exchanged between Plaintiff and Defendant Allen.

8. Reports, including any draft reports, of any experts who will testify at trial;

9. Communications between you and any experts who will testify at trial;

10. Curriculum vitae of any experts who will testify at trial;

11. Any and all documents that you possess or control that support any claim of discrimination, harassment or retaliation against Defendant Allen;

12. Any and all documents submitted by you to your employer, any internal office thereof, and/or administrative agency concerning a charge, complaint, or investigation of discrimination, harassment, or retaliation;

<u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

13. Diaries or other personal records you maintained during the time periods at issue in your

Complaint which mention Defendant Allen by name, by reference, or by implication.

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

<u>/s/ Daniel R. Unterburger</u>
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
Dated: June 4, 2020           daniel.unterburger@phila.gov

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AUDRA McCOWAN, et al.,** : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 19-3326-KSM |
| : | |
| **CITY OF PHILADELPHIA, et al.** : | |
| : | |
| Defendant. : | |

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this date **Interrogatories and Requests for Production of Documents**

were served by electronic mail as follows:

**TO:**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103


                                        **CITY OF PHILADELPHIA
                                        LAW DEPARTMENT**

                                        /s/ Daniel R. Unterburger
                                        DANIEL R. UNTERBURGER
                                        Assistant City Solicitor
                                        1515 Arch Street, 16th Floor
                                        Philadelphia, PA 19102
                                        215.683.5080
Dated: June 4, 2020                     daniel.unterburger@phila.gov

 CITY OF PHILADELPHIA

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

Daniel R. Unterburger
Assistant City Solicitor
Labor & Employment Unit, 16th Floor
215.683.5080
215.683.5099 (fax)
daniel.unterburger@phila.gov

June 4, 2020

**BY ELECTRONIC MAIL**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

RE:   **Audra McCowan and Jennifer Allen v. City of Philadelphia, et al.**
      **Civil Action No. 19-cv-3326-KSM**

Dear Attorney Bryson:

I have enclosed Sergeant Tamika Allen's First Set of Interrogatories and Requests for Production of Documents directed to Plaintiff McCowan. Kindly respond within the time allotted by the Federal Rules of Civil Procedure.

Please do not hesitate to contact me should you wish to discuss this matter further.

Respectfully,

*/s/ Daniel R. Unterburger*
Daniel R. Unterburger
Assistant City Solicitor

## INTERROGATORIES

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.** | : | |
| Defendant. | : | |

### DEFENDANT TAMIKA ALLEN'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS
### DIRECTED TO PLAINTIFF AUDRA McCOWAN

DEFENDANT, Sergeant Tamika Allen, has served his first set of Interrogatories and Requests for Production of Documents directed to Plaintiff McCowan pursuant to Federal Rules of Civil Procedure. Please respond to these requests as follows:

1.      Your Answers, duly executed and sworn, must be returned within the amount of time dictated by the Federal Rules of Civil Procedure.

2.      These Interrogatories and Request for Production of Documents are continuing in nature and, therefore, will require supplemental responses as additional information is obtained by the Plaintiff(s) as mandated pursuant to the applicable Rules of Civil Procedure.

3.      Your responses shall be based upon information known to you or in the possession, custody or control of you, your attorney or other representative acting on your behalf, whether in preparation for litigation or otherwise.

4.      The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each interrogatory or request for documents as completely as possible. This means that you must provide an answer now based on the information

## INTERROGATORIES

you currently know or have in your possession, custody or control. You may not withhold such information until your investigation has concluded or discovery is complete.

5.      The omission of any name, fact, or other item of information from your responses shall be deemed a representation that such name, fact, or other item was not known to the Plaintiff, the Plaintiff's counsel, or other representatives at the time of service of your responses.

6.      All terms in these Interrogatories and Requests for Documents shall be given their ordinary meaning unless specifically defined otherwise.

7.      When an Interrogatory requests you to "Identify" a person or place, you are to provide that person's or place's name, address and telephone number.

8.      When an Interrogatory requests you to "Identify" a document, you are to provide the name, address and telephone number of the person who authored the document, the nature and content of the document identified, and the date and place where it was prepared or authored.

9.      For purposes of these Interrogatories, and as the facts of this civil action may require, the singular shall be plural and the plural shall be singular where applicable or appropriate.

10.     As the context of the Interrogatory may require, "you" or "your" shall mean the Plaintiff, or the Plaintiff's agent, representative or other person acting on the Plaintiff's behalf.

### **INTERROGATORIES**

1.  Has Defendant Allen treated you differently because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.  The date, time, and location of each such incident;

    b.  Which protected classification caused the different treatment;

    c.  A brief description of each such incident;

## INTERROGATORIES

  d. The names and contact information of any witnesses to each such incident;

  e. If an incident involved a disciplinary action, the nature of any disciplinary action taken by Defendant Allen;

  f. If the incident involved non-disciplinary action, the nature of any non-disciplinary action taken by Defendant Allen;

  g. The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

2. Has Defendant Allen harassed you because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

  a. The date, time, and location of each such incident;

  b. Which protected classification caused the harassment;

  c. A brief description of each such incident;

  d. The names and contact information of any witnesses to each such incident;

  e. Whether, in each instance, the manner in, and extent to which the harassment interfered with your work performance ;

  f. The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

3. Has Defendant Allen retaliated against you for filing or participating in a charge, complaint, or investigation concerning discrimination with any internal office or external agency? If so, please include:

  a. The date(s) of your participation in each charge, complaint or investigation;

## INTERROGATORIES

     b.  The office or agency with which you filed or participated in a charge, complaint, or investigation;

     c.  A brief description of the basis for each such charge, complaint, or investigation;

     d.  The outcome of any charge, complaint, or investigation;

     e.  A detailed description of the manner in which you allege Defendant Allen retaliated against you.

4.  Has Defendant Allen retaliated against you for opposing a discriminatory practice? If so, please include:

     a.  The date, time, and location of each such practice you witnessed;

     b.  A full description of the practice you maintain you challenged;

     c.  A full description of the manner in which you opposed each such practice;

     d.  The manner in which you allege Defendant Allen retaliated against you.

5.  Are you aware of any witnesses, including yourself, to the incidents which form the basis of your Complaint as it pertains to Defendant Allen? If so, please include:

     a.  The name of the witness;

     b.  The address and telephone number of the witness;

     c.  Whether the witness gave a statement to anyone about the incident;

     d.  The identity of the individual or organization to which the witness gave a statement regarding the incident;

     e.  Your relationship to the witness.

6.  Are you claiming that, as a result of the incidents which form the basis for this Complaint, that you sustained physical or emotional injuries? If so, please include a detailed description of how Defendant Allen's conduct caused you injury.

## INTERROGATORIES

7. Have you created – or do you or your agents possess – any letter, formal complaint, report, memorandum, statement, email, message, blog post, "Facebook" post or message, "Twitter" post or message, video recording, audio recording, photographs, or any other document relating to the incidents which form the basis for your allegations against Defendant Allen? If so, please include:

   a. Date you or your agents created any such document;

   b. Person to whom any such document was transmitted/sent;

   c. Contents of any such document;

   d. Current location of any such document.

8. Please identify the fact witnesses you, or your attorney/agent, intend to call at trial to testify regarding Defendant Allen. For each witness, please include:

   a. The witness' name;

   b. The witness' address;

   c. A summary of the witness' expected testimony.

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

/s/ Daniel R. Unterburger
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
daniel.unterburger@phila.gov

Dated: June 4, 2020

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please provide the following:

1. Any and all documents you intend to introduce at any trial or hearing in this matter as pertain to Defendant Allen, whether in support of your case-in-chief, or as impeachment or rebuttal evidence;

2. Any and all documents identified or referred to in Plaintiff's Answers to Interrogatories served in this matter;

3. All statements, memoranda, writings, formal or informal complaints, email, blog posts, "Facebook" posts or messages, "Twitter" posts or messages, or other documents of Plaintiff, agents or individuals acting on Plaintiff's behalf, Defendant Allen, or witnesses relating to the incident which forms the basis for Plaintiff's Complaint;

4. All medical, chiropractic, therapeutic, or psychological records, progress notes, diagnoses, prognoses, or other written or electronic documents, including prescriptions and pharmacy records concerning dispensation of medication, relating to treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant Allen;

5. All bills, invoices, insurance liens, or other documents showing the amounts owed for any treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant Allen;

### REQUESTS FOR PRODUCTION OF DOCUMENTS

6.  All receipts, confirmations, or other documentation of amounts paid by Plaintiff for treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant Allen;

7.  Copies of any text messages exchanged between Plaintiff and Defendant Allen.

8.  Reports, including any draft reports, of any experts who will testify at trial;

9.  Communications between you and any experts who will testify at trial;

10. Curriculum vitae of any experts who will testify at trial;

11. Any and all documents that you possess or control that support any claim of discrimination, harassment or retaliation against Defendant Allen;

12. Any and all documents submitted by you to your employer, any internal office thereof, and/or administrative agency concerning a charge, complaint, or investigation of discrimination, harassment, or retaliation;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

13. Diaries or other personal records you maintained during the time periods at issue in your

    Complaint which mention Defendant Allen by name, by reference, or by implication.

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

/s/ Daniel R. Unterburger
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
Dated: June 4, 2020    daniel.unterburger@phila.gov

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| Defendant. | : | |

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on this date **Interrogatories and Requests for Production of Documents**

were served by electronic mail as follows:

**TO:**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

<div style="text-align:right">

**CITY OF PHILADELPHIA
LAW DEPARTMENT**

/s/ Daniel R. Unterburger
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
daniel.unterburger@phila.gov

</div>

Dated: June 4, 2020



LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

Daniel R. Unterburger
Assistant City Solicitor
Labor & Employment Unit, 16th Floor
215.683.5080
215.683.5099 (fax)
daniel.unterburger@phila.gov

June 4, 2020

**BY ELECTRONIC MAIL**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

**RE:**   **Audra McCowan and Jennifer Allen v. City of Philadelphia, et al.**
        **Civil Action No. 19-cv-3326-KSM**

Dear Attorney Bryson:

I have enclosed the City of Philadelphia's First Set of Interrogatories and Requests for Production of Documents directed to Plaintiff Allen. Kindly respond within the time allotted by the Federal Rules of Civil Procedure.

Please do not hesitate to contact me should you wish to discuss this matter further.

Respectfully,

*/s/ Daniel R. Unterburger*
Daniel R. Unterburger
Assistant City Solicitor

## INTERROGATORIES

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.** | : | |
| Defendant. | : | |

### DEFENDANT CITY OF PHILADELPHIA'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS
### <u>DIRECTED TO PLAINTIFF JENNIFER ALLEN</u>

DEFENDANT, the City of Philadelphia, has served his first set of Interrogatories and Requests for Production of Documents directed to Plaintiff Allen pursuant to Federal Rules of Civil Procedure. Please respond to these requests as follows:

1.     Your Answers, duly executed and sworn, must be returned within the amount of time dictated by the Federal Rules of Civil Procedure.

2.     These Interrogatories and Request for Production of Documents are continuing in nature and, therefore, will require supplemental responses as additional information is obtained by the Plaintiff(s) as mandated pursuant to the applicable Rules of Civil Procedure.

3.     Your responses shall be based upon information known to you or in the possession, custody or control of you, your attorney or other representative acting on your behalf, whether in preparation for litigation or otherwise.

4.     The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each interrogatory or request for documents as completely as possible. This means that you must provide an answer now based on the information

## INTERROGATORIES

you currently know or have in your possession, custody or control. You may not withhold such information until your investigation has concluded or discovery is complete.

     5.     The omission of any name, fact, or other item of information from your responses shall be deemed a representation that such name, fact, or other item was not known to the Plaintiff, the Plaintiff's counsel, or other representatives at the time of service of your responses.

     6.     All terms in these Interrogatories and Requests for Documents shall be given their ordinary meaning unless specifically defined otherwise.

     7.     When an Interrogatory requests you to "Identify" a person or place, you are to provide that person's or place's name, address and telephone number.

     8.     When an Interrogatory requests you to "Identify" a document, you are to provide the name, address and telephone number of the person who authored the document, the nature and content of the document identified, and the date and place where it was prepared or authored.

     9.     For purposes of these Interrogatories, and as the facts of this civil action may require, the singular shall be plural and the plural shall be singular where applicable or appropriate.

     10.     As the context of the Interrogatory may require, "you" or "your" shall mean the Plaintiff, or the Plaintiff's agent, representative or other person acting on the Plaintiff's behalf.

## **INTERROGATORIES**

1. Please provide the following personal information:
   a. Full name;

   b. Any aliases or other names you have used or been known by;

   c. Address(es) at the time of the incident(s);

   d. Date of birth;

   e. Social Security Number;

## INTERROGATORIES

2.  Have you been convicted of a crime or subject to workplace discipline for a matter involving dishonesty or false statement? If so, please include:

    a.  The state and locality in which you were convicted;

    b.  The caption of the criminal action which led to your conviction;

    c.  The docket number of the criminal action which led to your conviction;

    d.  The sentence, if any, which was imposed as a result of that conviction;

    e.  If the matter resulted in workplace discipline, please provide the name of the employer, the date of the incident, and a description of the facts leading to the discipline.

3.  Have you ever been involved in a civil suit or administrative action, either as a plaintiff or a defendant? If so, please include:

    a.  The caption and docket number of any such action;

    b.  The court or administrative agency before which any such action was brought;

    c.  The resolution of any such action.

4.  Have you sought treatment from a mental health professional, including, but not limited to, a psychotherapist, psychiatrist, family practice physician, or outpatient treatment center within the last ten (10) years? If so, please include:

    a.  The name of the mental health professional;

    b.  The location, including address, of the office, hospital, clinic, etc., at which you sought treatment;

    c.  The reason you sought treatment from a mental health professional;

<u>INTERROGATORIES</u>

    d.  The date(s) on which you sought treatment from that mental health professional;

    e.  The treatment you received from that mental health professional.

5.  Has Defendant or its employees/agents, treated you differently because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.  The date, time, and location of each such incident;

    b.  Which protected classification caused the different treatment;

    c.  A brief description of each such incident;

    d.  The names and contact information of any witnesses to each such incident;

    e.  If an incident involved a disciplinary action, the nature of any disciplinary action taken by Defendant, its employees, or its agents;

    f.  If the incident involved non-disciplinary action, the nature of any non-disciplinary action taken by Defendant, its employees, or agents;

    g.  The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

6.  Has Defendant or its employees/agents, harassed you because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.  The date, time, and location of each such incident;

    b.  Which protected classification caused the harassment;

    c.  A brief description of each such incident;

    d.  The names and contact information of any witnesses to each such incident;

<u>INTERROGATORIES</u>

    e.  Whether, in each instance, the manner in, and extent to which the harassment interfered with your work performance ;

    f.  The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

7.  Has Defendant or its employees/agents, retaliated against you for filing or participating in a charge, complaint, or investigation concerning discrimination with any internal office or external agency? If so, please include:

    a.  The date(s) of your participation in each charge, complaint or investigation;

    b.  The office or agency with which you filed or participated in a charge, complaint, or investigation;

    c.  A brief description of the basis for each such charge, complaint, or investigation;

    d.  The outcome of any charge, complaint, or investigation;

    e.  A detailed description of the manner in which you allege Defendant, its employees, or its agents retaliated against you.

8.  Has Defendant or its employees/agents, retaliated against you for opposing a discriminatory practice? If so, please include:

    a.  The date, time, and location of each such practice you witnessed;

    b.  A full description of the practice you maintain you challenged;

    c.  A full description of the manner in which you opposed each such practice;

    d.  The manner in which you allege Defendant, its employees, or its agents retaliated against you.

9.  Are you aware of any witnesses, including yourself, to the incidents which form the basis of your Complaint?  If so, please include:

<u>INTERROGATORIES</u>

    a.  The name of the witness;

    b.  The address and telephone number of the witness;

    c.  Whether the witness gave a statement to anyone about the incident;

    d.  The identity of the individual or organization to which the witness gave a statement regarding the incident;

    e.  Your relationship to the witness.

10. Are you claiming that, as a result of the incidents which form the basis for this Complaint, that you sustained physical or emotional injuries? If so, please include a detailed description of the:

    a.  Type of injury;

    b.  Symptoms associated with the injury;

    c.  Duration of any symptoms associated with the injury.

11. Have you sought any medical or mental health treatment, chiropractic treatment, physical therapy, or any other type of treatment for the physical or emotional injuries which resulted from this incident? If so, please include:

    a.  The name of any professional who examined, treated, or prescribed treatment for such injuries or conditions;

    b.  The address of any professional who provided, recommended or prescribed treatment for such injuries or conditions;

    c.  The date(s) of treatment received;

    d.  Amount of money you personally expended on such treatment;

    e.  Amount of money you still owe for any treatment received.

## INTERROGATORIES

12. Have you created – or do you or your agents possess – any letter, formal complaint, report, memorandum, statement, email, message, blog post, "Facebook" post or message, "Twitter" post or message, video recording, audio recording, photographs, or any other document relating to the incidents which form the basis for this Complaint? If so, please include:

    a.  Date you or your agents created any such document;

    b.  Person to whom any such document was transmitted/sent;

    c.  Contents of any such document;

    d.  Current location of any such document.

13. Are you claiming that, as a result of the incidents which form the basis for your Complaint, you lost wages? If so, please include:

    a.  The total amount of lost income you contend resulted from the actions of Defendant;

    b.  The names and addresses of any potential alternate employers with whom you have sought alternate employment;

    c.  Descriptions of the types of alternate employment you have sought.

14. Are you claiming that, as a result of the incident which forms the basis for your Complaint, that you have suffered any other economic damages not already discussed in the previous Interrogatories, including, but not limited to, out-of-pocket medical costs, treatment costs, transportation costs, etc.?  If so, please include:

    a.  The amount of economic damages not covered by the previous Interrogatories, organized by source;

    b.  The nature of the economic damages;

## INTERROGATORIES

    c.   Whether you expect to reimbursed by any individual or organization for any of these economic damages in the future.

15. Please identify the fact witnesses you, or your attorney/agent, intend to call at trial. For each witness, please include:

    a.   The witness' name;

    b.   The witness' address;

    c.   A summary of the witness' expected testimony.

16. Please identify the expert witnesses you, or your attorney/agent, intend to call at trial. For each witness, please include:

    a.   The witness' name;

    b.   The witness' address;

    c.   A summary of the witness' expected testimony.

17. Identify the cell phone numbers and service providers for any cell phones used primarily by you during the period from January 1, 2018 through present.

18. Is Plaintiff still in possession of all the devices identified in interrogatory 17? If not, which devices does Plaintiff still possess, and when and how did Plaintiff dispossess each device? Where are the devices now?

<u>INTERROGATORIES</u>

19. If Plaintiff has a new phone, was the data transferred from any phone identified as

dispossessed in interrogatory 18 to the new phone?

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

<u>/s/ Daniel R. Unterburger</u>
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
Dated: June 4, 2020          daniel.unterburger@phila.gov

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please provide the following:

1. Any and all documents you intend to introduce at any trial or hearing in this matter, whether in support of your case-in-chief, or as impeachment or rebuttal evidence.

2. Any and all documents identified or referred to in Plaintiff's Answers to Interrogatories served in this matter.

3. All statements, memoranda, writings, formal or informal complaints, email, blog posts, "Facebook" posts or messages, "Twitter" posts or messages, or other documents of Plaintiff, agents or individuals acting on Plaintiff's behalf, Defendant, or witnesses relating to the incident which forms the basis for Plaintiff's Complaint.

4. Copies of all text messages referenced in Plaintiff's Complaint, produced in native format with corresponding time and date stamp metadata.

5. Copies of telephone records reflecting the dates and times of telephone calls described in the Complaint.

6. All medical, chiropractic, therapeutic, or psychological records, progress notes, diagnoses, prognoses, or other written or electronic documents, including prescriptions and pharmacy records concerning dispensation of medication, relating to treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant;

7. All bills, invoices, insurance liens, or other documents showing the amounts owed for any treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

8.  All receipts, confirmations, or other documentation of amounts paid by Plaintiff for treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant;

9.  Copies of any requests Plaintiff made to work "steady daytime shift positions with weekends off," as referenced in paragraph thirty-two of Plaintiff's Complaint.

10. Copies of the "repeated requests to [Plaintiff's] lieutenant" for a commemorative plaque, as referenced in paragraph twenty-eight of Plaintiff's Complaint.

