IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUDRA MCCOWAN, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2020, upon consideration of Defendants' motion to quash the subpoena to produce documents directed by Plaintiffs to nonparty A. Nicole Phillips, Esquire of the law firm Montgomery McCracken Walker & Rhoads LLP, it is hereby **ORDERED** that the Motion is **GRANTED**.

BY THE COURT:

_____
**KAREN S. MARSTON, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUDRA MCCOWAN, et al.,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MOTION TO QUASH THE
SUBPOENA DIRECTED TO NONPARTY A. NICOLE PHILLIPS, ESQUIRE**

Defendants the City of Philadelphia, Christine Coulter, Daniel MacDonald, Michael McCarrick, Timothy McHugh, Brent Conway, Eric Williford, Kevin O'Brien, Tamika Allen, and Herbert Gibbons file this motion to quash the subpoena to produce documents directed to nonparty A. Nicole Phillips, Esquire of the law firm Montgomery McCracken Walker & Rhoads. Defendants respectfully request that this Court grant their motion on the grounds more fully described in the supporting memorandum of law.

Respectfully Submitted,

**CITY OF PHILADELPHIA
LAW DEPARTMENT**

Date: August 31, 2020           BY:  s/ Daniel R. Unterburger
                                    Daniel R. Unterburger
                                    Assistant City Solicitor

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUDRA MCCOWAN, et al.,** | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| Defendants. | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO QUASH THE SUBPOENA DIRECTED TO <u>NONPARTY A. NICOLE PHILLIPS, ESQUIRE</u>**

Defendants the City of Philadelphia, Christine Coulter, Daniel MacDonald, Michael McCarrick, Timothy McHugh, Brent Conway, Eric Williford, Kevin O'Brien, Tamika Allen, and Herbert Gibbons submit this Memorandum of Law in support of their motion to quash the subpoena to produce documents directed to nonparty A. Nicole Phillips, Esquire of the law firm Montgomery McCracken Walker & Rhoads LLP.

Defendants respectfully request that this Court grant their motion to quash because Plaintiffs cannot demonstrate that the documents they seek – to the extent any such documents exist – fall within the proper scope of discovery under Fed. R. Civ. P. 26(b)(1). Any documents responsive to Plaintiffs' subpoena are protected by a variety of privileges that have not been waived, requiring this Court to quash the subpoena under Rule 45(d)(3)(A)(iii).

**I.      RELEVANT FACTUAL SUMMARY**

At all times relevant to this matter, Plaintiffs were employed by the Philadelphia Police Department, one as a Police Officer and one as a Corporal. 2nd Am. Compl. ¶¶ 36-40. During that time period, Plaintiffs claim they were sexually harassed by a City employee holding the non-

2

supervisory rank of Police Officer. See 2d Am. Compl., ¶¶ 61-69. Plaintiffs also claim that retaliation, along with gender and race discrimination, motivated routine employment transactions authorized and conducted by rank-and-file Civil Service members of the Police Department and the Deputy Commissioner overseeing departmental operations. See generally 2d Am. Compl. One Plaintiff, Ms. Allen, also alleges wage and hour violations of the Fair Labor Standards Act. 2d Am. Compl., ¶¶ 362-68.

In October or November 2019, the City engaged the services of a law firm to conduct an investigation and analysis of alleged gender discrimination and sexual harassment within the Philadelphia Police Department. At the conclusion of its investigation, the firm will provide recommendations to the mayor regarding policies, practices, and procedures that will improve the Department's working environment and culture; reduce claims of gender discrimination and sexual harassment; and minimize the City's exposure in future employment litigation.

During the course of the investigation, the law firm, through Deputy Commissioner Robin Wimberly, requested to interview five female police employees. None of the five women invited to be interviewed have knowledge about the instant lawsuit.

Counsel for Plaintiffs, who are not subjects of the investigation, has (1) made a discovery request for Police Board of Inquiry and Internal Affairs files regarding the women invited to be interviewed; and (2) issued a subpoena to produce documents to A. Nicole Phillips, Esquire of Montgomery McCracken Walker & Rhoads LLP, the attorney who requested the interviews.

To date, the firm has not interviewed any of the individuals listed in Plaintiffs' subpoena and the firm has not issued a report of its investigations, findings or conclusions.

Defendants now move to quash the subpoena directed to Ms. Phillips.

3

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 45(d)(3) describes when a court is required to quash a subpoena, while Federal Rule of Civil Procedure 26(b)(1) describes the general scope of discovery. A Rule 45 subpoena served in conjunction with discovery must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1). *Green v. Cosby*, 314 F.R.D. 164, 169 (E.D. Pa. 2016). *See also Frank v. Honeywell Int'l Inc.*, No. 15–MC–172, 2015 WL 4770965, at *4 (E.D. Pa. Aug. 13, 2015); *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D. Pa. 2014).

