## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.** | : | |
| Defendant. | : | |

## DEFENDANTS' MOTION FOR CLARIFICATION OR RECONSIDERATION OF THE COURT'S ORDER DENYING DEFENDANTS' MOTION TO QUASH A THIRD PARTY SUBPOENA

Defendants City of Philadelphia, et al., respectfully move for reconsideration or clarification PURSUANT TO Fed. R. Civ. P 59 of this Court's November 4, 2020 Order denying Defendants' Motion to Quash a Third Party Subpoena issued to A. Nicole Phillips, Esquire of Montgomery McCracken Walker & Rhoads, LLP ( "Montgomery McCracken").   The Defendants submit that good causes exist for granting this motion for the reasons discussed below.

As an initial matter, Defendants request clarification of the Court's November 4th  Order. Specifically, Defendants inquire as to whether the Court's denial of the Motion to Quash is a blanket Order for  Ms. Phillips and Montgomery McCracken to turn over to the Plaintiff every document related to the legal advice sought by Defendants by way of the internal investigation, or only those items not protected by the attorney-client privilege between the City of Philadelphia and the law firm.  Recognizing that the Court ruled that the Defendants had not met its burden to establish the existence of an attorney-client privilege as to any specific documents from the investigation, the Defendants now provide additional information as to the particular

1

documents at issue in support of this motion to reconsider.  Specifically, the Defendants provide

more detailed descriptions of the documents generated by Montgomery McCracken that the

Defendants assert are covered by the attorney-client privilege, including Affidavits from

Montgomery McCracken and the Philadelphia Police Department, which demonstrates why

these materials should be protected from disclosure under the attorney-client privilege.  Finally,

disclosure of this highly sensitive and privileged information would be a clear error of law and/or

create a manifest injustice that should be prevented at all costs. Therefore, the Defendants

respectfully request that the Court reconsider its ruling as to the attorney-client privilege in this

matter.

Respectfully submitted,

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**


/s/ Brian Matthew Rhodes
BRIAN MATTHEW RHODES
Sr. Attorney

Dated: November 18, 2020

## I.     INTRODUCTION

During the course of discovery in this matter, Defendants City of Philadelphia ("the City"), Former Commissioner Richard Ross Jr., Deputy Commissioner Christine Coulter, Chief Inspector Daniel MacDonald, Inspector Michael McCarrick, Lieutenant Timothy McHugh, Sergeant Brent Conway, Sergeant Eric Williford, Sergeant Kevin O'Brien, Sergeant Tamika Allen, Sergeant Herbert Gibbons and Officer Curtis Younger ("Defendants") produced fourteen (14) witnesses for deposition and turned over thousands of documents including internal, sensitive information.  The documents Plaintiffs now seek are those created by the law firm Montgomery, McCracken, Walker & Rhoads, LLP ("Montgomery McCracken") through its internal investigation for the purpose of providing the City with legal advice.  These records epitomize the very essence of attorney client privileged materials and should not be shared with the Plaintiffs and the public.

The attorney-client privilege is the backbone of the legal profession. It encourages the client to be open and honest with his or her attorney without fear that others will be able to pry into those conversations.  It allows the attorney to provide the best legal advice because the client feels safe to fully inform his/her counsel of every relevant and non-relevant piece of information. If the Court's November 4th Order requires disclosure of all investigative materials, including privileged materials, it would be a clear error of law and a manifest injustice to the Defendants and those whose information would be disclosed.  Defendants respectfully request that the Court reconsider its Order and, if not vacate the Order in its entirety, and permit the Defendants to provide additional information to meet its burden to establish that the specific documents identified below are protected by the attorney-client privilege and should not be produced to the Plaintiffs.

## II. RELEVANT PROCEDURAL BACKGROUND

On July 31, 2020, Plaintiffs' counsel served A. Nicole Phillips, Esquire, counsel at Montgomery McCracken , with a subpoena seeking "… documents relating to your investigation of sexual harassment complaints within the Philadelphia Police Department, including but not limited to, complaints involving Audra McCowan, Jennifer Allen, Tela Kennedy, Vanessa Washington, Sarah DeBarberie, Sharon Conaway and/or Kelly Marks."  On August 6, 2020, Defendants discussed with Plaintiffs' counsel the subject matter of the subpoena via a meet and confer call on outstanding discovery requests.  Plaintiffs' counsel references this call in his Motion for Reconsideration regarding the Court's Order denying his second request to depose Mayor Kenney.  This Court recognized and acknowledged the August 6th call between counsel in its Order Denying Plaintiffs' Motion for Reconsideration on deposing Mayor Kenney.

