IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AUDRA MCCOWAN, et al.**, <br><br> Plaintiffs, <br><br> *v.* <br><br> **CITY OF PHILADELPHIA, et al.**, <br><br> Defendants. | CIVIL ACTION <br><br> NO. 2:19-cv-03326-KSM |

# ORDER

**AND NOW** this 30th day of March, 2021, upon consideration of the City Defendants' Motion for a Protective Order (Doc. No. 130), and Plaintiffs' opposition brief (Doc. No. 131), it is **ORDERED** that the motion is **GRANTED** as follows:

1. Montgomery, McCracken, Walker & Rhoads, LLP shall produce Equal Employment Opportunity (EEO) closed investigatory files that contain allegations of sexual harassment, internal documents relating to the City's Employee Relations Unit, and a privilege log, as responsive to Plaintiffs' nonparty subpoena. Defendant City of Philadelphia shall produce the memorandum section for each Internal Affairs and/or Equal Employment Opportunity (EEO) file that involves complaints of gender discrimination, sexual assault, or sexual harassment within the Philadelphia Police Department from October 2015 to present, as responsive to Plaintiffs' second request for production of documents directed to the City. These documents shall constitute **CONFIDENTIAL INFORMATION.**

2. All **CONFIDENTIAL INFORMATION** shall be stamped or marked with a watermark which states, "**CONFIDENTIAL PROTECTED BY COURT ORDER.**"

3. The parties are prohibited from using **CONFIDENTIAL INFORMATION** for any purpose other than this litigation and from disseminating any **CONFIDENTIAL INFORMATION** to third parties.

4. If a party disputes the designation by the producing party of any document or information as **CONFIDENTIAL INFORMATION**, the parties (including any non-party producing party) shall attempt to resolve whether and/or on what terms the document is entitled to confidential treatment. If, *after a verbal, good-faith meet and confer*, the parties are unable to resolve their dispute, then the party disputing the designation may challenge the designation, or the extent to which the document or information is entitled to confidential treatment, by filing a motion with the Court. Pending the Court's resolution of the dispute, the designated material in question shall continue to be treated as confidential.

5. If a confidential document is produced without having been previously marked as **CONFIDENTIAL INFORMATION**, the party in receipt of the document shall, upon notice from the producing party, stamp the document **CONFIDENTIAL INFORMATION** and preserve the document in accordance with this Order.

6. Except as otherwise provided in this Order, Plaintiffs shall provide at least two weeks' notice to the producing Defendant or non-party before filing any document containing information identified as **CONFIDENTIAL INFORMATION.**

7. Nothing in this opinion authorizes the filing of any document under seal. Any party may request by motion that the Court order materials or documents designated **CONFIDENTIAL INFORMATION** be filed with the Court under seal. Nothing in this order limits the Court's power to issue orders concerning the disclosure of documents produced in discovery or at trial.

8. The use at trial and admission into evidence of **CONFIDENTIAL INFORMATION** shall be subject to the Court's control.

9. Within thirty days after entry of final judgment or dismissal with prejudice in this matter, including appeals or petitions for review, every non-producing party shall destroy all copies of any **CONFIDENTIAL INFORMATION** produced during the course of this litigation.

10. The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

11. This Order does not prevent disclosure pursuant to any freedom of information law.

**IT IS FURTHER ORDERED** as follows:

1. The City Defendants and Montgomery, McCracken, Walker & Rhoads, LLP shall produce the documents identified in this Order by **April 7, 2021.**

2. If any party intends to file any document containing **CONFIDENTIAL INFORMATION**, either in support of or in opposition to a pending *Daubert* or summary judgment motion, they shall notify opposing counsel and the producing Defendant or non-party by **April 21, 2021.** If no party intends to rely on **CONFIDENTIAL INFORMATION**, the parties shall jointly notify the Court by **April 21, 2021.**

3. If any party intends to rely on **CONFIDENTIAL INFORMATION**, the producing Defendant or non-party may file a motion to seal.[1] Motions to seal must be filed by **May 5, 2021** and should comply with the Third Circuit's opinion in *In re Avandia Marketing Sales Practices and Products Liability Litigation*, 924 F.3d 662 (3d Cir. 2019).

---

[1] The parties should verbally meet and confer to discuss the relevant confidential documents before filing a motion to seal.

4. The Court will provide new deadlines for the parties to supplement their pending motions (Doc. Nos. 132, 133, 136, and 138) and to file response briefs after ruling on any motion to seal or receiving notice that no party intends to rely on **CONFIDENTIAL INFORMATION** in support of or in opposition to the pending motions.

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*
_____
KAREN SPENCER MARSTON, J.