IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AUDRA MCCOWAN, et al.**, <br><br> Plaintiffs, <br><br> *v.* <br><br> **CITY OF PHILADELPHIA, et al.**, <br><br> Defendants. | **CIVIL ACTION** <br><br> **NO. 2:19-cv-03326-KSM** |

### MEMORANDUM

**Marston, J.**                                                                                                          **August 24, 2021**

      Before the Court is the latest iteration in a year-long discovery dispute about the City of Philadelphia's records of internal investigations of sexual and racial harassment at the Philadelphia Police Department.  (*See* Doc. Nos. 94, 100, 106, 111–12, 126, 130, 142, 143, 146–50, 153, 156, 158, 159.)  Because we write for the benefit of the parties — who are intimately familiar with the documents and issues before us — we give only a brief recitation of the facts.

      Plaintiff Audra McCowan is a former corporal with the City of Philadelphia Police Department, and Plaintiff Jennifer Allen is an officer with the Department.  (Doc. No. 49 at ¶¶ 37–38.)  Plaintiffs claim that a fellow officer, Defendant Curtis Younger, and numerous supervisors subjected them to unlawful discrimination, retaliation, and a hostile work environment in violation of federal and state law.  (*See generally id.*)  To support those claims, Plaintiffs sought discovery on internal complaints of gender discrimination, sexual assault, and sexual harassment within the Philadelphia Police Department.  First, they served Defendant the City of Philadelphia with a request for production of documents, which sought "the memorandum section for each Internal Affairs and Equal Employment Opportunity (EEO)

file . . . as it pertains to any complaints of gender discrimination, sexual assault, or sexual harassment." (*See* Doc. No. 110-6 at p. 2.)  Second, Plaintiffs served a subpoena on nonparty Montgomery, McCracken, Walker & Rhoads, LLP, a law firm that the City of Philadelphia Law Department hired to investigate internal complaints of harassment at the Department.  (Doc. No. 118-1 at ¶ 2.)  The subpoena sought all "documents relating to [the firm's] investigation."  (Doc. No. 94-1 at p. 2.)

After resolving numerous other disputes related to these document requests, the Court entered a protective order over the documents pursuant to Federal Rule of Civil Procedure 26(c), and the protected documents were shared with Plaintiffs.  (Doc. Nos. 146–47.)  *See* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .").  After reviewing the documents, Plaintiffs confirmed that they intend to use some of them in response to Defendants' motions for summary judgment.  (*See, e.g.*, Doc. No. 148 at p. 7.)  Accordingly, the City has moved for an order sealing (1) the redacted portions of the City's memoranda, (2) the redacted portions of a two-page summary document produced by Montgomery McCracken ("MMWR 013427"), and (3) the entire file for Internal Affairs Division ("IAD") Investigation No. 14-1189, which was also produced by Montgomery McCracken.  (Doc. No. 159 at p. 2.)  Montgomery McCracken joins the motion (*id.*), which is not opposed by Plaintiffs (*see* June 23, 2021 Hr'g Tr.).[1]  The Court has conducted an in camera review of the relevant documents and finds that a sealing order is warranted as to some, but not all, of the documents.

---

[1] Plaintiffs initially indicated limited opposition to the sealing motion to the extent the City failed to send all of the relevant documents to Chambers for the Court to review in camera. (Email from Ian M. Bryson, Esq. to Chambers (Aug. 2, 2021).)  Because the Court now has copies of all the documents, this objection is moot.

I.

Although the Court previously entered a protective order over these documents under Rule 26(c), a more rigorous standard applies when a party seeks to seal judicial documents than applies to protective orders shielding discovery materials.  *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) ("A 'judicial record' is a document that has been filed with the court or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.") (quotation marks omitted).  Once a discovery document becomes a judicial record, the common law presumption of the right of public access attaches.  *See Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993) ("We believe that our earlier decisions and those in other courts lead ineluctably to the conclusion that there is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith."). "This right antedates the Constitution, and promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court." *Wartluft v. Milton Hershey Sch.*, Civil No. 1:16-CV-2145, 2019 WL 5394575, at *4 (M.D. Pa. Oct. 22, 2019) (cleaned up).  Because the documents will be filed as part of Plaintiffs' summary judgment materials, they are "judicial records" to which the common law right of access attaches.

However, this right is not absolute and may be rebutted by a showing that an "interest in secrecy outweighs the presumption." *In re Avandia*, 924 F.3d at 672.  To meet this burden, the party requesting the sealing order must demonstrate that the "material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (quotation marks omitted).

