**DEREK SMITH LAW GROUP, PLLC**
IAN M. BRYSON, ESQUIRE
Attorney ID No. 321359
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
ian@dereksmithlaw.com
*Attorneys for Plaintiffs Audra McCowan and Jennifer Allen*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUDRA McCOWAN *and* JENNIFER ALLEN,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PHILADELPHIA, *et al.*,<br><br>Defendants. | Civil Action No. 19-cv-3326-KSM<br><br>**Plaintiffs' Memorandum of Law in Support of Plaintiffs' Opposition to Defendant Younger's Motion for Summary Judgment** |

Plaintiffs Audra McCowan and Jennifer Allen oppose the motion for summary judgment filed by Defendant Curtis Younger.

**Plaintiff respectfully requests oral argument**.

                Respectfully submitted,

                */s/ Ian M. Bryson, Esquire*
                Ian M. Bryson, Esquire
                Derek Smith Law Group, PLLC
                1835 Market Street, Suite 2950
                Philadelphia, PA 19103
                *Attorneys for Plaintiffs,*
                *Audra McCowan and Jennifer Allen*

**I.      Relevant Procedural History**

Plaintiffs bring this action against Defendant Younger for relief from Intentional Infliction of Emotional Distress ("IIED") and Assault and Battery.

**II.     Facts**

Plaintiffs separately filed their Statement of Material Facts that Preclude Summary Judgment (hereafter, "SUMF"), which are incorporated here by reference.

**III.    Legal Argument**

    **A.      Summary Judgment Standard**

Summary judgment is to be used sparingly in employment discrimination cases. <u>Doe v. C.A.R.S. Protection Plus, Inc.</u>, 527 F.3d 358, 369 (3d Cir. 2008). It may only be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The employer retains the burden of persuading the Court that, "even if all the inferences which could reasonably be drawn from the evidentiary materials of record were viewed in the light most favorable to the plaintiff, no reasonable jury could find in the plaintiff's favor." <u>Doe</u>, 527, F.3d at 362.

At the summary judgment stage, the role of the trial judge is to determine whether or not there is a genuine issue, as "credibility determinations, weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." <u>Leone v. Air Products & Chemicals, Inc.</u>, 2008 WL 1944104, *1 (E.D.Pa. 2008) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986)). This standard is to be "applied with added rigor in employment discrimination cases, where intent and credibility are crucial issues." <u>Shimell v. De Lage Landen Financial Services</u>, 2008 WL 1774129, *1 (E.D.Pa. 2008) (quoting <u>Stewart v. Rutgers University</u>, 120 F.3d 426, 431 (3d. Cir. 1997)).

"When the defendant's intent has been called into question, the matter is within the sole providence of the factfinder." Jalil v. Avdel Corporation, 873 F.2d 701, 707 (3d Cir. 1988). As the Third Circuit has noted, "because intent is a substantive element of the cause of action—generally to be inferred from the facts and conduct of the parties—the principle is particularly apt that courts should not draw factual inferences in favor of the moving party and should not resolve any genuine issues of credibility." Ness v. Marshall, 600 F.2d 517, 519 (3d Cir. 1981). At the summary judgment stage, "all that is required [for a non-moving party to survive the motion] is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve [at trial] the parties' differing versions of the truth." Oakley v. Orthopaedic Associates of Allentown, Ltd., et al., 2010 U.S. Dist. LEXIS 103230, *3 (E.D.Pa. 2019) (citing Jackson v. University of Pittsburgh, 826 F.2d 230, 233 (3d Cir. 1987)).

    **B.**    **Defendant Younger is not entitled to summary judgment on Plaintiffs' IIED claims.**

To succeed on a claim for IIED, the following elements must be shown: (1) the conduct must be extreme and outrageous; (2) it must be intentional or reckless; (3) it must cause emotional distress; and (4) that distress must be severe. Hooten v. Penna. College of Optometry, 601 F.Supp. 1155 (E.D.Pa.1984); Hoy v. Angelone, 691 A.2d 476, 482 (Pa.Super. 1997); Restatement (Second) of Torts § 46. Apparently conceding Plaintiffs have established the other 3 elements of their IIED claims, Defendant argues only that Plaintiffs "fail to allege outrageous conduct."

"Courts applying Pennsylvania law have found conduct outrageous in the employment context where an employer engaged in both sexual harassment and other retaliatory behavior against an employee." Cox v. Keystone Carbon Co., 861 F.2d 390, 395-96 (3d Cir. 1988); see also Shaffer v. National Can Corp., 565 F.Supp. 909 (E.D.Pa. 1983) (finding allegations

sufficient to state a cause of action for IIED where plaintiff suffered sexual harassment and after she complained her supervisor made threats concerning her employment status and made her job difficult to perform); Fawcett v. I.D.S. Financial Services, 41 Fair Empl. Prac.Cas. 589 (W.D.Pa.1986) (finding plaintiff stated IIED claim where she alleged her manager made physical advances on two occasions and conditioned plaintiff's promotion on her submission to sexual relations); Bowersox v. P.H. Glatfelter Co., 677 F.Supp. 307, 311 (M.D.Pa.1988) (finding plaintiff stated IIED claim where she alleged her employer not only sexually harassed her, but also withheld information from her which she needed to perform her job, forbade her from talking to anyone in her office, prohibited her from answering the phone, refused to talk to her and followed her throughout the plant).

