**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| AUDRA McCOWAN *and* JENNIFER ALLEN, <br><br>            Plaintiffs, <br><br>    v. <br><br> CITY OF PHILADELPHIA, *et al.*, <br><br>            Defendants. | Civil Action No. 19-cv-3326-KSM <br><br> **Order Granting Plaintiffs' Motion for an Award of Reasonable Attorneys' Fees and Costs** |

**THIS MATTER** having been presented to the Court by Plaintiffs Audra McCowan and Jennifer Allen and their attorneys Derek Smith Law Group, PLLC for an Order granting an award of reasonable attorneys' fees and costs incurred by Plaintiffs' counsel, and the Court having considered the moving papers, declarations of counsel and supporting exhibits, and any opposition thereto, and for good cause shown;

**IT IS** on this _____ day of _____, 2022, **ORDERED** that Plaintiffs' Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant shall pay Derek Smith Law Group, PLLC attorneys' fees in the amount of $771,880.00 and costs in the amount of $42,903.50 within thirty (30) days from the date of this Order.

_____
Karen S. Marston
United States District Judge

**DEREK SMITH LAW GROUP, PLLC**
IAN M. BRYSON, ESQUIRE
Attorney ID No. 321359
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
ian@dereksmithlaw.com
*Attorneys for Plaintiffs Audra McCowan and Jennifer Allen*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| AUDRA McCOWAN *and* <br> JENNIFER ALLEN, <br><br>         Plaintiffs, <br><br>    v. <br><br> CITY OF PHILADELPHIA, *et al.*, <br><br>         Defendants. | Civil Action No. 19-cv-3326-KSM <br><br> **Memorandum of Law in Support of Plaintiffs' Motion for an Award of Reasonable Attorneys' Fees and Costs** |

## I.   Introduction

Pursuant to 42 U.S.C. § 2000e-5(K), 42 U.S.C. § 1988(b), 43 P.S. § 962, 43 P.S. § 1425, Philadelphia Code § 9-110(1)(iii), Federal Rule of Civil Procedure 54(d), and United States District Court for the Eastern District of Pennsylvania Local Civil Rule 54.1, Plaintiffs Audra McCowan and Jennifer Allen respectfully seek reimbursement for attorneys' fees and out-of-pocket costs incurred by Plaintiffs' counsel in successfully achieving a $1 million verdict in this matter.

On April 10, 2019, Plaintiffs filed charges of discrimination with the U.S. Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission. On July 29, 2019, Plaintiffs filed their complaint. After years of litigation and discovery, this case was tried by a jury with Hon. Karen S. Marston presiding; and on May 24, 2022, the jury

rendered a verdict in favor of Plaintiffs finding that Defendant City of Philadelphia had intentionally discriminated against, harassed, and retaliated against Ms. McCowan and intentionally retaliated against Ms. Allen. The jury awarded compensatory damages in the amount of $1,000,000.00.

On May 24, 2022, the Court entered judgment for Plaintiffs as to liability on all claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), Section 1983 of the Civil Rights Act of 1871 ("Section 1983"), the Pennsylvania Human Relations Act ("PHRA"), the Pennsylvania Whistleblower Law ("PWL") and the Philadelphia Fair Practices Ordinance ("PFPO").

Plaintiffs now bring this motion because Fed. R. Civ. P. 54(d)(2)(B) requires that any motion for attorneys' fees and costs "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B). Rule 54(a) defines "judgment" as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). The pending motion is timely because it has been brought within 14 days of the May 24, 2022 Judgment.

Having prevailed on their claims, Plaintiffs now seek an award of reasonable attorneys' fees in the amount of $771,880.00 and costs in the amount of $42,903.50, which are supported by the accompanying declarations and time sheets.

## II.  Argument

### A.  The Fees and Costs Plaintiffs Seek Are Permitted by Statute

The enforcement provisions of Title VII provide: "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of costs . . ." 42 U.S.C. § 2000e-5(k).

Likewise, 42 U.S.C. § 1988(b), titled "Proceedings in vindication of civil rights," (also known as the "Awards Act") provides: "In any action or proceeding to enforce a provision of

section[] . . . 1983 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b).