11. Reports, including any draft reports, of any experts who will testify at trial;

12. Communications between you and any experts who will testify at trial.

13. Curriculum vitae of any experts who will testify at trial;

14. Any and all documents that you possess or control that support any claim of discrimination, harassment or retaliation;

15. Any and all documents submitted by you to your employer, any internal office thereof, and/or administrative agency concerning a charge, complaint, or investigation of discrimination, harassment, or retaliation;

16. Diaries or other personal records you maintained during the time periods at issue in your Complaint.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: <u>June 1, 2020</u>                    BY:   <u>s/ *Daniel R. Unterburger*</u>
                                          Daniel R. Unterburger
                                          Assistant City Solicitor
                                          Pa. Attorney ID No. 324929
                                          City of Philadelphia Law Dept.
                                          1515 Arch St., 16th Fl.
                                          Philadelphia, PA 19102
                                          215.683.5080
                                          daniel.unterburger@phila.gov

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| Defendant. | : | |

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on this date **Interrogatories and Requests for Production of Documents**

were served by electronic mail as follows:

**TO:**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

<div align="right">

**CITY OF PHILADELPHIA
LAW DEPARTMENT**

/s/ Daniel R. Unterburger
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
daniel.unterburger@phila.gov

</div>

Dated: June 4, 2020



LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

Daniel R. Unterburger
Assistant City Solicitor
Labor & Employment Unit, 16th Floor
215.683.5080
215.683.5099 (fax)
daniel.unterburger@phila.gov

June 4, 2020

**BY ELECTRONIC MAIL**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

RE:     **Audra McCowan and Jennifer Allen v. City of Philadelphia, et al.**
        **Civil Action No. 19-cv-3326-KSM**

Dear Attorney Bryson:

I have enclosed the City of Philadelphia's First Set of Interrogatories and Requests for
Production of Documents directed to Plaintiff McCowan. Kindly respond within the time allotted
by the Federal Rules of Civil Procedure.

Please do not hesitate to contact me should you wish to discuss this matter further.

Respectfully,

*/s/ Daniel R. Unterburger*
Daniel R. Unterburger
Assistant City Solicitor

<u>INTERROGATORIES</u>

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.**, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT CITY OF PHILADELPHIA'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION OF DOCUMENTS
<u>DIRECTED TO PLAINTIFF AUDRA McCOWAN</u>**

DEFENDANT, the City of Philadelphia, has served his first set of Interrogatories and Requests for Production of Documents directed to Plaintiff Allen pursuant to Federal Rules of Civil Procedure. Please respond to these requests as follows:

1.      Your Answers, duly executed and sworn, must be returned within the amount of time dictated by the Federal Rules of Civil Procedure.

2.      These Interrogatories and Request for Production of Documents are continuing in nature and, therefore, will require supplemental responses as additional information is obtained by the Plaintiff(s) as mandated pursuant to the applicable Rules of Civil Procedure.

3.      Your responses shall be based upon information known to you or in the possession, custody or control of you, your attorney or other representative acting on your behalf, whether in preparation for litigation or otherwise.

4.      The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each interrogatory or request for documents as completely as possible. This means that you must provide an answer now based on the information

## INTERROGATORIES

you currently know or have in your possession, custody or control. You may not withhold such information until your investigation has concluded or discovery is complete.

5.     The omission of any name, fact, or other item of information from your responses shall be deemed a representation that such name, fact, or other item was not known to the Plaintiff, the Plaintiff's counsel, or other representatives at the time of service of your responses.

6.     All terms in these Interrogatories and Requests for Documents shall be given their ordinary meaning unless specifically defined otherwise.

7.     When an Interrogatory requests you to "Identify" a person or place, you are to provide that person's or place's name, address and telephone number.

8.     When an Interrogatory requests you to "Identify" a document, you are to provide the name, address and telephone number of the person who authored the document, the nature and content of the document identified, and the date and place where it was prepared or authored.

9.     For purposes of these Interrogatories, and as the facts of this civil action may require, the singular shall be plural and the plural shall be singular where applicable or appropriate.

10.     As the context of the Interrogatory may require, "you" or "your" shall mean the Plaintiff, or the Plaintiff's agent, representative or other person acting on the Plaintiff's behalf.

**INTERROGATORIES**

1.  Please provide the following personal information:
    a.  Full name;

    b.  Any aliases or other names you have used or been known by;

    c.  Address(es) at the time of the incident(s);

    d.  Date of birth;

    e.  Social Security Number;

## INTERROGATORIES

2. Have you been convicted of a crime or subject to workplace discipline for a matter involving dishonesty or false statement? If so, please include:

    a. The state and locality in which you were convicted;

    b. The caption of the criminal action which led to your conviction;

    c. The docket number of the criminal action which led to your conviction;

    d. The sentence, if any, which was imposed as a result of that conviction;

    e. If the matter resulted in workplace discipline, please provide the name of the employer, the date of the incident, and a description of the facts leading to the discipline.

3. Have you ever been involved in a civil suit or administrative action, either as a plaintiff or a defendant? If so, please include:

    a. The caption and docket number of any such action;

    b. The court or administrative agency before which any such action was brought;

    c. The resolution of any such action.

4. Have you sought treatment from a mental health professional, including, but not limited to, a psychotherapist, psychiatrist, family practice physician, or outpatient treatment center within the last ten (10) years? If so, please include:

    a. The name of the mental health professional;

    b. The location, including address, of the office, hospital, clinic, etc., at which you sought treatment;

    c. The reason you sought treatment from a mental health professional;

## INTERROGATORIES

    d.  The date(s) on which you sought treatment from that mental health professional;

    e.  The treatment you received from that mental health professional.

5.  Has Defendant or its employees/agents, treated you differently because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.  The date, time, and location of each such incident;

    b.  Which protected classification caused the different treatment;

    c.  A brief description of each such incident;

    d.  The names and contact information of any witnesses to each such incident;

    e.  If an incident involved a disciplinary action, the nature of any disciplinary action taken by Defendant, its employees, or its agents;

    f.  If the incident involved non-disciplinary action, the nature of any non-disciplinary action taken by Defendant, its employees, or agents;

    g.  The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

6.  Has Defendant or its employees/agents, harassed you because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.  The date, time, and location of each such incident;

    b.  Which protected classification caused the harassment;

    c.  A brief description of each such incident;

    d.  The names and contact information of any witnesses to each such incident;

<u>INTERROGATORIES</u>

     e.  Whether, in each instance, the manner in, and extent to which the harassment interfered with your work performance ;

     f.  The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

7.  Has Defendant or its employees/agents, retaliated against you for filing or participating in a charge, complaint, or investigation concerning discrimination with any internal office or external agency? If so, please include:

     a.  The date(s) of your participation in each charge, complaint or investigation;

     b.  The office or agency with which you filed or participated in a charge, complaint, or investigation;

     c.  A brief description of the basis for each such charge, complaint, or investigation;

     d.  The outcome of any charge, complaint, or investigation;

     e.  A detailed description of the manner in which you allege Defendant, its employees, or its agents retaliated against you.

8.  Has Defendant or its employees/agents, retaliated against you for opposing a discriminatory practice? If so, please include:

     a.  The date, time, and location of each such practice you witnessed;

     b.  A full description of the practice you maintain you challenged;

     c.  A full description of the manner in which you opposed each such practice;

     d.  The manner in which you allege Defendant, its employees, or its agents retaliated against you.

9.  Are you aware of any witnesses, including yourself, to the incidents which form the basis of your Complaint?  If so, please include:

## INTERROGATORIES

    a.  The name of the witness;

    b.  The address and telephone number of the witness;

    c.  Whether the witness gave a statement to anyone about the incident;

    d.  The identity of the individual or organization to which the witness gave a statement regarding the incident;

    e.  Your relationship to the witness.

10. Are you claiming that, as a result of the incidents which form the basis for this Complaint, that you sustained physical or emotional injuries? If so, please include a detailed description of the:

    a.  Type of injury;

    b.  Symptoms associated with the injury;

    c.  Duration of any symptoms associated with the injury.

11. Have you sought any medical or mental health treatment, chiropractic treatment, physical therapy, or any other type of treatment for the physical or emotional injuries which resulted from this incident? If so, please include:

    a.  The name of any professional who examined, treated, or prescribed treatment for such injuries or conditions;

    b.  The address of any professional who provided, recommended or prescribed treatment for such injuries or conditions;

    c.  The date(s) of treatment received;

    d.  Amount of money you personally expended on such treatment;

    e.  Amount of money you still owe for any treatment received.

## INTERROGATORIES

12. Have you created – or do you or your agents possess – any letter, formal complaint, report, memorandum, statement, email, message, blog post, "Facebook" post or message, "Twitter" post or message, video recording, audio recording, photographs, or any other document relating to the incidents which form the basis for this Complaint? If so, please include:

   a.  Date you or your agents created any such document;

   b.  Person to whom any such document was transmitted/sent;

   c.  Contents of any such document;

   d.  Current location of any such document.

13. Are you claiming that, as a result of the incidents which form the basis for your Complaint, you lost wages? If so, please include:

   a.  The total amount of lost income you contend resulted from the actions of Defendant;

   b.  The names and addresses of any potential alternate employers with whom you have sought alternate employment;

   c.  Descriptions of the types of alternate employment you have sought.

14. Are you claiming that, as a result of the incident which forms the basis for your Complaint, that you have suffered any other economic damages not already discussed in the previous Interrogatories, including, but not limited to, out-of-pocket medical costs, treatment costs, transportation costs, etc.?  If so, please include:

   a.  The amount of economic damages not covered by the previous Interrogatories, organized by source;

   b.  The nature of the economic damages;

INTERROGATORIES

  c. Whether you expect to reimbursed by any individual or organization for any of these economic damages in the future.

15. Please identify the fact witnesses you, or your attorney/agent, intend to call at trial. For each witness, please include:

  a. The witness' name;

  b. The witness' address;

  c. A summary of the witness' expected testimony.

16. Please identify the expert witnesses you, or your attorney/agent, intend to call at trial. For each witness, please include:

  a. The witness' name;

  b. The witness' address;

  c. A summary of the witness' expected testimony.

17. Identify the cell phone numbers and service providers for any cell phones used primarily by you during the period from January 1, 2018 through present.

18. Is Plaintiff still in possession of all the devices identified in interrogatory 17? If not, which devices does Plaintiff still possess, and when and how did Plaintiff dispossess each device? Where are the devices now?

19. If Plaintiff has a new phone, was the data transferred from any phone identified as dispossessed in interrogatory 18 to the new phone?

## INTERROGATORIES

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: <u>June 1, 2020</u>                    BY:   <u>s/ *Daniel R. Unterburger*</u>
Daniel R. Unterburger
Assistant City Solicitor
Pa. Attorney ID No. 324929
City of Philadelphia Law Dept.
1515 Arch St., 16th Fl.
Philadelphia, PA 19102
215.683.5080
daniel.unterburger@phila.gov

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please provide the following:

1. Any and all documents you intend to introduce at any trial or hearing in this matter, whether in support of your case-in-chief, or as impeachment or rebuttal evidence.

2. Any and all documents identified or referred to in Plaintiff's Answers to Interrogatories served in this matter.

3. All statements, memoranda, writings, formal or informal complaints, email, blog posts, "Facebook" posts or messages, "Twitter" posts or messages, or other documents of Plaintiff, agents or individuals acting on Plaintiff's behalf, Defendant, or witnesses relating to the incident which forms the basis for Plaintiff's Complaint.

4. Copies of all text messages referenced in Plaintiff's Complaint, produced in native format with corresponding time and date stamp metadata.

5. Copies of telephone records reflecting the dates and times of telephone calls described in the Complaint.

6. All medical, chiropractic, therapeutic, or psychological records, progress notes, diagnoses, prognoses, or other written or electronic documents, including prescriptions and pharmacy records concerning dispensation of medication, relating to treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant;

7. All bills, invoices, insurance liens, or other documents showing the amounts owed for any treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant;

<u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

8.  All receipts, confirmations, or other documentation of amounts paid by Plaintiff for treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant;

9.  Copies of any requests Plaintiff made to work "steady daytime shift positions with weekends off," as referenced in paragraph thirty-two of Plaintiff's Complaint.

10. Copies of the "repeated requests to [Plaintiff's] lieutenant" for a commemorative plaque, as referenced in paragraph twenty-eight of Plaintiff's Complaint.

11. Reports, including any draft reports, of any experts who will testify at trial;

12. Communications between you and any experts who will testify at trial.

13. Curriculum vitae of any experts who will testify at trial;

14. Any and all documents that you possess or control that support any claim of discrimination, harassment or retaliation;

15. Any and all documents submitted by you to your employer, any internal office thereof, and/or administrative agency concerning a charge, complaint, or investigation of discrimination, harassment, or retaliation;

16. Diaries or other personal records you maintained during the time periods at issue in your Complaint.

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

<u>/s/ Daniel R. Unterburger</u>
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080

Dated: June 4, 2020          daniel.unterburger@phila.gov

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.** | : | |
| Defendant. | : | |

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this date **Interrogatories and Requests for Production of Documents**

were served by electronic mail as follows:

**TO:**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

<div style="text-align:right">

**CITY OF PHILADELPHIA
LAW DEPARTMENT**

<u>/s/ Daniel R. Unterburger</u>
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
daniel.unterburger@phila.gov

</div>

Dated: June 4, 2020



CITY OF PHILADELPHIA

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

Daniel R. Unterburger
Assistant City Solicitor
Labor & Employment Unit, 16th Floor
215.683.5080
215.683.5099 (fax)
daniel.unterburger@phila.gov

June 4, 2020

**BY ELECTRONIC MAIL**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

RE:    **Audra McCowan and Jennifer Allen v. City of Philadelphia, et al.**
       **Civil Action No. 19-cv-3326-KSM**

Dear Attorney Bryson:

I have enclosed Sergeant Brent Conway's First Set of Interrogatories and Requests for
Production of Documents directed to Plaintiff Allen. Kindly respond within the time allotted by
the Federal Rules of Civil Procedure.

Please do not hesitate to contact me should you wish to discuss this matter further.

Respectfully,

*/s/ Daniel R. Unterburger*
Daniel R. Unterburger
Assistant City Solicitor

<u>INTERROGATORIES</u>

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.**, | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.** | : | |
| Defendant. | : | |

**DEFENDANT BRENT CONWAY'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS
<u>DIRECTED TO PLAINTIFF JENNIFER ALLEN</u>**

DEFENDANT, Sergeant Brent Conway, has served his first set of Interrogatories and Requests for Production of Documents directed to Plaintiff Allen pursuant to Federal Rules of Civil Procedure. Please respond to these requests as follows:

1.      Your Answers, duly executed and sworn, must be returned within the amount of time dictated by the Federal Rules of Civil Procedure.

2.      These Interrogatories and Request for Production of Documents are continuing in nature and, therefore, will require supplemental responses as additional information is obtained by the Plaintiff(s) as mandated pursuant to the applicable Rules of Civil Procedure.

3.      Your responses shall be based upon information known to you or in the possession, custody or control of you, your attorney or other representative acting on your behalf, whether in preparation for litigation or otherwise.

4.      The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each interrogatory or request for documents as completely as possible. This means that you must provide an answer now based on the information

## INTERROGATORIES

you currently know or have in your possession, custody or control. You may not withhold such information until your investigation has concluded or discovery is complete.

5. The omission of any name, fact, or other item of information from your responses shall be deemed a representation that such name, fact, or other item was not known to the Plaintiff, the Plaintiff's counsel, or other representatives at the time of service of your responses.

6. All terms in these Interrogatories and Requests for Documents shall be given their ordinary meaning unless specifically defined otherwise.

7. When an Interrogatory requests you to "Identify" a person or place, you are to provide that person's or place's name, address and telephone number.

8. When an Interrogatory requests you to "Identify" a document, you are to provide the name, address and telephone number of the person who authored the document, the nature and content of the document identified, and the date and place where it was prepared or authored.

9. For purposes of these Interrogatories, and as the facts of this civil action may require, the singular shall be plural and the plural shall be singular where applicable or appropriate.

10. As the context of the Interrogatory may require, "you" or "your" shall mean the Plaintiff, or the Plaintiff's agent, representative or other person acting on the Plaintiff's behalf.

## **INTERROGATORIES**

1. Has Defendant Conway treated you differently because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a. The date, time, and location of each such incident;

    b. Which protected classification caused the different treatment;

    c. A brief description of each such incident;

<u>INTERROGATORIES</u>

    d.  The names and contact information of any witnesses to each such incident;

    e.  If an incident involved a disciplinary action, the nature of any disciplinary action taken by Defendant Conway;

    f.  If the incident involved non-disciplinary action, the nature of any non-disciplinary action taken by Defendant Conway;

    g.  The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

2.  Has Defendant Conway harassed you because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.  The date, time, and location of each such incident;

    b.  Which protected classification caused the harassment;

    c.  A brief description of each such incident;

    d.  The names and contact information of any witnesses to each such incident;

    e.  Whether, in each instance, the manner in, and extent to which the harassment interfered with your work performance ;

    f.  The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

3.  Has Defendant Conway retaliated against you for filing or participating in a charge, complaint, or investigation concerning discrimination with any internal office or external agency? If so, please include:

    a.  The date(s) of your participation in each charge, complaint or investigation;

<u>INTERROGATORIES</u>

    b.  The office or agency with which you filed or participated in a charge, complaint, or investigation;

    c.  A brief description of the basis for each such charge, complaint, or investigation;

    d.  The outcome of any charge, complaint, or investigation;

    e.  A detailed description of the manner in which you allege Defendant Conway retaliated against you.

4.  Has Defendant Conway retaliated against you for opposing a discriminatory practice? If so, please include:

    a.  The date, time, and location of each such practice you witnessed;

    b.  A full description of the practice you maintain you challenged;

    c.  A full description of the manner in which you opposed each such practice;

    d.  The manner in which you allege Defendant Conway retaliated against you.

5.  Are you aware of any witnesses, including yourself, to the incidents which form the basis of your Complaint as it pertains to Defendant Conway? If so, please include:

    a.  The name of the witness;

    b.  The address and telephone number of the witness;

    c.  Whether the witness gave a statement to anyone about the incident;

    d.  The identity of the individual or organization to which the witness gave a statement regarding the incident;

    e.  Your relationship to the witness.

6.  Are you claiming that, as a result of the incidents which form the basis for this Complaint, that you sustained physical or emotional injuries? If so, please include a detailed description of how Defendant Conway's conduct caused you injury.

<u>INTERROGATORIES</u>

7.  Have you created – or do you or your agents possess – any letter, formal complaint, report, memorandum, statement, email, message, blog post, "Facebook" post or message, "Twitter" post or message, video recording, audio recording, photographs, or any other document relating to the incidents which form the basis for your allegations against Defendant Conway? If so, please include:

    a.  Date you or your agents created any such document;

    b.  Person to whom any such document was transmitted/sent;

    c.  Contents of any such document;

    d.  Current location of any such document.

8.  Please identify the fact witnesses you, or your attorney/agent, intend to call at trial to testify regarding Defendant Conway. For each witness, please include:

    a.  The witness' name;

    b.  The witness' address;

    c.  A summary of the witness' expected testimony.

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

<u>/s/ Daniel R. Unterburger</u>
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
daniel.unterburger@phila.gov

Dated: June 4, 2020

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please provide the following:

1. Any and all documents you intend to introduce at any trial or hearing in this matter as pertain to Defendant Conway, whether in support of your case-in-chief, or as impeachment or rebuttal evidence;

2. Any and all documents identified or referred to in Plaintiff's Answers to Interrogatories served in this matter;

3. All statements, memoranda, writings, formal or informal complaints, email, blog posts, "Facebook" posts or messages, "Twitter" posts or messages, or other documents of Plaintiff, agents or individuals acting on Plaintiff's behalf, Defendant Conway, or witnesses relating to the incident which forms the basis for Plaintiff's Complaint;

4. All medical, chiropractic, therapeutic, or psychological records, progress notes, diagnoses, prognoses, or other written or electronic documents, including prescriptions and pharmacy records concerning dispensation of medication, relating to treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant Conway;

5. All bills, invoices, insurance liens, or other documents showing the amounts owed for any treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant Conway;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

6.  All receipts, confirmations, or other documentation of amounts paid by Plaintiff for treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant Conway;

7.  Copies of any text messages exchanged between Plaintiff and Defendant Conway.

8.  Reports, including any draft reports, of any experts who will testify at trial;

9.  Communications between you and any experts who will testify at trial;

10. Curriculum vitae of any experts who will testify at trial;

11. Any and all documents that you possess or control that support any claim of discrimination, harassment or retaliation against Defendant Conway;

12. Any and all documents submitted by you to your employer, any internal office thereof, and/or administrative agency concerning a charge, complaint, or investigation of discrimination, harassment, or retaliation;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

13. Diaries or other personal records you maintained during the time periods at issue in your

Complaint which mention Defendant Conway by name, by reference, or by implication.

<div align="center">

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

/s/ Daniel R. Unterburger
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
daniel.unterburger@phila.gov

</div>

Dated: June 4, 2020

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AUDRA McCOWAN, et al.,** | : |
| Plaintiffs, | : |
| v. | :      Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.** | : |
| Defendant. | : |

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on this date **Interrogatories and Requests for Production of Documents**

were served by electronic mail as follows:

**TO:**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

                                            **CITY OF PHILADELPHIA
LAW DEPARTMENT**

                                            <u>/s/ Daniel R. Unterburger</u>
                                            DANIEL R. UNTERBURGER
                                            Assistant City Solicitor
                                            1515 Arch Street, 16th Floor
                                            Philadelphia, PA 19102
                                            215.683.5080
Dated: June 4, 2020                          daniel.unterburger@phila.gov



CITY OF PHILADELPHIA

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

Daniel R. Unterburger
Assistant City Solicitor
Labor & Employment Unit, 16th Floor
215.683.5080
215.683.5099 (fax)
daniel.unterburger@phila.gov

June 4, 2020

**BY ELECTRONIC MAIL**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

**RE:**   **Audra McCowan and Jennifer Allen v. City of Philadelphia, et al.**
           **Civil Action No. 19-cv-3326-KSM**

Dear Attorney Bryson:

I have enclosed Sergeant Brent Conway's First Set of Interrogatories and Requests for Production of Documents directed to Plaintiff McCowan. Kindly respond within the time allotted by the Federal Rules of Civil Procedure.