"The serve-and-volley of the federal discovery rules govern the resolution of a motion to quash." *Green*, 314 F.R.D. at 169 (quoting *In re Domestic Drywall*, 300 F.R.D. at 239) (internal quotation marks omitted). First, the subpoenaing party must demonstrate that its requests fall within the general scope of discovery defined in Rule 26(b)(1). *Id.* Accordingly, the subpoenaing party may only seek "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If the general scope of discovery encompasses the requests of the subpoenaing party then the burden shifts to the party opposing the subpoena to establish that Rule 45(d)(3) provides a basis to quash the subpoena. *See In re Domestic Drywall*, 300 F.R.D. at 239. Rule 45(d)(3)(A)(iii) requires a court to quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies. Fed. R. Civ. P. 45(d)(3)(A)(iii).

## III.   ARGUMENT

### A. DEFENDANTS HAVE STANDING TO MOVE TO QUASH THE SUBPOENA DIRECTED TO NONPARTY A. NICOLE PHILLIPS, ESQUIRE

Generally, a party does not have standing to contest a subpoena served on a nonparty. *Savant Sys., LLC v. Crestron Elecs., Inc.*, No. CIV.A. 12-MC-51, 2012 WL 987404, at *3 (E.D. Pa. Mar. 22, 2012) (*quoting Thomas v. Marina Assocs.,* 202 F.R.D. 433, 434 (E.D. Pa. 2001)). An

4

exception to this rule permits a party to move to quash when it "claims some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a nonparty." *Id.* (*quoting Davis v. Gen. Accident Ins. Co. of Am.*, No. 98–4736, 1999 WL 228944, at *2 (E.D. Pa. Apr. 15, 1999)) (internal quotation marks omitted).

Here, Defendants have an interest in any documents in the possession of Ms. Phillips, along with attorney-client privilege, deliberative process privilege, and self-critical analysis privilege, as discussed below. Accordingly, Defendants have standing to move to quash the subpoena directed to Ms. Phillips.

**B.   PLAINTIFFS' SUBPOENA SEEKS MATERIALS NOT PROPERLY WITHIN THE SCOPE OF DISCOVERY UNDER FED. R. CIV. P. 26(b)(1)**

A party may seek only "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Here, Plaintiffs seek "[a]ll documents relating to [Attorney Phillips'] investigation of sexual harassment complaints within the Philadelphia Police Department . . . ." Plaintiffs' Subpoena Directed to A. Nicole Phillips (**Ex. A**).

### 1. The Attorney-Client Privilege Applies to the Documents Sought By Plaintiffs.

"There is no question that the work of 'an attorney who investigates complaints and conducts interviews within a company or an organization retains the same entitlement to the attorney-client privilege as if he or she were offering pure legal advice.'" *Hawa v. Coatesville Area School District*, Civil Action No. 15-4828, 2014 WL 4737389, at *2 (E.D. Pa. Sept. 12, 2016) (*quoting Ziner v. Cedar Crest Coll.*, No. 04-3491, 2006 WL 8409873, at *3 (E.D. Pa. May 30, 2006)).

The documents sought by Plaintiffs are protected by the attorney-client privilege and are thus not properly within the scope of discovery. Ms. Phillips has been retained by the City of

5

Philadelphia to conduct an investigation and analysis of alleged gender discrimination and sexual harassment within the Philadelphia Police Department. Any investigations or interviews conducted by Ms. Phillips on behalf of the City are shielded from discovery by the attorney-client privilege. Accordingly, Plaintiffs' subpoena should be quashed because the materials sought are not properly within the scope of discovery and Plaintiffs have made no effort to meet their burden, through their subpoena to an attorney conducting an investigation on behalf of a client commanding production of "all documents," of demonstrating that their request falls within the scope of discovery.

### 2. The Deliberative Process Privilege Precludes Production of the Documents Subpoenaed by Plaintiffs.

The deliberative process privilege permits the government to withhold "confidential deliberations of law or policymaking, reflecting opinions, recommendations or advice." *In re Grand Jury*, 821 F.2d 946, 959 (3d Cir. 1987). This privilege protects the deliberations of a government agency and recognizes "that were agencies forced to operate in a fishbowl, the frank exchange of ideas and opinions would cease and the quality of administrative decisions would consequently suffer." *First Eastern Corp. v. Mainwaring*, 21 F.3d 465, 468 (D.C. Cir. 1994). For the deliberation to be protected, it must be (1) predecisional and (2) deliberative. *Abdelfattah v. U.S. Dept. of Homeland Sec.*, 488 F.3d 178, 183 (3d Cir. 2007). "Information is 'predecisional' when it reflects particular steps taken by the agency in reaching a final decision and 'deliberative' when it reveals processes used by the agency in reaching that decision." *Johnson v. Wetzel*, No. 1:16-CV-863, 2016 U.S. Dist. LEXIS 103074, at *10-11 (M.D. Pa. Aug. 5, 2016).