On October 27, 2020, the Court held oral argument on Defendants' Motion to Quash, and issued an Order denying Defendants' Motion on November 4, 2020. The Court made clear in its Opinion that Defendants failed to produce specific evidence to meet its burden to establish the existence of attorney-client privilege as to any documents from the investigation.  As such, in Footnote 7 of the Court's Opinion, the Court states that it would, "… not opine on Plaintiffs' alternative argument that the privilege does not apply because the purpose of the investigation is to provide "business/human resources advice rather than legal advice.""

## III.  LEGAL DISCUSSION

There are three circumstances in which a court may grant a motion for reconsideration: (1) there has been an intervening change in the law; (2) new evidence is now available that was not available when the court entered judgment; or (3) there is a need to correct a clear error of law or fact, or to prevent manifest injustice. Fed. R. Civ. P. 59(e); *Allah v. Ricci*,

532 F.App'x 48, 51 (3d Cir. 2013) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)); *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co*., 52 F.3d 1194, 1218 (3d Cir. 1995)).  Defendants assert that the Court should reconsider its decision based on the second and third factors.  There is new evidence  that was not available when the Court entered its judgment, specifically, a more detailed identification and description of the privileged materials possessed by Montgomery McCracken.  The Defendants have attached to this Motion an affidavit from attorney A. Nicole Phillips describing both the request for legal advice, a description of documents already provided to Plaintiffs' counsel by Montgomery McCracken, and a description of documents that the City asserts are privileged materials.  The Defendants submit that this additional information will help prevent a manifest injustice and error in law by Montgomery McCracken being forced to share highly confidential, sensitive, and privileged information with the Plaintiffs and consequentially with the public.

## A.  There are New Facts to Consider with Regard to Documents Specifically Identified as Privileged Materials.

At the time of the October 27th oral argument, the Court asked the Defendants what evidence they possessed to establish the existence of an attorney-client privilege as to documents generated in the internal investigation by Montgomery McCracken.  Specifically, the Court asked the Defendants what specific documents were being asserted as privileged. The Defendants could not provide any detail as to the documents being claimed as privileged.  At the time, the Defendants' counsel for this instant litigation was not privy to documents from the internal investigation as the investigation is distinct and separate from the instant litigation.  Moveover, it was the Defendants' position that all of the documents related to the internal investigation conducted by Montgomery McCracken should be protected by either the attorney

client privilege, deliberative process privilege, or self-critical analysis privilege, as they all flowed from Montgomery McCracken's provision of legal advice to the City, related to municipal policy-making and for the purpose of self-improvement analysis.

Since the oral argument and the Court's decision, specifically denying the application of the deliberative process privilege and refusing to recognize self-critical analysis privilege, Montgomery McCracken reviewed the documents in its possession related to the investigation and determined that there were documents not protected by the attorney-client privilege, but previously withheld on other grounds, that could be – and already have been – produced to Plaintiffs' counsel.  Further, Montgomery McCracken determined that there were documents that could be produced to Plaintiffs' counsel pursuant to the entry of a Protective Order.  Finally, Montgomery McCracken identified documents created by lawyers at Montgomery McCracken that should not be produced to the Plaintiffs' counsel based upon the City's assertion of the attorney-client privilege and additional reasons related to confidentiality, public policy, and fundamental fairness.

The description of those specific documents withheld by Montgomery McCracken has been provided to the Defendants and the Defendants now respectfully request that this Court assess the nature of these documents in reconsideration of this previous Order as to the application of the attorney-client privilege.  The documents at issue go to the very core of the legal advice being sought by the City from Montgomery McCracken.  Specifically, the documents consist of memoranda summarizing interviews of high-ranking police personnel, City Law Department lawyers, and Mayor's Office of Labor Relations employees, legal drafts and notes related to the oral presentation of recommendations to be made to the City stakeholders, case status memoranda provided to City Law Department attorneys,   and corresponding emails

between counsel for the City and Montgomery McCracken.   These documents are described in more detail in the attached Affidavit provided by Montgomery McCracken.