In addition to the common law right of access, which attaches to all judicial records, the public also has a First Amendment right of access in civil trials, which attaches to certain judicial documents. *Id.* at 673. The First Amendment right of access presents an even higher burden than the common law right of access, and the party requesting that trial documents be sealed must overcome strict scrutiny. *Id.* Specifically, the party must demonstrate "an overriding interest in excluding the public based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

Under either the common law or First Amendment standard, when a court analyzes a request for a sealing order, it must do so on a document-by-document basis, and the proponent of the sealing order must articulate with specificity the injury that would result if the particular document or parts of it were made public. *Id.* Merely reciting the *Pansy* factors in seeking a sealing order is insufficient.[2] *In re Avandia*, 924 F.3d at 676–77 ("[T]he *Pansy* factors are not a

---

[2] In analyzing a motion for protective order under Rule 26(c), the Court considers the *Pansy* factors, which ask whether:

1. Disclosure of the information will violate any private interests;
2. Disclosure will cause a party embarrassment;
3. The information is being sought for a legitimate purpose or for an improper purpose;
4. The sharing of information among the litigants will promote fairness and efficiency;
5. Confidentiality is being sought over information important to public health and safety;
6. A party benefitting from the order of confidentiality is a public entity or official; and
7. The case involves issues important to the public.

*In re Avandia*, 924 F.3d at 671–72. Although they provide useful guidance when the court balances the public versus private interests under Rule 26(c), the *Pansy* factors "are not sufficiently robust for assessing the public's right to access judicial records." *Id.* at 676–77; *see also In re Application of Storag Etzel GmbH*, Misc. C.A. No. 19-mc-209-CFC, 2020 WL 2949742, at *9 (D. Del. Mar. 25, 2020) ("In both substance and procedure, the burdens that must be overcome to justify the sealing of judicial records under the common law are dramatically less pliant than the factors to be weighed under *Pansy* in deciding

4

substitute for the common law right of access standard — which begins with the presumption of access.").

II.

Plaintiffs have identified 72 EEO memoranda, one summary document, and one investigatory file that they intend to use in their briefing on summary judgment. The parties, working together, proposed redactions for the EEO memoranda and MMWR 013427, and the City now seeks a sealing order over the redacted information for the purpose of "protect[ing] the privacy interests of third-party nonlitigants named or otherwise identified in the documents." (Doc. No. 159 at p. 4.) On similar grounds, the City also seeks to seal the entirety of the investigatory file for IAD No. 14-1189. (*Id.* at pp. 10–12.) We address the redacted material before turning to the investigatory file.

A.

First, the City moves to seal the redacted portions of its EEO memoranda and MMWR 013427. (Doc. No. 159 pp. 7–8, 11.) Conscious that we must perform a document-by-document review, the Court directed the City to prepare a chart that identifies each memorandum that it produced, the nature of the information redacted in the memorandum, and the justification for the redaction. (*See* Doc. No. 159-1.) Our review of the City's chart and the memoranda[3] confirms that the City has redacted the following categories of personal identifying information: (1) the first and last names of complainants, witnesses, and accused employees; (2) home addresses, phone numbers (including one cell phone serial number), ages, and other employer information;

---

whether a protective order is warranted."). And neither the second *Pansy* factor nor the third factor are relevant in deciding whether to enter a sealing order. *In re Avandia*, 924 F.3d at 676.

[3] For each memorandum, the City submitted three copies for the Court's review — an unredacted copy, a redacted copy, and a "marked" copy, which placed a box around those words which the City seeks to redact.

5

(3) identifying information unique to a given employee, including badge numbers, district control numbers, payroll numbers, and dates of appointment, assignment, and retirement; (4) job title, work location, and specific responsibilities, when those details render an employee readily identifiable; and (5) for one document, the City also redacts the dates of automobile accidents and injured-on-duty ("IOD") status as to the complainant because those details are unique to a single individual.  (*See generally* Doc. No. 159-1.)

In redacting each category of information, the City claims to have had one goal: protecting the identifying information of the nonlitigant complainants, witnesses, and accused employees identified in the memoranda.  (*Id.* at p. 2 ("First and last names, along with unique identifiers badge number, payroll, and date(s) of appointment and assignment are redacted to protect the privacy of third-party nonlitigants."); *see also* Doc. No. 159 at p. 7 ("The redaction of third-party information to protect legitimate privacy interests is precisely what the City hopes to accomplish here.").)  The Court finds that the personal identifying information of nonlitigants is "the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury" on nonparties, such that the common law presumption of access is overcome.