Here, Plaintiffs have shown sexual harassment and retaliation far worse than the behavior held to constitute extreme and outrageous conduct involved in Shaffer, Fawcett, and Bowersox. Defendant Younger verbally, mentally and physically abused Plaintiffs in a manner that no reasonable person could be expected to endure. Immediately after filing their complaints, Defendant Younger's actions continued.

The severe impacts that Defendant's sexual harassment has had on Plaintiffs' physical and mental health are heavily documented in their medical records from their family doctors, therapists and psychologists. Plaintiffs have been forced to take prescription antidepressant and antianxiety medication including Venlafaxine, Lorazepam, and Prozac as a result. Prior to events complained of in this case, Plaintiffs had no history of inpatient mental health intervention, psychotropic treatment or any other history of outpatient counseling.

Accordingly, Plaintiffs IIED claims must not be dismissed.

      **C.    Defendant Younger is not entitled to summary judgment on Plaintiffs' Assault and Battery claims.**

Under Pennsylvania law, battery is defined as an intentional harmful or offensive contact with the person of another. Nace v. Pennridge Sch. Dist., 185 F.Supp.3d 564, 584 (E.D. Pa. 2016) (quoting C.C.H. v. Philadelphia Phillies, Inc., 596 Pa. 23 (2008)). The fact that contact occurs without consent is sufficient to establish that it is offensive, and no intent to harm the plaintiff need be established. Id. (quoting Cooper ex rel. Cooper v. Lankenau Hosp., 616 Pa. 550 (2012)).

Under Pennsylvania law, assault is defined as an act intended to put another person in reasonable apprehension of an immediate battery, and which succeeds in causing an apprehension of such battery. Regan v. Upper Darby Twp., 363 Fed.Appx. 917, 921 (3d Cir. 2010) (quoting Cucinotti v. Ortmann, 399 Pa. 26 (1960)). In other words, battery is an offensive touching without consent, and assault is an action that makes a victim believe that a battery is about to occur. Martin-McFarlane v. City of Philadelphia, 299 F.Supp.3d 658, 670–71 (E.D. Pa. 2017).

Battery and assault liability sometimes provide a remedy for sexual harassment. See Martha Chamallas, The Architecture of Bias: Deep Structures in Tort Law, 146 U. Pa. L. Rev. 463, 515 (1998) ("[S]ome harassment takes the form of physical contact amounting to battery or assault . . .")

Defendant Younger's argument that he did not grab McCowan's wedding rings or lift Allen off the ground with the intent to harm Plainiffs is unavailing. See Zapach v. Dismuke, 2001 WL 35948685, at *2 (Pa. Com. Pl. 2001) (where the court found clear evidence that defendant struck plaintiff's arm twice and then grabbed his arm in order to lead him away from the microphone at

a town meeting. The court distinguished the question of lack of consent from the question of offensiveness: "Although the force of these contacts appears to be slight, there is no denying that the contact occurred, that it was intentional, and that it was not consented to. Whether the contact was harmful or offensive to the plaintiff's dignitary interest is a factual issue for the fact-finder to determine at trial.") A recent Pennsylvania Supreme Court decision supports the proposition that in certain categories of cases, a nonconsensual contact is invariably offensive to a reasonable sense of dignity. See Cooper ex rel. Cooper v. Lankenau Hosp., 51 A.3d 183, 191 (Pa. 2012) ("by proving the surgery or 'touching' was intentional and not consented to, a patient establishes that it was 'offensive,' sufficient to render the unauthorized surgery a battery").

Here, Defendant Younger acted intending to cause contact with Ms. McCowan and Ms. Allen that Plaintiffs found harmful or offensive, or to cause Plaintiffs' imminent apprehension of such contact, and Plaintiffs were thereby put in such imminent apprehension. Further, Defendant Younger's assaults concluded with actual, nonconsensual bodily contact with Ms. McCowan and Ms. Allen. As such, Defendant Younger is not entitled to summary judgment on Plaintiffs' assault and battery claims.

## IV.    Conclusion

Significant reasons of policy, principle, and coherence with the broader body of tort law support denying Defendant Younger's motion for summary judgment.

First, an individual's right of autonomy with respect to physical contacts with his or her body historically has been very strongly protected. The actor must obtain the plaintiff's consent to a physical contact, even if the actor honestly believes that a physical contact will greatly benefit the plaintiff (e.g., in the case of informed consent for a medical procedure). Here, Defendant

Younger knew his actions—gripping Ms. McCowan's hand and pulling off her wedding ring; putting his hands around Ms. Allen's waist and picking her up—were unwanted.

    Second, the individual's right to choose extends even to choices that reflect values not shared by most members of the community, such as unorthodox religious beliefs, unconventional cultural norms, or unusual subjective preferences. Thus, courts recognize that a patient who decides against a medical procedure for religious or highly personal reasons nevertheless is entitled to protection against even the good-faith decision of medical personnel to proceed with a treatment that they believe is beneficial to the patient and to which most patients would consent. It is difficult to square this widely accepted requirement of deference to highly unconventional beliefs about medical treatment with a standard under which Defendant Younger could avoid liability by characterizing his actions against McCowan as "an ill-advised joke" or his actions against Allen as a "hug" during prayer circle. Whether the contact was harmful or offensive to the plaintiff's dignitary interest is a factual issue for the fact-finder to determine at trial.

                                      Respectfully submitted,

                                      */s/ Ian M. Bryson, Esquire*
                                      Ian M. Bryson, Esquire
                                      Derek Smith Law Group, PLLC
                                      1835 Market Street, Suite 2950
Dated: September 10, 2021            Philadelphia, PA 19103