Similarly, the enforcement provisions of the PHRA provide: "If, after a trial . . . the court . . . finds that a defendant engaged in or is engaging in any unlawful discriminatory practice as defined in this act, the court may award attorneys fees and costs to the prevailing plaintiff." 43 P.S. § 962.

The enforcement provisions of the PWL mandate an award of attorneys' fees and costs to the prevailing plaintiff. 43 P.S. § 1425. It is noteworthy that the PWL *requires* that a court award reasonable attorneys' fees and costs to a prevailing plaintiff: "A court *shall* . . . award the complainant all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, if the complainant prevails in the civil action." 43 P.S. § 1425 (emphasis added). The Court does not have discretion in deciding whether or not to award costs and attorneys' fees under the PWL. Id.

The PFPO also provides for an award of attorneys' fees: "any person aggrieved by a violation of this ordinance shall have a right of action in a court of competent jurisdiction and may recover for each violation . . . reasonable attorney's fees and court costs." Philadelphia Code § 9-110(1)(iii).

Plaintiffs' fees and costs are further permitted by Fed. R. Civ. P. 54(d), which permits a court to award attorneys' fees and costs to a prevailing party. Fed. R. Civ. P. 54(d)(1) and (2). In addition, United States District Court for the Eastern District of Pennsylvania Local Civil Rule 54.1 permits the award of costs. L.Civ.R. 54.1.

While the Court has discretion in awarding reasonable attorneys' fees and costs (except under the PWL, which *requires* an award to the prevailing complainant, as noted above), it is

4

well settled that a prevailing plaintiff "should ordinarily recover an attorneys' fee unless special circumstances would render such an award unjust." Hensley v. Eckerhart, 461 U.S. 424, 428 (1983) (quoting S. Rep. No. 1011, 94th Cong. 2d Sess. 2, 4 (1976)); County of Morris v. Nationalist Movement, 273 F.3d 527, 535 (3d Cir. 2001).

The purpose of the Awards Act is to "ensure 'effective access to the judicial process' for persons with civil rights grievances." Hensley, 461 U.S. at 429 (quoting H.R. Rep. No. 94-1558, at 1 (1976)). In enacting the Civil Rights Attorneys' Fees Awards Act of 1976, Congress stated that "fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain." S. Rep. 1011, 94th Cong., 2d Sess 2.

### B.     Plaintiffs are the Prevailing Party

In general, for a party in an employment discrimination or civil rights case to receive its reasonable attorneys' fees and costs, (1) the party must have prevailed; and (2) the fees and costs must be reasonable. 42 U.S.C. § 2000e-5(K); 42 U.S.C. § 1988(b); 43 P.S. § 962; 43 P.S. § 1425; Philadelphia Code § 9-110(1)(iii); Fed. R. Civ. P. 54(d); Brytus v. Spang & Co., 203 F.3d 238, 242 (3d Cir. 2000). A party prevails if it "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley, 461 U.S. at 433; Pub. Interest Research Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1185 (3d Cir. 1995). Succeeding means that a party achieves a court-ordered change in the legal relationship between the plaintiff and the defendant. Buckhannon Bd. & Care Home, Inc. v. W. V. Dep't of Health and Human Resources, 532 U.S. 598, 603-04 (2001). A $1 million damages award constitutes such a change.

Although a court may consider the amount of damages awarded compared to the amount of damages requested as one indication of a plaintiff's degree of success, it "may not diminish

counsel fees [in a civil rights action] to maintain some ratio between the fees and the damages

awarded." Spencer v. Wal-Mart Stores, Inc., 469 F.3d 311, 318 (3d Cir. 2006) (quoting

Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1041 (3d Cir.

1996)).

Successful Title VII cases achieve an important public purpose. See Albemarle Paper Co. v.

Moody, 422 U.S. 405, 415 (1975). Congress intended a Title VII plaintiff to be the "chosen

instrument of Congress to vindicate a 'policy that Congress considered the highest priority."

Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 418

(1978) (quoting Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402 (1968)).