Please do not hesitate to contact me should you wish to discuss this matter further.

Respectfully,

*/s/ Daniel R. Unterburger*
Daniel R. Unterburger
Assistant City Solicitor

## INTERROGATORIES

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT BRENT CONWAY'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS
<u>DIRECTED TO PLAINTIFF AUDRA McCOWAN</u>**

DEFENDANT, Sergeant Brent Conway, has served his first set of Interrogatories and Requests for Production of Documents directed to Plaintiff McCowan pursuant to Federal Rules of Civil Procedure. Please respond to these requests as follows:

1.      Your Answers, duly executed and sworn, must be returned within the amount of time dictated by the Federal Rules of Civil Procedure.

2.      These Interrogatories and Request for Production of Documents are continuing in nature and, therefore, will require supplemental responses as additional information is obtained by the Plaintiff(s) as mandated pursuant to the applicable Rules of Civil Procedure.

3.      Your responses shall be based upon information known to you or in the possession, custody or control of you, your attorney or other representative acting on your behalf, whether in preparation for litigation or otherwise.

4.      The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each interrogatory or request for documents as completely as possible. This means that you must provide an answer now based on the information

## INTERROGATORIES

you currently know or have in your possession, custody or control. You may not withhold such information until your investigation has concluded or discovery is complete.

5.      The omission of any name, fact, or other item of information from your responses shall be deemed a representation that such name, fact, or other item was not known to the Plaintiff, the Plaintiff's counsel, or other representatives at the time of service of your responses.

6.      All terms in these Interrogatories and Requests for Documents shall be given their ordinary meaning unless specifically defined otherwise.

7.      When an Interrogatory requests you to "Identify" a person or place, you are to provide that person's or place's name, address and telephone number.

8.      When an Interrogatory requests you to "Identify" a document, you are to provide the name, address and telephone number of the person who authored the document, the nature and content of the document identified, and the date and place where it was prepared or authored.

9.      For purposes of these Interrogatories, and as the facts of this civil action may require, the singular shall be plural and the plural shall be singular where applicable or appropriate.

10.     As the context of the Interrogatory may require, "you" or "your" shall mean the Plaintiff, or the Plaintiff's agent, representative or other person acting on the Plaintiff's behalf.

## **INTERROGATORIES**

1.  Has Defendant MacDonald treated you differently because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.  The date, time, and location of each such incident;

    b.  Which protected classification caused the different treatment;

    c.  A brief description of each such incident;

## INTERROGATORIES

d.  The names and contact information of any witnesses to each such incident;

e.  If an incident involved a disciplinary action, the nature of any disciplinary action taken by Defendant MacDonald;

f.  If the incident involved non-disciplinary action, the nature of any non-disciplinary action taken by Defendant MacDonald;

g.  The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

2.  Has Defendant MacDonald harassed you because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

a.  The date, time, and location of each such incident;

b.  Which protected classification caused the harassment;

c.  A brief description of each such incident;

d.  The names and contact information of any witnesses to each such incident;

e.  Whether, in each instance, the manner in, and extent to which the harassment interfered with your work performance ;

f.  The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

3.  Has Defendant MacDonald retaliated against you for filing or participating in a charge, complaint, or investigation concerning discrimination with any internal office or external agency? If so, please include:

a.  The date(s) of your participation in each charge, complaint or investigation;

## INTERROGATORIES

     b.  The office or agency with which you filed or participated in a charge, complaint, or investigation;

     c.  A brief description of the basis for each such charge, complaint, or investigation;

     d.  The outcome of any charge, complaint, or investigation;

     e.  A detailed description of the manner in which you allege Defendant MacDonald retaliated against you.

4.  Has Defendant MacDonald retaliated against you for opposing a discriminatory practice? If so, please include:

     a.  The date, time, and location of each such practice you witnessed;

     b.  A full description of the practice you maintain you challenged;

     c.  A full description of the manner in which you opposed each such practice;

     d.  The manner in which you allege Defendant MacDonald retaliated against you.

5.  Are you aware of any witnesses, including yourself, to the incidents which form the basis of your Complaint as it pertains to Defendant MacDonald? If so, please include:

     a.  The name of the witness;

     b.  The address and telephone number of the witness;

     c.  Whether the witness gave a statement to anyone about the incident;

     d.  The identity of the individual or organization to which the witness gave a statement regarding the incident;

     e.  Your relationship to the witness.

6.  Are you claiming that, as a result of the incidents which form the basis for this Complaint, that you sustained physical or emotional injuries? If so, please include a detailed description of how Defendant MacDonald's conduct caused you injury.

## INTERROGATORIES

7. Have you created – or do you or your agents possess – any letter, formal complaint, report, memorandum, statement, email, message, blog post, "Facebook" post or message, "Twitter" post or message, video recording, audio recording, photographs, or any other document relating to the incidents which form the basis for your allegations against Defendant MacDonald? If so, please include:

    a. Date you or your agents created any such document;

    b. Person to whom any such document was transmitted/sent;

    c. Contents of any such document;

    d. Current location of any such document.

8. Please identify the fact witnesses you, or your attorney/agent, intend to call at trial to testify regarding Defendant MacDonald. For each witness, please include:

    a. The witness' name;

    b. The witness' address;

    c. A summary of the witness' expected testimony.

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

/s/ Daniel R. Unterburger
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
daniel.unterburger@phila.gov

Dated: June 4, 2020

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please provide the following:

1. Any and all documents you intend to introduce at any trial or hearing in this matter as pertain to Defendant MacDonald, whether in support of your case-in-chief, or as impeachment or rebuttal evidence;

2. Any and all documents identified or referred to in Plaintiff's Answers to Interrogatories served in this matter;

3. All statements, memoranda, writings, formal or informal complaints, email, blog posts, "Facebook" posts or messages, "Twitter" posts or messages, or other documents of Plaintiff, agents or individuals acting on Plaintiff's behalf, Defendant MacDonald, or witnesses relating to the incident which forms the basis for Plaintiff's Complaint;

4. All medical, chiropractic, therapeutic, or psychological records, progress notes, diagnoses, prognoses, or other written or electronic documents, including prescriptions and pharmacy records concerning dispensation of medication, relating to treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant MacDonald;

5. All bills, invoices, insurance liens, or other documents showing the amounts owed for any treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant MacDonald;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

6.  All receipts, confirmations, or other documentation of amounts paid by Plaintiff for treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant MacDonald;

7.  Copies of any text messages exchanged between Plaintiff and Defendant MacDonald.

8.  Reports, including any draft reports, of any experts who will testify at trial;

9.  Communications between you and any experts who will testify at trial;

10. Curriculum vitae of any experts who will testify at trial;

11. Any and all documents that you possess or control that support any claim of discrimination, harassment or retaliation against Defendant MacDonald;

12. Any and all documents submitted by you to your employer, any internal office thereof, and/or administrative agency concerning a charge, complaint, or investigation of discrimination, harassment, or retaliation;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

13. Diaries or other personal records you maintained during the time periods at issue in your

Complaint which mention Defendant MacDonald by name, by reference, or by

implication.

**CITY OF PHILADELPHIA
LAW DEPARTMENT**

/s/ Daniel R. Unterburger
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
Dated: June 4, 2020                      daniel.unterburger@phila.gov

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.** | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I certify that on this date **Interrogatories and Requests for Production of Documents**

were served by electronic mail as follows:

**TO:**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

                                        **CITY OF PHILADELPHIA
                                        LAW DEPARTMENT**

                                        /s/ Daniel R. Unterburger
                                        DANIEL R. UNTERBURGER
                                        Assistant City Solicitor
                                        1515 Arch Street, 16th Floor
                                        Philadelphia, PA 19102
                                        215.683.5080
Dated: June 4, 2020                     daniel.unterburger@phila.gov



CITY OF PHILADELPHIA

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

Daniel R. Unterburger
Assistant City Solicitor
Labor & Employment Unit, 16th Floor
215.683.5080
215.683.5099 (fax)
daniel.unterburger@phila.gov

June 4, 2020

**BY ELECTRONIC MAIL**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

RE: **Audra McCowan and Jennifer Allen v. City of Philadelphia, et al.**
      **Civil Action No. 19-cv-3326-KSM**

Dear Attorney Bryson:

I have enclosed Deputy Commissioner Christine Coulter's First Set of Interrogatories and Requests for Production of Documents directed to Plaintiff Allen. Kindly respond within the time allotted by the Federal Rules of Civil Procedure.

Please do not hesitate to contact me should you wish to discuss this matter further.

Respectfully,

*/s/ Daniel R. Unterburger*
Daniel R. Unterburger
Assistant City Solicitor

<u>INTERROGATORIES</u>

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.** | : | |
| Defendant. | : | |

**DEFENDANT CHRISTINE COULTER'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS
<u>DIRECTED TO PLAINTIFF JENNIFER ALLEN</u>**

DEFENDANT, Deputy Commissioner Christine Coulter, has served his first set of Interrogatories and Requests for Production of Documents directed to Plaintiff Allen pursuant to Federal Rules of Civil Procedure. Please respond to these requests as follows:

1.      Your Answers, duly executed and sworn, must be returned within the amount of time dictated by the Federal Rules of Civil Procedure.

2.      These Interrogatories and Request for Production of Documents are continuing in nature and, therefore, will require supplemental responses as additional information is obtained by the Plaintiff(s) as mandated pursuant to the applicable Rules of Civil Procedure.

3.      Your responses shall be based upon information known to you or in the possession, custody or control of you, your attorney or other representative acting on your behalf, whether in preparation for litigation or otherwise.

4.      The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each interrogatory or request for documents as completely as possible. This means that you must provide an answer now based on the information

## INTERROGATORIES

you currently know or have in your possession, custody or control. You may not withhold such information until your investigation has concluded or discovery is complete.

5.     The omission of any name, fact, or other item of information from your responses shall be deemed a representation that such name, fact, or other item was not known to the Plaintiff, the Plaintiff's counsel, or other representatives at the time of service of your responses.

6.     All terms in these Interrogatories and Requests for Documents shall be given their ordinary meaning unless specifically defined otherwise.

7.     When an Interrogatory requests you to "Identify" a person or place, you are to provide that person's or place's name, address and telephone number.

8.     When an Interrogatory requests you to "Identify" a document, you are to provide the name, address and telephone number of the person who authored the document, the nature and content of the document identified, and the date and place where it was prepared or authored.

9.     For purposes of these Interrogatories, and as the facts of this civil action may require, the singular shall be plural and the plural shall be singular where applicable or appropriate.

10.     As the context of the Interrogatory may require, "you" or "your" shall mean the Plaintiff, or the Plaintiff's agent, representative or other person acting on the Plaintiff's behalf.

### **INTERROGATORIES**

1.  Has Defendant Coulter treated you differently because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.  The date, time, and location of each such incident;

    b.  Which protected classification caused the different treatment;

    c.  A brief description of each such incident;

## INTERROGATORIES

    d.   The names and contact information of any witnesses to each such incident;

    e.   If an incident involved a disciplinary action, the nature of any disciplinary action taken by Defendant Coulter;

    f.   If the incident involved non-disciplinary action, the nature of any non-disciplinary action taken by Defendant Coulter;

    g.   The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

2.   Has Defendant Coulter harassed you because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.   The date, time, and location of each such incident;

    b.   Which protected classification caused the harassment;

    c.   A brief description of each such incident;

    d.   The names and contact information of any witnesses to each such incident;

    e.   Whether, in each instance, the manner in, and extent to which the harassment interfered with your work performance ;

    f.   The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

3.   Has Defendant Coulter retaliated against you for filing or participating in a charge, complaint, or investigation concerning discrimination with any internal office or external agency? If so, please include:

    a.   The date(s) of your participation in each charge, complaint or investigation;

## INTERROGATORIES

     b.  The office or agency with which you filed or participated in a charge, complaint, or investigation;

     c.  A brief description of the basis for each such charge, complaint, or investigation;

     d.  The outcome of any charge, complaint, or investigation;

     e.  A detailed description of the manner in which you allege Defendant Coulter retaliated against you.

4.  Has Defendant Coulter retaliated against you for opposing a discriminatory practice? If so, please include:

     a.  The date, time, and location of each such practice you witnessed;

     b.  A full description of the practice you maintain you challenged;

     c.  A full description of the manner in which you opposed each such practice;

     d.  The manner in which you allege Defendant Coulter retaliated against you.

5.  Are you aware of any witnesses, including yourself, to the incidents which form the basis of your Complaint as it pertains to Defendant Coulter? If so, please include:

     a.  The name of the witness;

     b.  The address and telephone number of the witness;

     c.  Whether the witness gave a statement to anyone about the incident;

     d.  The identity of the individual or organization to which the witness gave a statement regarding the incident;

     e.  Your relationship to the witness.

6.  Are you claiming that, as a result of the incidents which form the basis for this Complaint, that you sustained physical or emotional injuries? If so, please include a detailed description of how Defendant Coulter's conduct caused you injury.

## INTERROGATORIES

7. Have you created – or do you or your agents possess – any letter, formal complaint, report, memorandum, statement, email, message, blog post, "Facebook" post or message, "Twitter" post or message, video recording, audio recording, photographs, or any other document relating to the incidents which form the basis for your allegations against Defendant Coulter? If so, please include:

   a. Date you or your agents created any such document;

   b. Person to whom any such document was transmitted/sent;

   c. Contents of any such document;

   d. Current location of any such document.

8. Please identify the fact witnesses you, or your attorney/agent, intend to call at trial to testify regarding Defendant Coulter. For each witness, please include:

   a. The witness' name;

   b. The witness' address;

   c. A summary of the witness' expected testimony.

<div align="right">

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

/s/ Daniel R. Unterburger
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
daniel.unterburger@phila.gov

</div>

Dated: June 4, 2020

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please provide the following:

1. Any and all documents you intend to introduce at any trial or hearing in this matter as pertain to Defendant Coulter, whether in support of your case-in-chief, or as impeachment or rebuttal evidence;

2. Any and all documents identified or referred to in Plaintiff's Answers to Interrogatories served in this matter;

3. All statements, memoranda, writings, formal or informal complaints, email, blog posts, "Facebook" posts or messages, "Twitter" posts or messages, or other documents of Plaintiff, agents or individuals acting on Plaintiff's behalf, Defendant Coulter, or witnesses relating to the incident which forms the basis for Plaintiff's Complaint;

4. All medical, chiropractic, therapeutic, or psychological records, progress notes, diagnoses, prognoses, or other written or electronic documents, including prescriptions and pharmacy records concerning dispensation of medication, relating to treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant Coulter;

5. All bills, invoices, insurance liens, or other documents showing the amounts owed for any treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant Coulter;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

6.  All receipts, confirmations, or other documentation of amounts paid by Plaintiff for treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant Coulter;

7.  Copies of any text messages exchanged between Plaintiff and Defendant Coulter.

8.  Reports, including any draft reports, of any experts who will testify at trial;

9.  Communications between you and any experts who will testify at trial;

10. Curriculum vitae of any experts who will testify at trial;

11. Any and all documents that you possess or control that support any claim of discrimination, harassment or retaliation against Defendant Coulter;

12. Any and all documents submitted by you to your employer, any internal office thereof, and/or administrative agency concerning a charge, complaint, or investigation of discrimination, harassment, or retaliation;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

13. Diaries or other personal records you maintained during the time periods at issue in your

Complaint which mention Defendant Coulter by name, by reference, or by implication.

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

/s/ Daniel R. Unterburger
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
14. Dated: June 4, 2020          daniel.unterburger@phila.gov

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.** | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I certify that on this date **Interrogatories and Requests for Production of Documents**

were served by electronic mail as follows:

**TO:**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

                                                **CITY OF PHILADELPHIA
LAW DEPARTMENT**

                                                /s/ Daniel R. Unterburger
                                                DANIEL R. UNTERBURGER
                                                Assistant City Solicitor
                                                1515 Arch Street, 16th Floor
                                                Philadelphia, PA 19102
                                                215.683.5080

Dated: June 4, 2020                     daniel.unterburger@phila.gov



CITY OF PHILADELPHIA

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

Daniel R. Unterburger
Assistant City Solicitor
Labor & Employment Unit, 16th Floor
215.683.5080
215.683.5099 (fax)
daniel.unterburger@phila.gov

June 4, 2020

**BY ELECTRONIC MAIL**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

RE:    **Audra McCowan and Jennifer Allen v. City of Philadelphia, et al.**
       **Civil Action No. 19-cv-3326-KSM**

Dear Attorney Bryson:

I have enclosed Deputy Commissioner Christine Coulter's First Set of Interrogatories and
Requests for Production of Documents directed to Plaintiff McCowan. Kindly respond within the
time allotted by the Federal Rules of Civil Procedure.

Please do not hesitate to contact me should you wish to discuss this matter further.

Respectfully,

*/s/ Daniel R. Unterburger*
Daniel R. Unterburger
Assistant City Solicitor

<u>INTERROGATORIES</u>

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT CHRISTINE COULTER'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS
<u>DIRECTED TO PLAINTIFF AUDRA McCOWAN</u>**

DEFENDANT, Deputy Commissioner Christine Coulter, has served his first set of Interrogatories and Requests for Production of Documents directed to Plaintiff McCowan pursuant to Federal Rules of Civil Procedure. Please respond to these requests as follows:

1.     Your Answers, duly executed and sworn, must be returned within the amount of time dictated by the Federal Rules of Civil Procedure.

2.     These Interrogatories and Request for Production of Documents are continuing in nature and, therefore, will require supplemental responses as additional information is obtained by the Plaintiff(s) as mandated pursuant to the applicable Rules of Civil Procedure.

3.     Your responses shall be based upon information known to you or in the possession, custody or control of you, your attorney or other representative acting on your behalf, whether in preparation for litigation or otherwise.

4.     The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each interrogatory or request for documents as completely as possible. This means that you must provide an answer now based on the information

## INTERROGATORIES

you currently know or have in your possession, custody or control. You may not withhold such information until your investigation has concluded or discovery is complete.

5.      The omission of any name, fact, or other item of information from your responses shall be deemed a representation that such name, fact, or other item was not known to the Plaintiff, the Plaintiff's counsel, or other representatives at the time of service of your responses.

6.      All terms in these Interrogatories and Requests for Documents shall be given their ordinary meaning unless specifically defined otherwise.

7.      When an Interrogatory requests you to "Identify" a person or place, you are to provide that person's or place's name, address and telephone number.

8.      When an Interrogatory requests you to "Identify" a document, you are to provide the name, address and telephone number of the person who authored the document, the nature and content of the document identified, and the date and place where it was prepared or authored.

9.      For purposes of these Interrogatories, and as the facts of this civil action may require, the singular shall be plural and the plural shall be singular where applicable or appropriate.

10.     As the context of the Interrogatory may require, "you" or "your" shall mean the Plaintiff, or the Plaintiff's agent, representative or other person acting on the Plaintiff's behalf.

**INTERROGATORIES**

1. Has Defendant Coulter treated you differently because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.  The date, time, and location of each such incident;

    b.  Which protected classification caused the different treatment;

    c.  A brief description of each such incident;

## INTERROGATORIES

    d.   The names and contact information of any witnesses to each such incident;

    e.   If an incident involved a disciplinary action, the nature of any disciplinary action taken by Defendant Coulter;

    f.   If the incident involved non-disciplinary action, the nature of any non-disciplinary action taken by Defendant Coulter;

    g.   The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

2.   Has Defendant Coulter harassed you because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.   The date, time, and location of each such incident;

    b.   Which protected classification caused the harassment;

    c.   A brief description of each such incident;

    d.   The names and contact information of any witnesses to each such incident;

    e.   Whether, in each instance, the manner in, and extent to which the harassment interfered with your work performance ;

    f.   The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

3.   Has Defendant Coulter retaliated against you for filing or participating in a charge, complaint, or investigation concerning discrimination with any internal office or external agency? If so, please include:

    a.   The date(s) of your participation in each charge, complaint or investigation;

## INTERROGATORIES

      b.  The office or agency with which you filed or participated in a charge, complaint, or investigation;

      c.  A brief description of the basis for each such charge, complaint, or investigation;

      d.  The outcome of any charge, complaint, or investigation;

      e.  A detailed description of the manner in which you allege Defendant Coulter retaliated against you.

4.  Has Defendant Coulter retaliated against you for opposing a discriminatory practice? If so, please include:

      a.  The date, time, and location of each such practice you witnessed;

      b.  A full description of the practice you maintain you challenged;

      c.  A full description of the manner in which you opposed each such practice;

      d.  The manner in which you allege Defendant Coulter retaliated against you.