The City retained Ms. Phillips and her law firm to conduct an investigation to, among other things, inform municipal policymaking. Not only has no policymaking decision yet been made, Ms. Phillips has not reached any conclusions or provided any opinions, recommendations, or

6

advice to the City. To date, Ms. Phillips has not completed her investigation, nor has she interviewed Plaintiffs or any of the individuals named in Plaintiffs' subpoena. Even if Ms. Phillips had completed her investigation, all opinions, recommendations, and advice to her client would be shielded from discovery. In light of the ongoing nature of Ms. Phillips' work on behalf of the City, Plaintiffs have no colorable claim of entitlement to "all documents" related to her investigation.

### 3. The Self-Critical Analysis Precludes Production of the Documents Sought by Plaintiffs' Subpoena.

The self-critical analysis privilege protects evaluative materials created in accordance with governmental requirements, or for purposes of "self-improvement." *Craig v. Rite Aid Corp.*, No. 4:08-CV-2317, 2010 WL 5463292, at *2 (M.D. Pa. Dec. 29, 2010). The critical self-analysis privilege requires that: (1) the material for which privilege is sought must have been prepared for a critical self-analysis and was undertaken by the party seeking protection; (2) the privilege be sought only for subjective, evaluative materials, not objective data in reports; and (3) the policy favoring exclusion must clearly outweigh plaintiff's need for the documents. *Melhorn v. New Jersey Transit Rail Operations, Inc.*, 203 F.R.D. 176, 178 (E.D. Pa. 2001). Permitting the disclosure of subjective materials comprising self-critical analysis would have a chilling effect on an employer's voluntary efforts to enhance compliance with equal employment opportunities laws. *Webb v. Westinghouse Electric Corp.*, 81 F.R.D. 431, 433 (E.D. Pa. 1978).

Here, Plaintiffs seek "all documents" related to an investigation undertaken and commissioned by the City of Philadelphia for purposes of critically analyzing its Police Department's practices, policies, and procedures to identify areas capable of improvement. Plaintiffs do not seek objective data. Plaintiffs seek the subjective complaints, to the extent any exist, of several individual employees of the Police Department along with documents reflecting an attorney's evaluations of departmental practices, policies, and procedures. Exclusion here

7

would prevent the inevitable chilling effect occasioned by unfettered disclosure of subjective efforts of the City to critically self-analyze its departments to enhance the work environments of its employees. If the City cannot turn inward and conduct a warts-and-all evaluation of its practices for fear of feeding ammunition to plaintiffs suing the City, the City's entire workforce is deprived of the benefits of such analysis. Avoidance of a chilling effect on the City's efforts towards self-improvement far outweighs any need Plaintiffs could articulate for documents in Ms. Phillips' possession. Accordingly, Plaintiffs' subpoena should be quashed because Defendants can invoke the self-critical analysis privilege, making the documents sought by Plaintiffs outside the scope of discovery.

### IV.     CONCLUSION

Defendants the City of Philadelphia, Christine Coulter, Daniel MacDonald, Michael McCarrick, Timothy McHugh, Brent Conway, Eric Williford, Kevin O'Brien, Tamika Allen, and Herbert Gibbons respectfully request that this Honorable Court grant Defendants' motion to quash Plaintiffs' subpoena directed to nonparty A. Nicole Phillips, Esquire. The documents sought by Plaintiffs' subpoena are outside the scope of discovery by dint of being privileged. As such, Plaintiffs' subpoena is unenforceable and should be quashed.

                                                        Respectfully submitted,

                                                        **CITY OF PHILADELPHIA**
                                                        **LAW DEPARTMENT**

                                                        /s/ Daniel R. Unterburger
                                                        Daniel R. Unterburger
                                                         Assistant City Solicitor
                                                        1515 Arch Street, 16th Floor
                                                        Philadelphia, PA  19102
                                                        215.683.5080
Dated:  August 31, 2020                        daniel.unterburger@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUDRA MCCOWAN, et al.,** | : | |
| Plaintiffs, | : : : | |
| v. | : : | Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.,** | : : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, the foregoing motion to quash the subpoena to produce documents directed to nonparty A. Nicole Phillips, Esquire of the law firm Montgomery McCracken Walker & Rhoads LLP and accompanying Memorandum of Law was filed electronically and is available for viewing and downloading.

                                                                                                      Respectfully Submitted,

                                                                                                      **CITY OF PHILADELPHIA**
                                                                                                       **LAW DEPARTMENT**

Date: August 31, 2020                                 BY:  s/ Daniel R. Unterburger
                                                                                                   Daniel R. Unterburger
                                                                                                   Assistant City Solicitor