**B. There Would be a Clear Error of Law or a Manifest Injustice to the City and others with the Disclosure of the Privileged Materials.**

According to the Third Circuit Court of Appeals, "clear error [exists] if 'after reviewing the evidence, [the court is] left with a definite and firm conviction that a mistake has been committed.'" *Norristown Area Sch. Dist. v. F.C.*, 636 F. App'x 857, 861 n. 8 (3d Cir. 2016) (quoting *Oberti v. Bd. of Educ.*, 995 F.2d 1204, 1220 (3d Cir. 1993)). Here, Defendants seek to prevent an error of law or fact which, as the Court pointed out during oral argument and in its Opinion, may have been avoided had Defendants provided more definitive information on the privileged documents in the first place.   Since the attorney-client privileged material has not been disclosed, we urge this court to reconsider its ruling denying the Motion to Quash on this issue to prevent this occurrence of this error.

The Third Circuit Court of Appeals has defined the traditional elements of attorney client privileged communications that may be protected from disclosure in discovery as follows:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his or her subordinate, and (b) **in connection with this communication is acting as a lawyer**; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) **for the purpose of securing primarily either (i) an opinion of law or (ii) legal services or (iii) assistance in some legal proceeding**, and (d) not for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*Rhone–Poulenc Rorer Inc. v. Home Indem. Co.,* 32 F.3d 851, 862 (3d Cir. 1994)

(citations omitted) (emphasis added).  The party asserting the privilege has the burden of showing that the doctrine applies. *Conoco Inc. v. U.S. Dep't of Justice*, 687 F.2d 724, 730 (3d Cir. 1982).

The privilege ensures "that one who seeks advice or aid from a lawyer should be completely free of any fear that his secrets will be uncovered." *United States v. Grand Jury Investigation*, 401 F. Supp. 361, 369 (W.D. Pa. 1975). Thus, the underlying principle of the privilege is to provide for "sound legal advice [and] advocacy." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).  With the security of the privilege, the client may speak frankly and openly to legal counsel, disclosing all relevant information to the attorney and creating a zone of privacy.  Shielded by the privilege, the client may be more willing to communicate to counsel things that might otherwise be suppressed. In theory, such candor and honesty will assist the attorney in providing more accurate, well-reasoned professional advice, and the client can be secure in the knowledge that his statements to his lawyer will not be taken as an adverse admission or used against his interest.

The provision of legal advice does not need to be the only purpose of the investigation. *See, e.g., In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 760 (D.C. Cir. 2014) ("In the context of an organization's internal investigation, if one of the significant purposes of the internal investigation was to obtain or provide legal advice, the privilege will apply."); *In re Gen. Motors LLC Ignition Switch Litig.*, 80 F. Supp. 3d 521, 529–30 (S.D.N.Y. 2015) ("So long as obtaining or providing legal advice was one of the significant purposes of the internal investigation, the attorney-client privilege applies, even if there were also other purposes for the investigation . . . .") (citations and quotations omitted); *Claude P. Bamberger Int'l, Inc. v. Rohm & Haas Co.*, No. 96-1041, 1997 WL 33768546, at *2 (D.N.J. Aug. 12, 1997), *aff'd*, 1997 WL 33762249 (D.N.J.

Dec. 29, 1997) ("Therefore, for a communication to be protected, the communication must be made to an attorney for the express purpose of securing legal advice. Business and personal advice are not protected by the privilege, and where a communication contains both legal and business advice, the attorney-client privilege will apply only if the primary purpose of the communication was to aid in the provision of legal advice.") (citations omitted).