First, the personal identifying information of nonparties is precisely "the kind of information that courts will protect."  *See Wartluft*, 2019 WL 5394575, at *3 (granting intervenor's motion to unseal judicial records, "subject to the redaction of the names and/or identifying information of third parties in order to protect those individuals' privacy interests"); *Del Nero v. NCO Fin. Sys., Inc.*, No. 2:06-CV-04823-JDW, 2021 WL 2375892, at *2 (E.D. Pa. June 10, 2021) (granting motion to seal to the extent it sought redactions of the movant's home and email addresses, the disclosure of which could subject him to continued death threats); *Three Brothers Supermarket Inc. v .United States*, Civil Action No. 2:19-cv-2003-KSM, 2020 WL

5749942, at *5 (E.D. Pa. Sept. 25, 2020) (granting sealing order after finding that "public disclosure of Tejada's and other individuals' full names, social security numbers, account numbers, household numbers, birthdates, and private addresses would harm those individuals' privacy and financial interests"); *cf. United States ex rel. Brasher v. Pentec Health, Inc.*, 338 F. Supp. 3d 396, 402 (E.D. Pa. 2018) ("Courts considering requests to keep certain documents sealed have, in general, lifted the seal on the entire record except for specific documents that . . . harm non-parties."); E.D. Pa. L.R. 5.1.2(12)(b) (requiring redaction of certain personal identifying information, including "[s]ocial security numbers, dates of birth, [and] financial account numbers").

Second, disclosure of this information "will work a clearly defined and serious injury" to the privacy interests of nonparties. *See Wartluft*, 2019 WL 5394575, at *7 ("[W]hile we will provisionally grant the motion that these documents be unsealed, we will also direct the defendants redact the names or other identifying information within these documents concerning these nonparties to protect those third-party privacy interests . . . ."). Indeed, the Court protected these documents at the discovery stage because it was concerned about the privacy interests of nonlitigants. (*See* Doc. No. 146 at pp. 8–11 (concluding that the privacy interests at stake — the first *Pansy* factor —— "weighs strongly in favor of granting the protective order").) We find those interests equally compelling here. A review of the EEO memoranda confirms that each document contains sensitive information about nonparty complainants, witnesses, and accused employees related to alleged incidents of race and gender discrimination, including allegations of highly offensive comments, treatment, and touching. In addition, these complaints were made under the auspices of confidentiality, and the full disclosure of the identifying information of the individuals named within them is likely to discourage other City employees from complaining in

the future.  For those reasons, we find that the City has overcome the common law presumption of public access as to the portions of the administrative record that redact personal identifying information about nonlitigants.

That does not end the analysis, however.  Because Plaintiffs wish to use the redacted documents in support of their summary judgment papers, we must also determine whether the First Amendment is implicated by the sealing order, and if it is, whether the City has overcome its constitutional burden.

It is unclear whether the First Amendment standard, in addition to the common law test, applies to a motion to seal summary judgment materials.  *See In re Avandia*, 924 F.3d at 673 ("It remains an open question in this Circuit whether the First Amendment right of access applies to records of summary judgment proceedings.").  The majority in *In re Avandia* limited its analysis to the common law test and did not analyze whether a motion to seal summary judgment materials is also subject to First Amendment scrutiny.  *Id.* at 680 (following other Third Circuit cases that declined to reach the First Amendment analysis because the proponent had not overcome the common law right of access).  However, the Third Circuit advised that we use "a two-prong test to assess whether the right of access attaches: (1) the experience prong asks whether the place and process have historically been open to the press; and (2) the logic prong evaluates whether public access plays a significant positive role in the functioning of the particular process in question." *Id.*  Although the majority did not reach this question, Judge Restrepo, concurring in part and dissenting in part, opined that the First Amendment right of access attaches to summary judgment briefs.  *See id.* at 681–84 (Restrepo, J., concurring in part and dissenting in part).  The Second and Fourth Circuits have also held that the First Amendment right of public access extends to summary judgment materials.  *See Lugosch v. Pyramid Co. of*

*Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) ("[T]here exists a qualified First Amendment right of access to documents submitted to the court in connection with a summary judgment motion."); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) ("We believe that the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case.").