Here, Plaintiffs sought compensatory damages to remedy the loss of business reputation, pain

and suffering, inconvenience and emotional distress they suffered as a result of the City of

Philadelphia's unlawful misconduct. The jury rendered a verdict in favor of Plaintiffs finding

that Defendant had intentionally discriminated against, harassed and retaliated against Ms.

McCowan and had intentionally retaliated against Ms. Allen. The Court entered judgment for

Plaintiffs as to liability on all claims under Title VII, Section 1983, the PHRA, the PWL, and the

PFPO—important legal issues. See Christiansburg Garment Co., 434 U.S. at 418 (discussing

Title VII's importance). Plaintiffs were awarded a total of $1 million in compensatory damages.

Ms. McCowan and Ms. Allen thus "succeed[ed] on [a] significant issue . . . which achieved the

benefits" Plaintiffs sought in filing suit (Hensley at 433), and achieved a "court-ordered legal

change in the relationship" between the City and Plaintiffs (Buckhannon Bd. At 603-04).

"Vindication of a Title VII right," and similar rights under Section 1983, the PHRA, the PWL,

and the PFPO, "is significant." Hare v. Potter, 549 F. Supp. 2d 698, 707 (E.D. Pa. 2008).

In addition to the $1 million damages award, the judgment Plaintiffs obtained achieved the added benefit of informing the City's employees and the public at large that the City (a public employer) discriminated against, harassed and retaliated against Plaintiffs in violation of federal and state law. This benefits Plaintiffs by affirming their rights and the rights of public employees, and by vindicating their efforts to enforce those civil rights. See Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 793 (1989) (plaintiffs served "private attorney general" role where they obtained judgment vindicating the rights of public employees); Phelps v. Hamilton, 120 F.3d 1126, 1132 (10th Cir. 1997) (granting fees to plaintiff who received declaratory relief against a defendant, which was not directly enforceable against the defendant, because the purpose of fee-shifting is to encourage "individuals to seek relief"); Jones v. Lockhart, 29 F.3d 422, 424 (8th Cir. 1994) (awarding attorney's fees to a plaintiff awarded only $1 where the issue was significant and litigation served important public purpose because plaintiff acted as "private attorney general").

This verdict provides benefit not only to Plaintiffs, but also to the City's current and future employees, and was in the public's interest. See Bandau v. State of Kansas, 168 F.3d 1179, 1183 (10th Cir. 1999) (verdict vindicated the plaintiff's Title VII rights, which was in the public's interest and which Congress intended to encourage); Hashimoto v. Dalton, 118 F.3d 671, 678 (9th Cir. 1997) (verdict vindicated plaintiff and prevented others from being discriminated against). The judgment in this case may deter and prevent future discriminatory conduct. Compare Farrar v. Hobby, 506 U.S. 103, 122 (1992) (O'Connor, J. concurring) (no public purpose served where the plaintiff received one dollar because the judgment would not deter future conduct and the conduct to be deterred was not apparent from the verdict). The public entry of a verdict stating Defendant is liable for intentional employment discrimination places

Defendant on notice that its conduct was unlawful and will help ensure such deterrence against current and future public employees.

Accordingly, Plaintiffs are the prevailing parties in this case and are entitled to an award of reasonable attorneys' fees and costs.

### C.   The Fees and Costs Plaintiffs Seek Are Reasonable

Plaintiffs' counsel should be awarded full recovery because the fees and costs they seek are reasonable and were necessary to achieve the successful result. Courts in the Third Circuit calculate attorneys' fees pursuant to the "lodestar" approach, which multiplies the time reasonably expended by reasonable hourly rates and adds the reasonable costs of litigation. Brytus v. Spang & Co., 203 F.3d 238, 242 (3d Cir. 2000).