5.  Are you aware of any witnesses, including yourself, to the incidents which form the basis of your Complaint as it pertains to Defendant Coulter? If so, please include:

      a.  The name of the witness;

      b.  The address and telephone number of the witness;

      c.  Whether the witness gave a statement to anyone about the incident;

      d.  The identity of the individual or organization to which the witness gave a statement regarding the incident;

      e.  Your relationship to the witness.

6.  Are you claiming that, as a result of the incidents which form the basis for this Complaint, that you sustained physical or emotional injuries? If so, please include a detailed description of how Defendant Coulter's conduct caused you injury.

## INTERROGATORIES

7. Have you created – or do you or your agents possess – any letter, formal complaint, report, memorandum, statement, email, message, blog post, "Facebook" post or message, "Twitter" post or message, video recording, audio recording, photographs, or any other document relating to the incidents which form the basis for your allegations against Defendant Coulter? If so, please include:

   a. Date you or your agents created any such document;

   b. Person to whom any such document was transmitted/sent;

   c. Contents of any such document;

   d. Current location of any such document.

8. Please identify the fact witnesses you, or your attorney/agent, intend to call at trial to testify regarding Defendant Coulter. For each witness, please include:

   a. The witness' name;

   b. The witness' address;

   c. A summary of the witness' expected testimony.

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

/s/ Daniel R. Unterburger
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
Dated: June 4, 2020                     daniel.unterburger@phila.gov

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please provide the following:

1. Any and all documents you intend to introduce at any trial or hearing in this matter as pertain to Defendant Coulter, whether in support of your case-in-chief, or as impeachment or rebuttal evidence;

2. Any and all documents identified or referred to in Plaintiff's Answers to Interrogatories served in this matter;

3. All statements, memoranda, writings, formal or informal complaints, email, blog posts, "Facebook" posts or messages, "Twitter" posts or messages, or other documents of Plaintiff, agents or individuals acting on Plaintiff's behalf, Defendant Coulter, or witnesses relating to the incident which forms the basis for Plaintiff's Complaint;

4. All medical, chiropractic, therapeutic, or psychological records, progress notes, diagnoses, prognoses, or other written or electronic documents, including prescriptions and pharmacy records concerning dispensation of medication, relating to treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant Coulter;

5. All bills, invoices, insurance liens, or other documents showing the amounts owed for any treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant Coulter;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

6.   All receipts, confirmations, or other documentation of amounts paid by Plaintiff for treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant Coulter;

7.   Copies of any text messages exchanged between Plaintiff and Defendant Coulter.

8.   Reports, including any draft reports, of any experts who will testify at trial;

9.   Communications between you and any experts who will testify at trial;

10.  Curriculum vitae of any experts who will testify at trial;

11.  Any and all documents that you possess or control that support any claim of discrimination, harassment or retaliation against Defendant Coulter;

12.  Any and all documents submitted by you to your employer, any internal office thereof, and/or administrative agency concerning a charge, complaint, or investigation of discrimination, harassment, or retaliation;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

13. Diaries or other personal records you maintained during the time periods at issue in your

Complaint which mention Defendant Coulter by name, by reference, or by implication.

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

/s/ Daniel R. Unterburger
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
daniel.unterburger@phila.gov

14. Dated: June 4, 2020

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| Defendant. | : | |

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on this date **Interrogatories and Requests for Production of Documents**

were served by electronic mail as follows:

**TO:**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

                                             **CITY OF PHILADELPHIA
LAW DEPARTMENT**

                                             /s/ Daniel R. Unterburger
                                             DANIEL R. UNTERBURGER
                                             Assistant City Solicitor
                                             1515 Arch Street, 16th Floor
                                           Philadelphia, PA 19102
                                           215.683.5080

Dated: June 4, 2020                         daniel.unterburger@phila.gov



LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

Daniel R. Unterburger
Assistant City Solicitor
Labor & Employment Unit, 16th Floor
215.683.5080
215.683.5099 (fax)
daniel.unterburger@phila.gov

June 4, 2020

**BY ELECTRONIC MAIL**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

RE:   **Audra McCowan and Jennifer Allen v. City of Philadelphia, et al.**
        **Civil Action No. 19-cv-3326-KSM**

Dear Attorney Bryson:

I have enclosed Sergeant Herbert Gibbons's First Set of Interrogatories and Requests for Production of Documents directed to Plaintiff Allen. Kindly respond within the time allotted by the Federal Rules of Civil Procedure.

Please do not hesitate to contact me should you wish to discuss this matter further.

Respectfully,

*/s/ Daniel R. Unterburger*
Daniel R. Unterburger
Assistant City Solicitor

<u>INTERROGATORIES</u>

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.**, | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.** | : | |
| Defendant. | : | |

### DEFENDANT HERBERT GIBBON'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS
### <u>DIRECTED TO PLAINTIFF JENNIFER ALLEN</u>

DEFENDANT, Sergeant Herbert Gibbons, has served his first set of Interrogatories and Requests for Production of Documents directed to Plaintiff Allen pursuant to Federal Rules of Civil Procedure. Please respond to these requests as follows:

1.      Your Answers, duly executed and sworn, must be returned within the amount of time dictated by the Federal Rules of Civil Procedure.

2.      These Interrogatories and Request for Production of Documents are continuing in nature and, therefore, will require supplemental responses as additional information is obtained by the Plaintiff(s) as mandated pursuant to the applicable Rules of Civil Procedure.

3.      Your responses shall be based upon information known to you or in the possession, custody or control of you, your attorney or other representative acting on your behalf, whether in preparation for litigation or otherwise.

4.      The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each interrogatory or request for documents as completely as possible. This means that you must provide an answer now based on the information

## INTERROGATORIES

you currently know or have in your possession, custody or control. You may not withhold such information until your investigation has concluded or discovery is complete.

5.      The omission of any name, fact, or other item of information from your responses shall be deemed a representation that such name, fact, or other item was not known to the Plaintiff, the Plaintiff's counsel, or other representatives at the time of service of your responses.

6.      All terms in these Interrogatories and Requests for Documents shall be given their ordinary meaning unless specifically defined otherwise.

7.      When an Interrogatory requests you to "Identify" a person or place, you are to provide that person's or place's name, address and telephone number.

8.      When an Interrogatory requests you to "Identify" a document, you are to provide the name, address and telephone number of the person who authored the document, the nature and content of the document identified, and the date and place where it was prepared or authored.

9.      For purposes of these Interrogatories, and as the facts of this civil action may require, the singular shall be plural and the plural shall be singular where applicable or appropriate.

10.     As the context of the Interrogatory may require, "you" or "your" shall mean the Plaintiff, or the Plaintiff's agent, representative or other person acting on the Plaintiff's behalf.

## **INTERROGATORIES**

1. Has Defendant Gibbons treated you differently because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

   a.  The date, time, and location of each such incident;

   b.  Which protected classification caused the different treatment;

   c.  A brief description of each such incident;

## INTERROGATORIES

    d.   The names and contact information of any witnesses to each such incident;

    e.   If an incident involved a disciplinary action, the nature of any disciplinary action taken by Defendant Gibbons;

    f.   If the incident involved non-disciplinary action, the nature of any non-disciplinary action taken by Defendant Gibbons;

    g.   The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

2.   Has Defendant Gibbons harassed you because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.   The date, time, and location of each such incident;

    b.   Which protected classification caused the harassment;

    c.   A brief description of each such incident;

    d.   The names and contact information of any witnesses to each such incident;

    e.   Whether, in each instance, the manner in, and extent to which the harassment interfered with your work performance ;

    f.   The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

3.   Has Defendant Gibbons retaliated against you for filing or participating in a charge, complaint, or investigation concerning discrimination with any internal office or external agency? If so, please include:

    a.   The date(s) of your participation in each charge, complaint or investigation;

## INTERROGATORIES

    b.  The office or agency with which you filed or participated in a charge, complaint, or investigation;

    c.  A brief description of the basis for each such charge, complaint, or investigation;

    d.  The outcome of any charge, complaint, or investigation;

    e.  A detailed description of the manner in which you allege Defendant Gibbons retaliated against you.

4.  Has Defendant Gibbons retaliated against you for opposing a discriminatory practice? If so, please include:

    a.  The date, time, and location of each such practice you witnessed;

    b.  A full description of the practice you maintain you challenged;

    c.  A full description of the manner in which you opposed each such practice;

    d.  The manner in which you allege Defendant Gibbons retaliated against you.

5.  Are you aware of any witnesses, including yourself, to the incidents which form the basis of your Complaint as it pertains to Defendant Gibbons? If so, please include:

    a.  The name of the witness;

    b.  The address and telephone number of the witness;

    c.  Whether the witness gave a statement to anyone about the incident;

    d.  The identity of the individual or organization to which the witness gave a statement regarding the incident;

    e.  Your relationship to the witness.

6.  Are you claiming that, as a result of the incidents which form the basis for this Complaint, that you sustained physical or emotional injuries? If so, please include a detailed description of how Defendant Gibbons's conduct caused you injury.

## INTERROGATORIES

7. Have you created – or do you or your agents possess – any letter, formal complaint, report, memorandum, statement, email, message, blog post, "Facebook" post or message, "Twitter" post or message, video recording, audio recording, photographs, or any other document relating to the incidents which form the basis for your allegations against Defendant Gibbons? If so, please include:

   a. Date you or your agents created any such document;

   b. Person to whom any such document was transmitted/sent;

   c. Contents of any such document;

   d. Current location of any such document.

8. Please identify the fact witnesses you, or your attorney/agent, intend to call at trial to testify regarding Defendant Gibbons. For each witness, please include:

   a. The witness' name;

   b. The witness' address;

   c. A summary of the witness' expected testimony.

<div style="margin-left:50%">

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

/s/ Daniel R. Unterburger
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
daniel.unterburger@phila.gov

</div>

Dated: June 4, 2020

## REQUESTS FOR PRODUCTION OF DOCUMENTS

<u>Please provide the following</u>:

1. Any and all documents you intend to introduce at any trial or hearing in this matter as pertain to Defendant Gibbons, whether in support of your case-in-chief, or as impeachment or rebuttal evidence;

2. Any and all documents identified or referred to in Plaintiff's Answers to Interrogatories served in this matter;

3. All statements, memoranda, writings, formal or informal complaints, email, blog posts, "Facebook" posts or messages, "Twitter" posts or messages, or other documents of Plaintiff, agents or individuals acting on Plaintiff's behalf, Defendant Gibbons, or witnesses relating to the incident which forms the basis for Plaintiff's Complaint;

4. All medical, chiropractic, therapeutic, or psychological records, progress notes, diagnoses, prognoses, or other written or electronic documents, including prescriptions and pharmacy records concerning dispensation of medication, relating to treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant Gibbons;

5. All bills, invoices, insurance liens, or other documents showing the amounts owed for any treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant Gibbons;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

6.  All receipts, confirmations, or other documentation of amounts paid by Plaintiff for treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant Gibbons;

7.  Copies of any text messages exchanged between Plaintiff and Defendant Gibbons.

8.  Reports, including any draft reports, of any experts who will testify at trial;

9.  Communications between you and any experts who will testify at trial;

10. Curriculum vitae of any experts who will testify at trial;

11. Any and all documents that you possess or control that support any claim of discrimination, harassment or retaliation against Defendant Gibbons;

12. Any and all documents submitted by you to your employer, any internal office thereof, and/or administrative agency concerning a charge, complaint, or investigation of discrimination, harassment, or retaliation;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

13. Diaries or other personal records you maintained during the time periods at issue in your

Complaint which mention Defendant Gibbons by name, by reference, or by implication.

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

/s/ Daniel R. Unterburger
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
14. Dated: June 4, 2020        daniel.unterburger@phila.gov

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| Defendant. | : | |

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on this date **Interrogatories and Requests for Production of Documents**

were served by electronic mail as follows:

**TO:**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

                                               **CITY OF PHILADELPHIA
LAW DEPARTMENT**

                                               /s/ Daniel R. Unterburger
                                               DANIEL R. UNTERBURGER
                                               Assistant City Solicitor
                                               1515 Arch Street, 16th Floor
                                               Philadelphia, PA 19102
                                             215.683.5080

Dated: June 4, 2020                             daniel.unterburger@phila.gov



LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

Daniel R. Unterburger
Assistant City Solicitor
Labor & Employment Unit, 16th Floor
215.683.5080
215.683.5099 (fax)
daniel.unterburger@phila.gov

June 4, 2020

**BY ELECTRONIC MAIL**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

RE:   **Audra McCowan and Jennifer Allen v. City of Philadelphia, et al.**
       **Civil Action No. 19-cv-3326-KSM**

Dear Attorney Bryson:

I have enclosed Sergeant Herbert Gibbons's First Set of Interrogatories and Requests for Production of Documents directed to Plaintiff McCowan. Kindly respond within the time allotted by the Federal Rules of Civil Procedure.

Please do not hesitate to contact me should you wish to discuss this matter further.

Respectfully,

*/s/ Daniel R. Unterburger*
Daniel R. Unterburger
Assistant City Solicitor

<u>INTERROGATORIES</u>

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.** | : | |
| Defendant. | : | |

## DEFENDANT HERBERT GIBBON'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS
## <u>DIRECTED TO PLAINTIFF AUDRA McCOWAN</u>

DEFENDANT, Sergeant Herbert Gibbons, has served his first set of Interrogatories and Requests for Production of Documents directed to Plaintiff McCowan pursuant to Federal Rules of Civil Procedure. Please respond to these requests as follows:

1.      Your Answers, duly executed and sworn, must be returned within the amount of time dictated by the Federal Rules of Civil Procedure.

2.      These Interrogatories and Request for Production of Documents are continuing in nature and, therefore, will require supplemental responses as additional information is obtained by the Plaintiff(s) as mandated pursuant to the applicable Rules of Civil Procedure.

3.      Your responses shall be based upon information known to you or in the possession, custody or control of you, your attorney or other representative acting on your behalf, whether in preparation for litigation or otherwise.

4.      The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each interrogatory or request for documents as completely as possible. This means that you must provide an answer now based on the information

## INTERROGATORIES

you currently know or have in your possession, custody or control. You may not withhold such information until your investigation has concluded or discovery is complete.

5.      The omission of any name, fact, or other item of information from your responses shall be deemed a representation that such name, fact, or other item was not known to the Plaintiff, the Plaintiff's counsel, or other representatives at the time of service of your responses.

6.      All terms in these Interrogatories and Requests for Documents shall be given their ordinary meaning unless specifically defined otherwise.

7.      When an Interrogatory requests you to "Identify" a person or place, you are to provide that person's or place's name, address and telephone number.

8.      When an Interrogatory requests you to "Identify" a document, you are to provide the name, address and telephone number of the person who authored the document, the nature and content of the document identified, and the date and place where it was prepared or authored.

9.      For purposes of these Interrogatories, and as the facts of this civil action may require, the singular shall be plural and the plural shall be singular where applicable or appropriate.

10.     As the context of the Interrogatory may require, "you" or "your" shall mean the Plaintiff, or the Plaintiff's agent, representative or other person acting on the Plaintiff's behalf.

## **INTERROGATORIES**

1. Has Defendant Gibbons treated you differently because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.  The date, time, and location of each such incident;

    b.  Which protected classification caused the different treatment;

    c.  A brief description of each such incident;

## INTERROGATORIES

    d.   The names and contact information of any witnesses to each such incident;

    e.   If an incident involved a disciplinary action, the nature of any disciplinary action taken by Defendant Gibbons;

    f.   If the incident involved non-disciplinary action, the nature of any non-disciplinary action taken by Defendant Gibbons;

    g.   The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

2.  Has Defendant Gibbons harassed you because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.   The date, time, and location of each such incident;

    b.   Which protected classification caused the harassment;

    c.   A brief description of each such incident;

    d.   The names and contact information of any witnesses to each such incident;

    e.   Whether, in each instance, the manner in, and extent to which the harassment interfered with your work performance ;

    f.   The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

3.  Has Defendant Gibbons retaliated against you for filing or participating in a charge, complaint, or investigation concerning discrimination with any internal office or external agency? If so, please include:

    a.   The date(s) of your participation in each charge, complaint or investigation;

## INTERROGATORIES

> b.  The office or agency with which you filed or participated in a charge, complaint, or investigation;
>
> c.  A brief description of the basis for each such charge, complaint, or investigation;
>
> d.  The outcome of any charge, complaint, or investigation;
>
> e.  A detailed description of the manner in which you allege Defendant Gibbons retaliated against you.

4.  Has Defendant Gibbons retaliated against you for opposing a discriminatory practice? If so, please include:

> a.  The date, time, and location of each such practice you witnessed;
>
> b.  A full description of the practice you maintain you challenged;
>
> c.  A full description of the manner in which you opposed each such practice;
>
> d.  The manner in which you allege Defendant Gibbons retaliated against you.

5.  Are you aware of any witnesses, including yourself, to the incidents which form the basis of your Complaint as it pertains to Defendant Gibbons? If so, please include:

> a.  The name of the witness;
>
> b.  The address and telephone number of the witness;
>
> c.  Whether the witness gave a statement to anyone about the incident;
>
> d.  The identity of the individual or organization to which the witness gave a statement regarding the incident;
>
> e.  Your relationship to the witness.

6.  Are you claiming that, as a result of the incidents which form the basis for this Complaint, that you sustained physical or emotional injuries? If so, please include a detailed description of how Defendant Gibbons's conduct caused you injury.

## INTERROGATORIES

7. Have you created – or do you or your agents possess – any letter, formal complaint, report, memorandum, statement, email, message, blog post, "Facebook" post or message, "Twitter" post or message, video recording, audio recording, photographs, or any other document relating to the incidents which form the basis for your allegations against Defendant Gibbons? If so, please include:

   a. Date you or your agents created any such document;

   b. Person to whom any such document was transmitted/sent;

   c. Contents of any such document;

   d. Current location of any such document.

8. Please identify the fact witnesses you, or your attorney/agent, intend to call at trial to testify regarding Defendant Gibbons. For each witness, please include:

   a. The witness' name;

   b. The witness' address;

   c. A summary of the witness' expected testimony.

<div align="right">

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**


/s/ Daniel R. Unterburger
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
daniel.unterburger@phila.gov

</div>

Dated: June 4, 2020

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please provide the following:

1. Any and all documents you intend to introduce at any trial or hearing in this matter as pertain to Defendant Gibbons, whether in support of your case-in-chief, or as impeachment or rebuttal evidence;

2. Any and all documents identified or referred to in Plaintiff's Answers to Interrogatories served in this matter;

3. All statements, memoranda, writings, formal or informal complaints, email, blog posts, "Facebook" posts or messages, "Twitter" posts or messages, or other documents of Plaintiff, agents or individuals acting on Plaintiff's behalf, Defendant Gibbons, or witnesses relating to the incident which forms the basis for Plaintiff's Complaint;

4. All medical, chiropractic, therapeutic, or psychological records, progress notes, diagnoses, prognoses, or other written or electronic documents, including prescriptions and pharmacy records concerning dispensation of medication, relating to treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant Gibbons;

5. All bills, invoices, insurance liens, or other documents showing the amounts owed for any treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant Gibbons;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

6.  All receipts, confirmations, or other documentation of amounts paid by Plaintiff for treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant Gibbons;

7.  Copies of any text messages exchanged between Plaintiff and Defendant Gibbons.

8.  Reports, including any draft reports, of any experts who will testify at trial;

9.  Communications between you and any experts who will testify at trial;

10. Curriculum vitae of any experts who will testify at trial;

11. Any and all documents that you possess or control that support any claim of discrimination, harassment or retaliation against Defendant Gibbons;

12. Any and all documents submitted by you to your employer, any internal office thereof, and/or administrative agency concerning a charge, complaint, or investigation of discrimination, harassment, or retaliation;

<u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

13. Diaries or other personal records you maintained during the time periods at issue in your

Complaint which mention Defendant Gibbons by name, by reference, or by implication.

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

<u>/s/ Daniel R. Unterburger        </u>
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
Dated: June 4, 2020          daniel.unterburger@phila.gov

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.**, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| Defendant. | : | |

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on this date **Interrogatories and Requests for Production of Documents**

were served by electronic mail as follows:

**TO:**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

<div align="right">

**CITY OF PHILADELPHIA
LAW DEPARTMENT**

/s/ Daniel R. Unterburger
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
daniel.unterburger@phila.gov

</div>

Dated: June 4, 2020



CITY OF PHILADELPHIA

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

Daniel R. Unterburger
Assistant City Solicitor
Labor & Employment Unit, 16th Floor
215.683.5080
215.683.5099 (fax)
daniel.unterburger@phila.gov

June 4, 2020

**BY ELECTRONIC MAIL**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

RE:   **Audra McCowan and Jennifer Allen v. City of Philadelphia, et al.**
      **Civil Action No. 19-cv-3326-KSM**

Dear Attorney Bryson:

I have enclosed Chief Inspector Daniel MacDonald's First Set of Interrogatories and Requests
for Production of Documents directed to Plaintiff Allen. Kindly respond within the time allotted
by the Federal Rules of Civil Procedure.