In this case, the primary purpose of retaining Montgomery McCracken was to obtain legal advice on how the City can prevent future lawsuits with claims of sexual harassment and gender discrimination in the Philadelphia Police Department ("PPD").  The Request for Proposal specifically states that "[t]he ultimate goal of this engagement [is] for the outside law firm to provide recommendations to the Mayor regarding policies, practices, and procedures that will: improve the Police Department's working environment and culture; decrease claims of gender discrimination and sexual harassment; and minimize the City's exposure in future employment litigation." *See* Exhibit A. October 2, 2019 Informal Request for Proposal for Legal Services (emphasis added) (hereinafter, "RFP").

Likewise, in the City's contract with  Montgomery McCracken it states that it is a **"Provider Agreement"** for **"Legal Services**." See Exhibit B. March 25, 2020 Provider Agreement (hereinafter, "The Provider Agreement"); see also *Sandra T.E. v. S. Berwyn Sch. Dist*. 100, 600 F.3d 612, 619 (7th Cir. 2010) (explaining that the engagement letter is the "most important piece of evidence" in determining whether an investigation conducted by an attorney was initiated for the purposes of rendering legal advice and holding that documents prepared in the internal investigation at issue were protected by the attorney-client privilege because the engagement letter made clear that the purpose was "to provide legal services in connection with developing the School Board's response to [a teacher's] sexual abuse of his students ); *Lerman v.*

9

*Turner*, No. 10 C 2169, 2011 WL 62124, at *6 (N.D. Ill. Jan. 6, 2011), objections overruled, No. 10 C 2169, 2011 WL 494623 (N.D. Ill. Feb. 4, 2011) ("The record here leads to the conclusion that Mr. Crowl was hired to perform an investigation in order to provide legal advice about how Columbia should respond to the allegation that Lerman had misused grant money.").  Therefore, the City Law Department and Montgomery McCracken had a clear understanding and agreement that Montgomery McCracken's investigation was for the purpose of providing legal advice.

The Third Circuit has not addressed a definitive standard for "manifest injustice." *See Conway v. A.I. Dupont Hosp. for Children*, Civ. Action No. 04–4862, 2009 WL 1492178, at *6 (E.D.Pa. May 26, 2009) (stating that there is "a dearth of case law within the Third Circuit" defining the term).  But while "[t]here is no judicial consensus regarding the meaning of the term 'manifestly unjust' as it pertains to a Rule 59(e) motion . . . several courts have applied the Black's Law Dictionary definition, which states that 'manifest injustice' is an error in the trial court that is direct, obvious, and observable. *Von Kahle v. Roemmele (In re Roemmele)*, 466 B.R. 706, 712 (Bankr. E.D. Pa. 2012) (citations omitted).  One court stated that manifest injustice "[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it." *Rose v. Alternative Ins. Works, LLC,* Civ. Action No. 06-1818, 2007 WL 2533894, at *1 (D.N.J. Aug. 31, 2007). Manifest injustice has also been held to occur where there is " 'an error in the trial court that is direct, obvious, and observable.'" *Greene v. Virgin Islands Water & Power Auth.*, Civ. Action No. 06-11, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir.2004).

Here, a manifest injustice would occur if the Court upholds its decision without reviewing even a description of the documents asserted as privileged.  Again, the documents deemed privileged under the attorney-client relationship consist of memoranda summarizing

interviews of high-ranking police personnel, City Law Department lawyers, and Mayor's Office of Labor Relations employees, legal drafts and notes related to the oral presentation of recommendations to be made to the City stakeholders, case status memoranda provided to City Law Department attorneys, and corresponding emails between counsel for the City and Montgomery McCracken. These documents are critical to, and provide the basis for, Montgomery McCracken's legal advice to the City.

Significantly, Montgomery McCracken has not yet had the opportunity to provide the Police Commissioner, the Mayor, or any other department head with its final recommendations. To provide advice between attorneys and their clients to the Plaintiffs to use as ammunition in their lawsuit, and to feed the media, particularly before Montgomery McCracken has finalized any recommendations or presented them to their clients is not only counterintuitive to the attorney-client privilege but a clear error of law and a manifest injustice.