Assuming, as these courts have held, that the First Amendment is implicated at summary judgment, we find that the City's proposed redactions satisfy strict scrutiny to the extent they relate to nonparties. To overcome the First Amendment hurdle, the City must demonstrate "an overriding interest in excluding the public based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re Avandia*, 924 F.3d at 673 (cleaned up). As discussed above, the redacted information constitutes personal identifying information of *nonlitigants*. And this personal identifying information is entirely irrelevant to the substantive issues for which Plaintiffs intend to rely on these documents — to show the number and nature of harassment reports and internal investigations at the Philadelphia Police Department. Given the collateral nature of this information, its redaction only marginally affects the public's right to access materials filed in relation to judicial proceedings. *See Mosaid Tech. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 510 (D. Del. 2012) (allowing redactions of confidential financial and licensing information because it "is the type of information which, while largely incidental to the substantive issues in this case, could cause real and serious harm to the parties' future negotiations if disclosed to competitors").

In addition, redacting this information, as opposed to sealing the records wholesale, represents the least restrictive means available to protect the privacy interests at stake. *See Carson v. N.J. State Prison*, Civil Action No. 17-6537(RMB), 2018 WL 4554465, at *2 (D.N.J.

Sept. 21, 2018) ("The public interest in victims coming forward to assist in prosecution of crime is likely to suffer if victims' privacy rights are not protected. Sealing the documents filed in this action that are replete with victim identifying information is the least restrictive means available to protect the public and private interests at stake."); *Del Nero*, 2021 WL 2375892, at *2 ("[W]here possible, parties should propose redactions, rather than placing a whole document under seal."). Redactions ensure the identifying information of nonlitigants is protected, while allowing the public to review and consider the nature of the sexual harassment complaints and the City's investigation into those complaints. For those reasons, the motion to seal the redacted portions of the documents is granted with respect to any redactions of personal identifying information of nonlitigants.

However, the motion to seal is denied with respect to redaction of:

- Plaintiffs' and Defendants' names and other identifying information in EEO19-0010 and EEO19-0027;
- Plaintiffs' and Defendants' names and other identifying information in relation to McCowan's internal complaint in EEO15-0029; and[4]
- Plaintiffs' identifying information in paragraph 10 of MMWR 013427.[5]

These documents describe internal investigations into complaints made by McCowan and Allen. The justification for sealing the names and identifying information of nonlitigants — discussed at length above —cannot apply with equal force to a document discussing the parties and the

---

[4] EEO15-0029 discusses an internal investigation into two separate complaints — one by McCowan and one by a nonlitigant. The motion to seal is denied as to the redaction of information related to McCowan's complaint, described on pages CITY 5968–72 and 5975. The motion to seal is granted as to any redactions made with respect to the nonlitigant's internal complaint, described on pages CITY 5968 and 5972–76.

[5] The City also appears to have erroneously redacted Defendant Conway's name in EEO19-0011 on page CITY 6289.

substantive issues in the action before us.  In addition, we question whether much of this information can reasonably be described as "confidential," when Plaintiffs describe the underlying facts of each complaint and investigation in the publicly available, operative complaint.  (*See* Doc. No. 49 at ¶¶ 44, 115, 119.)

B.

In addition to the proposed redactions, the City also asks that we seal the entire file for IAD Investigation No. 14-1189.  (Doc. No. 159 at pp. 10–12.)  However, we note that this file was previously filed in connection with a different case before this Court, and is publicly available on the docket for that case.  *See Vandegrift v. City of Philadelphia*, Civil Action No. 16-2999, Doc. Nos. 36-10, 36-11, 36-12, 36-13 (E.D. Pa.).  Because the file is publicly available, we deny the motion to seal as to it.  *See, e.g.*, *Dasara v. County of Monmouth*, 832 F. App'x 788, 791 n.4 (3d Cir. 2020) ("The CSS Defendants' motion to seal Volume II of its Appendix is denied, for they have failed to meet the burden for that relief, particularly given that the vast majority, if not all, of the material contained in Volume II is public available on the District Court's docket[.]"); *Janssen Products, L.P. v. Lupin Ltd.*, Civ. No. 2:10-05954 (WHW), 2014 WL 956086, at *3 (D.N.J. Mar. 12, 2014) ("It is well established that once confidential information has been published, it is no longer confidential . . . . [B]ecause the information has been made publicly available — and indeed remains publicly available — the Court does not have the power even if it were of the mind to use it, to make what has thus become public private again." (cleaned up)); *Berrada v. Cohen*, Civil Action No. 16-574 (SDW) (LDW), 2018 WL 10151916, at *1 (D.N.J. Dec. 10, 2018) ("As that information has been part of the public record for many years, a sealing order in this action would be improper.").

## IV.

For the reasons discussed above, the motion to seal is granted in part and denied in part. An appropriate order follows.