When determining a reasonable hourly rate in any particular case, the usual starting point for the court is the attorney's own normal billing rate. Maldonado v. Houstoun, 256 F.3d 181, 184-85 (3d Cir. 2001) (citing Public Interest Research Group of New Jersey, Inc. v. Windall, 51 F.3d 1179, 1185-86 (3d Cir. 1995)). A rate that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation . . . is normally deemed to be reasonable . . ." Blum v. Stenson, 465 U.DS. 886, 896 n.11 (1984); Washington, 89 F.3d at 1035.[1] The party seeking an award of fees should submit evidence, in

---

[1] The prevailing rates in a community, however defined, is but one factor a court should consider in determining reasonable fees. Indeed, in a plurality opinion, the Supreme Court has identified 12 factors to consider: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. City of Riverside v. Rivera, 477 U.S. 561, 567-68 n.3 (1986) (Brennan, J., joined by Marshall, Blackmun, and Stevens, JJ.) In this case, (1) the time and labor required is reflected in Plaintiffs' counsel's time records; (2) the

addition to the attorney's own sworn statements, supporting the hours worked and rates claimed. Washington, 89 F.3d at 1035. The burden then shifts to the opposing party to assert specific challenges to the requested fees. See Rode, 892 F.2d at 1183. The relevant market rate is at the time of the fee petition, not the rate when the services were performed. Lanni v. State of N.J., 259 F.3d 146, 149-50 (3d Cir. 2001) (citing Rode, id.).

The Third Circuit has adopted the "forum rule," pursuant to which, "in most cases, the relevant rate is the prevailing rate in the forum of the litigation." Interfaith Community Organization v. Honeywell Internat'l, Inc., 426 F.2d 694, 705 (3d Cir. 2005). The attorneys' fee schedule determined by Community Legal Services, an organization composed primarily of attorneys representing all segments of the Philadelphia Bar, provides the prevailing rate in the Eastern District of Pennsylvania. Middlebrooks v. Teva Pharmaceuticals USA, Inc., 2019 WL 936645, at *11 (E.D. Pa. Feb. 26, 2019); see Community Legal Services Fee Schedule, attached as Exhibit "F."

The Court must also determine whether the number of hours spent on the litigation was reasonable. The Court "should review the time charged, decide whether the hours claimed were reasonably expended for each of the particular purposes described, and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" Public Interest Research Group of N.J.,

---

questions are novel in this District and Circuit; (3) counsel's skill has been attested to in supporting declarations; (4) the lawyers working on this matter of necessity were unable to work on other matters during the hours devoted to this case; (5) Plaintiffs' counsel charged their customary rates; (6) the lawyers assumed the risk of taking this case on contingency; (7) the lawyers were subjected to severe time constraints in the two months leading up to the trial as the Court provided limited notice to the parties when the matter was listed for trial; (8) Plaintiffs' counsel achieved an exceptional result of $1 million; (9) the experience, reputation and ability of the lawyers is discussed below and the attached declarations; (10) counsel has had a relationship with Plaintiffs for more than three years; and (12) the requested fee is commensurate with awards in similar cases.

Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995). To meet their initial burden of proving that

the requested fees are reasonable, the attorney must submit evidence of the hours worked that is

"specific enough to allow the district court to determine if the hours claimed are unreasonable for

the work performed." Washington, 89 F.3d at 1037. To be specific enough, a petition must be

"fairly definite . . . as to the hours devoted to general activities, e.g., pretrial discovery,

settlement negotiations . . . However, it is not necessary to know the exact number of minutes

spent nor the precise activity to which each hour was devoted." Id. at 1037-38 (citing Rode, 892

F.2d at 1190). Further, there is no requirement "that records be kept by task – e.g., for each

motion, issue or part of the case." Id. at 1038.

Once the moving party has met this initial burden "[t]he party opposing the fee award then

has the burden to challenge the reasonableness of the requested fee, by affidavit or brief with

sufficient specificity to give the fee applicant notice of the objection." E.E.O.C. v. Fed. Express

Corp., Civil Action No. 1:02-cv-1194, 2005 WL 6073699, at *15 (M.D.Pa. Jan. 18, 2005) (Kane,

J.).