Please do not hesitate to contact me should you wish to discuss this matter further.

Respectfully,

*/s/ Daniel R. Unterburger*
Daniel R. Unterburger
Assistant City Solicitor

<u>INTERROGATORIES</u>

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.** | : : | |
| Defendant. | : : | |

## DEFENDANT DANIEL MACDONALD'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS <u>DIRECTED TO PLAINTIFF JENNIFER ALLEN</u>

DEFENDANT, Chief Inspector Daniel MacDonald, has served his first set of Interrogatories and Requests for Production of Documents directed to Plaintiff Allen pursuant to Federal Rules of Civil Procedure. Please respond to these requests as follows:

1.      Your Answers, duly executed and sworn, must be returned within the amount of time dictated by the Federal Rules of Civil Procedure.

2.      These Interrogatories and Request for Production of Documents are continuing in nature and, therefore, will require supplemental responses as additional information is obtained by the Plaintiff(s) as mandated pursuant to the applicable Rules of Civil Procedure.

3.      Your responses shall be based upon information known to you or in the possession, custody or control of you, your attorney or other representative acting on your behalf, whether in preparation for litigation or otherwise.

4.      The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each interrogatory or request for documents as completely as possible. This means that you must provide an answer now based on the information

## INTERROGATORIES

you currently know or have in your possession, custody or control. You may not withhold such information until your investigation has concluded or discovery is complete.

5.      The omission of any name, fact, or other item of information from your responses shall be deemed a representation that such name, fact, or other item was not known to the Plaintiff, the Plaintiff's counsel, or other representatives at the time of service of your responses.

6.      All terms in these Interrogatories and Requests for Documents shall be given their ordinary meaning unless specifically defined otherwise.

7.      When an Interrogatory requests you to "Identify" a person or place, you are to provide that person's or place's name, address and telephone number.

8.      When an Interrogatory requests you to "Identify" a document, you are to provide the name, address and telephone number of the person who authored the document, the nature and content of the document identified, and the date and place where it was prepared or authored.

9.      For purposes of these Interrogatories, and as the facts of this civil action may require, the singular shall be plural and the plural shall be singular where applicable or appropriate.

10.      As the context of the Interrogatory may require, "you" or "your" shall mean the Plaintiff, or the Plaintiff's agent, representative or other person acting on the Plaintiff's behalf.

## **INTERROGATORIES**

1. Has Defendant MacDonald treated you differently because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.   The date, time, and location of each such incident;

    b.   Which protected classification caused the different treatment;

    c.   A brief description of each such incident;

<u>INTERROGATORIES</u>

    d.  The names and contact information of any witnesses to each such incident;

    e.  If an incident involved a disciplinary action, the nature of any disciplinary action taken by Defendant MacDonald;

    f.  If the incident involved non-disciplinary action, the nature of any non-disciplinary action taken by Defendant MacDonald;

    g.  The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

2.  Has Defendant MacDonald harassed you because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.  The date, time, and location of each such incident;

    b.  Which protected classification caused the harassment;

    c.  A brief description of each such incident;

    d.  The names and contact information of any witnesses to each such incident;

    e.  Whether, in each instance, the manner in, and extent to which the harassment interfered with your work performance ;

    f.  The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

3.  Has Defendant MacDonald retaliated against you for filing or participating in a charge, complaint, or investigation concerning discrimination with any internal office or external agency? If so, please include:

    a.  The date(s) of your participation in each charge, complaint or investigation;

## INTERROGATORIES

  b. The office or agency with which you filed or participated in a charge, complaint, or investigation;

  c. A brief description of the basis for each such charge, complaint, or investigation;

  d. The outcome of any charge, complaint, or investigation;

  e. A detailed description of the manner in which you allege Defendant MacDonald retaliated against you.

4. Has Defendant MacDonald retaliated against you for opposing a discriminatory practice? If so, please include:

  a. The date, time, and location of each such practice you witnessed;

  b. A full description of the practice you maintain you challenged;

  c. A full description of the manner in which you opposed each such practice;

  d. The manner in which you allege Defendant MacDonald retaliated against you.

5. Are you aware of any witnesses, including yourself, to the incidents which form the basis of your Complaint as it pertains to Defendant MacDonald? If so, please include:

  a. The name of the witness;

  b. The address and telephone number of the witness;

  c. Whether the witness gave a statement to anyone about the incident;

  d. The identity of the individual or organization to which the witness gave a statement regarding the incident;

  e. Your relationship to the witness.

6. Are you claiming that, as a result of the incidents which form the basis for this Complaint, that you sustained physical or emotional injuries? If so, please include a detailed description of how Defendant MacDonald's conduct caused you injury.

## INTERROGATORIES

7. Have you created – or do you or your agents possess – any letter, formal complaint, report, memorandum, statement, email, message, blog post, "Facebook" post or message, "Twitter" post or message, video recording, audio recording, photographs, or any other document relating to the incidents which form the basis for your allegations against Defendant MacDonald? If so, please include:

   a. Date you or your agents created any such document;

   b. Person to whom any such document was transmitted/sent;

   c. Contents of any such document;

   d. Current location of any such document.

8. Please identify the fact witnesses you, or your attorney/agent, intend to call at trial to testify regarding Defendant MacDonald. For each witness, please include:

   a. The witness' name;

   b. The witness' address;

   c. A summary of the witness' expected testimony.

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

/s/ Daniel R. Unterburger
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
Dated: June 4, 2020                    daniel.unterburger@phila.gov

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please provide the following:

1. Any and all documents you intend to introduce at any trial or hearing in this matter as pertain to Defendant MacDonald, whether in support of your case-in-chief, or as impeachment or rebuttal evidence;

2. Any and all documents identified or referred to in Plaintiff's Answers to Interrogatories served in this matter;

3. All statements, memoranda, writings, formal or informal complaints, email, blog posts, "Facebook" posts or messages, "Twitter" posts or messages, or other documents of Plaintiff, agents or individuals acting on Plaintiff's behalf, Defendant MacDonald, or witnesses relating to the incident which forms the basis for Plaintiff's Complaint;

4. All medical, chiropractic, therapeutic, or psychological records, progress notes, diagnoses, prognoses, or other written or electronic documents, including prescriptions and pharmacy records concerning dispensation of medication, relating to treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant MacDonald;

5. All bills, invoices, insurance liens, or other documents showing the amounts owed for any treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant MacDonald;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

6.  All receipts, confirmations, or other documentation of amounts paid by Plaintiff for

    treatment Plaintiff received for physical, psychological, or emotional injuries/conditions

    sustained as a result of the actions of Defendant MacDonald;

7.  Copies of any text messages exchanged between Plaintiff and Defendant MacDonald.

8.  Reports, including any draft reports, of any experts who will testify at trial;

9.  Communications between you and any experts who will testify at trial;

10. Curriculum vitae of any experts who will testify at trial;

11. Any and all documents that you possess or control that support any claim of

    discrimination, harassment or retaliation against Defendant MacDonald;

12. Any and all documents submitted by you to your employer, any internal office thereof,

    and/or administrative agency concerning a charge, complaint, or investigation of

    discrimination, harassment, or retaliation;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

13. Diaries or other personal records you maintained during the time periods at issue in your

Complaint which mention Defendant MacDonald by name, by reference, or by

implication.

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

/s/ Daniel R. Unterburger
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
Dated: June 4, 2020                              daniel.unterburger@phila.gov

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AUDRA McCOWAN, et al.,** | : |
| Plaintiffs, | : |
| v. | :     Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.** | : |
| Defendant. | : |

## <u>CERTIFICATE OF SERVICE</u>

    I certify that on this date **Interrogatories and Requests for Production of Documents**

were served by electronic mail as follows:

**TO:**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

                                                  **CITY OF PHILADELPHIA**
                                                  **LAW DEPARTMENT**

                                                  <u>/s/ Daniel R. Unterburger</u>
                                                  DANIEL R. UNTERBURGER
                                                  Assistant City Solicitor
                                                  1515 Arch Street, 16th Floor
                                                  Philadelphia, PA 19102
                                                  215.683.5080
Dated: June 4, 2020                               daniel.unterburger@phila.gov



CITY OF PHILADELPHIA

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

Daniel R. Unterburger
Assistant City Solicitor
Labor & Employment Unit, 16th Floor
215.683.5080
215.683.5099 (fax)
daniel.unterburger@phila.gov

June 4, 2020

**BY ELECTRONIC MAIL**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

**RE:**   **Audra McCowan and Jennifer Allen v. City of Philadelphia, et al.**
      **Civil Action No. 19-cv-3326-KSM**

Dear Attorney Bryson:

I have enclosed Chief Inspector Daniel MacDonald's First Set of Interrogatories and Requests for Production of Documents directed to Plaintiff McCowan. Kindly respond within the time allotted by the Federal Rules of Civil Procedure.

Please do not hesitate to contact me should you wish to discuss this matter further.

Respectfully,

*/s/ Daniel R. Unterburger*
Daniel R. Unterburger
Assistant City Solicitor

<u>INTERROGATORIES</u>

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT DANIEL MACDONALD'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS
## <u>DIRECTED TO PLAINTIFF AUDRA McCOWAN</u>

DEFENDANT, Chief Inspector Daniel MacDonald, has served his first set of Interrogatories and Requests for Production of Documents directed to Plaintiff McCowan pursuant to Federal Rules of Civil Procedure. Please respond to these requests as follows:

1.      Your Answers, duly executed and sworn, must be returned within the amount of time dictated by the Federal Rules of Civil Procedure.

2.      These Interrogatories and Request for Production of Documents are continuing in nature and, therefore, will require supplemental responses as additional information is obtained by the Plaintiff(s) as mandated pursuant to the applicable Rules of Civil Procedure.

3.      Your responses shall be based upon information known to you or in the possession, custody or control of you, your attorney or other representative acting on your behalf, whether in preparation for litigation or otherwise.

4.      The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each interrogatory or request for documents as completely as possible. This means that you must provide an answer now based on the information

## INTERROGATORIES

you currently know or have in your possession, custody or control. You may not withhold such information until your investigation has concluded or discovery is complete.

5.      The omission of any name, fact, or other item of information from your responses shall be deemed a representation that such name, fact, or other item was not known to the Plaintiff, the Plaintiff's counsel, or other representatives at the time of service of your responses.

6.      All terms in these Interrogatories and Requests for Documents shall be given their ordinary meaning unless specifically defined otherwise.

7.      When an Interrogatory requests you to "Identify" a person or place, you are to provide that person's or place's name, address and telephone number.

8.      When an Interrogatory requests you to "Identify" a document, you are to provide the name, address and telephone number of the person who authored the document, the nature and content of the document identified, and the date and place where it was prepared or authored.

9.      For purposes of these Interrogatories, and as the facts of this civil action may require, the singular shall be plural and the plural shall be singular where applicable or appropriate.

10.      As the context of the Interrogatory may require, "you" or "your" shall mean the Plaintiff, or the Plaintiff's agent, representative or other person acting on the Plaintiff's behalf.

## **INTERROGATORIES**

1. Has Defendant MacDonald treated you differently because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

   a.  The date, time, and location of each such incident;

   b.  Which protected classification caused the different treatment;

   c.  A brief description of each such incident;

## INTERROGATORIES

    d.   The names and contact information of any witnesses to each such incident;

    e.   If an incident involved a disciplinary action, the nature of any disciplinary action taken by Defendant MacDonald;

    f.   If the incident involved non-disciplinary action, the nature of any non-disciplinary action taken by Defendant MacDonald;

    g.   The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

2.   Has Defendant MacDonald harassed you because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.   The date, time, and location of each such incident;

    b.   Which protected classification caused the harassment;

    c.   A brief description of each such incident;

    d.   The names and contact information of any witnesses to each such incident;

    e.   Whether, in each instance, the manner in, and extent to which the harassment interfered with your work performance ;

    f.   The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

3.   Has Defendant MacDonald retaliated against you for filing or participating in a charge, complaint, or investigation concerning discrimination with any internal office or external agency? If so, please include:

    a.   The date(s) of your participation in each charge, complaint or investigation;

## INTERROGATORIES

     b.  The office or agency with which you filed or participated in a charge, complaint, or investigation;

     c.  A brief description of the basis for each such charge, complaint, or investigation;

     d.  The outcome of any charge, complaint, or investigation;

     e.  A detailed description of the manner in which you allege Defendant MacDonald retaliated against you.

4.  Has Defendant MacDonald retaliated against you for opposing a discriminatory practice? If so, please include:

     a.  The date, time, and location of each such practice you witnessed;

     b.  A full description of the practice you maintain you challenged;

     c.  A full description of the manner in which you opposed each such practice;

     d.  The manner in which you allege Defendant MacDonald retaliated against you.

5.  Are you aware of any witnesses, including yourself, to the incidents which form the basis of your Complaint as it pertains to Defendant MacDonald? If so, please include:

     a.  The name of the witness;

     b.  The address and telephone number of the witness;

     c.  Whether the witness gave a statement to anyone about the incident;

     d.  The identity of the individual or organization to which the witness gave a statement regarding the incident;

     e.  Your relationship to the witness.

6.  Are you claiming that, as a result of the incidents which form the basis for this Complaint, that you sustained physical or emotional injuries? If so, please include a detailed description of how Defendant MacDonald's conduct caused you injury.

## INTERROGATORIES

7. Have you created – or do you or your agents possess – any letter, formal complaint, report, memorandum, statement, email, message, blog post, "Facebook" post or message, "Twitter" post or message, video recording, audio recording, photographs, or any other document relating to the incidents which form the basis for your allegations against Defendant MacDonald? If so, please include:

    a. Date you or your agents created any such document;

    b. Person to whom any such document was transmitted/sent;

    c. Contents of any such document;

    d. Current location of any such document.

8. Please identify the fact witnesses you, or your attorney/agent, intend to call at trial to testify regarding Defendant MacDonald. For each witness, please include:

    a. The witness' name;

    b. The witness' address;

    c. A summary of the witness' expected testimony.


**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

/s/ Daniel R. Unterburger
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080

Dated: June 4, 2020        daniel.unterburger@phila.gov

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please provide the following:

1. Any and all documents you intend to introduce at any trial or hearing in this matter as pertain to Defendant MacDonald, whether in support of your case-in-chief, or as impeachment or rebuttal evidence;

2. Any and all documents identified or referred to in Plaintiff's Answers to Interrogatories served in this matter;

3. All statements, memoranda, writings, formal or informal complaints, email, blog posts, "Facebook" posts or messages, "Twitter" posts or messages, or other documents of Plaintiff, agents or individuals acting on Plaintiff's behalf, Defendant MacDonald, or witnesses relating to the incident which forms the basis for Plaintiff's Complaint;

4. All medical, chiropractic, therapeutic, or psychological records, progress notes, diagnoses, prognoses, or other written or electronic documents, including prescriptions and pharmacy records concerning dispensation of medication, relating to treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant MacDonald;

5. All bills, invoices, insurance liens, or other documents showing the amounts owed for any treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant MacDonald;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

6.  All receipts, confirmations, or other documentation of amounts paid by Plaintiff for

    treatment Plaintiff received for physical, psychological, or emotional injuries/conditions

    sustained as a result of the actions of Defendant MacDonald;

7.  Copies of any text messages exchanged between Plaintiff and Defendant MacDonald.

8.  Reports, including any draft reports, of any experts who will testify at trial;

9.  Communications between you and any experts who will testify at trial;

10. Curriculum vitae of any experts who will testify at trial;

11. Any and all documents that you possess or control that support any claim of

    discrimination, harassment or retaliation against Defendant MacDonald;

12. Any and all documents submitted by you to your employer, any internal office thereof,

    and/or administrative agency concerning a charge, complaint, or investigation of

    discrimination, harassment, or retaliation;

<u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

13. Diaries or other personal records you maintained during the time periods at issue in your

Complaint which mention Defendant MacDonald by name, by reference, or by

implication.

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

<u>/s/ Daniel R. Unterburger</u>
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
daniel.unterburger@phila.gov

Dated: June 4, 2020

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AUDRA McCOWAN, et al.,** | : |
| Plaintiffs, | : |
| v. | :     Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.** | : |
| Defendant. | : |

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this date **Interrogatories and Requests for Production of Documents**

were served by electronic mail as follows:

**TO:**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

<div align="right">

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

<u>/s/ Daniel R. Unterburger</u>
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
daniel.unterburger@phila.gov

</div>

Dated: June 4, 2020



LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

Daniel R. Unterburger
Assistant City Solicitor
Labor & Employment Unit, 16th Floor
215.683.5080
215.683.5099 (fax)
daniel.unterburger@phila.gov

June 4, 2020

**BY ELECTRONIC MAIL**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

RE:    <u>**Audra McCowan and Jennifer Allen v. City of Philadelphia, et al.**</u>
        **Civil Action No. 19-cv-3326-KSM**

Dear Attorney Bryson:

I have enclosed Inspector Michael McCarrick's First Set of Interrogatories and Requests for Production of Documents directed to Plaintiff Allen. Kindly respond within the time allotted by the Federal Rules of Civil Procedure.

Please do not hesitate to contact me should you wish to discuss this matter further.

Respectfully,

*/s/ Daniel R. Unterburger*
Daniel R. Unterburger
Assistant City Solicitor

<u>INTERROGATORIES</u>

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.**, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| Defendant. | : | |
| | : | |

### DEFENDANT MICHAEL McCARRICK'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS
### <u>DIRECTED TO PLAINTIFF JENNIFER ALLEN</u>

DEFENDANT, Inspector Michael McCarrick, has served his first set of Interrogatories and Requests for Production of Documents directed to Plaintiff Allen pursuant to Federal Rules of Civil Procedure. Please respond to these requests as follows:

1.      Your Answers, duly executed and sworn, must be returned within the amount of time dictated by the Federal Rules of Civil Procedure.

2.      These Interrogatories and Request for Production of Documents are continuing in nature and, therefore, will require supplemental responses as additional information is obtained by the Plaintiff(s) as mandated pursuant to the applicable Rules of Civil Procedure.

3.      Your responses shall be based upon information known to you or in the possession, custody or control of you, your attorney or other representative acting on your behalf, whether in preparation for litigation or otherwise.

4.      The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each interrogatory or request for documents as completely as possible. This means that you must provide an answer now based on the information

## INTERROGATORIES

you currently know or have in your possession, custody or control. You may not withhold such information until your investigation has concluded or discovery is complete.

5.     The omission of any name, fact, or other item of information from your responses shall be deemed a representation that such name, fact, or other item was not known to the Plaintiff, the Plaintiff's counsel, or other representatives at the time of service of your responses.

6.     All terms in these Interrogatories and Requests for Documents shall be given their ordinary meaning unless specifically defined otherwise.

7.     When an Interrogatory requests you to "Identify" a person or place, you are to provide that person's or place's name, address and telephone number.

8.     When an Interrogatory requests you to "Identify" a document, you are to provide the name, address and telephone number of the person who authored the document, the nature and content of the document identified, and the date and place where it was prepared or authored.

9.     For purposes of these Interrogatories, and as the facts of this civil action may require, the singular shall be plural and the plural shall be singular where applicable or appropriate.

10.     As the context of the Interrogatory may require, "you" or "your" shall mean the Plaintiff, or the Plaintiff's agent, representative or other person acting on the Plaintiff's behalf.

### **INTERROGATORIES**

1.  Has Defendant McCarrick treated you differently because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.   The date, time, and location of each such incident;

    b.   Which protected classification caused the different treatment;

    c.   A brief description of each such incident;

## INTERROGATORIES

    d.   The names and contact information of any witnesses to each such incident;

    e.   If an incident involved a disciplinary action, the nature of any disciplinary action taken by Defendant McCarrick;

    f.   If the incident involved non-disciplinary action, the nature of any non-disciplinary action taken by Defendant McCarrick;

    g.   The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

2.   Has Defendant McCarrick harassed you because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.   The date, time, and location of each such incident;

    b.   Which protected classification caused the harassment;

    c.   A brief description of each such incident;

    d.   The names and contact information of any witnesses to each such incident;

    e.   Whether, in each instance, the manner in, and extent to which the harassment interfered with your work performance ;

    f.   The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

3.   Has Defendant McCarrick retaliated against you for filing or participating in a charge, complaint, or investigation concerning discrimination with any internal office or external agency? If so, please include:

    a.   The date(s) of your participation in each charge, complaint or investigation;

## INTERROGATORIES

    b.  The office or agency with which you filed or participated in a charge, complaint, or investigation;

    c.  A brief description of the basis for each such charge, complaint, or investigation;

    d.  The outcome of any charge, complaint, or investigation;

    e.  A detailed description of the manner in which you allege Defendant McCarrick retaliated against you.

4.  Has Defendant McCarrick retaliated against you for opposing a discriminatory practice? If so, please include:

    a.  The date, time, and location of each such practice you witnessed;

    b.  A full description of the practice you maintain you challenged;

    c.  A full description of the manner in which you opposed each such practice;

    d.  The manner in which you allege Defendant McCarrick retaliated against you.