**C. Defendants seek Clarification of the Court's November 4th Order should the Court Deny the Defendants' Motion to Reconsider. .**

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *Resolution Trust Corp. v. KPMG Peat Marwick*, No.92-1373, 1993 WL 211555, at *2 (E.D. Pa. June 8, 1993). The Court's November 4th Order states that Defendants' Motion to Quash Plaintiffs' Third Party subpoena is denied, but did not specifically order Montgomery McCracken to produce documents. As discussed above, since the Court's November 4th Order, Montgomery McCracken has produced to Plaintiff's counsel approximately 350 documents comprising 8,049 pages of material collected by Montgomery McCracken in connection with its investigation. Montgomery McCracken further has informed Plaintiffs' counsel that it will produce another group of otherwise confidential documents obtained from the City and PPD pursuant to the entry of a Protective Order. That Motion for

Protective Order is being filed by Defendants' contemporaneously to the filing of this Motion to Reconsider.

However, Montgomery McCracken informed Plaintiffs' counsel that it objected to the production of the documents described previously in this motion due to not only the attorney-client privilege, but related issues of fairness, privacy, and confidentiality. *See* Exhibit ____, Montgomery McCracken Letter of Objection, dated November 16, 2020.  Even if the does not reconsider its November 4th Order with respect to the application of the attorney-client privilege to documents generated by Montgomery McCracken in the course of its investigation, the Defendants request that the Court not yet require disclosure of those additional documents identified by Montgomery McCracken has having been prepared in connection with the investigation unless and until those issues are properly presented to the Court by nonparty Montgomery McCracken.[2]

## III. CONCLUSION

For the foregoing reasons Defendants, the City of Philadelphia, Deputy Commissioner Christine Coulter, Chief Inspector Daniel MacDonald, Inspector Michael McCarrick, Lieutenant Timothy McHugh, Sergeant Brent Conway, Sergeant Eric Williford, Sergeant Kevin O'Brien, Sergeant Tamika Allen, and Sergeant Herbert Gibbons, respectfully request that this  Court reconsider its November 4, 2020 order denying Defendants' Motion to Quash Third Party Subpoena and preclude the disclosure to the Plaintiffs  the specific privileged attorney-client material described in this Motion and the accompanying affidavits. .

---

[2] As the Court contemplated in its November 4 Opinion, to the extent that discovery disputes between Montgomery McCracken and Plaintiffs arise in the future, nonparty Montgomery McCracken and Plaintiffs should meet and confer in good faith.  *See* Opinion at 15 n.13.  Those discussions have not reached the point of requiring judicial intervention.

12

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 19-3326-KSM |
| **CITY OF PHILADELPHIA, et al.** | : | |
| Defendant. | : | |

**ORDER**

**NOW**, this _____ day of _____, 2020, upon consideration of Defendants' Motion

for Clarification or Reconsideration of the Court's November 4, 2020 Order denying Defendants'

Motion to Quash a Third Party Subpoena, it is **ORDERED** that Defendants' motion is **GRANTED.**

BY THE COURT:

_____

J.

13

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| **Plaintiffs,** | : | |
| **v.** | : | **Civil Action No. 19-3326-KSM** |
| **CITY OF PHILADELPHIA, et al.** | : | |
| **Defendants.** | : | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date listed below the foregoing Motion for Reconsideration

was filed electronically and made available for download and viewing.


Respectfully submitted,

**CITY OF PHILADELPHIA
LAW DEPARTMENT**

<u>/s/ Brian Matthew Rhodes</u>
BRIAN MATTHEW RHODES
Sr. Attorney,
Dated: November 18, 2020          City of Philadelphia

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUDRA McCOWAN, et al.,** | : | |
| **Plaintiffs,** | : | |
| **v.** | : | **Civil Action No. 19-3326-KSM** |
| **CITY OF PHILADELPHIA, et al.** | : | |
| **Defendants.** | : | |

## <u>CERTIFICATE OF COUNSEL</u>

Pursuant to Fed. R. Civ. P. 37(d)(1)(B) I hereby certify that the parties, after reasonable effort, are unable to resolve the dispute.

Respectfully submitted,

**CITY OF PHILADELPHIA
LAW DEPARTMENT**

<u>/s/ Brian Matthew Rhodes</u>
BRIAN MATTHEW RHODES
Sr. Attorney,
Dated: November 18, 2020          City of Philadelphia