      1.      **Plaintiffs' Counsel Possesses Exceptional Knowledge of the Law of Employment Discrimination and Civil Rights Litigation.**

The law governing equal access to employment is a specialized field. As stated in their

respective declarations, Mr. Bryson and Mr. Diamond each have extraordinary and unique in-

depth experience pursuing relief for violations of state and federal laws against discrimination in

employment. A copy of the Declaration of Mr. Bryson ("Bryson Dec.") is attached as Exhibit A;

and a copy of the Declaration of Mr. Diamond ("Diamond Dec.") is attached as Exhibit B. Mr.

Bryson and Mr. Diamond have served as lead counsel in multiple civil rights cases focusing on

the rights of people of diverse backgrounds to participate in employment. Pursuant to Benjamin,

Plaintiffs are entitled to recover counsel's fees at their regular rates since the specialized

knowledge and experience of Plaintiffs' counsel in employment discrimination cases was essential to Plaintiffs' success.

<div align="center">

**2.      Plaintiffs' Counsel's Billing Rates Are Reasonable and the Work Performed Was Necessary to Achieve the Successful Result.**

</div>

The rates sought by Plaintiffs for their attorneys' work are reasonable based upon the highly specialized experience of the attorneys representing them. Additionally, it is not customary for a court to reduce counsel's hourly rates when counsel seeks compensation under the Civil Rights Act. See, e.g., Benjamin, 807 F.Supp.2d at 212 (finding that rates were reasonable in light of the highly specialized experience of the attorneys). Plaintiffs seek hourly rates of $350 for Mr. Bryson and $750 for Mr. Diamond. These are the regular rates charged for these lawyers in Philadelphia in 2022. Plaintiffs' counsel's billing rates are reasonable in light of the attorneys' expertise, and the work performed was necessary to protect Plaintiffs' rights. In fulfilling their duties in this matter, Plaintiffs' counsel undertook extensive pretrial discovery, fourteen (14) depositions, four (4) plaintiffs' depositions, thousands of pages of document review, legal research, legal writing, motion practice, hearing preparation, oral argument, trial preparation, and trial, including the presentation of evidence from sixteen (16) witnesses and experts. Plaintiffs' counsel's time records, which are attached as Exhibits "C" (Bryson Time Records) and "D" (Diamond Time Records) reflect the actual work performed in this matter. Plaintiffs' counsel's incurred recoverable costs are itemized and attached as Exhibit "E."

Having prevailed on their claims, Plaintiffs now seek an award of reasonable attorneys' fees in the amount of $771,880.00 and costs in the amount of $42,903.50.

## III.   Conclusion

As Abraham Lincoln wrote, "The matter of fees is important, far beyond the mere question of bread and butter involved. Properly attended to, fuller justice is done to both lawyer

<div align="center">

11

</div>

and client." Abraham Lincoln, *Notes for a Law Lecture*, Speeches and Writings 1832-1858, p. 246 (Don E. Fehrenbacher, ed., 1989). For all the foregoing reasons, Plaintiffs Audra McCowan and Jennifer Allen respectfully request that their motion be granted and that the Court enter an order in the form proposed.

<div style="margin-left: 40%;">

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**

*/s/ Ian M. Bryson, Esquire*
Ian M. Bryson, Esquire
Scott E. Diamond, Esquire
*Attorneys for Plaintiffs*

</div>

Dated: <u>June 7, 2022</u>

**DEREK SMITH LAW GROUP, PLLC**
IAN M. BRYSON, ESQUIRE
Attorney ID No. 321359
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
ian@dereksmithlaw.com
*Attorneys for Plaintiffs Audra McCowan and Jennifer Allen*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUDRA McCOWAN *and* JENNIFER ALLEN,<br><br>    Plaintiffs,<br><br> v.<br><br>CITY OF PHILADELPHIA, *et al.*,<br><br>    Defendants. | Civil Action No. 19-cv-3326-KSM<br><br>**Certificate of Service** |

I, Ian M. Bryson, Esquire, certify that on this date, I served Plaintiffs' Motion for an Award of Reasonable Attorneys' Fees and Costs upon all counsel by filing on ECF.

          **DEREK SMITH LAW GROUP, PLLC**

          */s/ Ian M. Bryson, Esquire*
          IAN M. BRYSON, ESQUIRE
Dated: June 7, 2022       *Attorneys for Plaintifs*