5.  Are you aware of any witnesses, including yourself, to the incidents which form the basis of your Complaint as it pertains to Defendant McCarrick? If so, please include:

    a.  The name of the witness;

    b.  The address and telephone number of the witness;

    c.  Whether the witness gave a statement to anyone about the incident;

    d.  The identity of the individual or organization to which the witness gave a statement regarding the incident;

    e.  Your relationship to the witness.

6.  Are you claiming that, as a result of the incidents which form the basis for this Complaint, that you sustained physical or emotional injuries? If so, please include a detailed description of how Defendant McCarrick's conduct caused you injury.

## INTERROGATORIES

7. Have you created – or do you or your agents possess – any letter, formal complaint, report, memorandum, statement, email, message, blog post, "Facebook" post or message, "Twitter" post or message, video recording, audio recording, photographs, or any other document relating to the incidents which form the basis for your allegations against Defendant McCarrick? If so, please include:

    a.  Date you or your agents created any such document;

    b.  Person to whom any such document was transmitted/sent;

    c.  Contents of any such document;

    d.  Current location of any such document.

8. Please identify the fact witnesses you, or your attorney/agent, intend to call at trial to testify regarding Defendant McCarrick. For each witness, please include:

    a.  The witness' name;

    b.  The witness' address;

    c.  A summary of the witness' expected testimony.

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

/s/ Daniel R. Unterburger
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
daniel.unterburger@phila.gov

Dated: June 4, 2020

## REQUESTS FOR PRODUCTION OF DOCUMENTS

<u>Please provide the following</u>:

1. Any and all documents you intend to introduce at any trial or hearing in this matter as pertain to Defendant McCarrick, whether in support of your case-in-chief, or as impeachment or rebuttal evidence;

2. Any and all documents identified or referred to in Plaintiff's Answers to Interrogatories served in this matter;

3. All statements, memoranda, writings, formal or informal complaints, email, blog posts, "Facebook" posts or messages, "Twitter" posts or messages, or other documents of Plaintiff, agents or individuals acting on Plaintiff's behalf, Defendant McCarrick, or witnesses relating to the incident which forms the basis for Plaintiff's Complaint;

4. All medical, chiropractic, therapeutic, or psychological records, progress notes, diagnoses, prognoses, or other written or electronic documents, including prescriptions and pharmacy records concerning dispensation of medication, relating to treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant McCarrick;

5. All bills, invoices, insurance liens, or other documents showing the amounts owed for any treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant McCarrick;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

6.  All receipts, confirmations, or other documentation of amounts paid by Plaintiff for treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant McCarrick;

7.  Copies of any text messages exchanged between Plaintiff and Defendant McCarrick.

8.  Reports, including any draft reports, of any experts who will testify at trial;

9.  Communications between you and any experts who will testify at trial;

10.  Curriculum vitae of any experts who will testify at trial;

11.  Any and all documents that you possess or control that support any claim of discrimination, harassment or retaliation against Defendant McCarrick;

12.  Any and all documents submitted by you to your employer, any internal office thereof, and/or administrative agency concerning a charge, complaint, or investigation of discrimination, harassment, or retaliation;

<u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

13. Diaries or other personal records you maintained during the time periods at issue in your

Complaint which mention Defendant McCarrick by name, by reference, or by

implication.

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

<u>/s/ Daniel R. Unterburger</u>
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
Dated: June 4, 2020                    daniel.unterburger@phila.gov

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| Defendant. | : | |

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this date **Interrogatories and Requests for Production of Documents**

were served by electronic mail as follows:

**TO:**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

<div align="right">

**CITY OF PHILADELPHIA
LAW DEPARTMENT**

<u>/s/ Daniel R. Unterburger</u>
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
daniel.unterburger@phila.gov

</div>

Dated: June 4, 2020



CITY OF PHILADELPHIA

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

Daniel R. Unterburger
Assistant City Solicitor
Labor & Employment Unit, 16th Floor
215.683.5080
215.683.5099 (fax)
daniel.unterburger@phila.gov

June 4, 2020

**BY ELECTRONIC MAIL**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

**RE:**   **Audra McCowan and Jennifer Allen v. City of Philadelphia, et al.**
          **Civil Action No. 19-cv-3326-KSM**

Dear Attorney Bryson:

I have enclosed Inspector Michael McCarrick's First Set of Interrogatories and Requests for
Production of Documents directed to Plaintiff McCowan. Kindly respond within the time allotted
by the Federal Rules of Civil Procedure.

Please do not hesitate to contact me should you wish to discuss this matter further.

Respectfully,

*/s/ Daniel R. Unterburger*
Daniel R. Unterburger
Assistant City Solicitor

<u>INTERROGATORIES</u>

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.**, | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.** | : | |
| Defendant. | : | |

**DEFENDANT MICHAEL McCARRICK'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS
<u>DIRECTED TO PLAINTIFF AUDRA McCOWAN</u>**

DEFENDANT, Inspector Michael McCarrick, has served his first set of Interrogatories and Requests for Production of Documents directed to Plaintiff McCowan pursuant to Federal Rules of Civil Procedure. Please respond to these requests as follows:

1.      Your Answers, duly executed and sworn, must be returned within the amount of time dictated by the Federal Rules of Civil Procedure.

2.      These Interrogatories and Request for Production of Documents are continuing in nature and, therefore, will require supplemental responses as additional information is obtained by the Plaintiff(s) as mandated pursuant to the applicable Rules of Civil Procedure.

3.      Your responses shall be based upon information known to you or in the possession, custody or control of you, your attorney or other representative acting on your behalf, whether in preparation for litigation or otherwise.

4.      The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each interrogatory or request for documents as completely as possible. This means that you must provide an answer now based on the information

## INTERROGATORIES

you currently know or have in your possession, custody or control. You may not withhold such information until your investigation has concluded or discovery is complete.

5.     The omission of any name, fact, or other item of information from your responses shall be deemed a representation that such name, fact, or other item was not known to the Plaintiff, the Plaintiff's counsel, or other representatives at the time of service of your responses.

6.     All terms in these Interrogatories and Requests for Documents shall be given their ordinary meaning unless specifically defined otherwise.

7.     When an Interrogatory requests you to "Identify" a person or place, you are to provide that person's or place's name, address and telephone number.

8.     When an Interrogatory requests you to "Identify" a document, you are to provide the name, address and telephone number of the person who authored the document, the nature and content of the document identified, and the date and place where it was prepared or authored.

9.     For purposes of these Interrogatories, and as the facts of this civil action may require, the singular shall be plural and the plural shall be singular where applicable or appropriate.

10.     As the context of the Interrogatory may require, "you" or "your" shall mean the Plaintiff, or the Plaintiff's agent, representative or other person acting on the Plaintiff's behalf.

## **INTERROGATORIES**

1.  Has Defendant McCarrick treated you differently because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.  The date, time, and location of each such incident;

    b.  Which protected classification caused the different treatment;

    c.  A brief description of each such incident;

## INTERROGATORIES

    d.   The names and contact information of any witnesses to each such incident;

    e.   If an incident involved a disciplinary action, the nature of any disciplinary action taken by Defendant McCarrick;

    f.   If the incident involved non-disciplinary action, the nature of any non-disciplinary action taken by Defendant McCarrick;

    g.   The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

2.   Has Defendant McCarrick harassed you because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.   The date, time, and location of each such incident;

    b.   Which protected classification caused the harassment;

    c.   A brief description of each such incident;

    d.   The names and contact information of any witnesses to each such incident;

    e.   Whether, in each instance, the manner in, and extent to which the harassment interfered with your work performance ;

    f.   The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

3.   Has Defendant McCarrick retaliated against you for filing or participating in a charge, complaint, or investigation concerning discrimination with any internal office or external agency? If so, please include:

    a.   The date(s) of your participation in each charge, complaint or investigation;

## INTERROGATORIES

     b.  The office or agency with which you filed or participated in a charge, complaint, or investigation;

     c.  A brief description of the basis for each such charge, complaint, or investigation;

     d.  The outcome of any charge, complaint, or investigation;

     e.  A detailed description of the manner in which you allege Defendant McCarrick retaliated against you.

4.  Has Defendant McCarrick retaliated against you for opposing a discriminatory practice? If so, please include:

     a.  The date, time, and location of each such practice you witnessed;

     b.  A full description of the practice you maintain you challenged;

     c.  A full description of the manner in which you opposed each such practice;

     d.  The manner in which you allege Defendant McCarrick retaliated against you.

5.  Are you aware of any witnesses, including yourself, to the incidents which form the basis of your Complaint as it pertains to Defendant McCarrick? If so, please include:

     a.  The name of the witness;

     b.  The address and telephone number of the witness;

     c.  Whether the witness gave a statement to anyone about the incident;

     d.  The identity of the individual or organization to which the witness gave a statement regarding the incident;

     e.  Your relationship to the witness.

6.  Are you claiming that, as a result of the incidents which form the basis for this Complaint, that you sustained physical or emotional injuries? If so, please include a detailed description of how Defendant McCarrick's conduct caused you injury.

## INTERROGATORIES

7.   Have you created – or do you or your agents possess – any letter, formal complaint,
     report, memorandum, statement, email, message, blog post, "Facebook" post or message,
     "Twitter" post or message, video recording, audio recording, photographs, or any other
     document relating to the incidents which form the basis for your allegations against
     Defendant McCarrick? If so, please include:

     a.   Date you or your agents created any such document;

     b.   Person to whom any such document was transmitted/sent;

     c.   Contents of any such document;

     d.   Current location of any such document.

8.   Please identify the fact witnesses you, or your attorney/agent, intend to call at trial to
     testify regarding Defendant McCarrick. For each witness, please include:

     a.   The witness' name;

     b.   The witness' address;

     c.   A summary of the witness' expected testimony.

                                    **CITY OF PHILADELPHIA**
                                    **LAW DEPARTMENT**

                                    /s/ Daniel R. Unterburger
                                    DANIEL R. UNTERBURGER
                                    Assistant City Solicitor
                                    1515 Arch Street, 16th Floor
                                    Philadelphia, PA 19102
                                    215.683.5080
Dated: June 4, 2020                 daniel.unterburger@phila.gov

## REQUESTS FOR PRODUCTION OF DOCUMENTS

<u>Please provide the following</u>:

1. Any and all documents you intend to introduce at any trial or hearing in this matter as pertain to Defendant McCarrick, whether in support of your case-in-chief, or as impeachment or rebuttal evidence;

2. Any and all documents identified or referred to in Plaintiff's Answers to Interrogatories served in this matter;

3. All statements, memoranda, writings, formal or informal complaints, email, blog posts, "Facebook" posts or messages, "Twitter" posts or messages, or other documents of Plaintiff, agents or individuals acting on Plaintiff's behalf, Defendant McCarrick, or witnesses relating to the incident which forms the basis for Plaintiff's Complaint;

4. All medical, chiropractic, therapeutic, or psychological records, progress notes, diagnoses, prognoses, or other written or electronic documents, including prescriptions and pharmacy records concerning dispensation of medication, relating to treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant McCarrick;

5. All bills, invoices, insurance liens, or other documents showing the amounts owed for any treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant McCarrick;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

6.  All receipts, confirmations, or other documentation of amounts paid by Plaintiff for treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant McCarrick;

7.  Copies of any text messages exchanged between Plaintiff and Defendant McCarrick.

8.  Reports, including any draft reports, of any experts who will testify at trial;

9.  Communications between you and any experts who will testify at trial;

10. Curriculum vitae of any experts who will testify at trial;

11. Any and all documents that you possess or control that support any claim of discrimination, harassment or retaliation against Defendant McCarrick;

12. Any and all documents submitted by you to your employer, any internal office thereof, and/or administrative agency concerning a charge, complaint, or investigation of discrimination, harassment, or retaliation;

<u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

13. Diaries or other personal records you maintained during the time periods at issue in your Complaint which mention Defendant McCarrick by name, by reference, or by implication.

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

<u>/s/ Daniel R. Unterburger</u>
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080

Dated: June 4, 2020           daniel.unterburger@phila.gov

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| Defendant. | : | |

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this date **Interrogatories and Requests for Production of Documents**

were served by electronic mail as follows:

**TO:**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103


Respectfully Submitted,
CITY OF PHILADELPHIA
LAW DEPARTMENT


DATE: <u>June 1, 2020</u>          BY:    */s/ Daniel R. Unterburger*
                                        Daniel R. Unterburger
                                        Assistant City Solicitor



CITY OF PHILADELPHIA

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

Daniel R. Unterburger
Assistant City Solicitor
Labor & Employment Unit, 16th Floor
215.683.5080
215.683.5099 (fax)
daniel.unterburger@phila.gov

June 4, 2020

**BY ELECTRONIC MAIL**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

**RE:**   **Audra McCowan and Jennifer Allen v. City of Philadelphia, et al.**
        **Civil Action No. 19-cv-3326-KSM**

Dear Attorney Bryson:

I have enclosed Lieutenant Timothy McHugh's First Set of Interrogatories and Requests for Production of Documents directed to Plaintiff Allen. Kindly respond within the time allotted by the Federal Rules of Civil Procedure.

Please do not hesitate to contact me should you wish to discuss this matter further.

Respectfully,

*/s/ Daniel R. Unterburger*
Daniel R. Unterburger
Assistant City Solicitor

<u>INTERROGATORIES</u>

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT TIMOTHY McHUGH'S FIRST SET OF INTERROGATORIES AND**
**REQUEST FOR PRODUCTION OF DOCUMENTS**
**<u>DIRECTED TO PLAINTIFF JENNIFER ALLEN</u>**

DEFENDANT, Lieutenant Timothy McHugh, has served his first set of Interrogatories and

Requests for Production of Documents directed to Plaintiff Allen pursuant to Federal Rules of

Civil Procedure. Please respond to these requests as follows:

1.     Your Answers, duly executed and sworn, must be returned within the amount of

time dictated by the Federal Rules of Civil Procedure.

2.     These Interrogatories and Request for Production of Documents are continuing in

nature and, therefore, will require supplemental responses as additional information is obtained by

the Plaintiff(s) as mandated pursuant to the applicable Rules of Civil Procedure.

3.     Your responses shall be based upon information known to you or in the possession,

custody or control of you, your attorney or other representative acting on your behalf, whether in

preparation for litigation or otherwise.

4.     The fact that investigation is continuing or that discovery is not complete shall not

be used as an excuse for failure to answer each interrogatory or request for documents as

completely as possible. This means that you must provide an answer now based on the information

## INTERROGATORIES

you currently know or have in your possession, custody or control. You may not withhold such information until your investigation has concluded or discovery is complete.

5.     The omission of any name, fact, or other item of information from your responses shall be deemed a representation that such name, fact, or other item was not known to the Plaintiff, the Plaintiff's counsel, or other representatives at the time of service of your responses.

6.     All terms in these Interrogatories and Requests for Documents shall be given their ordinary meaning unless specifically defined otherwise.

7.     When an Interrogatory requests you to "Identify" a person or place, you are to provide that person's or place's name, address and telephone number.

8.     When an Interrogatory requests you to "Identify" a document, you are to provide the name, address and telephone number of the person who authored the document, the nature and content of the document identified, and the date and place where it was prepared or authored.

9.     For purposes of these Interrogatories, and as the facts of this civil action may require, the singular shall be plural and the plural shall be singular where applicable or appropriate.

10.     As the context of the Interrogatory may require, "you" or "your" shall mean the Plaintiff, or the Plaintiff's agent, representative or other person acting on the Plaintiff's behalf.

**INTERROGATORIES**

1.  Has Defendant McHugh treated you differently because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.   The date, time, and location of each such incident;

    b.   Which protected classification caused the different treatment;

    c.   A brief description of each such incident;

## INTERROGATORIES

    d.   The names and contact information of any witnesses to each such incident;

    e.   If an incident involved a disciplinary action, the nature of any disciplinary action taken by Defendant McHugh;

    f.   If the incident involved non-disciplinary action, the nature of any non-disciplinary action taken by Defendant McHugh;

    g.   The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

2.  Has Defendant McHugh harassed you because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.   The date, time, and location of each such incident;

    b.   Which protected classification caused the harassment;

    c.   A brief description of each such incident;

    d.   The names and contact information of any witnesses to each such incident;

    e.   Whether, in each instance, the manner in, and extent to which the harassment interfered with your work performance ;

    f.   The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

3.  Has Defendant McHugh retaliated against you for filing or participating in a charge, complaint, or investigation concerning discrimination with any internal office or external agency? If so, please include:

    a.   The date(s) of your participation in each charge, complaint or investigation;

<u>INTERROGATORIES</u>

    b.  The office or agency with which you filed or participated in a charge, complaint, or investigation;

    c.  A brief description of the basis for each such charge, complaint, or investigation;

    d.  The outcome of any charge, complaint, or investigation;

    e.  A detailed description of the manner in which you allege Defendant McHugh retaliated against you.

4. Has Defendant McHugh retaliated against you for opposing a discriminatory practice? If so, please include:

    a.  The date, time, and location of each such practice you witnessed;

    b.  A full description of the practice you maintain you challenged;

    c.  A full description of the manner in which you opposed each such practice;

    d.  The manner in which you allege Defendant McHugh retaliated against you.

5. Are you aware of any witnesses, including yourself, to the incidents which form the basis of your Complaint as it pertains to Defendant McHugh? If so, please include:

    a.  The name of the witness;

    b.  The address and telephone number of the witness;

    c.  Whether the witness gave a statement to anyone about the incident;

    d.  The identity of the individual or organization to which the witness gave a statement regarding the incident;

    e.  Your relationship to the witness.

6. Are you claiming that, as a result of the incidents which form the basis for this Complaint, that you sustained physical or emotional injuries? If so, please include a detailed description of how Defendant McHugh's conduct caused you injury.

## INTERROGATORIES

7.  Have you created – or do you or your agents possess – any letter, formal complaint, report, memorandum, statement, email, message, blog post, "Facebook" post or message, "Twitter" post or message, video recording, audio recording, photographs, or any other document relating to the incidents which form the basis for your allegations against Defendant McHugh? If so, please include:

    a.  Date you or your agents created any such document;

    b.  Person to whom any such document was transmitted/sent;

    c.  Contents of any such document;

    d.  Current location of any such document.

8.  Please identify the fact witnesses you, or your attorney/agent, intend to call at trial to testify regarding Defendant McHugh. For each witness, please include:

    a.  The witness' name;

    b.  The witness' address;

    c.  A summary of the witness' expected testimony.

                                   **CITY OF PHILADELPHIA**
                                   **LAW DEPARTMENT**

                                   /s/ Daniel R. Unterburger
                                   DANIEL R. UNTERBURGER
                                   Assistant City Solicitor
                                   1515 Arch Street, 16th Floor
                                   Philadelphia, PA 19102
                                   215.683.5080
Dated: June 4, 2020               daniel.unterburger@phila.gov

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please provide the following:

1. Any and all documents you intend to introduce at any trial or hearing in this matter as pertain to Defendant McHugh, whether in support of your case-in-chief, or as impeachment or rebuttal evidence;


2. Any and all documents identified or referred to in Plaintiff's Answers to Interrogatories served in this matter;


3. All statements, memoranda, writings, formal or informal complaints, email, blog posts, "Facebook" posts or messages, "Twitter" posts or messages, or other documents of Plaintiff, agents or individuals acting on Plaintiff's behalf, Defendant McHugh, or witnesses relating to the incident which forms the basis for Plaintiff's Complaint;


4. All medical, chiropractic, therapeutic, or psychological records, progress notes, diagnoses, prognoses, or other written or electronic documents, including prescriptions and pharmacy records concerning dispensation of medication, relating to treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant McHugh;


5. All bills, invoices, insurance liens, or other documents showing the amounts owed for any treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant McHugh;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

6.  All receipts, confirmations, or other documentation of amounts paid by Plaintiff for treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant McHugh;

7.  Copies of any text messages exchanged between Plaintiff and Defendant McHugh.

8.  Reports, including any draft reports, of any experts who will testify at trial;

9.  Communications between you and any experts who will testify at trial;

10. Curriculum vitae of any experts who will testify at trial;

11. Any and all documents that you possess or control that support any claim of discrimination, harassment or retaliation against Defendant McHugh;

12. Any and all documents submitted by you to your employer, any internal office thereof, and/or administrative agency concerning a charge, complaint, or investigation of discrimination, harassment, or retaliation;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

13. Diaries or other personal records you maintained during the time periods at issue in your

Complaint which mention Defendant McHugh by name, by reference, or by implication.

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

/s/ Daniel R. Unterburger
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
Dated: June 4, 2020          daniel.unterburger@phila.gov

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.** | : | |
| Defendant. | : | |

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this date **Interrogatories and Requests for Production of Documents**

were served by electronic mail as follows:

**TO:**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

> **CITY OF PHILADELPHIA
> LAW DEPARTMENT**
>
> /s/ Daniel R. Unterburger
> DANIEL R. UNTERBURGER
> Assistant City Solicitor
> 1515 Arch Street, 16th Floor
> Philadelphia, PA 19102
> 215.683.5080

Dated: June 4, 2020      daniel.unterburger@phila.gov



CITY OF PHILADELPHIA

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

Daniel R. Unterburger
Assistant City Solicitor
Labor & Employment Unit, 16th Floor
215.683.5080
215.683.5099 (fax)
daniel.unterburger@phila.gov

June 4, 2020

**BY ELECTRONIC MAIL**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

**RE:**   **Audra McCowan and Jennifer Allen v. City of Philadelphia, et al.**
**Civil Action No. 19-cv-3326-KSM**

Dear Attorney Bryson:

I have enclosed Lieutenant Timothy McHugh's First Set of Interrogatories and Requests for Production of Documents directed to Plaintiff McCowan. Kindly respond within the time allotted by the Federal Rules of Civil Procedure.

Please do not hesitate to contact me should you wish to discuss this matter further.

Respectfully,

*/s/ Daniel R. Unterburger*
Daniel R. Unterburger
Assistant City Solicitor

<u>INTERROGATORIES</u>

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.**, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT TIMOTHY McHUGH'S FIRST SET OF INTERROGATORIES AND**
**REQUEST FOR PRODUCTION OF DOCUMENTS**
**<u>DIRECTED TO PLAINTIFF AUDRA McCOWAN</u>**

DEFENDANT, Lieutenant Timothy McHugh, has served his first set of Interrogatories and Requests for Production of Documents directed to Plaintiff McCowan pursuant to Federal Rules of Civil Procedure. Please respond to these requests as follows:

1.      Your Answers, duly executed and sworn, must be returned within the amount of time dictated by the Federal Rules of Civil Procedure.

2.      These Interrogatories and Request for Production of Documents are continuing in nature and, therefore, will require supplemental responses as additional information is obtained by the Plaintiff(s) as mandated pursuant to the applicable Rules of Civil Procedure.

3.      Your responses shall be based upon information known to you or in the possession, custody or control of you, your attorney or other representative acting on your behalf, whether in preparation for litigation or otherwise.

4.      The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each interrogatory or request for documents as completely as possible. This means that you must provide an answer now based on the information

## INTERROGATORIES

you currently know or have in your possession, custody or control. You may not withhold such information until your investigation has concluded or discovery is complete.

5.      The omission of any name, fact, or other item of information from your responses shall be deemed a representation that such name, fact, or other item was not known to the Plaintiff, the Plaintiff's counsel, or other representatives at the time of service of your responses.

6.      All terms in these Interrogatories and Requests for Documents shall be given their ordinary meaning unless specifically defined otherwise.

7.      When an Interrogatory requests you to "Identify" a person or place, you are to provide that person's or place's name, address and telephone number.

8.      When an Interrogatory requests you to "Identify" a document, you are to provide the name, address and telephone number of the person who authored the document, the nature and content of the document identified, and the date and place where it was prepared or authored.

9.      For purposes of these Interrogatories, and as the facts of this civil action may require, the singular shall be plural and the plural shall be singular where applicable or appropriate.

10.     As the context of the Interrogatory may require, "you" or "your" shall mean the Plaintiff, or the Plaintiff's agent, representative or other person acting on the Plaintiff's behalf.

## **INTERROGATORIES**

1.  Has Defendant McHugh treated you differently because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.  The date, time, and location of each such incident;

    b.  Which protected classification caused the different treatment;

    c.  A brief description of each such incident;

## INTERROGATORIES

    d.   The names and contact information of any witnesses to each such incident;

    e.   If an incident involved a disciplinary action, the nature of any disciplinary action taken by Defendant McHugh;

    f.   If the incident involved non-disciplinary action, the nature of any non-disciplinary action taken by Defendant McHugh;

    g.   The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

2. Has Defendant McHugh harassed you because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.   The date, time, and location of each such incident;

    b.   Which protected classification caused the harassment;

    c.   A brief description of each such incident;

    d.   The names and contact information of any witnesses to each such incident;

    e.   Whether, in each instance, the manner in, and extent to which the harassment interfered with your work performance ;

    f.   The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

3. Has Defendant McHugh retaliated against you for filing or participating in a charge, complaint, or investigation concerning discrimination with any internal office or external agency? If so, please include:

    a.   The date(s) of your participation in each charge, complaint or investigation;

## INTERROGATORIES

    b.  The office or agency with which you filed or participated in a charge, complaint, or investigation;

    c.  A brief description of the basis for each such charge, complaint, or investigation;

    d.  The outcome of any charge, complaint, or investigation;

    e.  A detailed description of the manner in which you allege Defendant McHugh retaliated against you.

4. Has Defendant McHugh retaliated against you for opposing a discriminatory practice? If so, please include:

    a.  The date, time, and location of each such practice you witnessed;

    b.  A full description of the practice you maintain you challenged;

    c.  A full description of the manner in which you opposed each such practice;

    d.  The manner in which you allege Defendant McHugh retaliated against you.

5. Are you aware of any witnesses, including yourself, to the incidents which form the basis of your Complaint as it pertains to Defendant McHugh? If so, please include:

    a.  The name of the witness;

    b.  The address and telephone number of the witness;

    c.  Whether the witness gave a statement to anyone about the incident;

    d.  The identity of the individual or organization to which the witness gave a statement regarding the incident;

    e.  Your relationship to the witness.

6. Are you claiming that, as a result of the incidents which form the basis for this Complaint, that you sustained physical or emotional injuries? If so, please include a detailed description of how Defendant McHugh's conduct caused you injury.

## <u>INTERROGATORIES</u>

7. Have you created – or do you or your agents possess – any letter, formal complaint, report, memorandum, statement, email, message, blog post, "Facebook" post or message, "Twitter" post or message, video recording, audio recording, photographs, or any other document relating to the incidents which form the basis for your allegations against Defendant McHugh? If so, please include:

    a. Date you or your agents created any such document;

    b. Person to whom any such document was transmitted/sent;

    c. Contents of any such document;

    d. Current location of any such document.

8. Please identify the fact witnesses you, or your attorney/agent, intend to call at trial to testify regarding Defendant McHugh. For each witness, please include:

    a. The witness' name;

    b. The witness' address;

    c. A summary of the witness' expected testimony.

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

<u>/s/ Daniel R. Unterburger</u>
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
daniel.unterburger@phila.gov

Dated: June 4, 2020

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please provide the following:

1. Any and all documents you intend to introduce at any trial or hearing in this matter as pertain to Defendant McHugh, whether in support of your case-in-chief, or as impeachment or rebuttal evidence;

2. Any and all documents identified or referred to in Plaintiff's Answers to Interrogatories served in this matter;

3. All statements, memoranda, writings, formal or informal complaints, email, blog posts, "Facebook" posts or messages, "Twitter" posts or messages, or other documents of Plaintiff, agents or individuals acting on Plaintiff's behalf, Defendant McHugh, or witnesses relating to the incident which forms the basis for Plaintiff's Complaint;

4. All medical, chiropractic, therapeutic, or psychological records, progress notes, diagnoses, prognoses, or other written or electronic documents, including prescriptions and pharmacy records concerning dispensation of medication, relating to treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant McHugh;

5. All bills, invoices, insurance liens, or other documents showing the amounts owed for any treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant McHugh;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

6.  All receipts, confirmations, or other documentation of amounts paid by Plaintiff for treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant McHugh;

7.  Copies of any text messages exchanged between Plaintiff and Defendant McHugh.

8.  Reports, including any draft reports, of any experts who will testify at trial;

9.  Communications between you and any experts who will testify at trial;

10. Curriculum vitae of any experts who will testify at trial;

11. Any and all documents that you possess or control that support any claim of discrimination, harassment or retaliation against Defendant McHugh;

12. Any and all documents submitted by you to your employer, any internal office thereof, and/or administrative agency concerning a charge, complaint, or investigation of discrimination, harassment, or retaliation;

<u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

13. Diaries or other personal records you maintained during the time periods at issue in your

   Complaint which mention Defendant McHugh by name, by reference, or by implication.

<div align="center">

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

</div>

<u>/s/ Daniel R. Unterburger</u>

DANIEL R. UNTERBURGER

Assistant City Solicitor

1515 Arch Street, 16th Floor

Philadelphia, PA 19102

215.683.5080

Dated: June 4, 2020          daniel.unterburger@phila.gov

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.** | : | |
| Defendant. | : | |

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this date **Interrogatories and Requests for Production of Documents**

were served by electronic mail as follows:

**TO:**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

                                                    **CITY OF PHILADELPHIA
                                                    LAW DEPARTMENT**

                                                    <u>/s/ Daniel R. Unterburger</u>
                                                    DANIEL R. UNTERBURGER
                                                    Assistant City Solicitor
                                                    1515 Arch Street, 16th Floor
                                                    Philadelphia, PA 19102
                                                    215.683.5080
Dated: June 4, 2020                                 daniel.unterburger@phila.gov



CITY OF PHILADELPHIA

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

Daniel R. Unterburger
Assistant City Solicitor
Labor & Employment Unit, 16th Floor
215.683.5080
215.683.5099 (fax)
daniel.unterburger@phila.gov

June 4, 2020

**BY ELECTRONIC MAIL**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

RE:    **Audra McCowan and Jennifer Allen v. City of Philadelphia, et al.**
       **Civil Action No. 19-cv-3326-KSM**

Dear Attorney Bryson:

I have enclosed Sergeant Kevin O'Brien's First Set of Interrogatories and Requests for
Production of Documents directed to Plaintiff Allen. Kindly respond within the time allotted by
the Federal Rules of Civil Procedure.

Please do not hesitate to contact me should you wish to discuss this matter further.

Respectfully,

*/s/ Daniel R. Unterburger*
Daniel R. Unterburger
Assistant City Solicitor

<u>INTERROGATORIES</u>

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT KEVIN O'BRIEN'S FIRST SET OF INTERROGATORIES AND**
**REQUEST FOR PRODUCTION OF DOCUMENTS**
**<u>DIRECTED TO PLAINTIFF JENNIFER ALLEN</u>**

DEFENDANT, Sergeant Kevin O'Brien, has served his first set of Interrogatories and Requests for Production of Documents directed to Plaintiff Allen pursuant to Federal Rules of Civil Procedure. Please respond to these requests as follows:

1.      Your Answers, duly executed and sworn, must be returned within the amount of time dictated by the Federal Rules of Civil Procedure.

2.      These Interrogatories and Request for Production of Documents are continuing in nature and, therefore, will require supplemental responses as additional information is obtained by the Plaintiff(s) as mandated pursuant to the applicable Rules of Civil Procedure.

3.      Your responses shall be based upon information known to you or in the possession, custody or control of you, your attorney or other representative acting on your behalf, whether in preparation for litigation or otherwise.

4.      The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each interrogatory or request for documents as completely as possible. This means that you must provide an answer now based on the information

## INTERROGATORIES

you currently know or have in your possession, custody or control. You may not withhold such information until your investigation has concluded or discovery is complete.

5.     The omission of any name, fact, or other item of information from your responses shall be deemed a representation that such name, fact, or other item was not known to the Plaintiff, the Plaintiff's counsel, or other representatives at the time of service of your responses.

6.     All terms in these Interrogatories and Requests for Documents shall be given their ordinary meaning unless specifically defined otherwise.

7.     When an Interrogatory requests you to "Identify" a person or place, you are to provide that person's or place's name, address and telephone number.

8.     When an Interrogatory requests you to "Identify" a document, you are to provide the name, address and telephone number of the person who authored the document, the nature and content of the document identified, and the date and place where it was prepared or authored.

9.     For purposes of these Interrogatories, and as the facts of this civil action may require, the singular shall be plural and the plural shall be singular where applicable or appropriate.

10.     As the context of the Interrogatory may require, "you" or "your" shall mean the Plaintiff, or the Plaintiff's agent, representative or other person acting on the Plaintiff's behalf.

## **INTERROGATORIES**

1.  Has Defendant O'Brien treated you differently because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.   The date, time, and location of each such incident;

    b.   Which protected classification caused the different treatment;

    c.   A brief description of each such incident;

## INTERROGATORIES

d.   The names and contact information of any witnesses to each such incident;

e.   If an incident involved a disciplinary action, the nature of any disciplinary action taken by Defendant O'Brien;

f.   If the incident involved non-disciplinary action, the nature of any non-disciplinary action taken by Defendant O'Brien;

g.   The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

2.   Has Defendant O'Brien harassed you because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

a.   The date, time, and location of each such incident;

b.   Which protected classification caused the harassment;

c.   A brief description of each such incident;

d.   The names and contact information of any witnesses to each such incident;

e.   Whether, in each instance, the manner in, and extent to which the harassment interfered with your work performance ;

f.   The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

3.   Has Defendant O'Brien retaliated against you for filing or participating in a charge, complaint, or investigation concerning discrimination with any internal office or external agency? If so, please include:

a.   The date(s) of your participation in each charge, complaint or investigation;

## INTERROGATORIES

    b. The office or agency with which you filed or participated in a charge, complaint, or investigation;

    c. A brief description of the basis for each such charge, complaint, or investigation;

    d. The outcome of any charge, complaint, or investigation;

    e. A detailed description of the manner in which you allege Defendant O'Brien retaliated against you.

4. Has Defendant O'Brien retaliated against you for opposing a discriminatory practice? If so, please include:

    a. The date, time, and location of each such practice you witnessed;

    b. A full description of the practice you maintain you challenged;

    c. A full description of the manner in which you opposed each such practice;

    d. The manner in which you allege Defendant O'Brien retaliated against you.

5. Are you aware of any witnesses, including yourself, to the incidents which form the basis of your Complaint as it pertains to Defendant O'Brien? If so, please include:

    a. The name of the witness;

    b. The address and telephone number of the witness;

    c. Whether the witness gave a statement to anyone about the incident;

    d. The identity of the individual or organization to which the witness gave a statement regarding the incident;

    e. Your relationship to the witness.

6. Are you claiming that, as a result of the incidents which form the basis for this Complaint, that you sustained physical or emotional injuries? If so, please include a detailed description of how Defendant O'Brien's conduct caused you injury.

## INTERROGATORIES

7. Have you created – or do you or your agents possess – any letter, formal complaint, report, memorandum, statement, email, message, blog post, "Facebook" post or message, "Twitter" post or message, video recording, audio recording, photographs, or any other document relating to the incidents which form the basis for your allegations against Defendant O'Brien? If so, please include:

   a. Date you or your agents created any such document;

   b. Person to whom any such document was transmitted/sent;

   c. Contents of any such document;

   d. Current location of any such document.

8. Please identify the fact witnesses you, or your attorney/agent, intend to call at trial to testify regarding Defendant O'Brien. For each witness, please include:

   a. The witness' name;

   b. The witness' address;

   c. A summary of the witness' expected testimony.

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

/s/ Daniel R. Unterburger
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
Dated: June 4, 2020               daniel.unterburger@phila.gov

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please provide the following:

1. Any and all documents you intend to introduce at any trial or hearing in this matter as pertain to Defendant O'Brien, whether in support of your case-in-chief, or as impeachment or rebuttal evidence;

2. Any and all documents identified or referred to in Plaintiff's Answers to Interrogatories served in this matter;

3. All statements, memoranda, writings, formal or informal complaints, email, blog posts, "Facebook" posts or messages, "Twitter" posts or messages, or other documents of Plaintiff, agents or individuals acting on Plaintiff's behalf, Defendant O'Brien, or witnesses relating to the incident which forms the basis for Plaintiff's Complaint;

4. All medical, chiropractic, therapeutic, or psychological records, progress notes, diagnoses, prognoses, or other written or electronic documents, including prescriptions and pharmacy records concerning dispensation of medication, relating to treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant O'Brien;

5. All bills, invoices, insurance liens, or other documents showing the amounts owed for any treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant O'Brien;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

6. All receipts, confirmations, or other documentation of amounts paid by Plaintiff for treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant O'Brien;

7. Copies of any text messages exchanged between Plaintiff and Defendant O'Brien.

8. Reports, including any draft reports, of any experts who will testify at trial;

9. Communications between you and any experts who will testify at trial;

10. Curriculum vitae of any experts who will testify at trial;

11. Any and all documents that you possess or control that support any claim of discrimination, harassment or retaliation against Defendant O'Brien;

12. Any and all documents submitted by you to your employer, any internal office thereof, and/or administrative agency concerning a charge, complaint, or investigation of discrimination, harassment, or retaliation;

<u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

13. Diaries or other personal records you maintained during the time periods at issue in your

Complaint which mention Defendant O'Brien by name, by reference, or by implication.

<div align="center">

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

</div>

<u>/s/ Daniel R. Unterburger</u>
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
daniel.unterburger@phila.gov

Dated: June 4, 2020

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| Defendant. | : | |

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this date **Interrogatories and Requests for Production of Documents**

were served by electronic mail as follows:

**TO:**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

<div align="right">

**CITY OF PHILADELPHIA
LAW DEPARTMENT**

<u>/s/ Daniel R. Unterburger</u>
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
daniel.unterburger@phila.gov

</div>

Dated: June 4, 2020



CITY OF PHILADELPHIA

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

Daniel R. Unterburger
Assistant City Solicitor
Labor & Employment Unit, 16th Floor
215.683.5080
215.683.5099 (fax)
daniel.unterburger@phila.gov

June 4, 2020

**BY ELECTRONIC MAIL**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

**RE:**   **Audra McCowan and Jennifer Allen v. City of Philadelphia, et al.**
         **Civil Action No. 19-cv-3326-KSM**

Dear Attorney Bryson:

I have enclosed Sergeant Kevin O'Brien's First Set of Interrogatories and Requests for Production of Documents directed to Plaintiff McCowan. Kindly respond within the time allotted by the Federal Rules of Civil Procedure.

Please do not hesitate to contact me should you wish to discuss this matter further.

Respectfully,

*/s/ Daniel R. Unterburger*
Daniel R. Unterburger
Assistant City Solicitor

<u>INTERROGATORIES</u>

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.**, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| Defendant. | : | |

### DEFENDANT KEVIN O'BRIEN'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS
### <u>DIRECTED TO PLAINTIFF AUDRA McCOWAN</u>

DEFENDANT, Sergeant Kevin O'Brien, has served his first set of Interrogatories and Requests for Production of Documents directed to Plaintiff McCowan pursuant to Federal Rules of Civil Procedure. Please respond to these requests as follows:

1.      Your Answers, duly executed and sworn, must be returned within the amount of time dictated by the Federal Rules of Civil Procedure.

2.      These Interrogatories and Request for Production of Documents are continuing in nature and, therefore, will require supplemental responses as additional information is obtained by the Plaintiff(s) as mandated pursuant to the applicable Rules of Civil Procedure.

3.      Your responses shall be based upon information known to you or in the possession, custody or control of you, your attorney or other representative acting on your behalf, whether in preparation for litigation or otherwise.

4.      The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each interrogatory or request for documents as completely as possible. This means that you must provide an answer now based on the information

## INTERROGATORIES

you currently know or have in your possession, custody or control. You may not withhold such information until your investigation has concluded or discovery is complete.

5.     The omission of any name, fact, or other item of information from your responses shall be deemed a representation that such name, fact, or other item was not known to the Plaintiff, the Plaintiff's counsel, or other representatives at the time of service of your responses.

6.     All terms in these Interrogatories and Requests for Documents shall be given their ordinary meaning unless specifically defined otherwise.

7.     When an Interrogatory requests you to "Identify" a person or place, you are to provide that person's or place's name, address and telephone number.

8.     When an Interrogatory requests you to "Identify" a document, you are to provide the name, address and telephone number of the person who authored the document, the nature and content of the document identified, and the date and place where it was prepared or authored.

9.     For purposes of these Interrogatories, and as the facts of this civil action may require, the singular shall be plural and the plural shall be singular where applicable or appropriate.

10.     As the context of the Interrogatory may require, "you" or "your" shall mean the Plaintiff, or the Plaintiff's agent, representative or other person acting on the Plaintiff's behalf.

## **INTERROGATORIES**

1. Has Defendant O'Brien treated you differently because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

   a.  The date, time, and location of each such incident;

   b.  Which protected classification caused the different treatment;

   c.  A brief description of each such incident;

## INTERROGATORIES

    d.  The names and contact information of any witnesses to each such incident;

    e.  If an incident involved a disciplinary action, the nature of any disciplinary action taken by Defendant O'Brien;

    f.  If the incident involved non-disciplinary action, the nature of any non-disciplinary action taken by Defendant O'Brien;

    g.  The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

2.  Has Defendant O'Brien harassed you because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.  The date, time, and location of each such incident;

    b.  Which protected classification caused the harassment;

    c.  A brief description of each such incident;

    d.  The names and contact information of any witnesses to each such incident;

    e.  Whether, in each instance, the manner in, and extent to which the harassment interfered with your work performance ;

    f.  The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

3.  Has Defendant O'Brien retaliated against you for filing or participating in a charge, complaint, or investigation concerning discrimination with any internal office or external agency? If so, please include:

    a.  The date(s) of your participation in each charge, complaint or investigation;

INTERROGATORIES

    b.  The office or agency with which you filed or participated in a charge, complaint, or investigation;

    c.  A brief description of the basis for each such charge, complaint, or investigation;

    d.  The outcome of any charge, complaint, or investigation;

    e.  A detailed description of the manner in which you allege Defendant O'Brien retaliated against you.

4.  Has Defendant O'Brien retaliated against you for opposing a discriminatory practice? If so, please include:

    a.  The date, time, and location of each such practice you witnessed;

    b.  A full description of the practice you maintain you challenged;

    c.  A full description of the manner in which you opposed each such practice;

    d.  The manner in which you allege Defendant O'Brien retaliated against you.

5.  Are you aware of any witnesses, including yourself, to the incidents which form the basis of your Complaint as it pertains to Defendant O'Brien? If so, please include:

    a.  The name of the witness;

    b.  The address and telephone number of the witness;

    c.  Whether the witness gave a statement to anyone about the incident;

    d.  The identity of the individual or organization to which the witness gave a statement regarding the incident;

    e.  Your relationship to the witness.

6.  Are you claiming that, as a result of the incidents which form the basis for this Complaint, that you sustained physical or emotional injuries? If so, please include a detailed description of how Defendant O'Brien's conduct caused you injury.

## INTERROGATORIES

7. Have you created – or do you or your agents possess – any letter, formal complaint, report, memorandum, statement, email, message, blog post, "Facebook" post or message, "Twitter" post or message, video recording, audio recording, photographs, or any other document relating to the incidents which form the basis for your allegations against Defendant O'Brien? If so, please include:

    a. Date you or your agents created any such document;

    b. Person to whom any such document was transmitted/sent;

    c. Contents of any such document;

    d. Current location of any such document.

8. Please identify the fact witnesses you, or your attorney/agent, intend to call at trial to testify regarding Defendant O'Brien. For each witness, please include:

    a. The witness' name;

    b. The witness' address;

    c. A summary of the witness' expected testimony.

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

/s/ Daniel R. Unterburger
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
daniel.unterburger@phila.gov

Dated: June 4, 2020

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please provide the following:

1. Any and all documents you intend to introduce at any trial or hearing in this matter as pertain to Defendant O'Brien, whether in support of your case-in-chief, or as impeachment or rebuttal evidence;

2. Any and all documents identified or referred to in Plaintiff's Answers to Interrogatories served in this matter;

3. All statements, memoranda, writings, formal or informal complaints, email, blog posts, "Facebook" posts or messages, "Twitter" posts or messages, or other documents of Plaintiff, agents or individuals acting on Plaintiff's behalf, Defendant O'Brien, or witnesses relating to the incident which forms the basis for Plaintiff's Complaint;

4. All medical, chiropractic, therapeutic, or psychological records, progress notes, diagnoses, prognoses, or other written or electronic documents, including prescriptions and pharmacy records concerning dispensation of medication, relating to treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant O'Brien;

5. All bills, invoices, insurance liens, or other documents showing the amounts owed for any treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant O'Brien;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

6.  All receipts, confirmations, or other documentation of amounts paid by Plaintiff for treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant O'Brien;

7.  Copies of any text messages exchanged between Plaintiff and Defendant O'Brien.

8.  Reports, including any draft reports, of any experts who will testify at trial;

9.  Communications between you and any experts who will testify at trial;

10. Curriculum vitae of any experts who will testify at trial;

11. Any and all documents that you possess or control that support any claim of discrimination, harassment or retaliation against Defendant O'Brien;

12. Any and all documents submitted by you to your employer, any internal office thereof, and/or administrative agency concerning a charge, complaint, or investigation of discrimination, harassment, or retaliation;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

13. Diaries or other personal records you maintained during the time periods at issue in your

Complaint which mention Defendant O'Brien by name, by reference, or by implication.

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

/s/ Daniel R. Unterburger
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
Dated: June 4, 2020              daniel.unterburger@phila.gov

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| Defendant. | : | |

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this date **Interrogatories and Requests for Production of Documents**

were served by electronic mail as follows:

**TO:**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

<div align="right">

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

<u>/s/ Daniel R. Unterburger</u>
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
daniel.unterburger@phila.gov

</div>

Dated: June 4, 2020



LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

Daniel R. Unterburger
Assistant City Solicitor
Labor & Employment Unit, 16th Floor
215.683.5080
215.683.5099 (fax)
daniel.unterburger@phila.gov

June 4, 2020

**BY ELECTRONIC MAIL**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

RE:   **Audra McCowan and Jennifer Allen v. City of Philadelphia, et al.**
      **Civil Action No. 19-cv-3326-KSM**

Dear Attorney Bryson:

I have enclosed Sergeant Eric Williford's First Set of Interrogatories and Requests for Production of Documents directed to Plaintiff Allen. Kindly respond within the time allotted by the Federal Rules of Civil Procedure.

Please do not hesitate to contact me should you wish to discuss this matter further.

Respectfully,

*/s/ Daniel R. Unterburger*
Daniel R. Unterburger
Assistant City Solicitor

<u>INTERROGATORIES</u>

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.**, | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.** | : | |
| Defendant. | : | |

### DEFENDANT ERIC WILLIFORD'S FIRST SET OF INTERROGATORIES AND
### REQUEST FOR PRODUCTION OF DOCUMENTS
### <u>DIRECTED TO PLAINTIFF JENNIFER ALLEN</u>

DEFENDANT, Sergeant Eric Williforden, has served his first set of Interrogatories and Requests for Production of Documents directed to Plaintiff Allen pursuant to Federal Rules of Civil Procedure. Please respond to these requests as follows:

1.     Your Answers, duly executed and sworn, must be returned within the amount of time dictated by the Federal Rules of Civil Procedure.

2.     These Interrogatories and Request for Production of Documents are continuing in nature and, therefore, will require supplemental responses as additional information is obtained by the Plaintiff(s) as mandated pursuant to the applicable Rules of Civil Procedure.

3.     Your responses shall be based upon information known to you or in the possession, custody or control of you, your attorney or other representative acting on your behalf, whether in preparation for litigation or otherwise.

4.     The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each interrogatory or request for documents as completely as possible. This means that you must provide an answer now based on the information

## INTERROGATORIES

you currently know or have in your possession, custody or control. You may not withhold such information until your investigation has concluded or discovery is complete.

5.      The omission of any name, fact, or other item of information from your responses shall be deemed a representation that such name, fact, or other item was not known to the Plaintiff, the Plaintiff's counsel, or other representatives at the time of service of your responses.

6.      All terms in these Interrogatories and Requests for Documents shall be given their ordinary meaning unless specifically defined otherwise.

7.      When an Interrogatory requests you to "Identify" a person or place, you are to provide that person's or place's name, address and telephone number.

8.      When an Interrogatory requests you to "Identify" a document, you are to provide the name, address and telephone number of the person who authored the document, the nature and content of the document identified, and the date and place where it was prepared or authored.

9.      For purposes of these Interrogatories, and as the facts of this civil action may require, the singular shall be plural and the plural shall be singular where applicable or appropriate.

10.      As the context of the Interrogatory may require, "you" or "your" shall mean the Plaintiff, or the Plaintiff's agent, representative or other person acting on the Plaintiff's behalf.

### **INTERROGATORIES**

1. Has Defendant Williford treated you differently because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.  The date, time, and location of each such incident;

    b.  Which protected classification caused the different treatment;

    c.  A brief description of each such incident;

<u>INTERROGATORIES</u>

    d.   The names and contact information of any witnesses to each such incident;

    e.   If an incident involved a disciplinary action, the nature of any disciplinary action taken by Defendant Williford;

    f.   If the incident involved non-disciplinary action, the nature of any non-disciplinary action taken by Defendant Williford;

    g.   The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

2.   Has Defendant Williford harassed you because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.   The date, time, and location of each such incident;

    b.   Which protected classification caused the harassment;

    c.   A brief description of each such incident;

    d.   The names and contact information of any witnesses to each such incident;

    e.   Whether, in each instance, the manner in, and extent to which the harassment interfered with your work performance ;

    f.   The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

3.   Has Defendant Williford retaliated against you for filing or participating in a charge, complaint, or investigation concerning discrimination with any internal office or external agency? If so, please include:

    a.   The date(s) of your participation in each charge, complaint or investigation;

<u>INTERROGATORIES</u>

      b.  The office or agency with which you filed or participated in a charge, complaint, or investigation;

      c.  A brief description of the basis for each such charge, complaint, or investigation;

      d.  The outcome of any charge, complaint, or investigation;

      e.  A detailed description of the manner in which you allege Defendant Williford retaliated against you.

4.  Has Defendant Williford retaliated against you for opposing a discriminatory practice? If so, please include:

      a.  The date, time, and location of each such practice you witnessed;

      b.  A full description of the practice you maintain you challenged;

      c.  A full description of the manner in which you opposed each such practice;

      d.  The manner in which you allege Defendant Williford retaliated against you.

5.  Are you aware of any witnesses, including yourself, to the incidents which form the basis of your Complaint as it pertains to Defendant Williford? If so, please include:

      a.  The name of the witness;

      b.  The address and telephone number of the witness;

      c.  Whether the witness gave a statement to anyone about the incident;

      d.  The identity of the individual or organization to which the witness gave a statement regarding the incident;

      e.  Your relationship to the witness.

6.  Are you claiming that, as a result of the incidents which form the basis for this Complaint, that you sustained physical or emotional injuries? If so, please include a detailed description of how Defendant Williford's conduct caused you injury.

## INTERROGATORIES

7. Have you created – or do you or your agents possess – any letter, formal complaint, report, memorandum, statement, email, message, blog post, "Facebook" post or message, "Twitter" post or message, video recording, audio recording, photographs, or any other document relating to the incidents which form the basis for your allegations against Defendant Williford? If so, please include:

   a. Date you or your agents created any such document;

   b. Person to whom any such document was transmitted/sent;

   c. Contents of any such document;

   d. Current location of any such document.

8. Please identify the fact witnesses you, or your attorney/agent, intend to call at trial to testify regarding Defendant Williford. For each witness, please include:

   a. The witness' name;

   b. The witness' address;

   c. A summary of the witness' expected testimony.

<div style="text-align:right">

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

/s/ Daniel R. Unterburger
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
daniel.unterburger@phila.gov

</div>

Dated: June 4, 2020

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please provide the following:

1. Any and all documents you intend to introduce at any trial or hearing in this matter as pertain to Defendant Williford, whether in support of your case-in-chief, or as impeachment or rebuttal evidence;

2. Any and all documents identified or referred to in Plaintiff's Answers to Interrogatories served in this matter;

3. All statements, memoranda, writings, formal or informal complaints, email, blog posts, "Facebook" posts or messages, "Twitter" posts or messages, or other documents of Plaintiff, agents or individuals acting on Plaintiff's behalf, Defendant Williford, or witnesses relating to the incident which forms the basis for Plaintiff's Complaint;

4. All medical, chiropractic, therapeutic, or psychological records, progress notes, diagnoses, prognoses, or other written or electronic documents, including prescriptions and pharmacy records concerning dispensation of medication, relating to treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant Williford;

5. All bills, invoices, insurance liens, or other documents showing the amounts owed for any treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant Williford;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

6.  All receipts, confirmations, or other documentation of amounts paid by Plaintiff for treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant Williford;

7.  Copies of any text messages exchanged between Plaintiff and Defendant Williford.

8.  Reports, including any draft reports, of any experts who will testify at trial;

9.  Communications between you and any experts who will testify at trial;

10. Curriculum vitae of any experts who will testify at trial;

11. Any and all documents that you possess or control that support any claim of discrimination, harassment or retaliation against Defendant Williford;

12. Any and all documents submitted by you to your employer, any internal office thereof, and/or administrative agency concerning a charge, complaint, or investigation of discrimination, harassment, or retaliation;

<u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

13. Diaries or other personal records you maintained during the time periods at issue in your

Complaint which mention Defendant Williford by name, by reference, or by implication.

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

<u>/s/ Daniel R. Unterburger</u>
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
Dated: June 4, 2020                    daniel.unterburger@phila.gov

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.**, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| Defendant. | : | |

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on this date **Interrogatories and Requests for Production of Documents**

were served by electronic mail as follows:

**TO:**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

                                         **CITY OF PHILADELPHIA**
                                         **LAW DEPARTMENT**

                                         /s/ Daniel R. Unterburger
                                         DANIEL R. UNTERBURGER
                                         Assistant City Solicitor
                                         1515 Arch Street, 16th Floor
                                         Philadelphia, PA 19102
                                         215.683.5080

Dated: June 4, 2020                   daniel.unterburger@phila.gov



CITY OF PHILADELPHIA

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

Daniel R. Unterburger
Assistant City Solicitor
Labor & Employment Unit, 16th Floor
215.683.5080
215.683.5099 (fax)
daniel.unterburger@phila.gov

June 4, 2020

**BY ELECTRONIC MAIL**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

RE:   **Audra McCowan and Jennifer Allen v. City of Philadelphia, et al.**
      **Civil Action No. 19-cv-3326-KSM**

Dear Attorney Bryson:

I have enclosed Sergeant Eric Williford's First Set of Interrogatories and Requests for Production of Documents directed to Plaintiff McCowan. Kindly respond within the time allotted by the Federal Rules of Civil Procedure.

Please do not hesitate to contact me should you wish to discuss this matter further.

Respectfully,

*/s/ Daniel R. Unterburger*
Daniel R. Unterburger
Assistant City Solicitor

<u>INTERROGATORIES</u>

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.**, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT ERIC WILLIFORD'S FIRST SET OF INTERROGATORIES AND**
**REQUEST FOR PRODUCTION OF DOCUMENTS**
**<u>DIRECTED TO PLAINTIFF AUDRA McCOWAN</u>**

DEFENDANT, Sergeant Eric Williford, has served his first set of Interrogatories and Requests for Production of Documents directed to Plaintiff McCowan pursuant to Federal Rules of Civil Procedure. Please respond to these requests as follows:

1.      Your Answers, duly executed and sworn, must be returned within the amount of time dictated by the Federal Rules of Civil Procedure.

2.      These Interrogatories and Request for Production of Documents are continuing in nature and, therefore, will require supplemental responses as additional information is obtained by the Plaintiff(s) as mandated pursuant to the applicable Rules of Civil Procedure.

3.      Your responses shall be based upon information known to you or in the possession, custody or control of you, your attorney or other representative acting on your behalf, whether in preparation for litigation or otherwise.

4.      The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each interrogatory or request for documents as completely as possible. This means that you must provide an answer now based on the information

## INTERROGATORIES

you currently know or have in your possession, custody or control. You may not withhold such information until your investigation has concluded or discovery is complete.

5.    The omission of any name, fact, or other item of information from your responses shall be deemed a representation that such name, fact, or other item was not known to the Plaintiff, the Plaintiff's counsel, or other representatives at the time of service of your responses.

6.    All terms in these Interrogatories and Requests for Documents shall be given their ordinary meaning unless specifically defined otherwise.

7.    When an Interrogatory requests you to "Identify" a person or place, you are to provide that person's or place's name, address and telephone number.

8.    When an Interrogatory requests you to "Identify" a document, you are to provide the name, address and telephone number of the person who authored the document, the nature and content of the document identified, and the date and place where it was prepared or authored.

9.    For purposes of these Interrogatories, and as the facts of this civil action may require, the singular shall be plural and the plural shall be singular where applicable or appropriate.

10.    As the context of the Interrogatory may require, "you" or "your" shall mean the Plaintiff, or the Plaintiff's agent, representative or other person acting on the Plaintiff's behalf.

### **INTERROGATORIES**

1.  Has Defendant Williford treated you differently because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.  The date, time, and location of each such incident;

    b.  Which protected classification caused the different treatment;

    c.  A brief description of each such incident;

## INTERROGATORIES

    d.   The names and contact information of any witnesses to each such incident;

    e.   If an incident involved a disciplinary action, the nature of any disciplinary action taken by Defendant Williford;

    f.   If the incident involved non-disciplinary action, the nature of any non-disciplinary action taken by Defendant Williford;

    g.   The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

2.   Has Defendant Williford harassed you because of your race, religion, gender, disability, perceived disability, sexual orientation, or other protected characteristic? If so, please include:

    a.   The date, time, and location of each such incident;

    b.   Which protected classification caused the harassment;

    c.   A brief description of each such incident;

    d.   The names and contact information of any witnesses to each such incident;

    e.   Whether, in each instance, the manner in, and extent to which the harassment interfered with your work performance ;

    f.   The date you reported each such incident, and the identity of the individual to whom you reported each such incident.

3.   Has Defendant Williford retaliated against you for filing or participating in a charge, complaint, or investigation concerning discrimination with any internal office or external agency? If so, please include:

    a.   The date(s) of your participation in each charge, complaint or investigation;

## INTERROGATORIES

      b.  The office or agency with which you filed or participated in a charge, complaint, or investigation;

      c.  A brief description of the basis for each such charge, complaint, or investigation;

      d.  The outcome of any charge, complaint, or investigation;

      e.  A detailed description of the manner in which you allege Defendant Williford retaliated against you.

4.  Has Defendant Williford retaliated against you for opposing a discriminatory practice? If so, please include:

      a.  The date, time, and location of each such practice you witnessed;

      b.  A full description of the practice you maintain you challenged;

      c.  A full description of the manner in which you opposed each such practice;

      d.  The manner in which you allege Defendant Williford retaliated against you.

5.  Are you aware of any witnesses, including yourself, to the incidents which form the basis of your Complaint as it pertains to Defendant Williford? If so, please include:

      a.  The name of the witness;

      b.  The address and telephone number of the witness;

      c.  Whether the witness gave a statement to anyone about the incident;

      d.  The identity of the individual or organization to which the witness gave a statement regarding the incident;

      e.  Your relationship to the witness.

6.  Are you claiming that, as a result of the incidents which form the basis for this Complaint, that you sustained physical or emotional injuries? If so, please include a detailed description of how Defendant Williford's conduct caused you injury.

## <u>INTERROGATORIES</u>

7. Have you created – or do you or your agents possess – any letter, formal complaint, report, memorandum, statement, email, message, blog post, "Facebook" post or message, "Twitter" post or message, video recording, audio recording, photographs, or any other document relating to the incidents which form the basis for your allegations against Defendant Williford? If so, please include:

    a.  Date you or your agents created any such document;

    b.  Person to whom any such document was transmitted/sent;

    c.  Contents of any such document;

    d.  Current location of any such document.

8. Please identify the fact witnesses you, or your attorney/agent, intend to call at trial to testify regarding Defendant Williford. For each witness, please include:

    a.  The witness' name;

    b.  The witness' address;

    c.  A summary of the witness' expected testimony.

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

<u>/s/ Daniel R. Unterburger</u>
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
daniel.unterburger@phila.gov

Dated: June 4, 2020

## REQUESTS FOR PRODUCTION OF DOCUMENTS

<u>Please provide the following</u>:

1. Any and all documents you intend to introduce at any trial or hearing in this matter as pertain to Defendant Williford, whether in support of your case-in-chief, or as impeachment or rebuttal evidence;

2. Any and all documents identified or referred to in Plaintiff's Answers to Interrogatories served in this matter;

3. All statements, memoranda, writings, formal or informal complaints, email, blog posts, "Facebook" posts or messages, "Twitter" posts or messages, or other documents of Plaintiff, agents or individuals acting on Plaintiff's behalf, Defendant Williford, or witnesses relating to the incident which forms the basis for Plaintiff's Complaint;

4. All medical, chiropractic, therapeutic, or psychological records, progress notes, diagnoses, prognoses, or other written or electronic documents, including prescriptions and pharmacy records concerning dispensation of medication, relating to treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant Williford;

5. All bills, invoices, insurance liens, or other documents showing the amounts owed for any treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant Williford;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

6.  All receipts, confirmations, or other documentation of amounts paid by Plaintiff for treatment Plaintiff received for physical, psychological, or emotional injuries/conditions sustained as a result of the actions of Defendant Williford;

7.  Copies of any text messages exchanged between Plaintiff and Defendant Williford.

8.  Reports, including any draft reports, of any experts who will testify at trial;

9.  Communications between you and any experts who will testify at trial;

10. Curriculum vitae of any experts who will testify at trial;

11. Any and all documents that you possess or control that support any claim of discrimination, harassment or retaliation against Defendant Williford;

12. Any and all documents submitted by you to your employer, any internal office thereof, and/or administrative agency concerning a charge, complaint, or investigation of discrimination, harassment, or retaliation;

<u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

Diaries or other personal records you maintained during the time periods at issue in your

Complaint which mention Defendant Williford by name, by reference, or by implication.

**CITY OF PHILADELPHIA
LAW DEPARTMENT**

<u>/s/ Daniel R. Unterburger</u>
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
Dated: June 4, 2020              daniel.unterburger@phila.gov

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AUDRA McCOWAN, et al.,** | : |
| Plaintiffs, | : |
| v. | :     Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.** | : |
| Defendant. | : |

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this date **Interrogatories and Requests for Production of Documents**

were served by electronic mail as follows:

**TO:**
Derek Smith Law Group, PLLC
Ian M. Bryson, Esq.
1835 Market St., Suite 2950
Philadelphia, PA 19103

<div align="right">

**CITY OF PHILADELPHIA
LAW DEPARTMENT**

/s/ Daniel R. Unterburger
DANIEL R. UNTERBURGER
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215.683.5080
daniel.unterburger@phila.gov

</div>

Dated: June 4, 2020